IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
EMCOR GROUP, INC.,                              :    Civil Action No.
                                                     Docket 3:00-CV-2211 (AVC)
            Plaintiff,            :
                                                     Judge Alfred V. Covello
v.                                              :
                                                     October 14, 2003
INSURANCE COMPANY OF NORTH AMERICA.              :

            Defendant.            :

---------------------------------------------------------------- x

## MOTION FOR EXTENSION OF TIME

      Defendant Insurance Company of North America ("INA") hereby moves for an extension of certain scheduling order deadlines contained in this Court's scheduling order dated May 6, 2003 which granted plaintiff's motion for an extension of the scheduling order deadlines;

      1.    This case involves a claim by Emcor that 106 claims made against Emcor and its subsidiaries insured under certain policies of insurance issued by INSA to Emcor were misclassified as general liability claims rather than as completed operations claims; that INA attempted to exhaust prematurely coverage provided to Emcor; that certain claims against an Emcor subsidiary, Dynaelectric Company, were classified to the wrong insurance policy; and related claims arising out of those facts. INA denies Emcor's allegations.

      2.    The parties have been engaged in active discovery. Document production, with the exception noted below, has been completed. Interrogatories have been answered by both parties. Expert reports have been exchanged. Patrick Walton, Ann Donahue, Bill Luhman, Virgina Lloyd and Jackie Montefusco have been deposed by the plaintiff. The first four witnesses were produced by INA. The deposition of Ms. Lloyd has not been completed.

1475012.1

3. We understand that Emcor seeks to depose Ann Marie Marson, formerly associated with the third party administrator for Emcor. Emcor has also served a notice to take the deposition of an INA representative under Rule 30 (b) (6).

4. INA will depose two members of Emcor's broker, Marsh USA, who we believe have signifcant information about Emcor's claims, Doug Willis and Richard Howley. Those depositions are scheduled for October 23th and October 24th. However, due to a prior commitment, Mr. Willis' deposition on October 23rd will not begin until 12:30 p.m. Thus, there is the possibility that the deposition of these two witnesses will not be completed on October 24th. We note that although the subpoenas for their depositions and to produce documents was served in or about May 2003, the final critical documents, held in a file labeled Emcor Reclassification project, were not served until October 9, 2003. Even then, certain documents were withheld based on privilege. The privilege will need to be explored during the depositions to determine if these documents need to be produced.

5. INA has not scheduled the depositions of two critical witness from Emcor, Rex Thrasher and Susan Reinhard because of the failure of Emcor to produce improperly withheld documents. On December 11, 2001, Emcor served a privilege log containing 133 documents that Emcor believed to be privileged on several grounds. Almost immediately, we informed Emcor's counsel that we disputed the privilege claims as to the vast majority of the documents. We have asked for and in fact held a number of "meet and confer" conferences with Emcor's counsel to resolve the issues, the most recent of which was several weeks ago. Some documents were produced, others continued to be withheld. Emcor's counsel over the past several years has repeatedly promised to review the withheld documents and the privilege log to decide whether any additional documents would be produced. We have informed counsel during our

1475012.1

communications, that we needed his decision so that the issue could be brought before the Court if necessary and because the documents are needed to depose the Emcor witnesses. In this regard, some of the withheld documents pertain to the core of plaintiff's action, the coding of claims. Other documents were insufficiently described so to permit a review of the merits of the privilege claims. The depositions of the Emcor witnesses was also delayed because of the length of time Marsh USA needed to produce its documents, as described above. These documents are needed to fully depose the Emcor witnesses, particularly due to the incomplete document production by Emcor.

6. In addition, INA seeks to depose a corporate representative of Emcor under Rule 36 (b) )6).

7. Depositions of the experts identified by Emcor must be held. Emcor has not indicated whether it seeks to depose the expert identified by INA.

8. For the foregoing reasons, INA respectfully asks an extension of the following scheduling order deadlines:

   a. All fact discovery, including depositions of all witnesses shall be completed by December 31, 2003 (the previous deadline was October 31, 2003);

   b. Depositions of plaintiff's experts shall be completed by January 16, 2004 (the previous deadline was November 14, 2003);

   c. Depositions of defendant's experts shall be completed by January 16, 2004 (the previous deadline was November 14, 2003);

   d. Dispositive motions shall be filed on or before February 16, 2004 (the previous deadline was November 28, 2003).

1475012.1

9. This is the sixth request for an extension of the scheduling order deadline, the prior motions having been submitted as joint applications. Plaintiff has refused to join in this motion for additional time.

Dated: White Plains, New York
       October 16, 2003

_____
Thomas A. Leghorn (Federal Bar # 22106)
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER, LLP
3 Gannett Drive
White Plains, New York 10604
914 323-7000

Duncan B. Hume (Federal Bar # 05581)
Hume & Associates
One Landmark Square
Stamford, Connecticut 06901-2620
(203) 348-7252

Attorneys for Defendant
INSURANCE COMPANY OF NORTH AMERICA

STATE OF NEW YORK )
:ss.:
COUNTY OF WESTCHESTER )

ROSEANN ETTINGER, being duly sworn, deposes and says: Deponent is not a party to the action, is over 18 years of age and resides in Westchester County.

On October 16, 2003, deponent served, the within **NOTICE OF 30(b)(6) DEPOSITION AND MOTION FOR EXTENSION OF TIME** upon the following attorneys in this action, at the addresses indicated below, which addresses have been designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

TO:

SAXE, DOERNBERGER & VITA, PC
1952 Whitney Avenue
Hamden, Connecticut 06517
Attn: Jeffrey Vita, Esq.

_____
ROSEANN ETTINGER

Sworn to before me this
16th day of October, 2003

_____
Notary Public
DEBRA CUMMINGS
Notary Public, State of New York
No. 01CU5078272
Qualified in Westchester County
Commission Expires May 19, 2007

604422.1