IN THE UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF CONNECTICUT

2003 OCT 20 P 1: 29

------------------------------------------------------------X
EMCOR GROUP, INC.                        :    Civil Action No.
                                                            Docket 3:00-CV-2211RT
                Plaintiff,                       :            HARTFORD CT

                                                 :    Judge Alfred V. Covello
v.                                               :

INSURANCE COMPANY OF NORTH AMERICA:

                Defendant.                :    October 17, 2003
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO BIFURCATE TRIAL**

I.  **FACTUAL BACKGROUND:**

This is an action involving an insurance coverage dispute between EMCOR Group, Inc., a Delaware corporation with its principal place of business in Norwalk, Connecticut (hereinafter the "Plaintiff") and Insurance Company of North America, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania (hereinafter the "Defendant"). The Defendant issued general liability insurance policies to the Plaintiff and its subsidiaries and affiliates for the periods of October 1, 1992 – October 1, 1993; October 1, 1993 – October 1,1994; and October 1, 1994 – October 1, 1995. Each of the three insurance policies issued by the Defendant to Plaintiff is an occurrence-based policy and contains separate aggregate limits for general liability claims and products-completed operations claims. The Plaintiff filed the instant lawsuit against the Defendant alleging, among other things, that the Defendant miscoded one

hundred and six (106) claims against Plaintiff as general liability claims rather than products-completed operations claims. The effect of the miscoding was the premature exhaustion of Plaintiff's insurance coverage which forced the Plaintiff to incur significant monetary damages. The Plaintiff's complaint sounds in breach of contract, bad faith, breach of fiduciary duty and declaratory relief arising out of the general liability insurance policies identified above.

The calculation of damages incurred due to the miscoding of claims has a number of variables. Damages will vary depending on which claims are determined to have been miscoded, as each claim has a different value, as well as the applicable policy year for each of the miscoded cases, as the insurance program varies from year to year.

**II.   ARGUMENT:**

<u>For the Convenience of the Court and the Parties, this Case should be Bifurcated with a Separate Trial on Liability and then a Separate Trial for Damages Pursuant to F.R.C.P. 42(b)</u>

F.R.C.P. 42(b) provides in pertinent part:

> Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, . . . or of any separate issue . . . always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statue of the United States.

The question of whether to bifurcate a trial into liability and damage phases is within the discretion of the trial judge and is decided on a case-by-case basis. *ABB Industrial Systems, Inc. v. Prime Technology, Inc.*, 32 F.Supp.2d 38, 43 (D. Conn. 1998). The court in *ABB Industrial* stated that the "Federal Rules of Civil

Procedure 42(b) enables a court to bifurcate a trial between different claims and issues if it is convenient, does not prejudice either party, and it promotes judicial efficiency." *Id.* "Bifurcation may therefore be appropriate where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue." *Id.* "The interests served by bifurcated trials are convenience, negation of prejudice and judicial efficiency." *Vichare v. Ambac, Inc.*, 106 F.3d 457, 466 (2d Cir. 1966).

In the present action, the court will experience expedience via a bifurcated trial between damages and liability. The complexity involved in determining the damages in this case requires that there first be a determination of the liability involved on the part of the Defendant. Absent a stipulation between the parties, this case requires a separate factual determination of miscoding as to each of the 106 claims. Once the number of incorrectly coded cases is determined, the jury must then determine the corresponding damages. The resulting damages are contingent upon determining which particular cases are found to be wrongly coded, the amount of incurred defense and indemnity for each particular case, which policy year is implicated, and how the improper coding effected the erosion of the general liability aggregate limits.

Attempting to determine both liability and damages within one trial will cause vast confusion for the jury. The Plaintiff will be forced to introduce damages as to each claim without knowing which cases ultimately will be determined to be miscoded. The possible combinations of potential damages

are exponential. This would consume countless hours of the court's time and only result in confusing the jury.

If, however, liability and damages were bifurcated, the jurors could focus first and foremost, on which cases were wrongly coded and therefore need to be evaluated for the damages portion of the trial. Second, the jurors could then tackle the job of determining the damages associated with those cases where liability was found. Bifurcating the trial as such would promote judicial efficiency and does not prejudice either party. Simply stated, bifurcation of the trial into separate liability and damages phases would result in an efficiently managed trial for the court as well as both parties.

## V.   CONCLUSION:

For the foregoing reasons, the Plaintiff respectfully requests that this Court grant the Plaintiff's motion to bifurcate this trial into liability and damages phases.

RESPECTFULLY SUBMITTED,
EMCOR GROUP, INC.

By: _____
Jeffrey J. Vita, Esq.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847
Fed. Bar No. ct08036