IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
EMCOR GROUP, INC. : Civil Action No.
  Docket 3:00-CV-2211 (AVC)
             Plaintiff, :
  Judge Alfred V. Covello
v. :

INSURANCE COMPANY OF NORTH AMERICA :

             Defendant. : October 22, 2003
---------------------------------------------------------------X

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

The plaintiff EMCOR Group, Inc. ("EMCOR") hereby opposes the defendant Insurance Company of North America's ("INA") Motion for Extension of Time dated October 16, 2003. In support thereof, EMCOR represents as follows:

1. INA seeks an extension of time only because of its own delay and inattentiveness to this case. INA and its counsel have delayed each of the depositions taken thus far at every opportunity. For example, Virginia Lloyd's deposition was originally noticed on February 28, 2003 to take place on March 25, 2003. Due to a death in Ms. Lloyd's family, EMCOR agreed to cancel the scheduled deposition and allow Ms. Lloyd to reschedule at a later date. After numerous rescheduled depositions and INA's last minute cancellations, INA and its counsel finally made Ms. Lloyd available for her deposition on September 17, 2003. The completion of her deposition

is scheduled for October 29, 2003.

  2. EMCOR noticed the deposition of Ann Marie Marson for October 2, 2003 in Richmond, Virginia. Due to a hurricane, the deposition was postponed and rescheduled for October 21, 2003 with sufficient notice to all counsel. INA's counsel requested recently that the rescheduled deposition be postponed due to a scheduling conflict. To date, counsel for INA and ESIS have not provided the undersigned with a new date for Ms. Marson's deposition.

  3. With respect to INA's representations as to the depositions of the Marsh representatives, INA served subpoenas on two Marsh representatives indicating a June 25, 2003 deposition date. INA's counsel requested that the depositions not go forward until they had a chance to review the documentation at Marsh's Hartford, Connecticut office. INA's counsel reviewed the documents at Marsh's office on or about July 29, 2003, and thereafter requested copies of the documentation. Marsh needed some time to review the documentation for purposes of privilege. INA's counsel rescheduled the depositions for October 23 and 24, 2003. However, the review of the documents for purposes of ascertaining privileged documents did not delay INA or prevent INA from requesting depositions at an earlier date.

  4. Furthermore, INA's representations regarding the delay in deposing EMCOR's witnesses are both disingenuous and self-serving. INA's counsel claims that they did not notice any depositions of EMCOR personnel because EMCOR retained approximately one-hundred and thirty-three documents on a privilege log in December,

2001, and these documents allegedly were necessary for the depositions. (See INA's Motion for Extension of Time, ¶5). To date, EMCOR has produced in excess of forty-two thousand (42,000) pages of documents to INA, the vast majority of these documents having been produced long ago. INA's counsel had every opportunity to notice EMCOR's depositions and explore the nature of the privileged documents with them at their depositions. Moreover, INA's counsel had more than enough information with which to conduct these depositions. Again, INA's counsel seeks to place the blame elsewhere rather than acknowledge their own lack of diligence in this case. In fact, INA's counsel waited until October 16, 2003 (the same day INA filed its Motion for Extension of Time) to file their first notice of deposition for EMCOR personnel in a case where the discovery cutoff is October 31, 2003.

5.  INA claims that document production and interrogatories have been completed. (See INA's Motion for Extension of Time, ¶2). However, the undersigned has repeatedly notified INA's counsel that they have failed to respond to EMCOR's Third Set of Interrogatories dated September 12, 2002 and Fourth Set of Request for Production dated May 16, 2003.

6.  Incidentally, INA's Motion for Extension of Time indicates in its caption that it is dated October 14, 2003 yet the signature page indicates that it was dated October 16, 2003. Moreover, EMCOR received a copy of INA's Motion for Extension of Time by regular mail on October 20, 2003.

For all the foregoing reasons, EMCOR opposes INA's Motion for Extension of Time.

                                  THE PLAINTIFF,
                                  EMCOR GROUP, INC.

BY: _____
     Jeffrey J. Vita, Esq.
     Saxe Doernberger & Vita, Esq.
     1952 Whitney Avenue
     Hamden, CT 06517
     Telephone (203) 287-8890
     Fed. Bar No. ct08036

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
EMCOR GROUP, INC.                              :       Civil Action No.
                                               :       Docket 3:00-CV-2211 (AVC)
            Plaintiff,                         :
                                               :       Judge Alfred V. Covello
v.                                             :
                                               :
INSURANCE COMPANY OF NORTH AMERICA             :
                                               :
            Defendant.                         :       October 22, 2003
------------------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing was mailed, postage prepaid, on this the 22nd day of October, 2003 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.