IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
----------------------------------------------------------------X
EMCOR GROUP, INC.                        :      Civil Action No.
                                                Docket 3:00-CV-2211
                       Plaintiff,        :      (AVC)

                                                Judge Alfred V. Covello
v.                                       :

INSURANCE COMPANY OF NORTH AMERICA:

                       Defendant.        :      November 26, 2003

----------------------------------------------------------------X
```

## PLAINTIFF'S MOTION TO COMPEL

The plaintiff EMCOR Group, Inc. ("EMCOR") respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 37 and in accordance with Local Rules of the District of Connecticut 9(d)(2) and (3), for an order directing the defendant Insurance Company of North America ("INA") to comply with outstanding discovery requests. EMCOR's outstanding discovery requests are summarized as follows:

1.  On June 7, 2001, in EMCOR's First Set of Requests for Production, EMCOR set forth nine separate requests for documents. (See Exhibit A). INA answered EMCOR's request on May 29, 2002 with a privilege log consisting of one item. (See Exhibit B). That item was a letter dated 10/11/95 by Rona Taylor to Mike Murphy. This letter was copied to employees of both ESIS, a third party and INA, and therefore, any alleged privilege has been waived. Accordingly, the document must be produced.

2.  On May 6, 2002, in items numbered one through four (1-4) of EMCOR's Third Set of Requests for Production dated May 6, 2002, EMCOR requested that INA produce any manuals or guidelines, special handling instructions, and/or service/field service

instructions. (See Exhibit C). INA responded on October 15, 2002, that there were none. (See Exhibit D). However, Virginia Lloyd of INA testified at her deposition on September 17, 2003, (see pages 62-65 of the deposition transcript attached hereto as Exhibit E), as to the existence of a Claims Manual or a Best Practices Manual. Accordingly, the manual must be produced.

3.    On May 6, 2002, in number six (6) of EMCOR's Third Set of Requests for Production, EMCOR requested that INA produce the underwriting documents related to EMCOR. (See Exhibit C). INA objected to this request on October 15, 2002, claiming that these documents were not relevant to this litigation (See Exhibit D). The underwriting documents are relevant to INA's understanding as to the nature of EMCOR's business and the risks to be insured. This information is reasonably calculated to lead to the discovery of admissible evidence related to the coding of the claims against EMCOR, and therefore must be produced.

4.    On May 6, 2002, in number nine (9) of EMCOR's Third Set of Requests for Production, EMCOR requested correspondence between INA and American International Group. (See Exhibit C). INA responded on October 15, 2002 that it was unaware of any such correspondence but if there were it would be in the subject INA files which would be produced separately. (See Exhibit D). EMCOR has yet to receive any subject INA files produced separately.    These relevant INA files must be produced immediately.

5.    On May 6, 2002, in request number ten (10) of EMCOR's Third Set of Requests for Production, EMCOR requested meeting minutes/memoranda.    (See Exhibit C). EMCOR responded on October 15, 2002, that those items were enclosed except for those that were prepared in anticipation of litigation and allegedly were privileged. Those items were to be outlined in a privilege log to be provided separately. (See Exhibit D). EMCOR has yet to receive any such privilege log.    This privilege log must be produced immediately.

6.    During discovery EMCOR has received several documents from INA, portions of which have been redacted.    Attorney Gregory Pinter on behalf of INA indicated that these redactions related to additional insured issues and were therefore not relevant to this action. (See letter enclosed dated October 18, 2002 attached as Exhibit F). However, certain of these redacted documents seem to be solely about the coding issue. For example, in bate stamp 028625, an e-mail from Pat Walton to Carolann Myrtetus, the entire

content of this e-mail is directly related to the coding issues as are the other e-mails shown on that same document. A similar situation exists with respect to bate stamp numbers 028618, 028657 and 028670. (See bate stamped documents attached hereto as Exhibit G). It therefore appears that the entire content of these documents is relevant and discoverable. Accordingly, these documents must be produced in their entirety.

7. There are two specific emails that EMCOR has previously requested numerous times. The first email is dated January 26, 1998, bates stamp number ES11519, from Sheelagh Nelson to Patti Topper, cc: to Ann Marie Marson and Pat Walton. (See Exhibit H.) The subject matter of this email is "Emcor Corrections." The email refers to an attached memo and spreadsheet that outlines everything with respect to the transactions and transfers necessary to correct the data associated with Emcor files. These attachments are directly relevant to the claims in this case and must be produced to this office. The second email is dated February 16, 1998, from Anne Finley to Virginia Lloyd, bates stamp number EMC 028559. (See Exhibit I.) The subject matter of the email is the potential exhaustion of the aggregate. The third full paragraph makes reference to a prior e-mail alluding to that fact. We have requested these prior e-mail numerous times before but have received no response from INA. These requested documents must be produced.

8. On September 12, 2002, EMCOR sent its Third Set of Interrogatories to INA. (See Exhibit J.). EMCOR has received no response to these interrogatories and has contacted opposing counsel several times regarding the outstanding discovery requests. INA's counsel has indicated that responses would be forthcoming. To date, EMCOR has received no responses.

9. On May 16, 2003, EMCOR sent its Fourth Set of Requests for Production to INA. (See Exhibit K.). EMCOR has received no response to these requests and EMCOR's counsel has contacted opposing counsel several times regarding the outstanding discovery requests. INA's counsel has indicated that the documents would be provided. To date EMCOR has received no documents.

WHEREFORE, EMCOR moves for an order from this Court directing INA to produce the above referenced documents and discovery immediately.

A memorandum of law in support of said motion to compel is attached hereto and incorporated herein.

THE PLAINTIFF,
EMCOR GROUP, INC.

By: _____
Jeffrey J. Vita, Esq.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
(203) 287-8890
Fed. Bar No. ct08036

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------X

EMCOR GROUP, INC.                          :        Civil Action No.
                                                    Docket 3:00-CV-2211
                  Plaintiff,               :        (AVC)

                                                    Judge Alfred V. Covello
v.                                         :

INSURANCE COMPANY OF NORTH AMERICA:

                  Defendant.               :        November 26, 2003

------------------------------------------------------------------X


## CERTIFICATION

        This is to certify that the foregoing Motion to Compel and Memorandum of
Law were mailed, postage prepaid, on this the 26th day of November, 2003 to the
following counsel of record:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252


                                    Jeffrey J. Vita, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X

EMCOR GROUP, INC.        :   Civil Action No.
                 Docket 3:00-CV-2211
      Plaintiff,      :   (AVC)

                 Judge Alfred V. Covello
v.               :

INSURANCE COMPANY OF NORTH AMERICA:

      Defendant.    :   November 26, 2003

---------------------------------------------------------------X

## ORDER

The foregoing Motion to Compel having been heard, it is hereby

ORDERED:


GRANTED/DENIED.


         BY THE COURT


         _____
         Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------X

EMCOR GROUP, INC.                    :          Civil Action No. Docket
                                                        3:00-CV-2211
                    Plaintiff,

                                                :

v.                                              :

INSURANCE COMPANY OF
NORTH AMERICA                        :

                    Defendant.        :          November 26, 2003

-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL

## I.    FACTUAL BACKGROUND:

This is an action involving an insurance coverage dispute between EMCOR Group, Inc., a Delaware corporation with its principal place of business in Norwalk, Connecticut (hereinafter "EMCOR") and Insurance Company of North America, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania (hereinafter "INA"). INA issued general liability insurance policies which provided insurance coverage to EMCOR and its subsidiaries and affiliates for the periods of 1992-93, 1993-94, and 1994-95. The insurance policies issued by INA provided coverage to EMCOR and its subsidiaries and affiliates for general liability claims and products/completed operations claims. EMCOR filed the instant lawsuit against INA alleging breach of contract, bad faith, breach of fiduciary duty and declaratory relief arising out of the general liability insurance policies mentioned above.

EMCOR and INA are currently involved in discovery. The discovery deadline, exclusive of experts, is November 30, 2003 and the deadline for expert discovery is December 15, 2003. EMCOR has requested several discovery items from INA that remain outstanding at this time despite EMCOR's best efforts to resolve such discovery disputes.

## II.   ARGUMENT:

The scope of discovery under Fed. R. Civ. P. 26(b) is very broad, "'encompass[ing] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Maresco v. Evans Chemetics, Div. Of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "An order compelling discovery is rendered after consideration of the arguments of the parties, and such order may be tailored to the circumstances of the case." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

Federal Rule of Civil Procedure 37 provides the appropriate party a remedy if a party fails to make disclosures or cooperate in discovery. Under FRCP 37(a)(3) "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond."

2

INA has failed to disclose a plethora of items as listed in the Motion to Compel.   In compliance with District of Connecticut Local Rules of Civil Procedure 9(d)(2), EMCOR has attached its affidavit of good faith in attempting to resolve these discovery issues.   EMCOR has made several attempts to try and resolve the discovery disputes prior to filing the instant motion to compel. However, INA has refused to comply with, or even respond to, these outstanding requests.

In connection with the present action, on June 7, 2001, EMCOR sent to INA its First Set of Request for Production setting forth nine (9) separate requests for documents.  (See Exhibit A). INA responded with a privilege log consisting of one document that it refused to disclose on the grounds of attorney/client privilege and work product. (See Exhibit B).   However, "once a privileged communication has been purposely disclosed to a third party, the attorney-client privilege is waived . . . "   *United States v. United Technologies Corp.*, 979 F.Supp. 108, 111 (D.Conn. Aug. 1997). The document at issue was purposely sent to representatives of both ESIS, a third-party,  and INA and therefore any alleged privilege has been waived.

On May 6, 2002 EMCOR sent its Third Set of Requests for Production to INA. (See Exhibit C).   INA's response to request numbers one through four requesting any manuals or guidelines, special handling instruction and/or service/field service instructions, was that there were none. (See Exhibit D). However, at Ms. Virginia Lloyd's deposition on September 17, 2003, Ms. Lloyd, on behalf of INA, testified that INA did have a Claims Manual or a Best Practices

Manual. (See Exhibit E).    Since that time, counsel for EMCOR has repeatedly requested the referenced manual, to which we have received no response.

Within that same Set of Requests for Production in request number six, EMCOR requested INA's underwriting documents related to EMCOR. (See Exhibit C).  INA objected to this request by claiming that these documents were not relevant to this litigation. (See Exhibit D). The underwriting documents will elicit information related to INA's analysis of the nature of the risks to be insured. Certainly, this is relevant to the coverages afforded to EMCOR under all three insurance policies and the classification of claims against EMCOR as either general liability or completed operations claims.

Further, in request number nine of that same Set of Requests for Production, EMCOR requested correspondence between INA and American International Group. (See Exhibit C).  INA responded that to the extent that there was any such correspondence it would be sent with the subject INA files which would be produced under separate cover. (See Exhibit C) (emphasis added). EMCOR never received these files.

EMCOR'S request number ten of that same set of Requests for Production requested meeting minutes/memoranda relating to INA's classification on handling of those claims identified in EMCOR's Amended Complaint. (See Exhibit C).  INA's counsel objected to said request on the grounds of work product and privilege.  INA's further stated that they would produce a privilege log separately. (See Exhibit D) (emphasis added).  INA has failed to produce said privilege log.

4

During the course of discovery, INA produced several documents with redactions. Attorney Gregory Pinter formerly with Wilson, Elser, Moskowitz, Edelman & Dicker LLP, stated that portions of said documents were redacted as they were not relevant to the pending litigation. (See attached letter dated October 18, 2002 as Exhibit F). However, the redacted portions of said documents are surrounded by information related to the coding issue, which is a critical issue in this matter. Thus, it seems highly unlikely that the redacted material is irrelevant. The redacted documents are attached hereto collectively as Exhibit G. Accordingly, these documents should be produced in their entirety.

In addition, there are two specific emails that EMCOR has previously requested numerous times. The first email is dated January 26, 1998, bates stamp number ES11519, from Sheelagh Nelson to Patti Topper, cc: to Ann Marie Marson and Pat Walton. (Exhibit H). The subject matter of this email is "Emcor Corrections." The email refers to an attached memo and spreadsheet that outlines everything with respect to the transactions and transfers necessary to correct the data associated with Emcor files. This firm has requested these documents repeatedly but have received no response from INA's counsel. The second email is dated February 16, 1998, from Anne Finley to Virginia Lloyd, bates stamp number EMC 028559. (Exhibit I). The subject matter of the email is the potential exhaustion of the aggregate. The third full paragraph makes reference to a prior e-mail alluding to that fact. This firm has requested this prior e-mail numerous times before but has received no response from INA's counsel.

Finally, on September 12, 2002, EMCOR sent its Third Set of Interrogatories to INA and on May 16, 2003 EMCOR sent its Fourth Set of Requests for Production to INA. (See attached <u>Exhibit J and K</u> respectively). Counsel for INA has indicated several times that response and documents would be provided, but to date INA has failed to respond to said discovery.

The instant litigation is complex and discovery has been voluminous. The parties are still involved in depositions which have been numerous, and some of which have taken place outside of Connecticut. Although the discovery deadline is quickly approaching, no trial date has yet been set. Accordingly, there is no prejudice to INA to respond to the aforementioned discovery requests which have been filed previously, particularly in light of INA's representations that said discovery would be provided or that an appropriate privilege log would be produced.

III. **<u>CONCLUSION</u>**:

Based upon the foregoing reasons, EMCOR's Motion to Compel pursuant to Federal Rules of Civil Procedure 26 and 37 must be granted and INA must be ordered to produce said documents in a timely manner.

RESPECTFULLY SUBMITTED,
EMCOR GROUP, INC.

By: _____

Jeffrey J. Vita, Esq.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847
Fed. Bar No. ct08036

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------X

EMCOR GROUP, INC.                      :          Civil Action No. Docket
                                                              3:00-CV-2211
                    Plaintiff,
                                                       :

v.                                                       :

INSURANCE COMPANY OF
NORTH AMERICA                          :

                    Defendant.            :          November 26, 2003

-----------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing Memorandum of Law in Support of

Plaintiff's Motion to Compel was mailed, postage prepaid, on this the 26th day of

November, 2003 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.

8

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X

EMCOR GROUP, INC.          :   Civil Action No.

        Plaintiff,      :   Docket 3:00-CV-2211 (AVC)

                Judge Alfred V. Covello

v.                  :

INSURANCE COMPANY OF NORTH AMERICA    :

        Defendant.     :   June 7, 2001

-----------------------------------------------------------------X

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34, et seq. of the Federal Rules of Civil Procedure, the plaintiff EMCOR Group, Inc.("EMCOR") requests that the defendant Insurance Company of North America ("INA") produce and permit EMCOR to inspect and copy by duplication process within thirty (30) days of receipt of this request, at the offices of 1952 Whitney Avenue, Hamden, Connecticut or at some other convenient location, the following designated documents.

Pursuant to the Federal Rules of Civil Procedure, this Request For Production of documents shall be deemed continuing so as to require supplemental production if you or your attorneys or your respective agents obtain other documents meeting the description of documents requested above between the time production is first made pursuant to this Request and the time of trial.

The following definitions and instructions are applicable to the discovery:

A.   As used herein, "you" or "your" means INA and all other persons or entities acting or purporting to act on behalf of INA including but not limited to, agents, servants, employees, attorneys and investigators.

H.    As used herein, "person" includes natural persons, governments or agencies thereof, quasi-public entities, or any private entity, including, but not limited to, sole proprietorships, partnerships, joint ventures, corporations, etc., whether for profit or not, and includes singular or plural, as the case may be.

I.    As used herein, "identify" or "identification" when used in reference to a person means to state his full fame and present or last known address, the profession or business in which he is engaged, and, if applicable, each of his or her employers and titles with respect to the period covered by the discovery and the dates of each such employment or title.

J.    "Identify", "identity" or "identification" when used in reference to a document means to state the title of each document with sufficient particularity to enable the same to be identified; the date of each document bears or, if undated, the date it was written; the date each document was executed, if different from the date it bears; the name, address and telephone numbers of each person to whom the document is addressed; the name, address, and telephone number of each person who signed the document; the name, address, and telephone number of each recipient of the document; the name, address and telephone number of each person to whom a copy of the document was furnished; and, if the document or copy thereof is no longer in your possession or control, the name, address and telephone number of the person who has possession or control of it.

K.    As used herein, "identify" or "identification", when used in reference to a conversation, means to state with respect to the conversation, the date and place of the conversation, the persons present and or participating therein, the substance of the statements made by each person who was present at or participated in such conversation, and the manner of such conversation, e.g. in person, meeting, telephone conversation, etc.

L.    "And" or "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope.

M.    If any discovery is objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which you rely as the basis for each such objection.

Documents Requested

1.    Any and all documents regarding INA's classification of those claims identified on Exhibits A and B attached hereto as either general liability claims or products-completed operations claims.

2.     Any and all documents regarding the exhaustion, or alleged exhaustion, of INA's defense obligation under the INA Policies.

3.     Any and all documents regarding the exhaustion , or alleged exhaustion, of INA's indemnity obligation under the INA Policies.

4.     A listing of all indemnity payments, including date, claimant, and amount, made by INA on behalf of EMCOR for general liability claims under the INA Policies.

5.     A listing of all indemnity payments, including date, claimant, and amount made by INA on behalf of EMCOR for products-completed operations claims under the INA Policies.

6.     Any and all correspondence between INA and ESIS, Inc. regarding classification of those claims identified on Exhibits A and B attached hereto.

7.    Any and all correspondence between INA and Marsh & McLennan, n/k/a Marsh U.S.A., Inc. regarding classification of those claims identified on Exhibits A and B attached hereto.

8.    Any and all documents regarding INA's correspondence to EMCOR dated on or about December 30, 1997 concerning exhaustion of the general liability aggregate limits for INA Policy No. HDOG1403379-8.

9.    Any and all documents regarding INA's settlement of general liability or products-completed operations claims without EMCOR's consent, including but not limited to, Kemp v. Monongahela Power Co., et al., Civil Action No. 95-C-172-1, Circuit Court, Harrison County, West Virginia, under the INA Policies.

THE PLAINTIFF,
EMCOR GROUP, INC.

BY:

Jeffrey J. Vita, Esq.
Saxe Doernberger & Vita, Esq.
1952 Whitney Avenue
Hamden, CT 06517
Telephone (203) 287-8890
Fed. Bar No. ct08036

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EMCOR GROUP, INC.                                :    Civil Action No.
                                                 :    Docket 3:00-CV-2211 (AVC)

                              Plaintiff,         :
                                                 :    Judge Alfred V. Covello

                  - against -                    :

INSURANCE COMPANY OF  NORTH AMERICA,             :    May 29, 2002

                              Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## DEFENDANT'S PRIVILEGE LOG
## RE:  PLAINTIFF'S FIRST REQUEST FOR PRODUCTION


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000 -- telephone
212) 490-3038 -- facsimile
File No.:  00756.35967


1136383.1

| TYPE OF DOCUMENT | SUBJECT MATTER | DATE | AUTHOR | RECIPIENTS | PRIVILEGE |
|---|---|---|---|---|---|
| 1. Internal Memo | Description of facts and potential legal strategy | 10/11/95 | Rona Taylor | Mike Murphy Virginia Lloyd Jen Crowley Bob Lorer Colleen Driscoll Carl Cincotta Mary Gill | Attorney/Client work product |

# **EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X

EMCOR GROUP, INC.                           :        Civil Action No.
                                                     Docket 3:00-CV-2211 (AVC)
                          Plaintiff,        :

v.                                          :        Judge Alfred V. Covello

INSURANCE COMPANY OF NORTH AMERICA:

                          Defendant.        :        May 6 , 2002

--------------------------------------------------------- -X


## PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34, et seq. of the Federal Rules of Civil Procedure, the plaintiff EMCOR Group, Inc.("EMCOR") requests that the defendant Insurance Company of North America ("INA") produce and permit EMCOR to inspect and copy by duplication process within thirty (30) days of receipt of this request, at the offices of 1952 Whitney Avenue, Hamden, Connecticut or at some other convenient location, the following designated documents.

Pursuant to the Federal Rules of Civil Procedure, this Request For Production of documents shall be deemed continuing so as to require supplemental production if you or your attorneys or your respective agents obtain other documents meeting the description of documents requested above between the time production is first made pursuant to this Request and the time of trial.

If any discovery is objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which you rely as the basis for each such objection.

Documents Requested

1.    Any and all agreements between INA and ESIS, Inc. regarding the handling or classification of claims against EMCOR Group, Inc. and any of its subsidiaries.

2.    Any and all claims manuals, guidelines, procedures, and/or related instructions for classifying general liability claims and products-completed operations claims against EMCOR Group, Inc. and any of its subsidiaries.

3.    Any and all special handling instructions concerning the handling and classification of any and all general liability claims and products-completed operations claims against EMCOR Group, Inc. and any of its subsidiaries.

4.    Any and all claim service/field operations service instructions or similar documents concerning the handling and classification of any and all general liability claims and products-completed operations claims against EMCOR Group, Inc. and any of its subsidiaries.

5.    Any and all notice of loss (NL) forms regarding INA's classification or handling of those claims identified in Exhibits A and B to plaintiff's second amended complaint.

6.    Any and all underwriting material related to the classification of general liability claims and products-completed operations claims against EMCOR Group, Inc. and any of its subsidiaries.

7.    Any and all CRIS (CIGNA Risk Information Services) reports and/or data concerning INA's classification or handling of those claims identified in Exhibits A and B to plaintiff's second amended complaint.

8.    Any and all documents involving INA's communications with its reinsurers and auditors regarding reinsurance and reserve information relating to the claims identified in Exhibits A and B to plaintiff's second amended complaint.

9.    Any and all correspondence and/or documents INA received from or sent to American International Group or any of its related business entitles regarding the classification of those claims identified in Exhibits A and B to plaintiff's second amended complaint as either general liability claims or products-completed operations claims.

10.   All minutes of meetings and/or notes, internal memoranda, and internal communications of any sort whatsoever within INA related to INA's classification or handling of those claims identified in Exhibits A and B to plaintiff's amended complaint.

11.   A copy of INA policy number HDO G1-658473-3 issued to the Dynalectric Companies for the period October 1, 1993 to October 1, 1994.

12.   INA's complete files for those claims identified as follows including any and all documents regarding INA's classification of said claims as either general liability claims or products-completed operations claims:

| Name | D/L |
|---|---|
| Waldron v. City of New York, et al, (Index No. 26498/94) | 4-Jul-93 |
| Jenkins v. City of New York, et al (Index No. 0011322/94) | 16-Mar-93 |
| Lopez v. Thrifty Car Rental, et al (Index No. 27685/93) | 7-Mar-93 |
| Tahal v. The City of New York, et al (Index No. 14998/94) | 29-Jan-93 |
| Royal Insurance Co. of America a/s/o Bulgari Corp. v. Barneys of New York, et al (Index No. 025608/94) | 2-Feb-93 |
| Messina v.   The City of New York, et. al (Index No. 18465/94) | 28-May-93 |
| Rosario v. The City of New York, et al (Index No. 16799/94) | 4-Dec-93 |
| Pellot v. The City of New York, et al (Index No. 2045/95) | 5-Jun-94 |

# **EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------ x

| | |
|---|---|
| EMCOR GROUP, INC., | :    Civil Action No. |
| |    Docket 3:00-CV-2211 (AVC) |
| Plaintiff, | : |
| |    Judge Alfred V. Covello |
| v. | : |
| |    **RESPONSE TO PLAINTIFF'S** |
| INSURANCE COMPANY OF NORTH AMERICA, | :    **THIRD REQUEST FOR** |
| |    **DOCUMENTS** |
| Defendant. | : |
| |    October 15, 2002 |

------------------------------------------------------------ x

**COUNSELORS:**

The defendant, INSURANCE COMPANY OF NORTH AMERICA ("INA"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, responds to plaintiff's Third Request for Production of Documents dated May 6, 2002, upon information and belief, as follows:

### GENERAL OBJECTIONS

All communications within INA regarding the handling of the claims set forth in the Second Amended Complaint are irrelevant, except for <u>Kemp</u> and <u>Hoosier Energy</u>, which documents have been previously disclosed.

All communications within INA prepared in anticipation of litigation and communications between INA and its counsel are priviliged. Those documents that are protected by privilige will be outlined in a privilege log to be provided under a separate cover.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

1. <u>INA/ESIS Agreement:</u> None.

2. <u>Manuals/Guidelines:</u> None.

3.      Special Handling Instructions: None.

4.      Service/Field Service Instructions:  None.

6.      Underwriting Documents:     INA hereby objects to this document request as it
        seeks documents that are not relevant to the subject action.  The underwriting
        materials sought by this request have no relevance to classification of claims, but
        rather involve analysis of a risk.  Accordingly, said documents are irrelevant  to
        the subject action.

9.      INA Correspondence with American International Group:   INA is unaware of
        any correspondence with AIG of the type requested.  Any correspondence
        between INA and American International Group regarding the classification of
        claims set forth in Emcor's Second Amended Complaint would be contained
        within the subject INA file. **The INA files with respect to the claims set forth
        in the Second Amended Complaint will be produced under separate cover.
        (Emphasis added).**

10.     Meeting, Minutes/Memoranda:       See Enclosures.  Those documents that are
        prepared in anticipation of litigation and between INA and its counsel are
        privileged **and will be outlined in a privilege log to be provided under a
        separate cover**.  All communications within INA regarding the handling of the
        claims set forth in the Second Amended Complaint are irrelevant, except for
        Kemp and Hoosier Energy, which documents have been previously disclosed.
        (Emphasis added).

# EXHIBIT E

VIRGINIA LLOYD

Q.    Yes.

A.    No.

Q.    Were there any internal guidelines or claims manuals that INA adhered to when handling any claims on behalf of EMCOR?

MR. MARCELLINO:  Specific claims on behalf of EMCOR?

MR. VITA:  Yes, for INA.

A.    None that I'm aware of.

Q.    Were there any claims handling manuals at all that the INA personnel adhered to while they were administering or handling a claim against EMCOR?

A.    During the INA year there were claims handling guidelines, yes.

Q.    When you were director of general liability claims or director of claims, rather, did you have a copy of that manual?

A.    I'm sure there was one available to me, yes.

Q.    Do you know, do you still have a copy of that manual?

A.    I don't think so, no.

Q.    Was that manual shared with EMCOR

VIRGINIA LLOYD

1   with respect to the claims that you were handling

2   on behalf of EMCOR?

3        A.    Sorry, could you repeat that?

4        Q.    Yes.  She'll read it back to you.

5              (The record is read.)

6        A.    Not that I'm aware of.

7        Q.    Was a claims handling manual?

8        A.    It was our best practices.

9        Q.    That is what it was called?

10       A.    I don't remember exactly what it was

11   called.

12       Q.    What do you mean by "best

13   practices"?

14       A.    The practices that a claims

15   handler -- handler was to follow in investigating

16   and handling a claim to resolution.

17       Q.    Do you know if there is anything in

18   that best practices claims manual that talked

19   about handling a completed operations claim?

20       A.    I don't believe there is anything

21   specific in there that talked about that, no, not

22   that I remember.

23       Q.    Was there anything in that manual

24   that talked about the distinction between a

VIRGINIA LLOYD

1  general liability claim and a completed

2  operations claim?

3      A.    Not that I remember, no.

4      Q.    Was there anything in that manual

5  that talked about the situation when an insured

6  had separate aggregate limits for separate

7  liability claims and complete operated claims?

8      A.    No.

9      Q.    And how to deal with it?

10     A.    No.

11     Q.    No, there wasn't or no, you don't

12 remember?

13     A.    No, there was not.

14     Q.    Was there anything in that manual

15 that dealt with authority to settle cases on

16 behalf of insureds?

17     A.    Could you rephrase that, please?

18     Q.    Was there anything in that manual

19 that dealt with whether INA had the authority to

20 settle a particular claim?

21         MR. MARCELLINO:  In the manual?

22         MR. VITA:  Yes.

23     A.    Not that I remember, no.

24     Q.    If you recall anything, give me,

25

VIRGINIA LLOYD

1    tell me the basic contents of that manual or

2    headings or chapters or anything that you recall

3    from that manual?

4         A.    Claims investigation, litigation

5    management, disposition, reserving.

6         Q.    Do you know if INA produced a copy

7    of that best practices manual to EMCOR with

8    respect to this litigation?

9         A.    I have no idea.

10         Q.    Was that manual updated at any time

11    during the time that you were employed by INA?

12         A.    I don't know.

13         Q.    Did you have any involvement in

14    drafting any provisions of that manual?

15         A.    No.

16         Q.    Did you have any involvement in

17    editing any provisions in that manual?

18         A.    No.

19         Q.    Have you heard of a document called

20    a bulletin or claims service bulletin with

21    respect to EMCOR?

22         A.    Yes.

23         Q.    What is your understanding of what

24    that document is?

25

# EXHIBIT F

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, New York 10017-5639   Tel: (212) 490-3000   Fax: (212) 490-3038

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago*
*White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*

---

**www.wemed.com**

October 18, 2002

Saxe Doernberger & Vita, PC
1952 Whitney Avenue
Hamden, CT 06517

Attention:     Jeffrey Vita, Esq.

    Re:    *EMCOR v. Insurance Company of North America*
           Docket No.: 3:00-CV-2211 (AVC)
           Our File: 00756.35967

Dear Jeff:

    Enclosed please find INA's response to your Second Set of Interrogatories dated April 29, 2002 and Third Request for Production of Documents dated May 6, 2002. Several of the documents produced contain certain information that has been redacted. The redacted information from these documents, as we discussed, involve additional insured issues and are not relevant to this action.

    The relevant documents pertaining to the INA files opened for various claims will be disclosed shortly.

    If you have any additional questions, please do not hesitate to contact the undersigned.

                            Very truly yours,

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                            *[signature]*
                            Gregory Pinter

GSP/gp
Enc.

cc:    Tom Leghorn, Esq.
       Richard Oelsner, Esq.
       Duncan Hume, Esq.

# **EXHIBIT G**

Lloyd, Virginia A    TL20A

| From: | Walton, Patrick M    TL32E |
|---|---|
| Sent: | Monday, June 28, 1999 8:37 AM |
| To: | Myrtetus, Carolann A    1275 |
| Cc: | Lloyd, Virginia A    TL20A |
| Subject: | RE: Emcor file 4337-330-900300 and 2806-330-894381 |

Carolann,

I agree that we should, promptly, take the steps necessary to change the coding of this claim, if warranted. ▮▮▮▮

Further, as you know, there is a "coding review" process still ongoing with Emcor in an attempt to resolve differences of opinion on many other claims▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Carolann, I think we need Ginny's guidance on this one. Could you contact her and let me know?  Thanks.

------Original Message------
From:     Myrtetus, Carolann A    1275
Sent:     Friday, June 25, 1999 5:03 PM
To:       Walton, Patrick M    TL32E; Lloyd, Virginia A    TL20A
Subject:  RE: Emcor file 4337-330-900300 and 2806-330-894381

Patrick and Ginny:  Charlie Henderson agreed with me that we have a good argument that this loss is excluded from the products/completed operations hazard.  I will be glad to do a letter to this effect. I suggest that I should write to Susan Reinhard, with a cc to Anne Marie, explaining why the A code should be changed. ▮▮▮▮

*Carol Ann Myrtetus*

------Original Message------
From:     Walton, Patrick M    TL32E
Sent:     Friday, June 25, 1999 4:34 PM
To:       Lloyd, Virginia A    TL20A
Cc:       Myrtetus, Carolann A    1275; Correll, Steve    TL32E
Subject:  FW: Emcor file 4337-330-900300 and 2806-330-894381

Ginny,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

As Carolann describes below, there seems to be a good case to be made that it should have remained as a OPBI claim.  Could you please have the facts reviewed and make a final determination as to the proper coding?

If we decide to change it back to OPBI, ESIS apparently needs you to instruct them to change it.

------Original Message------
From:     Correll, Steve    TL32E
Sent:     Thursday, June 17, 1999 5:05 PM
To:       Walton, Patrick M    TL32E
Subject:  FW: Emcor file 4337-330-900300 and 2806-330-894381

REDACTED

------Original Message------
From:     Myrtetus, Carolann A    1275
Sent:     Thursday, June 17, 1999 4:26 PM

1

028625

Lloyd, Virginia A    TL20A

| | |
|---|---|
| **From:** | Marson, Ann Marie    CPC42 |
| **Sent:** | Thursday, July 06, 2000 1:54 PM |
| **To:** | Walton, Patrick M    TL32E |
| **Cc:** | Barnes, Chris E    TL20M; Cafaro, Mark        TL32G; Lloyd, Virginia A    TL20A |
| **Subject:** | RE: Emcor GL Losses |

Pat
We did process changes on approximately 40 cases.  These claims were recoded. ████████
████████████████████████████████████. The reason that these changes went through now as opposed to
earlier is because we encountered a problem with converting all of the payments. I have a list of the files we changed.  If
you would like, you can send me the list of claim files that you have and I can compare them to the list of files we made
the coding changes on.  Please let me know if you would like to proceed in this manner.
Thank you
*Ann Marie Marson*
National Claims Facility
Voorhees, NJ
Phone: 856-782-4301
Fax: 856-782-4601
E-mail: annmarie.marson@ace-ina.com

————Original Message————

| | |
|---|---|
| **From:** | Walton, Patrick M    TL32E |
| **Sent:** | Wednesday, July 05, 2000 6:15 PM |
| **To:** | Marson, Ann Marie    CPC42 |
| **Cc:** | Barnes, Chris E    TL20M; Cafaro, Mark        TL32G; Lloyd, Virginia A    TL20A |
| **Subject:** | Emcor GL Losses |

Ann Marie,

Based on financial data pulled from CRIS at the end of the 2nd quarter, we have noticed that 35-40 GL claims have
apparently been recoded from Premises/Operations to Completed Operations in the last 3 months.  Can you tell me
what claims have been recoded, and what caused the recoding?

*Patrick Walton*
*ACE Financial Solutions*
*1601 Chestnut Street, TLP32E*
*Philadelphia, PA 19101-1484*
*Tel  215.640.4395*
*Fax  215.640.2223*



1

028618



# Interoffice Memo

Date: 9/8/98
To:

From:

Telephone:
Facsimile:



Subject:     EMCOR Claims

1.  Coding Discrepancies

- Why are some claims shown as OPBI in OMNI but as COBI in CRIS (e.g., Lux 2806 330 882978-8, Welsh 2806 330 889467-7, Breen 2806 510 4780)?
- Why is one claimant considered COBI and another claimant considered OPBI for the same claim (4337 330 900333-5 Daphine Herlock = COBI, Patric Herlock = OPBI)?
- Why is the Claim A code for allocated loss expense for contract 2806 different from contract 4337 (2806 = ALE, 4337 = OPBI or COBI)?
- The Code Library for CRIS Basic, issued July 1995, indicates that COBI and COPD are considered coverage code 23 (General Liability) for ESIS but coverage code 21 (products/completed operations) for INA. We think the correct ESIS coverage code for COBI and COPD is 23.
- The Claim A Code on some claims was OPBI for ALE but COBI for the indemnity portion of the loss (e.g., 2806 330 893069-1, 2806 330 894315-4, 2806 330 897475, these claims have all been corrected). Is this a system problem?



028657

| Policy Year | Claim Number | Cov. Code | Claimant Name | Acc. Date | London Fischer ALAE | Other | Total ALAE |
|---|---|---|---|---|---|---|---|
| 10/1/94-95 | 77/2806891442/U | 23 | Harper | 08/07/95 | $166,615.89 | $78,759.18 | $245,375.07 |
| | 77/2806892235/B | 23 | Third Avenue C | 09/05/95 | $116,040.44 | $68,756.97 | $184,797.41 |
| | 77/2806891078/B | 23 | Beecher | 10/29/94 | $39,097.88 | $4,239.64 | $43,337.52 |
| | 77/2806897646/B | 23 | Jani | 02/17/95 | $35,529.76 | $5,342.13 | $40,871.89 |
| | 77/2806891480/B | 23 | Kehoe | 01/12/95 | $30,326.97 | $4,049.42 | $34,376.39 |
| | 77/2806890883/B | 23 | Browne | 01/04/95 | $22,080.12 | $5,851.49 | $27,931.61 |
| | 77/2806895955/B | 23 | Feo | 08/29/95 | $19,543.37 | $1,799.49 | $21,342.86 |
| | 77/2806898243/C | 23 | Polichetti | 03/20/95 | $17,488.41 | $763.30 | $18,251.71 |
| | 77/2806892474/B | 23 | Gannon | 01/23/95 | $17,435.97 | $0.00 | $17,435.97 |
| | 77/2806893845/B | 23 | Larosa | 11/23/94 | $14,204.49 | $596.70 | $14,801.19 |
| | 77/2806895678/B | 23 | Ohayon | 02/08/95 | $13,991.91 | $4,580.03 | $18,571.94 |
| | 77/2806892996/B | 23 | Cyrus | 04/30/95 | $13,724.33 | $0.00 | $13,724.33 |
| | 77/2806891883/B | 23 | Hands | 01/04/95 | $13,143.17 | $635.45 | $13,778.62 |
| | 77/2806892547/B | 23 | Thercier | 07/28/95 | $12,678.03 | $112.72 | $12,790.75 |
| | 77/2806890700/B | 23 | Brown | 05/20/95 | $12,482.57 | $1,206.84 | $13,689.41 |
| | 77/2806890448/C | 23 | Goldberg | 10/07/94 | $10,226.55 | $845.36 | $11,071.91 |
| | 77/2806896601/B | 23 | Warren | 07/10/95 | $9,991.13 | $831.05 | $10,822.18 |
| | 77/2806891893/B | 23 | Griffinanderson | 11/10/94 | $9,558.71 | $619.39 | $10,178.10 |
| | 77/2806895957/B | 23 | Lach | 09/11/95 | $4,736.37 | $6,408.21 | $11,144.58 |
| | | | | | $578,896.07 | $185,397.37 | $764,293.44 |

04/21/98

028658

Lloyd, Virginia A        TL20A

From:        Walton, Patrick M        TL32E
To:          Lloyd, Virginia A        TL20A
             Topper, Patti A          1275; McCarthy, Thomas A        TL32E; Clark, Dave R
Cc:          TL32F; Cincotta, Carl S        1720; Marson, Ann Marie        CPC42
Subject:     1992 GL Aggregate
Date:        Monday, June 22, 1998 1:48PM

Ginny,

As of 6/9/98, the 1992 GL aggregate was exhausted by the payment of $34,923 on the Hayes claim. Carl, I assume you have contacted the client with this information already.

The GL paid now stands at $2,019,423. The paid losses do not reflect any recoding for those claims that have elements of both Completed Ops and Premises/Operations. However, there is only 1 claim in 1992 (Welsh) for $7,500 with this question. If we assume for sake of argument that this claim is recoded, the aggregate is still exhausted by $12,000.

INA's obligation to reimburse ESIS for Premises/Operations paid loss and paid ALAE for the 1992 year has ceased as of the aggregate exhaustion on 6/9/98.

Pat

REDACTED

Page 1

028670

# **EXHIBIT H**

**Marson, Ann Marie     1645**

'rom:              Nelson, Sheelagh E     CPC42
Sent:              Monday, January 26, 1998 8:21 PM
To:                Topper, Patti A      1275
Cc:                Marson, Ann Marie      CPC42; Walton, Patrick M     TL32E
Subject:           Emcor Corrections

Patti:  On Tuesday and Wednesday we will be completing the necessary transactions and transfers to correct the data
associated with the Emcor files.  Please see the attached memo and spreadsheet which outlines everything.

Please call me at Net 221-4472 if you have any questions.



2806MEMO          2806FILE.WK4



ES11519

# EXHIBIT I

**Finley, Anne M     1275**

| | |
|---|---|
| **From:** | Finley, Anne M     1275 |
| **To:** | Lloyd, Virginia A     TL20A |
| **Subject:** | RE: Kemp vs. JWP   510L 444673-9 |
| **Date:** | Monday, February 16, 1998 11:36AM |

Ginny:  I have sent several demand to settle letters to the account requesting they settle within their limits.  All of which have been ignored.   I agree that it is ripe for settlement and will follow up once againt to ascertain their position.

I will say the litigation in this case has been extremely acrimonious between co-defendants and co-defendants counsel.

If Susan Reinhart will not move off her offer, I believe this case will certainly go the distance.   It is my understanding based on the prior e-mail, that the aggregate for this year is gone, making our exposure nil.   If this is correct, should I advise Susan of the aggregate issue and request , she place the next layer of excess on notice.

I am not always sure what we can and cannot say to this account.

I await your advice.


Anne
———

From: Lloyd, Virginia A     TL20A
To: Finley, Anne M     1275
Subject: Kemp vs. JWP   510L 444673-9
Date: Friday, February 13, 1998 2:48PM

Anne:
Reviewed file on diary. INA was dismissed from the action. I assume that JWP is till in the case. The demand seems to be $300,000 against an offer of $200,000. What is the insured's position on settling this case? Isn't this ripe for a compromise?
Ginny

EMC 028559

# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------X
EMCOR GROUP, INC.                          :      Civil Action No.
                                                  Docket 3:00-CV-2211 (AVC)
                       Plaintiff,          :
                                                  Judge Alfred V. Covello
v.                                         :

INSURANCE COMPANY OF NORTH AMERICA         :

                       Defendant.          :      September 12, 2002

-----------------------------------------------------------X
```

## PLAINTIFF'S THIRD SET OF INTERROGATORIES

Pursuant to Rule 33, et seq. of the Federal Rules of Civil Procedure, the plaintiff EMCOR Group, Inc.("EMCOR") requests that the defendant Insurance Company of North America ("INA") answer the following interrogatories within thirty (30) days of receipt of this request.

Pursuant to the Federal Rules of Civil Procedure, this Request for Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys or your respective agents obtain further information responsive to this request for discovery between the time the answers are served and the time of trial.

The following definitions and instructions are applicable to the discovery:

A.    As used herein, "you" or "your" means INA and all other persons or entities acting or purporting to act on behalf of INA including but not limited to, agents, servants, employees, attorneys and investigators.

B.    The period covered by the discovery and for which information is requested is the period from 1992 up to the date of answer or any supplemental answer, unless otherwise indicated specifically in the discovery or by their context.

C.    The "INA Policies" refers to the following insurance policies issued by INA:

Policy No. HDOG1403379-8;
Policy No. HDOG1658518-A; and
Policy No. HDOG1658789-8.

D.    The "Dynalectric Policy" refers to insurance policy number HDO G1 658473-3 issued by INA to the Dynalectric Companies ("Dynalectric") for the period October 1, 1993 to October 1, 1994.

E.    The "Kemp" action refers to the action entitled <u>Orville D. Kemp v. Monogahela Power Company, Allegheny Power Service Corp., Allegheny Power System Inc., Raytheon Engineers & Constructors, inc., General Electric Environment Services, Inc. and J.A. Jones Construction Company</u>, Docket No. 95-C-172-1, pending in the circuit court of Harrison County, West Virginia State Court.

F.    The "Hoosier Energy" action refers to the action entitled <u>Hoosier Energy Rural Electric Cooperative, Inc. v. JWP Zack, Inc.,</u> Cause No. 42DO1-9310-CP-069, pending in Indiana state court.

G.    The answer to discovery or subpart should be preceded by identification and verbatim quote of the discovery or subpart to which the answer responds. A separate answer should be accorded to each discovery or subpart, and discovery should not be joined by a common compliance. In the event that information sought by any discovery or subpart can be furnished by reference to the compliance to another discovery, appropriate reference may be made.

H.    Discovery or subpart should be construed independently. No discovery or subpart should be construed by reference to any other discovery or subpart for the purpose of limiting the scope of the answer to such discovery or subpart.

I.    As used herein, "document" includes, but is not limited to, any written, recorded or graphic matter however produced or reproduced, including, but not limited to, correspondence, telegrams, other written communications, contracts, agreements, notes, memoranda, analysis, projections, work papers, diaries, calendars, computer software, books, accounts, photographs, advertising materials, reports, records, transcripts, intra-office communications, inter-office communications, e-mail, charts, checks, check stubs, delivery tickets, bills of lading, invoices, price lists, quotations, claims documents, bulletins, circulars, manuals, summaries, graphs, electronic, magnetic or photographic recordings of any nature

whatsoever, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, including copies of the foregoing which are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), regardless of whether designated "confidential", "privileged", "private", or otherwise, now or at any time in your possession, custody or control or that of your attorneys or any other agent or representative, and refers both to originals and copies and to documents now in your possession or subject to your control, or documents which you may have delivered to a third party.

J.     As used herein, "conversation" means any words heard or spoken, regardless of whether designated "confidential", "privileged", or otherwise, and including, but not limited to, any conference, meeting, discussion, speech, conversation, telephone conversation, interview or any statement or representation made therein.

K.     As used herein, "person" includes natural persons, governments or agencies thereof, quasi-public entities, or any private entity, including, but not limited to, sole proprietorships, partnerships, joint ventures, corporations, etc., whether for profit or not, and includes singular or plural, as the case may be.

L.     As used herein, "identify" or "identification" when used in reference to a person means to state his full fame and present or last known address, the profession or business in which he is engaged, and, if applicable, each of his or her employers and titles with respect to the period covered by the discovery and the dates of each such employment or title.

M.     "Identify", "identity" or "identification" when used in reference to a document means to state the title of each document with sufficient particularity to enable the same to be identified; the date of each document bears or, if undated, the date it was written; the date each document was executed, if different from the date it bears; the name, address and telephone numbers of each person to whom the document is addressed; the name, address, and telephone number of each person who signed the document; the name, address, and telephone number of each recipient of the document; the name, address and telephone number of each person to whom a copy of the document was furnished; and, if the document or copy thereof is no longer in your possession or control, the name, address and telephone number of the person who has possession or control of it.

N.     As used herein, "identify" or "identification", when used in reference to a conversation, means to state with respect to the conversation, the date and place of the conversation, the persons present and or participating

therein, the substance of the statements made by each person who was present at or participated in such conversation, and the manner of such conversation, e.g. in person, meeting, telephone conversation, etc.

O.    "And" or "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope.

If any discovery is objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which you rely as the basis for each such objection.

## INTERROGATORIES

1.    Please identify the date that the general liability aggregate limit for each of the INA Policies identified in definition "C" allegedly became exhausted.

      Answer:

2.    For each of the INA Policies, please identify all claims, including claimant name and date of loss, that INA agreed to recode from general liability claims to products-completed operations claims.

      Answer:

3.    Please identify all claims, including claimant and date of loss in which certain services rendered by EMCOR's defense counsel allegedly were improperly allocated to claims reported by EMCOR for policy HDO G1 403379-8 as asserted by INA in its answer to Interrogatory No. 2 of EMCOR's First Set of Interrogatories.

      Answer:

4.    Identify each person INA expects to call as an expert witness in this matter and for each such person state: (1) the subject matter on which the person is expected to testify; (2) the substance of the facts and opinions to which the expert is expected to testify; and (3) a summary of the grounds for each opinion.

      Answer:

5.    Identify all documents furnished to each expert identified in your response to the preceding interrogatory for the purpose of rendering each opinion.

6.    Identify each person INA expects to call as a witness in this matter and for each
      such person state the subject matter on which the person is expected to testify.

      Answer:


                              THE PLAINTIFF,
                              EMCOR GROUP, INC.


                              BY: _____
                                  Jeffrey J. Vita, Esq.
                                  Saxe Doernberger & Vita, Esq.
                                  1952 Whitney Avenue
                                  Hamden, CT 06517
                                  Telephone (203) 287-8890
                                  Fed. Bar No. ct08036

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

EMCOR GROUP, INC.                          :        Civil Action No.
                                                    Docket 3:00-CV-2211 (AVC)
                        Plaintiff,         :

                                                    Judge Alfred V. Covello
v.                                         :

INSURANCE COMPANY OF NORTH AMERICA         :

                        Defendant.         :        September 12, 2002

-------------------------------------------------------------------X


## CERTIFICATION

    This is to certify that the foregoing was mailed, postage prepaid, on this the 12th day of September 2002 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

Jeffrey J. Vita, Esq.

# **EXHIBIT K**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
EMCOR GROUP, INC.                          :      Civil Action No.
                                                  Docket 3:00-CV-2211 (AVC)
                          Plaintiff,        :
                                                  Judge Alfred V. Covello
v.                                          :

INSURANCE COMPANY OF NORTH AMERICA:

                          Defendant.        :      May 16, 2003

-------------------------------------------------------- -X

## PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34, et seq. of the Federal Rules of Civil Procedure, the plaintiff EMCOR Group, Inc.("EMCOR") requests that the defendant Insurance Company of North America ("INA") produce and permit EMCOR to inspect and copy by duplication process within thirty (30) days of receipt of this request, at the offices of 1952 Whitney Avenue, Hamden, Connecticut or at some other convenient location, the following designated documents.

Pursuant to the Federal Rules of Civil Procedure, this Request For Production of documents shall be deemed continuing so as to require supplemental production if you or your attorneys or your respective agents obtain other documents meeting the description of documents requested above between the time production is first made pursuant to this Request and the time of trial.

## DEFINITIONS

A.  As used herein, "EMCOR" or "plaintiff" refers to EMCOR Group, Inc. and includes any predecessor or successor in interest, and any present or former agent, attorney or representative now or heretofore under his control.

B.  As used herein, "INA" or "defendant" refers to Insurance Company of North America and includes each and every one of its divisions, subsidiaries, affiliates, predecessors or successors in interest and all present or former officers, directors, employees, agents, attorneys or representative now or heretofore under its control.

C.  The period covered by the discovery and for which information is requested is the period from 1992 up to the date of response or any supplemental response unless otherwise indicated specifically in the discovery or by their context.

D.  As used herein, "document" or "documents" includes, but is not limited to, any written, recorded or graphic matter in INA's possession, however produced or reproduced, including, but not limited to, correspondence, telegrams, other written communications, contracts, agreements, notes, memoranda, analysis, projections, work papers, diaries, calendars, computer software, books, accounts, photographs, advertising materials, reports, records, transcripts, intra-office communications, inter-office communications, charts, checks, check stubs, delivery tickets, bills of lading, invoices, price lists, quotations, claims documents, bulletins, circulars, manuals, summaries, graphs, electronic, magnetic or photographic records of any nature whatsoever, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, including copies of the foregoing which are different in any way from the original (whether by interlineation, receipt stamp,

notation, indication of copies sent or received, or otherwise), regardless of whether designated "confidential", "privileged", "private", or otherwise, now or at any time in your possession, custody or control or that of your attorneys or any other agent or representative, and refers both to originals and copies and to documents now in your possession or subject to your control, or documents which you may have delivered to a third party.

E.    As used herein, "related to" or "relating to" means communications or documents, the contents of which embody, mention, list, describe, illustrate, refer to, comment upon, record, corroborate, question, support, contradict, constitute evidence or otherwise contain information or observations about the matter under inquiry.

F.  As used herein, the words "and" and "or" shall, where the context permits, be construed to mean "and/or."

G.  As used herein, "identify" means:

1.  With reference to documents or communications, state the form (e.g., letter, memorandum, note, report, etc.); the subject; content; the identity of the author; the identity of all addresses and recipients thereof; the date of creation or communication; the length or duration of the document or communication; and the present custodian and location of all copies or records thereof;

2.  With reference to persons or entities, state the full name, occupation, current or last known business address, position or title and current or last known residential address.

H.    Words used in the singular shall, where the context permits, be deemed to include the plural.  The masculine or feminine gender shall, where the context permits, be deemed each to include the masculine, feminine and neuter genders.

If any discovery is objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which you rely as the basis for each such objection.

Documents Requested

1.    Any and all documents prepared by INA/CIGNA regarding the development of special risk insurance products for EMCOR Group, Inc. and any of its subsidiaries.

2.    Any and all insurance proposals or term sheets prepared by INA/CIGNA and presented to Marsh prior to the execution of the Finite Agreement.

3.    Copy of the paper or document prepared by Patrick Walton and Alan Taft advocating to senior management of CIGNA the formation of a finite risk underwriting operation.

4.    Any and all reports prepared by INA/CIGNA regarding the financial performance of the Finite Agreement as between INA and EMCOR Group, Inc.

5.  Any and all documents generated by INA/CIGNA after INA's meeting with EMCOR Group, Inc. and Marsh in New York in approximately 1998 involving the coding of claims, the Finite Agreement, or any other issues discussed at that meeting.

6.  Any and all documents prepared by Bill Luhman regarding coding issues raised by EMCOR Group, Inc.

7.  Any and all INA/CIGNA settlement authority request forms, including but not limited to forms JF – 3K32, for all claims identified on Exhibits A & B attached to the Second Amended Complaint.

8.  Any and all versions of the claims handing bulletin or any other claims handling documents/manuals utilized by INA/CIGNA for claims against EMCOR Group, Inc.

9.  Any and all documents prepared by or exchanged between Ringler Associates and /or Ross Duncan and INA/CIGNA regarding the structured settlement offered to the plaintiff in the matter of <u>Orville Kemp v. Dynalectric Co., et al, Civil Action No. 95-C-172-1</u>.


                        THE PLAINTIFF,
                        EMCOR GROUP, INC.


                        By: _____
                            Jeffrey J. Vita, Esq.
                            Saxe Doernberger & Vita, Esq.
                            1952 Whitney Avenue
                            Hamden, CT 06517
                            Telephone (203) 287-8890
                            Fed. Bar No. ct08036

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------X

EMCOR GROUP, INC.                                    :          Civil Action No.
                                                                        Docket 3:00-CV-2211
(AVC)
                              Plaintiff,                      :
                                                                        Judge Alfred V. Covello
v.                                                              :

INSURANCE COMPANY OF NORTH AMERICA        :

                              Defendant.                   :          May 16, 2003

-----------------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing was mailed, postage prepaid, on this the 16th day of May, 2003 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.