IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------X

| | | |
|---|---|---|
| EMCOR GROUP, INC. | : | Civil Action No. Docket 3:00-CV-2211 |
| Plaintiff, | | |
| | : | |
| v. | : | |
| INSURANCE COMPANY OF NORTH AMERICA | : | |
| Defendant. | : | November 26, 2003 |

-----------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

### I.    FACTUAL BACKGROUND:

This is an action involving an insurance coverage dispute between EMCOR Group, Inc., a Delaware corporation with its principal place of business in Norwalk, Connecticut (hereinafter "EMCOR") and Insurance Company of North America, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania (hereinafter "INA").   INA issued general liability insurance policies which provided insurance coverage to EMCOR and its subsidiaries and affiliates for the periods of 1992-93, 1993-94, and 1994-95.  The insurance policies issued by INA provided coverage to EMCOR and its subsidiaries and affiliates for general liability claims and products/completed operations claims.  EMCOR filed the instant lawsuit against INA alleging breach of contract, bad faith, breach of fiduciary duty and declaratory relief arising out of the general liability insurance policies mentioned above.

EMCOR and INA are currently involved in discovery. The discovery deadline, exclusive of experts, is November 30, 2003 and the deadline for expert discovery is December 15, 2003. EMCOR has requested several discovery items from INA that remain outstanding at this time despite EMCOR's best efforts to resolve such discovery disputes.

## II.   ARGUMENT:

The scope of discovery under Fed. R. Civ. P. 26(b) is very broad, "'encompass[ing] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Maresco v. Evans Chemetics, Div. Of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "An order compelling discovery is rendered after consideration of the arguments of the parties, and such order may be tailored to the circumstances of the case." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

Federal Rule of Civil Procedure 37 provides the appropriate party a remedy if a party fails to make disclosures or cooperate in discovery. Under FRCP 37(a)(3) "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond."

INA has failed to disclose a plethora of items as listed in the Motion to Compel. In compliance with District of Connecticut Local Rules of Civil Procedure 9(d)(2), EMCOR has attached its affidavit of good faith in attempting to resolve these discovery issues. EMCOR has made several attempts to try and resolve the discovery disputes prior to filing the instant motion to compel. However, INA has refused to comply with, or even respond to, these outstanding requests.

In connection with the present action, on June 7, 2001, EMCOR sent to INA its First Set of Request for Production setting forth nine (9) separate requests for documents. (See Exhibit A). INA responded with a privilege log consisting of one document that it refused to disclose on the grounds of attorney/client privilege and work product. (See Exhibit B). However, "once a privileged communication has been purposely disclosed to a third party, the attorney-client privilege is waived . . . " *United States v. United Technologies Corp.*, 979 F.Supp. 108, 111 (D.Conn. Aug. 1997). The document at issue was purposely sent to representatives of both ESIS, a third-party, and INA and therefore any alleged privilege has been waived.

On May 6, 2002 EMCOR sent its Third Set of Requests for Production to INA. (See Exhibit C). INA's response to request numbers one through four requesting any manuals or guidelines, special handling instruction and/or service/field service instructions, was that there were none. (See Exhibit D). However, at Ms. Virginia Lloyd's deposition on September 17, 2003, Ms. Lloyd, on behalf of INA, testified that INA did have a Claims Manual or a Best Practices

3

Manual. (See <u>Exhibit E</u>).    Since that time, counsel for EMCOR has repeatedly requested the referenced manual, to which we have received no response.

Within that same Set of Requests for Production in request number six, EMCOR requested INA's underwriting documents related to EMCOR. (See <u>Exhibit C</u>).  INA objected to this request by claiming that these documents were not relevant to this litigation. (See <u>Exhibit D</u>). The underwriting documents will elicit information related to INA's analysis of the nature of the risks to be insured. Certainly, this is relevant to the coverages afforded to EMCOR under all three insurance policies and the classification of claims against EMCOR as either general liability or completed operations claims.

Further, in request number nine of that same Set of Requests for Production, EMCOR requested correspondence between INA and American International Group. (See <u>Exhibit C</u>).  INA responded that to the extent that there was any such correspondence <u>it would be sent with the subject INA files which would be produced under separate cover.</u> (See <u>Exhibit C</u>) (emphasis added). EMCOR never received these files.

EMCOR'S request number ten of that same set of Requests for Production requested meeting minutes/memoranda relating to INA's classification on handling of those claims identified in EMCOR's Amended Complaint. (See <u>Exhibit C</u>).  INA's counsel objected to said request on the grounds of work product and privilege.  INA's further stated that they would produce a privilege log separately. (See <u>Exhibit D</u>) (emphasis added).  INA has failed to produce said privilege log.

4

During the course of discovery, INA produced several documents with redactions. Attorney Gregory Pinter formerly with Wilson, Elser, Moskowitz, Edelman & Dicker LLP, stated that portions of said documents were redacted as they were not relevant to the pending litigation. (See attached letter dated October 18, 2002 as Exhibit F). However, the redacted portions of said documents are surrounded by information related to the coding issue, which is a critical issue in this matter. Thus, it seems highly unlikely that the redacted material is irrelevant. The redacted documents are attached hereto collectively as Exhibit G. Accordingly, these documents should be produced in their entirety.

In addition, there are two specific emails that EMCOR has previously requested numerous times. The first email is dated January 26, 1998, bates stamp number ES11519, from Sheelagh Nelson to Patti Topper, cc: to Ann Marie Marson and Pat Walton. (Exhibit H). The subject matter of this email is "Emcor Corrections." The email refers to an attached memo and spreadsheet that outlines everything with respect to the transactions and transfers necessary to correct the data associated with Emcor files. This firm has requested these documents repeatedly but have received no response from INA's counsel. The second email is dated February 16, 1998, from Anne Finley to Virginia Lloyd, bates stamp number EMC 028559. (Exhibit I). The subject matter of the email is the potential exhaustion of the aggregate. The third full paragraph makes reference to a prior e-mail alluding to that fact. This firm has requested this prior e-mail numerous times before but has received no response from INA's counsel.

Finally, on September 12, 2002, EMCOR sent its Third Set of Interrogatories to INA and on May 16, 2003 EMCOR sent its Fourth Set of Requests for Production to INA. (See attached Exhibit J and K respectively). Counsel for INA has indicated several times that response and documents would be provided, but to date INA has failed to respond to said discovery.

The instant litigation is complex and discovery has been voluminous. The parties are still involved in depositions which have been numerous, and some of which have taken place outside of Connecticut. Although the discovery deadline is quickly approaching, no trial date has yet been set. Accordingly, there is no prejudice to INA to respond to the aforementioned discovery requests which have been filed previously, particularly in light of INA's representations that said discovery would be provided or that an appropriate privilege log would be produced.

## III.    CONCLUSION:

Based upon the foregoing reasons, EMCOR's Motion to Compel pursuant to Federal Rules of Civil Procedure 26 and 37 must be granted and INA must be ordered to produce said documents in a timely manner.

RESPECTFULLY SUBMITTED,
EMCOR GROUP, INC.

By: _____

Jeffrey J. Vita, Esq.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847
Fed. Bar No. ct08036

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X

EMCOR GROUP, INC.                    :     Civil Action No. Docket
                                                     3:00-CV-2211
         Plaintiff,

                                    :

v.                                                        :

INSURANCE COMPANY OF
NORTH AMERICA                      :

               Defendant.     :     November 26, 2003

------------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing Memorandum of Law in Support of Plaintiff's Motion to Compel was mailed, postage prepaid, on this the 26th day of November, 2003 to the following:


Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.

8