IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x

| | | |
|---|---|---|
| EMCOR GROUP, INC., | : | Civil Action No. |
| | | Docket 3:00-CV-2211 (AVC) |
| Plaintiff, | : | |
| | | Judge Alfred V. Covello |
| vs. | : | |
| | | |
| INSURANCE COMPANY OF NORTH AMERICA. | : | |
| | | November 17, 2003 |
| Defendant. | : | |

------------------------------------------------------------------- x

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND ANSWER

623885.1

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of INA in support of the instant motion for leave to serve an amended answer containing a counterclaim. For the reasons set forth below, it is respectfully submitted that the Court should issue an order granting INA's motion to amend the answer in the above entitled action, and for such other relief as this Court deems just and proper.

## STATEMENT OF FACTS

INA issued three insurance policies to EMCOR that contained a general liability aggregate limit of $2,000,000. INA Contract Number HDOG1403379-8 covered the period from October 1, 1992 to October 1, 1993; INA Contract Number HDOG1658518-8 covered the period from October 1, 1993 to October 1, 1994; and INA Contract Number HDOG1658789-8 covered the period from October 1 1994 to October 1, 1995. This action involves the question of whether or not the general liability aggregate limits of three insurance policies issued by INA to EMCOR are exhausted.

Each policy had a general liability aggregate limit of $2 million dollars and contained the following paragraph limiting INA's financial responsibility to the general liability policy limits:

> "The Limits of Insurance shown in the Schedule
> of this endorsement and the rules below, fix
> the most we will pay regardless of the number of:
> Insureds;
>
> Claims made or "suits" brought; or
>
> Persons or organizations making claims or bringing "suits"
>
> The Aggregate limit is the most we will pay for the sum of all damages under this endorsement.'"

623885.1

EMCOR submitted claims to INA for coverage under each of the above polices. As a result of payments made by INA, the general liability aggregate limits of each of the three polices have been exhausted.

EMCOR alleges within its complaint that certain claims were improperly coded as general liability claims instead of products liability/completed operations claims. As a result, EMCOR asserts that the policy limits for general liability claims were prematurely exhausted.

EMCOR also claims that INA attempted to prematurely exhaust the general liability coverage of the 1992-93 insurance policy by issuing a check for the remaining funds under that policy for a civil action pending in Texas; that INA settled a different civil action without the authorization of EMCOR; and that certain claims against an EMCOR subsidiary, Dynaelectric Company, were classified to the wrong insurance policy.

During the discovery process, which is still ongoing, INA discovered that it paid in excess of the $2,000,000 liability aggregate limit on each of the policies issued to EMCOR. It is believed that the excess payment is in excess of $700,000.00.

The deposition of Rex Thrasher, Vice President of Risk Management on behalf of EMCOR, was taken on November 13, 2003. Mr. Thrasher testified that EMCOR received monthly reports that contained information related to the amount expended on each claim submitted to INA for loss payments and defense costs and the remaining funds available under each of the general liability policies. (pgs. 78-82) He also testified that once the general liability policy limits were exhausted, INA had no further responsibility to pay for any claims EMCOR submitted. (pg. 72 lines 13-19). This testimony confirms that any money expended by INA in excess of the $2 million dollar general liability aggregate limits should be recovered by INA.

623885.1

## POINT I

### FRCP 15 IS LIBERALLY CONSTRUED AND AMENDMENTS SHOULD BE FREELY GIVEN

Under Federal Rule of Civil Procedure 15(a) leave to amend a pleading shall be freely given "when justice requires" and should be granted absent "some justification for refusal." Fed. R. Civ. Pro. 15(a); *See McDonnell v. Dean Witter Reynolds, Inc., et al.,* 620 F. Supp 152 (D Conn. 1985), citing *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 230 (Sup. Ct. 1962); *Absher v. Flexi International Software, Inc.,* 2003 WL 2002778 (D. Conn).

## POINT II

### THE FACTORS A COURT SHOULD CONSIDER WHEN DETERMINING WHETHER A MOTION TO AMEND A PLEADING SHOULD BE GRANTED ARE FUTILITY OF AMENDMENT, BAD FAITH OR DILATORY MOTIVE, REPEATED FAILURES TO CURE DEFICIENCIES BY PREVIOUS AMENDMENTS, DELAY, INJUSTICE TO THE MOVING PARTY IF THE MOTION IS DENIED, AND PREJUDICE TO THE MOVING PARTY IF THE MOTION IS GRANTED

Three of the most important factors a court should consider in determining whether to grant a motion to amend a pleading are: (1) undue prejudice to the opposing party by virtue of allowance of the amendment; (2) "injustice to the moving party if leave to amend is denied; and, (3) delay, as well as the reason why the moving party did not include in its original pleading the material sought to be included in the amended pleading." *See McDonnell v. Dean Witter Reynolds, Inc., et al.,* 620 F. Supp 152, 155 (D. Conn. 1985). The other factors a Court must consider in determining whether to grant or deny a party's motion to amend a pleading are: (1) bad faith or dilatory motive (2) repeated failures to cure deficiencies by previous amendments and (3) futility of amendment. *See Wells v. Harris,* 185 F.R.D. 128, 131 (D. Conn. 1999); *Messier v. Southbury Traning School,* 1999 WL 20907 (D. Conn).

623885.1

A.  **Emcor will not be prejudiced by the proposed Amendment**

Discovery in this action is not complete and no additional discovery will be required as a result of the proposed counterclaim. During his deposition, Rex Thrasher, Vice President of Risk Management, testified that EMCOR received monthly electronic reports specifying the amount INA paid for each claim submitted for coverage under the three insurance policies. He testified that these monthly reports contained information regarding the claimants name, the amount expended on defense costs, and the amount spent on loss payments. He also testified that this data enabled EMCOR to track the amounts remaining under the applicable general liability and products liability/completed operations aggregate limits for each policy. The relevant portions of Mr. Thrasher's deposition testimony are attached as Exhibit "D". EMCOR is already in possession of the relevant account reports and has had access to these documents long before this action was commenced.

The central issue in this case is whether or not the aggregate limits for several liability claims in each policy have been exhausted by INA payments on EMCOR's behalf. This will require proof of the amount paid for each claim. Exactly the same proof will be required for INA to prove it paid more than the policy limits on behalf of EMCOR.[1] As such, there will be no delay in the ongoing discovery associated with the Third Amended Answer with counter-claim and there is no prejudice to EMCOR as a result of the amendment.

In determining whether a party is prejudiced by the proposed amendment, courts consider whether the amendment would "significantly increase the scope of discovery or significantly change the focus of the litigation." *See Union Carbide Corp. v. Siemens Westinghouse Power*

---

[1] Counsel for EMCOR and INA have already agreed to meet to determine if EMCOR's and INA's records with respect to payments made on the 106 claims are consistent. It will be a simple task for counsel to do the same for the remainder of the claims.

623885.1

*Corp.*, 2002 WL 31387269, 3 (S.D.N.Y.). The Court in *Absher supra.* held that prejudice includes a significant delay in resolving the dispute or causing a party to "expend significant resources to conduct further discovery and prepare for trial". In *Abshner supra.*, the court held that prejudice *may* be found when discovery has been completed, but that even this fact could be mitigated if the "new claim arises from a similar set of operative facts and a similar time as the existing claims." [emphasis added]. In this matter, the proposed claim contained in the amended answer involves the same set of facts asserted in the original pleadings.

**B.     INA will be Significantly Prejudiced if the Proposed Amendment is not granted**

INA would be severely prejudiced by denial of the instant application. INA should be afforded the opportunity to resolve this issue at the same time as the other issues that are the subject of this litigation since the proposed counterclaim involves the same set of facts and the same documents that have already been exchanged by both parties. Furthermore, the addition of the proposed counterclaim will avoid duplicitous litigation involving the same facts and claims that are the subject of this matter and preserve judicial economy.

As stated above, the addition of the proposed counterclaim will not hinder, delay, or require any additional discovery. EMCOR is already in possession of all the relevant documents relating to INA's excess payments under the separate insurance policies. The counterclaim arises out of the same facts and does not advance a different legal theory than the claims already alleged by EMCOR.

C. **This is INA's First Application to Amend Its Answer and Any Delay that occurred in Bringing the Instant Application is Outweighed by the Promotion of Judicial Economy, Resolving all Disputes in One Action and the Resulting Prejudice to INA if the Amendment is Not Granted**

It is well settled law that mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend. *See Messier supra.* at 3 In that case, the court granted the plaintiffs' leave to amend to add a new plaintiff four (4) years after the initial complaint was filed, after the plaintiffs' amended their complaint three (3) times and after discovery had already been completed and motions for summary judgment were served. The court found that the proposed amendment would not cause the opposing party to spend significant resources to conduct additional discovery or to prepare for trial and that the amendment would not significantly delay resolution of the suit. *See Messier supra.* at 4.

In this matter, EMCOR will not have to spend any additional resources to conduct further discovery as they are already in possession of all the relevant documents pertaining to INA's counterclaim. Additionally, the proposed counterclaim involves the same set of facts giving rise to EMCOR's claims, no additional discovery is required, and the proposed amendment will not effect the timely resolution of this matter.

Moreover, one general policy that underlies the Federal Rules of Civil Procedure is to "avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even handed justice, expeditiously and economically." *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Western,* 1990 WL 80085, 5 (S.D.N.Y.). If INA's application to amend its answer is denied, INA will be forced to bring a separate action against EMCOR for the same relief requested in its proposed counterclaim. Another common theme underlying the Federal Rules of Civil Procedure is preventing inconsistent verdicts, duplication of suits based on the same, or similar, matters and duplication

623885.1

of evidence. *See Hicks v. Long Island R.R.,* 165 F.R.D. 377, 379 (E.D.N.Y. 1996). In this matter, the same evidence would be used if INA were to bring a claim against EMCOR and could be subject to inconsistent verdicts based on the same evidence and documents that have already been exchanged in this case.

D.  **INA Has Not Acted in Bath Faith in Requesting the Proposed Amendment**

In order to warrant denial of a motion to amend a pleading under FRCP 15(a) for "bad faith", the opposing party must show more than simple inadvertence or delay. *Oneida Indian Nation of New York State v. County of Oneida*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000). In that case, the court found that a party moving to amend its pleading in order to gain a tactical advantage in the litigation may constitute "bad faith" under FRCP 15(a). *See Oneida Indian Nation of New York State supra.* at 79. A determination of bad faith requires an inquiry into the moving party's motives for seeking the amendment. *See Oneida Indian Nation of New York State supra.* at 79.

INA's only motive for the instant application to amend its answer is to assert an existing claim based on the same set of facts so that all disputes regarding the issues that are the subject of this litigation are resolved in one action.

E.  **The Proposed Amendment is not Futile as it is a Meritorious and Compensable Claim and Could Not Be the Subject of a Motion for Summary Judgment.**

Additionally, the proposed amendment is not a futile gesture. Futility is determined by ascertaining whether the amended pleading could be defeated by a motion for summary judgment. *See Eria v. Texas Easter Transmission Corp., et al.,* 377 F. Supp. 344 (E.D.N.Y. 1974); *Union Carbide Corp. v. Siemens Westinghouse Power Corp.,* 2002 WL 31387269 (S.D.N.Y.)

In this action, This Court will be asked to determine two basic issues: (1) what claims were general liability claims; and, (2) what were the amounts paid by INA for each claim.

623885.1

Following the answers to these questions, the total amount paid for each policy year will be added and compared to the $2 million aggregate limit for each policy. If $2 million was paid on these claims, no party has any damages. If $2 million was not paid, then EMCOR will proceed to prove its damages. If more than $2 million was paid, EMCOR owes INA that sum since Mr. Thrasher admitted that once the aggregate limits are paid, no further responsibility is owed under that policy. (See Exhibit "D" pg. 82). Thus, neither EMCOR's action nor INA's counterclaim is susceptible to a summary judgment motion.

For the foregoing reasons and authorities discussed above, INA respectfully requests an order pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, granting the instant application to amend the answer, together with such other and further relief as to this Court may seem just, proper and equitable.

Dated:   New York, New York
         December 3, 2003

_____
Thomas A. Leghorn

623885.1

- 15 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Third Amended Answer and Special Defenses of Defendant Insurance Company of North America was forwarded, via first class mail, postage prepaid, to the following counsel of record on December 3, 2003.

Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, Connecticut 06517
(203) 287-8890

_____
Christine Phillips

623617.1