**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------- x

EMCOR GROUP, INC.,  :  Civil Action No.
Docket 3:00-CV-2211 (AVC)

  Plaintiff,  :

vs.  :  Judge Alfred V. Covello

  **DECLARATION IN SUPPPORT**
INSURANCE COMPANY OF NORTH AMERICA.  :  **OF  MOTION**

  Defendant.  :  November 21, 2003

-------------------------------------------------------------------- x


THOMAS A. LEGHORN, pursuant to 28 U.S.C. § 1746 states as follows subject to the

penalties for perjury of the United States of America:

1. I am a member of the law firm WILSON, ELSER, MOSKOWITZ, EDELMAN &

DICKER LLP, attorneys for defendant INSURANCE COMPANY OF NORTH AMERICA

("INA") and submit this declaration in support of INA's motion to amend its answer to assert a

counterclaim for amounts paid over the applicable aggregate limits of insurance polices that are

the subject of this lawsuit.  A copy of the proposed answer and counterclaim is attached as

Exhibit "A".

2. INA issued three (3) insurance polices providing insurance coverage to EMCOR

and other subsidiaries for general liability and products liability/completed operations claims

over a three year period.  INA Contract Number HDOG1403379-8 covered the period from

October 1, 1992 to October 1, 1993; INA Contract Number HDOG1658518-8 covered the period

from October 1, 1993 to October 1, 1994; and INA Contract Number HDOG1658789-8 covered

the period from October 1 1994 to October 1, 1995.   Each of these policies had a $2 million

general liability aggregate limit.

623890.1

3.      EMCOR is alleging that 106 claims made under these insurance polices were improperly coded as general liability claims instead of products completed operations claims, thereby prematurely exhausting the general liability aggregate limits of each such policy; that INA attempted to prematurely exhaust coverage provided to EMCOR; that certain claims against an EMCOR subsidiary, Dynaelectric Company, were classified to the wrong insurance policy; and that EMCOR did not authorize a settlement payment issued by INA.

4.      The instant litigation was commenced by EMCOR in Superior Court, Judicial District of Stamford on or about October 10, 2000.  INA served a Notice of Removal on or about November 15, 2000.  Subsequently, EMCOR made two motions to this Court to amend its complaint.  Both of these applications were granted.  An amended answer and a second amended answer were filed on behalf of INA.  A copy of the second amended complaint is attached hereto as Exhibit "**B**".  A copy of the second amended answer is attached hereto as Exhibit "**C**".

5.      No prior application has been made by INA to amend its answer.

6.      During the discovery process, that is still ongoing, INA discovered that it paid EMCOR more than the general liability aggregate limit of $2 million dollars under each of the three of the insurance policies issued to EMCOR referenced above.

7.      In the proposed Third Amended Answer with counterclaim INA seeks to recover from EMCOR amounts it paid in excess of the several liability aggregate limits for each of the subject policies.

8.      Attached hereto as Exhibit "**D**", are the relevant sections of the "rough" deposition transcript of Rex Thrasher dated November 13, 2003. (pgs. 72-82).  Mr. Thrasher's testimony demonstrates that EMCOR had access to all documents related to INA's proposed counterclaim well in advance of the commencement of this litigation.

9.    For the reasons addressed in the accompanying memorandum of law no additional discovery is required in connection with the proposed amendment.

**WHEREFORE**, INA respectfully requests an order pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, granting the instant application to amend its answer, together with such other and further relief as to this Court may seem just, proper and equitable.

Dated:    White Plains, New York
          November 17, 2003

Thomas A. Leghorn (Federal Bar # 22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Attorneys for the defendant
INSURANCE COMPANY OF NORTH AMERICA ("INA")
3 Gannett Drive
White Plains, New York  10604
(914) 323-7000
File No.:  00756.35967


TO:    Saxe, Doernberger & Vita, PC
       Attorneys for the Plaintiff
       1952 Whitney Avenue
       Hamden, Connecticut  06517

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------- x

EMCOR GROUP, INC.,                          :     Civil Action No.
                                                  Docket 3:00-CV-2211 (AVC)

                            Plaintiff,      :

                                                  Judge Alfred V. Covello
vs.                                         :

INSURANCE COMPANY OF NORTH AMERICA.  :

                            Defendant.      :     November 17, 2003

-------------------------------------------------------------------- x

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND ANSWER

623885.1

EMCOR submitted claims to INA for coverage under each of the above polices. As a result of payments made by INA, the general liability aggregate limits of each of the three polices have been exhausted.

EMCOR alleges within its complaint that certain claims were improperly coded as general liability claims instead of products liability/completed operations claims. As a result, EMCOR asserts that the policy limits for general liability claims were prematurely exhausted.

EMCOR also claims that INA attempted to prematurely exhaust the general liability coverage of the 1992-93 insurance policy by issuing a check for the remaining funds under that policy for a civil action pending in Texas; that INA settled a different civil action without the authorization of EMCOR; and that certain claims against an EMCOR subsidiary, Dynaelectric Company, were classified to the wrong insurance policy.

During the discovery process, which is still ongoing, INA discovered that it paid in excess of the $2,000,000 liability aggregate limit on each of the policies issued to EMCOR. It is believed that the excess payment is in excess of $700,000.00.

The deposition of Rex Thrasher, Vice President of Risk Management on behalf of EMCOR, was taken on November 13, 2003. Mr. Thrasher testified that EMCOR received monthly reports that contained information related to the amount expended on each claim submitted to INA for loss payments and defense costs and the remaining funds available under each of the general liability policies. (pgs. 78-82) He also testified that once the general liability policy limits were exhausted, INA had no further responsibility to pay for any claims EMCOR submitted. (pg. 72 lines 13-19). This testimony confirms that any money expended by INA in excess of the $2 million dollar general liability aggregate limits should be recovered by INA.

**C.   This is INA's First Application to Amend Its Answer and Any Delay that occurred in Bringing the Instant Application is Outweighed by the Promotion of Judicial Economy, Resolving all Disputes in One Action and the Resulting Prejudice to INA if the Amendment is Not Granted**

It is well settled law that mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend. *See Messier supra.* at 3  In that case, the court granted the plaintiffs' leave to amend to add a new plaintiff four (4) years after the initial complaint was filed, after the plaintiffs' amended their complaint three (3) times and after discovery had already been completed and motions for summary judgment were served. The court found that the proposed amendment would not cause the opposing party to spend significant resources to conduct additional discovery or to prepare for trial and that the amendment would not significantly delay resolution of the suit. *See Messier supra.* at 4.

In this matter, EMCOR will not have to spend any additional resources to conduct further discovery as they are already in possession of all the relevant documents pertaining to INA's counterclaim.  Additionally, the proposed counterclaim involves the same set of facts giving rise to EMCOR's claims, no additional discovery is required, and the proposed amendment will not effect the timely resolution of this matter.

Moreover, one general policy that underlies the Federal Rules of Civil Procedure is to "avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even handed justice, expeditiously and economically." *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Western,* 1990 WL 80085, 5 (S.D.N.Y.).  If INA's application to amend its answer is denied, INA will be forced to bring a separate action against EMCOR for the same relief requested in its proposed counterclaim. Another common theme underlying the Federal Rules of Civil Procedure is preventing inconsistent verdicts, duplication of suits based on the same, or similar, matters and duplication

of evidence. *See Hicks v. Long Island R.R.,* 165 F.R.D. 377, 379 (E.D.N.Y. 1996). In this matter, the same evidence would be used if INA were to bring a claim against EMCOR and could be subject to inconsistent verdicts based on the same evidence and documents that have already been exchanged in this case.

**D.     INA Has Not Acted in Bath Faith in Requesting the Proposed Amendment**

In order to warrant denial of a motion to amend a pleading under FRCP 15(a) for "bad faith", the opposing party must show more than simple inadvertence or delay. *Oneida Indian Nation of New York State v. County of Oneida,* 199 F.R.D. 61, 80 (N.D.N.Y. 2000). In that case, the court found that a party moving to amend its pleading in order to gain a tactical advantage in the litigation may constitute "bad faith" under FRCP 15(a). *See Oneida Indian Nation of New York State supra.* at 79. A determination of bad faith requires an inquiry into the moving party's motives for seeking the amendment. *See Oneida Indian Nation of New York State supra.* at 79.

INA's only motive for the instant application to amend its answer is to assert an existing claim based on the same set of facts so that all disputes regarding the issues that are the subject of this litigation are resolved in one action.

**E.     The Proposed Amendment is not Futile as it is a Meritorious and Compensable Claim and Could Not Be the Subject of a Motion for Summary Judgment.**

Additionally, the proposed amendment is not a futile gesture. Futility is determined by ascertaining whether the amended pleading could be defeated by a motion for summary judgment. *See Eria v. Texas Easter Transmission Corp., et al.,* 377 F. Supp. 344 (E.D.N.Y. 1974); *Union Carbide Corp. v. Siemens Westinghouse Power Corp.,* 2002 WL 31387269 (S.D.N.Y.)

In this action, This Court will be asked to determine two basic issues: (1) what claims were general liability claims; and, (2) what were the amounts paid by INA for each claim.

Following the answers to these questions, the total amount paid for each policy year will be added and compared to the $2 million aggregate limit for each policy. If $2 million was paid on these claims, no party has any damages. If $2 million was not paid, then EMCOR will proceed to prove its damages. If more than $2 million was paid, EMCOR owes INA that sum since Mr. Thrasher admitted that once the aggregate limits are paid, no further responsibility is owed under that policy. (See Exhibit "D" pg. 82). Thus, neither EMCOR's action nor INA's counterclaim is susceptible to a summary judgment motion.

For the foregoing reasons and authorities discussed above, INA respectfully requests an order pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, granting the instant application to amend the answer, together with such other and further relief as to this Court may seem just, proper and equitable.

Dated:    New York, New York
          November 21, 2003


                                        Thomas A. Leghorn

623885.1