IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------- x

| | | |
|---|---|---|
| EMCOR GROUP, INC., | : | Civil Action No. |
| | | Docket 3:00-CV-2211 (AVC) |
| Plaintiff, | : | |
| | | Judge Alfred V. Covello |
| vs. | : | |
| | | **THIRD AMENDED ANSWER** |
| INSURANCE COMPANY OF NORTH AMERICA. | : | **WITH COUNTERCLAIM** |
| | | |
| Defendant. | : | |
| | | November 17, 2003 |

-------------------------------------------------------------- x

Defendant INSURANCE COMPANY OF NORTH AMERICA ("INA"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, pursuant to Fed.R.Civ.P. 8(b) and 8(c) hereby responds to Plaintiff's Second Amended Complaint as follows:

## AS AND FOR AN ANSWER TO THE FIRST COUNT

### (Breach of Contract)

1.    Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "1" of the Second Amended Complaint.

2.    Admits the allegations contained in Paragraph "2" of the Second Amended Complaint.

3.    Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "3" of the Second Amended Complaint, except admits that INA was licensed to transact certain lines of insurance in the State of Connecticut for certain periods of time.

623617.1

4.      Denies the allegations contained in Paragraph "4" of the Second Amended Complaint, but admits that it issued general liability policies of insurance to JWP, Inc., the named insured, for the periods October 1, 1992 to October 1, 1993, October 1, 1993 to October 1, 1994, and October 1, 1994 to October 1, 1995.  Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

5.      Denies the allegations contained in Paragraph "5" of the Second Amended Complaint.

6.      Denies the allegations contained in Paragraph "6" of the Second Amended Complaint that Emcor duly paid insurance premiums to INA, and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

7.      Denies the allegations contained in Paragraph "7" of the Second Amended Complaint except admits that the policies referenced in Paragraph "4" of this Second Amended Answer contain a Section I captioned "Coverages" which contain in part, the words alleged in Paragraph "7" of the Second Amended Complaint.  Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

8.      Denies the allegations contained in Paragraph "8" of the Second Amended Complaint, except admits that the policies referenced in Paragraph "4" of this Second Amended Answer contain a Section V captioned "Definitions" which contain in part, the words alleged in Paragraph "8" of the Second Amended Complaint.  Further answering, INA states that the terms,

- 2 -

conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

9.      Denies the allegations contained in Paragraph "9" of the Second Amended Complaint, except admits that the policies referenced in Paragraph "4" of this Second Amended Answer contain a page captioned "Declarations" which set forth the limits of insurance as $2,000,000 general aggregate limit (other than Products/Completed Operations) and Products/Completed Operations aggregate limit of $3,000,000. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

10.     Denies the allegations contained in Paragraph "10" of the Second Amended Complaint, except admits that the policies referenced in Paragraph "4" of this Second Amended Answer contain a page captioned "Declarations" which set forth the limits of insurance as $2,000,000 general aggregate limit (other than Products/Completed Operations) and Products/Completed Operations aggregate limit of $3,000,000. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

11.     With respect to Paragraph "11" of the Second Amended Complaint, admits that the General Aggregate Limit of $2,000,000 of each of the policies referenced in Paragraph "4" of this Second Amended Answer has been exhausted, and that INA is no longer responsible to pay those sums the insured becomes legally obligated to pay as damages pursuant to the terms and conditions of the policies as a result of the exhaustion of the applicable limits of insurance.

- 3 -

Further answering, Defendant admits that it never had a duty to defend pursuant to Endorsement 32 of each referenced policy and denies all remaining allegations.

12.    With respect to Paragraph "12" of the Second Amended Complaint, admits that the Products/Completed Operations Aggregate Limits of Insurance in each of the policies referenced in Paragraph "4" of this Second Amended Answer have not been exhausted as of the date of this Answer and denies all remaining allegations.

13.    Denies the allegations contained in Paragraph "13" of the Second Amended Complaint.

14.    Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "14" of the Second Amended Complaint, but pursuant to the policies referenced in Paragraph "4" of this Second Amended Answer, INA has and had no obligation to defend Plaintiff or to pay for the defense of Plaintiff, and refers all questions of law to the Court for determination at the time of trial.

15.    Denies the allegations contained in Paragraph "15" of the Second Amended Complaint.

16.    Denies the allegations contained in Paragraph "16" of the Second Amended Complaint.

623617.1

## AS AND FOR AN ANSWER TO THE SECOND COUNT

### (Breach of Contract)

1-16.   With respect to Paragraph "1-16" of the First Count of the Second Amended Complaint, repeats and incorporates by reference the responses contained in Paragraph "1" through "16" above as if set forth at length herein.

17.    Denies the allegations contained in Paragraph "17" of the Second Amended Complaint.

18.    Denies the allegations contained in Paragraph "18" of the Second Amended Complaint.

19.    Denies the allegations contained in Paragraph "19" of the Second Amended Complaint.

20.    Denies the allegations contained in Paragraph "20" of the Second Amended Complaint.

21.    Denies the allegations contained in Paragraph "21" of the Second Amended Complaint.

22.    Denies the allegations contained in Paragraph "22" of the Second Amended Complaint.

623617.1

## AS AND FOR AN ANSWER TO THE THIRD COUNT

(Breach of Contract – Misclassification/Dynalectric)

1-4.    With respect to Paragraph "1-4" of the First Count of the Second Amended Complaint, repeats and incorporates by reference the responses contained in Paragraph "1" through "4" above as if set forth at length herein.

5.    Denies the allegations contained in Paragraph "5" of the Third Count of the Second Amended  Complaint, but admits that INA issued a general liability policy of insurance to Dynalectric Compnaies, the named insured, for the period October 1, 1993 to October 1, 1994. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policy, including the endorsements, speak for themselves.

6.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "6" of the Third Count of the Second Amended Complaint.  Further answering, INA states that the terms, conditions and exclusions of the 1993-1994 INA Policy, including the endorsements, speak for themselves.

7.    Denies the allegations contained in Paragraph "7" of the Third Count of the Second Amended Complaint.

8.    Denies the allegations contained in Paragraph "8" of the Third Count of the Second Amended Complaint.

9.    Denies the allegations contained in Paragraph "9" of the Third Count of the Second Amended Complaint.

623617.1

## AS AND FOR AN ANSWER TO THE FOURTH COUNT

### (Bad Faith)

1-27.   With respect to Paragraph "1-22" of the Second Count and Paragraph "5-9" of the Third Count of the Second Amended Complaint, repeats and incorporates by reference the responses to Paragraph "1" through "22" and Paragraphs "5" through "9" above as if set forth at length herein.

28.   The allegations contained in Paragraph "28" of the Second Amended Complaint are conclusions of law as to which no response can be made or is required.  To the extent that any response is required, INA exercised the utmost of good faith and fair dealing with respect to the insured with respect to the policies referenced in Paragraph "4" of this Second Amended Answer, refers all questions of law and questions of the relations, rights, and obligations of the parties to the Court for determination at the time of trial, and denies all remaining allegations.

29.   Denies the allegations contained in Paragraph "29" of the Second Amended Complaint.

30.   Denies the allegations contained in Paragraph "30" of the Second Amended Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH COUNT

### (Breach of Fiduciary Duty)

1-30.   With respect to Paragraph "1-30" of the Fourth Count of the Second Amended Complaint, repeats and incorporates by reference the responses to Paragraph "1" through "30" above as if set forth at length herein.

623617.1

31.     The allegations contained in Paragraph "31" of the Second Amended Complaint are conclusions of law as to which no response can be made or is required.  To the extent that any response is required, INA denies the allegations and refers all questions of law to the Court for determination at the time of trial.

32.     The allegations contained in Paragraph "32" of the Second Amended Complaint are conclusions of law as to which no response can be made or is required.  To the extent that any response is required, INA considered the interests of its insured as required by the terms of the policies referenced in Paragraph "4" of this Second Amended Answer and applicable law, denies the remaining allegations, and refers all questions of law to the Court for determination at the time of trial.

33.     Denies the allegations contained in Paragraph "33" of the Second Amended Complaint.

34.     Denies the allegations contained in Paragraph "34" of the Second Amended Complaint.

## AS AND FOR AN ANSWER TO THE SIXTH COUNT

(Declaratory Judgment)

1-27    With respect to Paragraph "1-22" of the Second Count and Paragraph "5-9" of the Third Count of the Second Amended Complaint, repeats and incorporates by reference the responses to Paragraph "1" through "22" and Paragraph "5" through "9" above as if set forth at length herein.

623617.1

28.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "28" of the Second Amended Complaint.

29.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "29" of the Second Amended Complaint.

30.     Denies the allegations contained in Paragraph "30" of the Second Amended Complaint.

31.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "31" of the Second Amended Complaint.

32.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "32" of the Second Amended Complaint.

### FIRST SPECIAL DEFENSE

The Second Amended Complaint, and each cause of action therein, fails to allege facts sufficient to state a cause of action against INA for which Plaintiff is entitled to relief.

### SECOND SPECIAL DEFENSE

Plaintiff's claim is barred in whole or in part pursuant to Endorsement 32 of each of the insurance policies referenced in Paragraph "4" and Paragraph "5" in the answer to the Third Count of this Second Amended Answer.

### THIRD SPECIAL DEFENSE

Plaintiff's claim is barred in whole or in part by the terms, exclusions, conditions and limitations contained in the insurance policies referenced in Paragraph "4" and Paragraph "5" in the answer to the Third Count of this Second Amended Answer.

623617.1

### FOURTH SPECIAL DEFENSE

Plaintiff breached the implied covenant of good faith and fair dealing inherent in its contract(s) with INA, and by virtue of said breach, Plaintiff's claims are barred in whole or in part.

### FIFTH SPECIAL DEFENSE

The causes of action in the Complaint are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

### SIXTH SPECIAL DEFENSE

The causes of action in the Second Amended Complaint are barred in whole or in part by the applicable Statutes of Limitations.

### SEVENTH SPECIAL DEFENSE

To the extent that Plaintiff claims that it is owed a duty or obligation by INA not expressly provided in the written insurance policies under which Plaintiff claims the duty or obligation arises, Plaintiff's causes of action with respect to such duty or obligation are barred by the Statute of Frauds.

### EIGTH SPECIAL DEFENSE

The causes of action in the Second Amended Complaint are barred in whole or in part because any and all exemplary or punitive damages claims alleged in the Complaint violate INA's right to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and are therefore barred in whole or in part by virtue of the "supremacy clause" of Article VI of the United States Constitution.

### NINTH SPECIAL DEFENSE

The causes of action in the Second Amended Complaint are barred in whole or in part

because any and all exemplary or punitive damages claims alleged in the Complaint violate

INA's right to protection from "excessive fines" as provided in the Eighth Amendment of the

United States Constitution and are therefore barred in whole or in part by virtue of the

"supremacy clause" of Article VI of the United States Constitution.

### TENTH SPECIAL DEFENSE

The Second Amended Complaint fails to allege sufficient facts to support an award of

punitive damages against INA.

### ELEVENTH SPECIAL DEFENSE

Plaintiff lacks the requisite capacity, standing and authority to bring the within action to

the extent that it is not a real party in interest and/or has no right to any benefits provided under

the terms and provisions of the policies referenced in Paragraph "4" and Paragraph "5" in the

answer to the Third Count of this Second Amended Answer.

### TWELFTH SPECIAL DEFENSE

All classifications of claims by INA and all actions by INA during the terms of the

policies referenced in Paragraph "4" and Paragraph "5" of this Second Amended Answer were

performed properly, fairly, and in good faith.

### THIRTEENTH SPECIAL DEFENSE

The General Aggregate Limit of $2,000,000 of each of the policies referenced in

Paragraph 4 of this Second Amended Answer has been exhausted, and therefore INA is no

longer responsible to pay those sums the insured becomes legally obligated to pay as damages

623617.1

pursuant to the terms and conditions of the policies as a result of the exhaustion of the applicable limits of insurance.

### FOURTEENTH SPECIAL DEFENSE

The causes of action in the Second Amended Complaint may not be maintained in whole or in part because of collateral estoppel, res judicata and/or release.

### AS AND FOR DEFENDANTS' COUNTERCLAIM
### AGAINST PLAINTIFF EMCOR GROUP, INC.

1.    The plaintiff, EMCOR GROUP INC., is a Delaware Corporation with its principle place of business in Norwalk Connecticut.

2.    INA is and at all relevant times has been a corporation incorporated under the laws of Pennsylvania.  Its principal place of business is Philadelphia, Pennsylvania.

3.    As the amount in controversy is greater than $75,000 and the plaintiff and the defendant are citizens of different states, the Court has original [diversity] jurisdiction over this case under 28 U.S.C. § 1332.

4.    INA issued a general liability policy to "JWP" for the period of October 1, 1992 to October 1, 1993, INA Contract Number HDOG1403379-8, with a general liability aggregate limit of $2,000,000 and a products liability/completed operations aggregate limit of $3,000,000.

- 12 -

5.     INA issued a general liability policy to "JWP" for the period of October 1, 1993 to October 1, 1994, INA Contract Number HDOG1658518-8, with a general liability aggregate limit of $2,000,000 and a products liability/completed operations aggregate limit of $3,000,000.

6.     INA issued a general liability policy to "JWP" for the period of October 1, 1994 to October 1, 1995, INA Contract Number HDOG1658789-8, with a general liability aggregate limit of $2,000,000 and a products liability/completed operations aggregate limit of $3,000,000.

7.     Each of these policies contained the following paragraph limiting INA's financial responsibility to $2,000,000 for general liability claims:

> "The Limits of Insurance shown in the Schedule
> of this endorsement and the rules below, fix
> the most we will pay regardless of the number of:
> Insureds;
>
> Claims made or "suits" brought; or
>
> Persons or organizations making claims or bringing "suits"
>
> The Aggregate limit is the most we will pay for the sum of all damages
> under this endorsement.""

8.     Emcor submitted claims to INA for coverage with the policies of insurance referenced above.

9.     Under INA Contract Number HDOG1403379-8, INA paid EMCOR loss payments on behalf of Emcor in excess of $2,000,000.00.

10.    Under INA Contract Number HDOG1658518-8, INA paid loss payments and civil defence costs on behalf of Emcor in excess of $2,000,000.00.

- 13 -

11.    Under INA Contract Number HDOG1658789-8, INA paid loss payments and civil defense costs on behalf of Emcor in excess of $2,000,000.00.

12.    That by reason of the foregoing, INA is entitled to and demand judgment over and against plaintiff for an amount of at least $700,000 for funds expended in excess of INA's policy limits.

**WHEREFORE,** Insurance Company of North America respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice, demands judgment on its counter-claim, and grant such other and further relief as this Court deems just and appropriate.

DEFENDANT INSURANCE COMPANY
OF NORTH AMERICA

_____
Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000 -- telephone
(914) 323-7001 -- facsimile
File No.: 00756.35967

Co- Counsel
Duncan B. Hume (Federal Bar # 05581)
Hume & Associates
One Landmark Square
Stamford, Connecticut  06901-2620
(203) 348-7252

- 14 -

623617.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Third Amended Answer and Special Defenses of Defendant Insurance Company of North America was forwarded, via first class mail, postage prepaid, to the following counsel of record on November _____, 2003.

Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, Connecticut 06517
(203) 287-8890

_____
Christine Phillips

623617.1

B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

EMCOR GROUP, INC.                                       :        Civil Action No.
                                                                 Docket 3:00-CV-2211
(AVC)

                              Plaintiff,                 :

Covello                                                          Judge Alfred V.
v.                                                       :

INSURANCE COMPANY OF NORTH AMERICA            :

                              Defendant.                 :        April 5, 2002

-------------------------------------------------------------------X

### SECOND AMENDED COMPLAINT

<u>FIRST COUNT</u> (Breach of Contract-Misclassification/EMCOR)

1.    Plaintiff EMCOR Group, Inc. f/k/a JWP, Inc. ("EMCOR") is a Delaware corporation with a principal place of business in Norwalk, Connecticut.

2.    Defendant Insurance Company of North America ("INA") is a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania.

3.    At all relevant times herein, INA was licensed to do business and was conducting business within the State of Connecticut.

4.    INA issued policies of insurance providing coverage to EMCOR and its subsidiaries and affiliates for the periods 1992-93 ("92-93 INA Policy"); 1993-94 ("93-94 INA Policy"); and 1994-95 ("94-95 INA Policy") (collectively, the "INA Policies").

5.      Each of EMCOR's subsidiaries and affiliates is an insured under the INA Policies unless excluded (EMCOR and its subsidiaries and affiliates are referred to collectively as "EMCOR").

6.      EMCOR duly paid insurance premiums to INA to purchase the INA Policies, and has complied with all conditions precedent under the INA Policies.

7.      The INA Policies provide in relevant part as follows:

> 1. Insuring Agreement
>     a.      [INA] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies...
>         (1) The amount [INA] will pay for damages is limited as described in the LIMITS OF INSURANCE (SECTION III); and
>         (2) [INA's] right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under coverages A or B...

8.      The INA Policies further state in relevant part that:

> 11.a. 'Products-completed operations hazard' includes all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except:
>         (2) Work that has not yet been completed or abandoned.
>     b. 'Your work' will be deemed completed at the earliest of the following times:
>         (1) When all the work called for in your contract has been completed.
>         (2) When all the work to be done at the site has been completed if your contract calls for work at more than one site.
>         (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
>         Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

9.    The INA Policies have separate applicable limits of liability for general liability ("GL") claims and products-completed operations hazard ("PL/CO") claims.

10.    The GL annual aggregate limit is $2,000,000.00 and the PL/CO annual aggregate limit is $3,000,000.00 pursuant to each of the INA Policies.

11.    INA claims that the GL annual aggregate limit of $2,000,000.00 under each of the INA Policies has been exhausted and that it has no responsibility to pay for defense or indemnity of GL claims once the applicable limit of liability has been exhausted.

12.    The PL/CO annual aggregate limit under each of the INA Policies has not been exhausted.

13.    INA has improperly and unfairly classified certain PL/CO claims against EMCOR as GL claims.  The claims that INA misclassified include, but are not limited to, those claims identified on Exhibit A attached hereto and incorporated herein.  Upon information and belief, INA also misclassified those claims identified on Exhibit B attached hereto and incorporated herein.

14.    INA has failed to pay for defense and indemnity of certain PL/CO claims against EMCOR under the INA Policies.

15.    INA's classification of said PL/CO claims as GL claims caused the GL aggregate limits under the INA Policies to appear to be exhausted prematurely, thereby avoiding INA's obligation to pay defense costs and make indemnity payments for actual GL claims after the date of the premature exhaustion of the GL aggregate limits.

16.    As a result of INA's breach of contract, EMCOR has been damaged.

SECOND COUNT (Breach of Contract-Wrongful settlement)

1 – 16.        Paragraphs 1 through 16 of the First Count are incorporated herein as paragraphs 1 through 16 of the Second Count.

17.    On or about December 30, 1997, INA sought to prematurely exhaust the GL aggregate limits of the 92-93 INA Policy by tendering a check to EMCOR for the amount of the remaining GL aggregate limit existing at that time in an attempt to avoid further defense and indemnity payments.

18.    EMCOR refused to accept INA's attempted premature exhaustion of the 92-93 INA Policy and returned said payment to INA.

19.    Following INA's attempted premature and wrongful exhaustion of the 92-93 INA Policy, and contrary to its customary method of claims handling and its contractual obligations, INA settled at least one GL claim against EMCOR without EMCOR's consent and for more than was necessary under the circumstances.

20.    This extraordinary settlement had the effect of allowing INA to claim prematurely that the GL aggregate limits of the 92-93 INA Policy were exhausted.

21.    Through said premature exhaustion, INA avoided further defense costs and indemnity payments on behalf of EMCOR for other GL claims.

22.    As a result of INA's breach of contract, EMCOR has been damaged.

THIRD COUNT (Breach of Contract-Misclassification/Dynalectric)

1-4. Paragraphs 1 through 4 of the First Count are incorporated herein as paragraphs 1 through 4 of the Third Count

5. INA also issued a separate insurance policy to a group of EMCOR subsidiaries known collectively as the Dynalectric Companies (hereinafter "Dynalectric") for the policy period October 1, 1993–October 1, 1994, policy number HDO GI 658473-3 (the "INA Dynalectric Policy").

6. Pursuant to endorsement 35 of the 93-94 INA Policy, claims against Dynalectric are excluded from said policy.

7. INA has improperly and unfairly classified certain claims against Dynalectric to the 93-94 INA Policy instead of the INA Dynalectric Policy.

8. INA's conduct in classifying said claims to the 93-94 INA Policy instead of the INA Dynalectric Policy caused the GL and PL/CO aggregate limits of the 93-94 INA Policy to be exhausted prematurely, thereby avoiding INA's obligation to pay defense costs and make indemnity payments for actual GL and PL/CO claims under the 93-94 INA Policy after the date of the premature exhaustion of the GL and PL/CO aggregate limits.

9. As a result of INA's breach of contract, EMCOR has been damaged.

FOURTH COUNT (Bad Faith)

1 – 27. Paragraphs 1 through 22 of the Second Count and paragraphs 5 through 9 of the Third Count are incorporated herein as paragraphs 1 through 27 of the Fourth Count.

28. INA owes a duty of good faith and fair dealing to EMCOR.

EMCOR, and any misclassification of claims can have a significantly adverse financial impact on EMCOR.

29.    Pursuant to the PL/CO aggregate limits and the GL aggregate limits of the INA Policies, the proper and fair settlement of claims against EMCOR is critically important to EMCOR, and any unfair or improper settlement of claims against EMCOR can have a significantly adverse financial impact on EMCOR.

30.    EMCOR has requested that INA reclassify the improperly classified claims, but INA has refused.

31.    An actual and justiciable controversy exists between EMCOR and INA as to whether INA has improperly classified certain claims,  and as to whether the limits of the INA Policies are actually exhausted.

32.    This controversy creates substantial uncertainty of legal relations and responsibilities between EMCOR and INA which requires resolution.

WHEREFORE, the Plaintiff demands:

I.    As to the First, Second, Third and Fifth Counts:

    1.    Monetary damages;

    2.    Interest;

    3.    Costs; and

    4.    Such other relief as the Court deems appropriate.

II.    As to the Fourth Count:

    1.    Monetary damages;

    2.    Interest;

    3.    Costs;

    4.    Attorney's fees;

    5.    Punitive damages; and

    6.    Such other relief as the Court deems appropriate.

III.    As to the  Sixth Count:

A judicial declaration pursuant to Conn. Gen. Stat. § 52-29 that:

    1.    Certain claims improperly classified by INA as GL claims are

        PL/CO claims;

    2.    EMCOR is entitled to have those claims improperly classified as GL

        claims reclassified as PL/CO claims;

    3.    INA must pay for the defense and indemnity of the PL/CO claims

        under the PL/CO coverage in the applicable INA Policies, and

defend and indemnify EMCOR for the GL claims until the GL
aggregate limits of the INA Policies are actually exhausted;

4.      Once those claims are properly classified as PL/CO claims,
EMCOR is relieved of making any further defense or indemnity
payments for GL claims until the relevant aggregate limits of the
applicable INA Policy are exhausted;

5.      Claims against Dynalectric for the October 1, 1993-October 1, 1994
policy year should not be classified to the 93-94 INA Policy;

6.      EMCOR is entitled to have those claims improperly classified to the
93-94 INA policy re-classified to the INA Dynalectric Policy;

7.      INA must pay for the defense and indemnity of EMCOR under the
93-94 INA Policy until the respective GL and PL/CO aggregate
limits of the 93-94 INA Policy are actually exhausted; and

8.      Once those claims are properly classified to the INA Dynalectric
Policy, EMCOR is relieved of making any further defense or
indemnity payments under the 93-94 INA Policy until the respective
aggregate limits of the 93-94 INA Policy are exhausted.

THE PLAINTIFF
EMCOR Group, Inc.


By: _____
Jeffrey J. Vita, Esq.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, Connecticut 06517
(203) 287-8890
Fed. Bar No. ct08036