IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
EMCOR GROUP, INC.                    :    Civil Action No.
                                     :    Docket 3:00-CV-2211
          Plaintiff,                 :
                                     :    Judge Alfred V. Covello
v.                                   :
                                     :
INSURANCE COMPANY OF NORTH AMERICA:
                                     :
          Defendant.                 :    December 9, 2003
---------------------------------------------------------------X

## MOTION TO BIFURCATE TRIAL UPON STIPULATION

Pursuant to Federal Rule of Civil Procedure 42(b), wherein a court may order a separate trial of any separate issue, the plaintiff EMCOR Group, Inc., respectfully requests that this Court bifurcate the present trial into two trials; one concerning liability and one within which to determine the resulting damages.

A Stipulation to Bifurcate Trial signed by counsel for plaintiff and defendant setting forth the reasons for this motion is attached hereto and by reference incorporated herein.

THE PLAINTIFF
EMCOR GROUP, INC.

By: _____
Edwin L. Doernberger
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
(203) 287-8890
Fed. Bar No. ct05199

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
EMCOR GROUP, INC.                           :     Civil Action No.
                                            :     Docket 3:00-CV-2211
            Plaintiff,                      :
                                            :     Judge Alfred V. Covello
v.                                          :
                                            :
INSURANCE COMPANY OF NORTH AMERICA:
                                            :
            Defendant.                      :     December 9, 2003
-------------------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing was mailed, postage prepaid, on this the 9th day of December 2003 to the following:

Thomas Leghorn, Esq. (CT 22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
File No.: 00756.35967

Hume & Associates
One Landmark Square
Stamford, CT 06901
(203) 348-7252

_____
Edwin L. Doernberger

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
EMCOR GROUP, INC.                    :   Civil Action No.
                                     :   Docket 3:00-CV-2211 (AVC)
          Plaintiff,                 :
                                     :   Judge Alfred V. Covello
v.                                   :
                                     :
INSURANCE COMPANY OF NORTH AMERICA:
                                     :
          Defendant.                 :   December 4, 2003
---------------------------------------------------------------X

## STIPULATION TO BIFURCATE TRIAL

Plaintiff, EMCOR Group, Inc. ("EMCOR") and defendant Insurance Company of North America ("INA") hereby stipulate and agree that the trial of this matter be bifurcated into separate liability and damages phases.

In support thereof the parties represent as follows:

1.     This case involves a claim by EMCOR that 106 claims made against EMCOR and its subsidiaries, which claims were insured under insurance policies issued by INA to EMCOR, were misclassified as general liability claims rather than as products-completed operations claims; that INA attempted to exhaust prematurely coverage provided to EMCOR; that certain claims against EMCOR's subsidiary Dynalectric Company were classified to the wrong insurance policy; that the misclassification was a breach of fiduciary duty by INA, and that INA acted in bad faith is the misclassification. The essence of EMCOR's claim of beach of contract is that by misclassifying certain claims, the general liability portion of the INA insurance policies was exhausted, causing EMCOR to have to expend its own funds to pay for defense and indemnity for these 106 claims.

2. INA denies EMCOR's allegations.

3. In addition, INA has moved for leave to serve a counterclaim. INA asserts that it paid more than the aggregate policy limits under the policies at issue. The motion has not yet been decided.

4. Among other items, the liability portion of the trial will require a determination of which of the 106 claims, if any, were improperly classified and which, if any, of the Dynaelectric claims were classified to the wrong policy.

5. The determination of damages claimed by EMCOR (or INA if the motion for leave to serve a counterclaim is granted) will depend on upon the determination by the jury of which claims, in fact, were misclassified. The jury could determine that all 106 claims were misclassified, that no claims were misclassified, or that some claims, numbering between 106 and 0, were misclassified.

6. The amount of damages claimed by EMCOR (or INA if the motion for leave to serve a counterclaim is granted) depends on which specific claims if any, the jury determines were misclassified, and since each of the 106 claims has a different amount paid for defense and indemnity, a calculation must be performed to determine damages based on the specific claims found by the jury to be misclassified.

7. It would be inefficient and impractical to present to the jury all of the possible damage calculations if the trial were conducted in one phase: there are millions of potential calculations.[1]

8. Once the jury determines which, if any, claims were misclassified, a single calculation of damages can be presented by EMCOR (or INA if the motion for leave to serve a counterclaim is granted) to the jury.

---

[1] The actual number of possible damage calculations is $106 \times 105 \times 104 \times 103 \times \ldots \times 3 \times 2 \times 1$.

9.  EMCOR and INA anticipate that all evidence regarding each of the claims allegedly misclassified, including, but not limited to, evidence of amounts expended for defense and indemnity payments for each of the claims (and, if the motion for leave to serve a counterclaim is granted, evidence of amounts expended for defense and indemnity for the general liability claims submitted for coverage under the INA policies) will be presented to the jury in the liability phase of the trial.

10. Following a determination by the jury of which, if any, claims were misclassified as general liability claims rather than completed operations claims or were misclassified to the wrong insurance policy, the damage phase of the trial will consist of the presentation of the calculation of damages resulting from such misclassification.[2] The parties expect that there will be limited factual witnesses in addition to expert testimony regarding damages.

11. EMCOR and INA agree that the most efficient way to present damages is to first determine which specific cases were misclassified in the first phase of the trial, and thereafter calculate damages based on the amount of defense and indemnity incurred on each of the claims.

---

[2] The damage phase of the trial will also require the jury to determine damages, if any, from the breach of fiduciary duty and bad faith claims.

THE PLAINTIFF,
EMCOR GROUP, INC.

By: _____
Edwin L. Doernberger
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
(203) 287-8890
Fed. Bar No. ct08036


THE DEFENDANT
INSURANCE COMPANY OF
NORTH AMERICA

By: _____
Thomas Leghorn, Esq.
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000
Fed Bar No. ct22106