IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

EMCOR GROUP, INC.                          :       Civil Action No.
                                                           Docket 3:00-CV-2211 (AVC)
                   Plaintiff,              :
                                                           Judge Alfred V. Covello
v.                                         :

INSURANCE COMPANY OF NORTH AMERICA         :

                   Defendant.              :       December 22, 2003

-------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND ITS ANSWER

### PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of plaintiff EMCOR Group, Inc. ("EMCOR") in opposition to defendant's Motion to Amend Second Amended Answer, filed on December 4, 2003. For the reasons set forth below, EMCOR respectfully submits that the Court should deny INA's motion to amend its answer to assert a counterclaim.

### STATEMENT OF FACTS

This is an action involving an insurance coverage dispute between EMCOR, a Delaware corporation with its principal place of business in Norwalk, Connecticut, and Insurance Company of North America, ("INA") a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. INA issued general liability insurance policies which provided insurance coverage to EMCOR and its subsidiaries

and affiliates for the periods of 1992-93, 1993-94, and 1994-95. The insurance policies issued by INA provided coverage to EMCOR and its subsidiaries and affiliates for general liability claims and products/completed operations claims. Each of the relevant insurance policies contained separate aggregate limits for general liability claims and products/completed operations claims. For each of the policies, the general liability aggregate limit was $2,000,000 and the products/completed operations aggregate limit was $3,000,000. EMCOR maintains, among other things, that INA breached its contract with EMCOR by miscoding one hundred and six (106) claims as general liability claims instead of completed operations claims. As a result of the miscoding, the general liability aggregate limits of each policy were exhausted prematurely, thereby denying to EMCOR the insurance coverage to which it was entitled and for which it paid significant premiums. EMCOR's complaint also asserts causes of action for bad faith, breach of fiduciary duty, and declaratory relief.

EMCOR and INA are approaching the conclusion of discovery. This case has undergone several scheduling order extensions, the last of which was filed on October 30, 2003. The discovery deadline, exclusive of experts, was November 30, 2003 and the deadline for expert discovery was December 15, 2003. The original Summons and Complaint was filed on or about October 10, 2000. Prior to filing its complaint in this matter, EMCOR attempted to resolve this same dispute with INA for almost three years. Thus, almost six years have passed since INA became aware of EMCOR's theory of this case. As of December 4, 2003, INA filed its Motion for Leave to Amend its Second Amended Answer. In this motion INA seeks to add a counterclaim to its answer concerning alleged overpayments by INA on behalf of EMCOR accounts and seeks to

recover those alleged overpayments from EMCOR.  At the eleventh hour INA is attempting to further delay EMCOR's prosecution of this case by attempting to add a counterclaim which will necessitate the expenditure of significant additional discovery, effort and resources.


## POINT I

**IN ORDER FOR ITS MOTION FOR LEAVE TO AMEND TO BE GRANTED INA MUST MEET THE REQUIREMENTS OF RULE 16 AND RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**


The lenient standard as set forth in F.R.C.P. 15 applies only to motions to amend which are filed within the deadlines set forth in the scheduling order controlling a case. *Cardona v. Girard Mitsubishi, Inc.*, 2000 WL 306437 at *1 (D.Conn).    A party who requests leave to amend after the date specified in the initial scheduling order must satisfy two prerequisites. *Id.*  First, the movant must meet the requirement of Rule 16, and second, the movant must show that leave to amend is proper under Rule 15.  *Id.* "Pursuant to Rule 16(b) . . . , a scheduling order can be modified only 'upon a showing of good cause.'"  *Id.*  "A finding of good cause depends on the diligence of the moving party."  *Senich v. American-Republican, Inc.*, 215 F.R.D. 40, 42 (D.Conn. 2003).

Federal Rule of Civil Procedure 16(b) sets forth the items to be limited in time by a Scheduling Order, such as the ability to join other parties and to amend the pleadings. It also states that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge…"

In the instant matter, the initial deadline for filing motions to join additional parties and/or amend the pleadings, pursuant to the original scheduling order, was May 27, 2001. By way of a Motion to Extend the Scheduling Order, EMCOR was granted an extension of until April 5, 2002 to file an amended complaint deleting or adding underlying cases which it alleges were miscoded. On April 5, 2002, EMCOR filed its Second Amended Complaint. INA was able to file its Second Amended Answer in response to EMCOR's Second Amended Complaint by right.

INA's motion for leave to amend was filed on December 4, 2003. INA has not filed a motion to extend the scheduling order deadline to file its own initiated amendment and is 2 years and six months beyond the deadline date. INA has failed to show good cause for why it should be granted an extension and also has failed to demonstrate diligence in its request to file its amendment. As such, INA has failed to meet the requirements of F.R.C.P. 16(b) and should not be allowed to proceed to the standards set forth in F.R.C.P 15. Therefore, INA's Motion for Leave to Amend its Second Amended Answer must be denied.

**POINT II**

**ALTHOUGH FRCP 15 IS LIBERALLY CONSTRUED, THREE YEARS IS TOO LONG TO DELAY FILING A COUNTERCLAIM WHEN THERE IS AN ABSENCE OF ANY APPARENT OR DECLARED REASON.**

Federal Rule of Civil Procedure 15 states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Leave of court, however, is not

4

unlimited. It is granted much consideration in the absence of "any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . ." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). *See State Teachers Retirement Bd. V. Flour Corp.*, 654 F.2d 843, 856 (2d. Cir. 1981); *Block v. First Blood Associates*, 988 F.2d 344, 350 (1993). The moving party is not automatically granted the proposed amendment at this late stage in the case. The moving party, here INA, must demonstrate that it has not committed any of the aforementioned actions to warrant granting such leave to amend.

Three of the most important factors in determining whether to grant a motion to amend are: 1. injustice to the party opposing the motion if the motion is granted; 2. injustice to the moving party if leave to amend is denied; and 3. delay, as well as the reason why the moving party did not include in its original pleading the material sought to be included in the amended pleading. *McDonnell v. Dean Witter Reynolds*, 620 F.Supp. 152. 156 (1985). See also *Foman*, *supra* at 182, 83 S.Ct. at 230. Further, the District courts may deny leave to amend where the motion is made after an inordinate delay, the movant offers no adequate excuse for the delay, and the nonmovant would suffer undue prejudice. *Messier v. Southbury Training School*, 1999 WL 20907 at 3 (D.Conn. Jan. 1999). (*See, e.g., Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d. Cir. 1990); *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wassau*, 786 F.2d 101, 103 (2d Cir. 1986); *Manzoli v. Commissioner of Internal Revenue*, 904 F.2d 101, 107 (1st Cir. 1990)).

A.    **EMCOR Will be Prejudiced and Suffer Injustice if INA's Motion to Amend is Granted.**

The term "injustice" is also often referred to as "prejudice". See *McDonnell*, *supra* at 156. See also *Malave v. Bolger*, 599 F.Supp. 221, 224 (D.Conn. 1984). "It is manifest that risk of substantial prejudice increases in proportion to the length of the defendant's delay in seeking the amendment." *McDonnell*, *supra* at 156 (quoting *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152 (2d Cir. 1968)).

Courts evaluate undue prejudice by considering whether the amendment would: (1) require the opponent to spend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." *Messier*, *supra* at 3. See *Block*, 988 F.2d at 350; *Tokio Marine & Fire Ins.*, *supra* at 103.

Following the filing of the complaint in this matter INA waited three years to file its counterclaim. Prior to filling the instant lawsuit, EMCOR attempted to resolve the very same issues with INA without success since 1998. Thus, INA had been apprised of EMCOR's specific claims for almost six years before filing its counterclaim. INA's counterclaim alleges that INA paid in excess of the insurance policies limits and seeks to recover from EMCOR those amounts allegedly paid in excess of the policie's limits. With discovery drawing to a close, EMCOR would be prejudiced by the fact that it may be forced to file a motion to extend the discovery deadline thereby incurring further significant expense.

INA argues that "no additional discovery will be required as a result of the

proposed counterclaim. (INA's Memorandum, Point II, subsection A). INA's statement is absolutely untrue. First, INA has not even identified those claims in which it allegedly made payments in excess of the policies' limits on EMOCR's behalf. Once those alleged claims are identified, significant additional discovery will be necessary to review the applicable files to confirm amounts paid for defense and indemnity and by whom. EMCOR is not in possession of this information of this time. It has taken 3 years of litigation to get to the point where discovery is almost completed. There is no reason to believe that undertaking additional new discovery now will be any less burdensome or expensive than it has been.

Alternatively, if INA's motion to amend is granted and no further discovery regarding INA's new counterclaim is allowed, EMCOR would then be limited to the materials already gained via discovery which were not directed towards INA's new claim. Allowing INA to amend its answer at this late date, while EMCOR has been diligent in attempting to complete its depositions and discovery in spite of much resistance on INA's part, would reward INA for its procrastination while simultaneously punishing EMCOR for its diligence. Accordingly, EMCOR would be significantly prejudiced by not having access to information necessary to defend itself from this new claim.

Further, if INA's motion to amend is granted, EMCOR would be required to expend substantial time, energy and finances on preparing a defense to this claim. In addition, allowance of INA's counterclaim also would certainly delay resolution of this dispute. EMCOR has been litigating this case for three years and discovery is virtually

completed.    Therefore, INA's motion, if granted, would cause EMCOR to suffer unwarranted and significant prejudice.

"While mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for denial of leave to amend, *see State Teachers Retirement Bd. V. Flour Corp.*, 654 F.2d 843, 856 (2d Cir. 1981), the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *Evans*, 704 F.2d at 47).    Based on the length of time of INA's unexplained delay, EMCOR has provided more than enough evidence of how it will be prejudiced by INA's proposed amended answer and counterclaim.    Accordingly, significant prejudice to EMCOR would result if INA's counterclaim is allowed, and therefore INA's motion to amend must be denied.

**B.    INA Would Suffer No Injustice if its Leave to Amend is Denied.**

INA would not suffer injustice or prejudice if its Motion for Leave to Amend its Second Amended Answer is denied.  INA, as EMCOR's insurer, notified EMCOR of the exhaustion of each of the relevant insurance policies.  Specifically, the 1992-93 policy exhausted in or about June, 1998; the 1993-94 policy exhausted in or about November, 1997; and the 1994-95 policy exhausted in or about November, 1998.  INA either knew or should have known that it allegedly paid amounts in excess of the policies' limits.   In addition, INA has known of the facts surrounding this case since 1998.     "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."  *Messier, supra* at 3; *Acri v. International Ass'n of Machinists &*

*Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986); *Evans v. Syracuse City School District*, 704 F.2d 44, 46-48 (2d Cir. 1983).

Should the court deny INA's motion, INA would suffer no injustice because it was INA's own neglect and/or procrastination which caused INA to wait until December, 2003 to file the proposed counterclaim. Moreover, INA would not be precluded from bringing a separate action against EMCOR with regard to INA's alleged claim.

**C.     INA's Delay in Filing its Proposed Counterclaim was Unreasonable.**

"The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay . . ." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). "Where considerable time has elapsed between the filing of the complaint and the motion to amend, the moving party has the burden to provide a satisfactory explanation for the delay." *Messier, supra* at 3. (See *Evans, supra* 46-48 (2d Cir. 1983); *Creswell, supra* at 72 (2d Cir. 1990); *Grant v. News Group Boston, Inc.*, 55 F.3d 1, 5-6 (1st Cir. 1995)). In *Grant,* the court held that "[w]here . . . considerable time has elapsed between the filing of the complaint and the motion to amend, the *movant* has the burden of showing some 'valid reason for his neglect and delay.'" *Grant, supra* at 6 (quoting *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983).

In its Memorandum of Law in Support of its Motion to Amend, INA discusses alleged reasons why it should be allowed to amend its answer at this late time. For example, INA asserts that during the deposition of Mr. Rex Thrasher, Mr. Thrasher stated that EMCOR received monthly reports containing information related to the amount expended on each claim submitted to INA for loss payments and defense costs

and the remaining funds available under each of the general liability policies. (INA's Memorandum, Statement of Facts). INA indicates that Mr. Thrasher also testified that once the general liability policy limits were exhausted, INA had no further responsibility to pay for any claims EMCOR submitted. (Id.). INA attached certain portions of Mr. Thrasher's deposition transcript which allegedly supported these statements. Interestingly, none of the attached documents make any reference whatsoever to the respective statements by Mr. Thrasher. In addition, INA alleges that "[d]uring the discovery process, which is still ongoing, INA discovered that it paid in excess of the $2,000,000 liability aggregate limit on each of the policies issued to EMCOR." (Id.).

The information INA claims to have learned either during Mr. Thrasher's deposition or through discovery was not new information to INA. INA is aware of its responsibilities for payments under its general liability policies and when those responsibilities allegedly cease. For example, the insuring agreement from each of INA's relevant insurance policies provides as follows: "(2) our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage's A or B or medical expenses under Coverage C." INA is also aware of when the relevant EMCOR insurance policies were exhausted. The fact that INA is claiming that it could only file this counterclaim after learning from Mr. Thrasher that INA was not responsible for payments after the exhaustion of a policy is disingenuous and does not constitute a viable excuse for INA's extensive delay.

Furthermore, to the extent INA is alleging that it learned "new" information through discovery regarding alleged payments it made on behalf of EMCOR post-

exhaustion, its claim is similarly disingenuous.  The information contained in any of the reports allegedly received by EMCOR containing loss payments and defense costs was generated by CIGNA, INA's parent corporation, which is now known as ACE USA.  This information is, and always has been, available to INA.  INA is merely attempting to disguise this information as "new" as an excuse for filing its counterclaim at this late stage in the litigation.  Thus, INA has failed to provide this Court with a valid reason for its delay, and therefore, its motion to amend must be denied.

Finally, INA's reliance on *Messier v. Southbury Training School*, 1999 WL 20907 (D. Conn to support its motion to amend is misplaced.  In INA's motion, under Point II, subsection C, INA cites *Messier* in support of its request to amend its answer and assert a counterclaim.  INA cites to *Messier* as it allowed an amendment after discovery had been opened several times, and the proposed amendment was four years after the filing of the initial complaint.  However, the motion to amend in *Messier* consisted of four new claims; one added a new plaintiff, and the remaining three proposed substantive changes to the complaint.  The Court ultimately allowed only the amendment adding a new plaintiff.  The remaining proposed amendments were denied because "they have been filed at a late stage of litigation without an adequate explanation, they would require additional discovery and would result in an unnecessary delay of trial, and they would unfairly prejudice the defendants who relied upon prior pleadings in constructing their motions  . . ." *Messier*, *supra* at 4-5.  The court further reasoned that "[t]he changes in the Proposed Amended Complaint also would unfairly prejudice the defendants in several ways.  First, discovery would have to be reopened in order to allow the defendants to respond to the new allegations that were not contained in the

11

Third Amended Complaint.  As a result, the defendants would be forced to expend significant additional resources . . . Furthermore, this necessarily would cause a delay in trial."  *Messier*, *supra* at 5.  While INA attempts to utilize *Messier* to bolster its position, the facts of *Messier* support the denial of INA's motion to amend.

## CONCLUSION

For the foregoing reasons and authorities discussed, EMCOR respectfully requests that this Court deny INA's Motion for Leave to Amend its Answer to assert a counterclaim.

Dated:       Hamden, Connecticut
             December 22, 2003

                                 _____
                                 Jeffrey J. Vita (Federal Bar # ct08036)
                                 Heidi H. Zapp (Federal Bar # ct24655)
                                 Saxe Doernberger & Vita, P.C.
                                 Attorneys for the Plaintiff
                                 EMCOR Group, Inc. ("EMCOR")
                                 1952 Whitney Avenue
                                 Hamden, Connecticut 06517
                                 (203) 287-8890

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------------------X

EMCOR GROUP, INC.                                  :          Civil Action No.
                                                                        Docket 3:00-CV-2211 (AVC)
                          Plaintiff,                        :
                                                                        Judge Alfred V. Covello
v.                                                               :

INSURANCE COMPANY OF NORTH AMERICA    :

                          Defendant.                      :          December 22, 2003

-----------------------------------------------------------------------X


**CERTIFICATION**

        This is to certify that the foregoing Plaintiff's Memorandum of Law in  Opposition
to Defendant's Motion For Leave to Amend its Answer and Counterclaim was mailed,
postage prepaid, on this the 22nd day of December, 2003 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY  10601
914-323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

Philip T. Newbury, Jr., Esq. (ct 05283)
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361

_____
Jeffrey J. Vita, Esq.