IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

------------------------------------------------------------ x
EMCOR GROUP, INC., : Civil Action No. 2004 JAN -9 P 12: 01
   Docket 3:00-CV-2211 (AVC)
            Plaintiff,         :
                                  U.S. DISTRICT COURT
   Judge Alfred V. Covello  FORD, CT.
vs.                           :

INSURANCE COMPANY OF NORTH AMERICA. :
                                January 8, 2004
            Defendant.      :

------------------------------------------------------------ x

### DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND ITS ANSWER

### INA HAS CLEARLY SET FORTH REASONS THAT ESTABLISH GOOD CAUSE FOR LEAVE TO AMEND ITS ANSWER

Emcor contends that Cardona v. Girard Mitsubishi, Inc., 2000 WL 306437 (D. Conn.) stands for the proposition that the lenient standard under F.R.C.P. only applies to motions to amend that are filed within the deadlines set forth in the scheduling order controlling a case. (See Emcor's Memorandum, Point I). However, the plaintiff in Cardona was attempting to change the allegations contained in his original complaint to add three (3) new counts against the defendant and the plaintiff did not submit a memorandum of law showing good cause for modification of the scheduling order.

Contrary to Cardona, INA set forth its reasons that establish "good cause" in its memorandum of law requesting leave to amend its answer. INA is not attempting to change any of the existing claims that are the subject of this action.

INA's proposed counter-claim involves the same set of facts and legal theories already at issue in this matter. As counsel for Emcor points out, there has been extensive discovery

642889.1

involved in this matter. It was through its analysis of all the documents accumulated during the discovery process that INA was able to determine not only that Emcor's claims are false, but that INA actually paid Emcor in excess of the applicable policy limits. Had INA been aware of this earlier, it certainly would have sought an amendment at that time.

Emcor's Memorandum completely ignores the fact that INA will have to offer the exact same proof at trial whether or not INA's proposed counterclaim is asserted. In order to refute Emcor's alleged damages in this matter, it will be necessary for INA to introduce evidence of all payments made by INA under each of the applicable polices. The exact same proof is required to demonstrate that INA paid amounts in excess of the general liability aggregate limits. There is only one way to determine whether Emcor has sustained any damages in this action. The first step is to calculate all amounts paid by INA under each of the three (3) polices; determine whether Emcor's allegations that certain claims were improperly coded as general liability claims are founded; then, assuming there is any change necessary, re-calculate how these claims would have changed what INA would have paid under the applicable policies. Thus, there are only three possible outcomes as a result of these calculations. (1) INA paid less than the applicable aggregate policy limits; (2) INA paid the exact amount of the applicable aggregate policy limits; or, (3) INA paid amounts in excess of the applicable aggregate policy limits. As a result, the subject of INA's proposed counterclaim will be revealed by the evidence at trial.

Significantly, if INA is not permitted to assert the proposed counterclaim, a separate lawsuit may have to be commenced for INA to recover the amounts paid in excess of the aggregate limits of the applicable policies. Emcor's only response to this is to point out that INA would not be precluded from bringing a separate action against Emcor. (See Emcor's Memorandum, Point B). However, this does not change the fact that the exact same evidence

will need to be introduced in the second action and there is a risk of inconsistent verdicts in the event that INA is forced to commence a second action. More to the point, such a situation would represent an incredibly unjustified waste of this Court's resources.

## PARTIES ARE PERMITTED TO AMEND PLEADINGS TO CONFORM TO THE EVIDENCE AT TRIAL

INA brought this issue to a head as soon as it was discovered. There was no thought to holding this back for trial. In the full spirit of the Federal Rules of Civil Procedure, there was a full disclosure of the situation. Even if Emcor could successfully block this Amendment, that would not end the involvement of the issue within this litigation. As the Federal Rules have long provided, a party may move to amend a pleading during the course of a trial or even after the judgment has been rendered. Federal Rule of Civil Procedure 15(b) provides in relevant part:

> "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment..."

In DiPirro v. U.S., 189 F.R.D. 60, 64 (W.D.N.Y. 1999), the Court held that a "motion to amend pleadings to conform to evidence must be granted when issues have been tried with express or implied consent of parties." *citing* Hillburn by Hillburn v. Maher, 795 F.2d 252, 264 (2nd Cir. 1986). As set forth above, the subject of INA's proposed counterclaim will be raised at trial as it directly relates to the inescapable central issue involved in this matter which is the exact amount paid for defense and indemnity under the applicable polices issued by INA. Furthermore, the Court in DiPirro *supra*. also held that "This mandatory requirement furthers "[t]he well-known objective of the rule that cases should be decided on resolution of the actual

642889.1

dispute between the parties, rather than on the paper pleadings filed at the inception of suit. . ." citing Securities and Exchange Commission v. Rapp, 304 F.2d 786, 790 (2nd Cir. 1962). The proposed counterclaim is directly related to the central issue in this matter and will be determined at trial, thus, INA's motion to amend its answer should be granted.

## EMCOR WILL NOT BE PREJUDICED AS A RESULT OF THE PROPOSED AMENDMENT

Emcor contends that further discovery would be costly and burdensome. However, if INA is forced to commence a second action, Emcor would have to incur the significant expense of defending a second lawsuit yet the discovery issues would remain the same.

Furthermore, Emcor has been in possession of the all of the relevant information concerning the proposed counterclaim prior to the commencement of this action. As testified to by Rex Thrasher on November 13, 2003, Emcor received monthly reports specifying the amounts paid by INA for each claim submitted for coverage under each of the three insurance policies. (See relevant portions of Rex Thrasher deposition transcript attached hereto as Exhibit "A" pg. 80 lines 4-15). Thus, Emcor's contention that it is not in possession of the information regarding amounts paid for defense and indemnity is unfounded. Although there is no further discovery necessary in this action associated with INA's proposed counterclaim, if Emcor believes that some modicum of additional discovery is necessary, INA will consent to such discovery on an expedited basis.

While Emcor attempts to demonstrate that it has been diligent during the course of discovery, it is significant that, to date, Emcor has not complied with the scheduling order that controls this case. Counsel for Emcor has promised that they will disclose all outstanding discovery within the next few weeks which is well after the scheduling deadlines of November

642889.1

30, 3003 and December 15, 2003. Now, Emcor contends that INA should not be permitted to file a motion to amend INA's answer even though it was filed four (4) days after the November 30, 3003 deadline and **eleven (11) days prior to the expiration of the December 15, 2003 deadline,** which is within the time designated for expert discovery. In light of the fact that Emcor has not provided various discovery requests within the time frame outlined in the scheduling order and has promised that these requests will be complied with in the next few weeks, Emcor should not be permitted to object now when it has failed to comply with the scheduling order.

In <u>CB Richard Ellis Inc. v. O'Hara</u>, 2003 WL 22359256 at 2 (D.Conn) the Court granted a motion to amend the complaint two months after the conclusion of the discovery deadlines as the amendment did not significantly change the substantive counts in the action and only changed the factual allegations already at issue in the case. In this case, it is undisputed that the proposed counterclaim does not change any of the substantive issues already involved in this matter. The proposed amendment simply inserts a new factual allegation that came to light after extensive discovery and should be properly resolved, in one action, by the same trier of fact.

## CONCLUSION

For all the foregoing reasons and authorities discussed, INA respectfully requests that this Court grant INA's Motion for Leave to Amend its Answer to assert a counterclaim.

642889.1

Dated: White Plains, New York
January 8, 2004

DEFENDANT INSURANCE COMPANY
OF NORTH AMERICA

Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000 -- telephone
212) 490-3038 -- facsimile
File No.: 00756.35967

642889.1

## CERTIFICATION

It is hereby certified that the above Reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Amend its Answer was mailed to all counsel of record on the 8th day of January, 2004:

Saxe Doernberger & Vita, P.C.
Attorneys for Plaintiff
1952 Whitney Avenue
Hamden, CT 06517

_Christine Phillips_
Christine Phillips

642889.1