IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
EMCOR GROUP, INC.,                          :   Civil Action No.
                                            :   Docket 3:00-CV-2211 (AVC)
                Plaintiff,                  :
                                            :   Judge Alfred V. Covello
vs.                                         :
                                            :
INSURANCE COMPANY OF NORTH AMERICA.         :
                                            :   January 29, 2004
                Defendant.                  :
                                            :
---------------------------------------------------------------- x

### DEFENDANT'S MOTION TO COMPEL

The defendant INSURANCE COMPANY OF NORTH AMERICAN ("INA") respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 37, for an order directing the plaintiff EMCOR GROUP, INC. ("Emcor") to comply with INA's Fifth Set of Requests for production and disclose documents from its privilege log.

1. On November 25, 2003, INA served its Fifth Set of Requests for Production. (See Exhibit "A"). Emcor did not produce any responsive documents and objected to providing responsive documents on the basis that INA's requests were untimely, even though they were served before the discovery deadline. (See Exhibit "B"). Emcor's position is wrong. November 30, 2003 was the deadline for fact discovery in this matter. Moreover, Emcor's position is inconsistent with its current demand for documents from INA.

2. INA's Fifth Request reflects documents requested at the deposition of Emcor's Vice President of Risk Management, Rex Thrasher, held on November 13, 2003. Emcor's counsel refused to produce any documents absent a formal demand. (See relevant portions of Rex Thrasher's deposition transcript attached hereto as Exhibit "C" pg. 71 lines 6-20, pg. 121

646503.1

lines 16-18, pgs. 76-78, pgs 85-86, pg. 106 lines 1-16, pgs. 111-112, pg. 121 lines 14-18, pgs. 125-126).  At no time during the deposition did Emcor's counsel object that the document requests were untimely, therefore, this objection has been waived.  Moreover, during the deposition INA requested evidence of loss payments and defense costs for the 1992-1993 policy period and Mr. Jeffery Vita, Emcor's counsel, responded "I'd be happy to give you whatever we have that responds to what you need."  See Rex Thrasher deposition transcript pg. 77 lines 1-9 attached hereto as Exhibit "C").  Further it should be noted that Emcor does not contest the relevancy of the requested documents.

3.  During discussions to resolve this dispute, Mr. Vita, at one point conceded that he must produce these documents because they would be produced at trial.  His objection during these discussions in producing documents evidencing the actual payment of losses and defense costs that comprise the alleged damages centered around the large volume of documents that were responsive.

4.  Additionally, Emcor has not produced certain documents from its privilege log and has improperly redacted certain documents. (A copy of Emcor's original privilege log is attached hereto as Exhibit "D").  Emcor redacted numbers 64, 67, and 79 on its privilege log and entire pages of documents numbered 131-133.  Since entire pages of these documents have been redacted, it is impossible to determine which documents are supposedly responsive to INA's demands.  Emcor has also failed to produce document numbers 65, 101, 102, 113, and 115.

5.  By letter dated October 21, 2003, INA requested that Emcor produce a revised privilege log that provided sufficient information regarding the redacted documents and the portions of documents 131-133 that the plaintiff claimed were prepared in anticipation of litigation for INA to determine whether the claimed privilege attached to those documents.  (See

646503.1

letter attached hereto as Exhibit "E"). To date, EMCOR has failed to identify the redacted documents and provide sufficient explanation regarding the claimed privilege. Accordingly, EMCOR should produce these documents.

6.  Document numbers 64, 67, 79 were redacted with the explanation that these documents were work product. However, Emcor fails to explain how these notes constitute work product. In fact, these documents appear to relate to central issues involved in this case regarding the classification of claims and, accordingly, these documents should be produced.

7.  Document Number 79 was drafted by Doug Willis, who is employed by Marsh, Emcor's broker, and was sent to parties at both Marsh and EMCOR. As this document was drafted by a third party and sent to Emcor and other people employed by Marsh, this document should be produced in its entirety without redactions.

8.  Document Number 64 was drafted by Doug Willis, a third party, and sent to an EMCOR representative. Thus, there is no privilege associated with this document and it must be produced without redactions.

9.  Document Number 67 was drafted in 1998, before this action was commenced, and appears to be an internal document between Emcor representatives and involves the central issue in this case regarding the classification of coding. Emcor produced document number 69 on its privilege log which appears to be identical to document number 67. Both documents were authored by Rex Thrasher and sent to Susan Reinhard and involve the classification of claims. However, Emcor has not explained why document number 69 was ultimately produced and number 67 was redacted even though both documents involve the same subject matter. Therefore, number 67 should be produced without the redacted portions. It should be noted that Mr. Thrasher was deposed on the coding issues.

letter attached hereto as Exhibit "D"). To date, EMCOR has failed to identify the redacted documents and provide sufficient explanation regarding the claimed privilege. Accordingly, EMCOR should produce these documents.

6. Document numbers 64, 67, 79 were redacted with the explanation that these documents were work product. However, Emcor fails to explain how these notes constitute work product. In fact, these documents appear to relate to central issues involved in this case regarding the classification of claims and, accordingly, these documents should be produced.

7. Document Number 79 was drafted by Doug Willis, who is employed by Marsh, Emcor's broker, and was sent to parties at both Marsh and EMCOR. As this document was drafted by a third party and sent to Emcor and other people employed by Marsh, this document should be produced in its entirety without redactions.

8. Document Number 64 was drafted by Doug Willis, a third party, and sent to an EMCOR representative. Thus, there is no privilege associated with this document and it must be produced without redactions.

9. Document Number 67 was drafted in 1998, before this action was commenced, and appears to be an internal document between Emcor representatives and involves the central issue in this case regarding the classification of coding. Emcor produced document number 69 on its privilege log which appears to be identical to document number 67. Both documents were authored by Rex Thrasher and sent to Susan Reinhard and involve the classification of claims. However, Emcor has not explained why document number 69 was ultimately produced and number 67 was redacted even though both documents involve the same subject matter. Therefore, number 67 should be produced without the redacted portions. It should be noted that Mr. Thrasher was deposed on the coding issues.

646503.1

10. Document Number 65 on Emcor's privilege log is an email authored in 1998 between two Emcor representatives regarding the classification of claims. Emcor states that this document is privileged work product, however, it was authored before the commencement of this litigation. Thus, no privilege attaches and the document should be produced.

11. Document Numbers 101, 102, and 105 were documents authored by Susan Reinhard of Emcor on May 9, 2000, May 11, 2000, and September 29, 2000 respectively and were sent to employees of Marsh. These documents relate to a central issue in this case regarding the classification of claims and were sent to third parties. Accordingly, there is no work product privilege associated with these documents and they should be produced.

12. Document Numbers 113 and 115 are emails regarding the classification of claims. Number 113 was authored by Richard Howley, an employee of Marsh, and sent to Susan Reinhard, an employee of Emcor, and Charles Martin, John Lapreay, and George Kuklevsky who are all employed by Marsh. Number 115 was authored by Susan Reinhard and sent to Joan Burke, who is also an employee of Emcor, and Richard Howley who is employed by Marsh. Mr. Howley was deposed on the coding issues and Ms. Reinhard will be. Thus, there is no privilege attached to these documents and they should be produced.

13. Based upon the foregoing reasons, and the accompanying memorandum of law, INA's Motion to Compel pursuant to Federal Rule of Civil Procedure 37 must be granted and Emcor must be ordered to produce said documents and respond to INA's Fifth Set of Requests for Production.

Dated:  White Plains, New York
        January 28, 2004

                        DEFENDANT INSURANCE COMPANY
                        OF NORTH AMERICA

                        *[signature]*

                        Thomas Leghorn (CT #22106)
                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                        3 Gannet Drive
                        White Plains, New York 10604
                        (914) 323-7000 -- telephone
                        (914) 323-7001 -- facsimile
                        File No.:  00756.35967

646503.1