IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
EMCOR GROUP, INC.,                              :    Civil Action No.
                                                     Docket 3:00-CV-2211 (AVC)
                Plaintiff,                      :
                                                     Judge Alfred V. Covello
vs.                                             :

INSURANCE COMPANY OF NORTH AMERICA.             :
                                                     January 29, 2004
                Defendant.                      :

------------------------------------------------------------------ x

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

This case involves a claim by Emcor that 106 claims made against Emcor and its subsidiaries insured under certain policies of insurance issued by INA to Emcor, were misclassified as general liability claims rather than as completed operations claims; that INA attempted to exhaust prematurely coverage provided to Emcor; that certain claims against an Emcor subsidiary, Dynaelectric Company, were classified to the wrong insurance policy; and related claims arising out of those facts. INA denies Emcor's allegations.

INA issued three (3) insurance polices providing insurance coverage to EMCOR and other subsidiaries for general liability and products liability/completed operations claims over a three year period. INA Contract Number HDOG1403379-8 covered the period from October 1, 1992 to October 1, 1993; INA Contract Number HDOG1658518-8 covered the period from October 1, 1993 to October 1, 1994; and INA Contract Number HDOG1658789-8 covered the period from October 1 1994 to October 1, 1995. Each of these policies had a $2 million general liability aggregate limit.

647142.1

On November 25, 2003, INA served its Fifth Set of Requests for Production. (See Exhibit "A"). However, Emcor has not responded to INA's Fifth Set of Requests for Production. Emcor did not produce any responsive documents and objected to providing responsive documents on the basis that INA's requests were untimely, despite being served within the time frame for fact discovery in this matter. (See Exhibit "B").

Emcor relies upon Edberg v. CPI, Inc. 2000 WL 1844651 (D.Conn) as a basis for its objections to INA's Fifth Set of Requests for Production. In Edberg *supra.*, the plaintiff appeared for a pre-motion conference and made representations to the Court that all fact discovery was complete except for a Rule 30(b)(6) deposition. No party in this matter has represented that discovery is complete.

INA's Fifth Request reflects documents requested at the deposition of Emcor's Vice President of Risk Management, Rex Thrasher, held on November 13, 2003. Emcor's counsel refused to produce any documents absent a formal demand. (See relevant portions of Rex Thrasher's deposition transcript attached hereto as Exhibit "C" pg. 71 lines 6-20, pg. 121 lines 16-18, pgs. 76-78, pgs 85-86, pg. 106 lines 1-16, pgs. 111-112, pg. 121 lines 14-18, pgs. 125-126). At no time during the deposition did Emcor's counsel object that the document requests were untimely, therefore, this objection has been waived. Moreover, during the deposition INA requested evidence of loss payments and defense costs for the 1992-1993 policy period and Mr. Jeffery Vita, Emcor's counsel, responded "I'd be happy to give you whatever we have that responds to what you need." See Rex Thrasher deposition transcript pg. 77 lines 1-9 attached hereto as Exhibit "B"). Further it should be noted that Emcor does not contest the relevancy of the requested documents.

647142.1

Emcor has waived its objection based on the timeliness of INA's requests. Emcor argues that INA had to serve these requests thirty days prior to the expiration of the discovery deadline which was November 30, 2003. Rex Thrasher's deposition, held on November 13, 2003, was seventeen (17) days before the fact discovery deadline, already well beyond the thirty (30) day deadline which Emcor now bases its objection on. Accordingly, Emcor must respond to INA's Fifth Set of Requests for Production.

Federal Rule of Civil Procedure 26(b)(1) provides that "the scope of discovery extends to 'any matter, not privileged, which is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Hildebrand v. Wal-Mart Stores, Inc., 194 F.R.D. 432, 434 (D. Conn. 2000). In Hildebrand, the court held that the rules of discovery were designed to encourage liberal pre-trial disclosure in order to make a trial 'less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" Id. at 435.

Additionally, Emcor has failed to produce certain documents from their privilege log. Other documents were produced by Emcor, but were improperly redacted. Document numbers 64, 67, 69 were partially redacted and certain documents from numbers 131-133 were entirety redacted. It is impossible to determine which of the documents in numbers 131-133 are responsive to INA's discovery demands and whether these documents are actually entitled to the privilege claimed by Emcor. By letter dated October 21, 2003, INA requested that Emcor produce a revised privilege log. INA requested that Emcor provide sufficient information to determine whether the redacted documents produced by Emcor were entitled to the claimed privilege, including the portions of documents 131-133 that the plaintiff claimed were prepared in anticipation of litigation. (See letter attached hereto as Exhibit "D").

647142.1

Document numbers 64, 67, 79 on Emcor's privilege log were produced with redactions. Document Number 79 was authored by Doug Willis, who is employed by Marsh, and was sent to third parties who are also employed by Marsh. Thus, there is no privilege associated with this document and it must be produced without redactions. Number 64 was drafted by Doug Willis, who is employed by Marsh, and sent to Susan Reinhard, who is employed by Emocr. Therefore, there is no privilege attached to this document and it must also be produced without the redactions. Emcor produced number 69 on its privilege log which appears to be identical to number 67 which Emcor produced with redactions. Both documents were authored by Rex Thrasher and sent to Susan Reinhard and involve the classification of claims. However, Emcor has not explained why number 69 was ultimately produced and number 67 was redacted even though both documents were authored by Rex Thrasher and sent to Susan Reinhard and involve the same subject matter regarding the classification of claims. Accordingly, number 67 must be produced without the redacted portions.

Emcor has also failed to produce item numbers 65, 101, 102, 113, and 115. Number 65 on Emcor's privilege log is an email authored in 1998 between two Emcor representatives regarding the classification of claims. Emcor states that this document is privileged work product, however, it was authored before the commencement of this litigation. Thus, no privilege attaches and the document should be produced.

Number 101, 102, and 105 were documents authored by Susan Reinhard of Emcor on May 9, 2000, May 11, 2000, and September 29, 2000 respectively and were sent to employees of Marsh. These documents relate to a central issue in this case regarding the classification of claims and were sent to third parties. Accordingly, there is no work product privilege associated with these documents and they should be produced.

647142.1

Numbers 113 and 115 are emails regarding the classification of claims. Number 113 was authored by Richard Howley, an employee of Marsh, and sent to Susan Reinhard, an employee of Emcor, and Charles Martin, John Lapreay, and George Kuklevsky who are all employed by Marsh. Number 115 was authored by Susan Reinhard and sent to Joan Burke, an employee of Emcor, and Richard Howley who is employed by Marsh. Since these emails were sent to employees of Marsh, any alleged privilege has been waived and these documents must be produced.

"Th[e] burden of showing that a document is entitled to work product protection is on the party asserting it, and unless that party presents competent proof of circumstances showing the privilege should attach, protection must be denied. This burden cannot be 'discharged by mere conclusory or ipse dixit assertions." Id. at 434. In light of the fact that above mentioned documents were authored by third parties, and others were sent to third parties, no privilege attaches to these documents. Accordingly, Emcor must produce these documents.

Based on the foregoing reasons, INA's Motion to Compel pursuant to Federal Rules of Civil Procedure 37 must be granted and Emcor must be ordered to produce said documents from its privilege log and respond to INA's Fifth Set of Requests for Production.

DEFENDANT INSURANCE COMPANY
OF NORTH AMERICA

Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannet Drive
White Plains, New York 10604
(914) 323-7000 -- telephone
(914) 323-7001 -- facsimile
File No.: 00756.35967

647142.1

## CERTIFICATION

It is hereby certified that the above Motion to Compel was mailed to all counsel of record on the 30 day of January, 2004:


Saxe Doernberger & Vita, P.C.
Attorneys for Plaintiff
1952 Whitney Avenue
Hamden, CT  06517

                                                      _____
                                                      Christine Phillips

642889.1