IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
EMCOR GROUP, INC.,                     :    Civil Action No.
                                                        Docket 3:00-CV-2211 (AVC)
                         Plaintiff,          :
vs.                                                            Judge Alfred V. Covello

INSURANCE COMPANY OF NORTH AMERICA.  :    **THIRD AMENDED ANSWER
                                                                       WITH COUNTERCLAIM**

                         Defendant.          :
                                                                     February 3, 2004
------------------------------------------------------------- x

Defendant INSURANCE COMPANY OF NORTH AMERICA ("INA"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, pursuant to Fed.R.Civ.P. 8(b) and 8(c) hereby responds to Plaintiff's Second Amended Complaint as follows:

## AS AND FOR AN ANSWER TO THE FIRST COUNT

(Breach of Contract)

1.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "1" of the Second Amended Complaint.

2.     Admits the allegations contained in Paragraph "2" of the Second Amended Complaint.

3.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "3" of the Second Amended Complaint, except admits that INA was licensed to transact certain lines of insurance in the State of Connecticut for certain periods of time.

623617.2

4. Denies the allegations contained in Paragraph "4" of the Second Amended Complaint, but admits that it issued general liability policies of insurance to JWP, Inc., the named insured, for the periods October 1, 1992 to October 1, 1993, October 1, 1993 to October 1, 1994, and October 1, 1994 to October 1, 1995. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

5. Denies the allegations contained in Paragraph "5" of the Second Amended Complaint.

6. Denies the allegations contained in Paragraph "6" of the Second Amended Complaint that Emcor duly paid insurance premiums to INA, and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

7. Denies the allegations contained in Paragraph "7" of the Second Amended Complaint except admits that the policies referenced in Paragraph "4" of this Second Amended Answer contain a Section I captioned "Coverages" which contain in part, the words alleged in Paragraph "7" of the Second Amended Complaint. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

8. Denies the allegations contained in Paragraph "8" of the Second Amended Complaint, except admits that the policies referenced in Paragraph "4" of this Second Amended Answer contain a Section V captioned "Definitions" which contain in part, the words alleged in Paragraph "8" of the Second Amended Complaint. Further answering, INA states that the terms,

623617.2

conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

9. Denies the allegations contained in Paragraph "9" of the Second Amended Complaint, except admits that the policies referenced in Paragraph "4" of this Second Amended Answer contain a page captioned "Declarations" which set forth the limits of insurance as $2,000,000 general aggregate limit (other than Products/Completed Operations) and Products/Completed Operations aggregate limit of $3,000,000. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

10. Denies the allegations contained in Paragraph "10" of the Second Amended Complaint, except admits that the policies referenced in Paragraph "4" of this Second Amended Answer contain a page captioned "Declarations" which set forth the limits of insurance as $2,000,000 general aggregate limit (other than Products/Completed Operations) and Products/Completed Operations aggregate limit of $3,000,000. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

11. With respect to Paragraph "11" of the Second Amended Complaint, admits that the General Aggregate Limit of $2,000,000 of each of the policies referenced in Paragraph "4" of this Second Amended Answer has been exhausted, and that INA is no longer responsible to pay those sums the insured becomes legally obligated to pay as damages pursuant to the terms and conditions of the policies as a result of the exhaustion of the applicable limits of insurance.

Further answering, Defendant admits that it never had a duty to defend pursuant to Endorsement 32 of each referenced policy and denies all remaining allegations.

12.  With respect to Paragraph "12" of the Second Amended Complaint, admits that the Products/Completed Operations Aggregate Limits of Insurance in each of the policies referenced in Paragraph "4" of this Second Amended Answer have not been exhausted as of the date of this Answer and denies all remaining allegations.

13.  Denies the allegations contained in Paragraph "13" of the Second Amended Complaint.

14.  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "14" of the Second Amended Complaint, but pursuant to the policies referenced in Paragraph "4" of this Second Amended Answer, INA has and had no obligation to defend Plaintiff or to pay for the defense of Plaintiff, and refers all questions of law to the Court for determination at the time of trial.

15.  Denies the allegations contained in Paragraph "15" of the Second Amended Complaint.

16.  Denies the allegations contained in Paragraph "16" of the Second Amended Complaint.

## AS AND FOR AN ANSWER TO THE SECOND COUNT

(Breach of Contract)

1-16.   With respect to Paragraph "1-16" of the First Count of the Second Amended Complaint, repeats and incorporates by reference the responses contained in Paragraph "1" through "16" above as if set forth at length herein.

17.   Denies the allegations contained in Paragraph "17" of the Second Amended Complaint.

18.   Denies the allegations contained in Paragraph "18" of the Second Amended Complaint.

19.   Denies the allegations contained in Paragraph "19" of the Second Amended Complaint.

20.   Denies the allegations contained in Paragraph "20" of the Second Amended Complaint.

21.   Denies the allegations contained in Paragraph "21" of the Second Amended Complaint.

22.   Denies the allegations contained in Paragraph "22" of the Second Amended Complaint.

623617.2

## AS AND FOR AN ANSWER TO THE THIRD COUNT

(Breach of Contract – Misclassification/Dynalectric)

1-4. With respect to Paragraph "1-4" of the First Count of the Second Amended Complaint, repeats and incorporates by reference the responses contained in Paragraph "1" through "4" above as if set forth at length herein.

5. Denies the allegations contained in Paragraph "5" of the Third Count of the Second Amended Complaint, but admits that INA issued a general liability policy of insurance to Dynalectric Compnaies, the named insured, for the period October 1, 1993 to October 1, 1994. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policy, including the endorsements, speak for themselves.

6. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "6" of the Third Count of the Second Amended Complaint. Further answering, INA states that the terms, conditions and exclusions of the 1993-1994 INA Policy, including the endorsements, speak for themselves.

7. Denies the allegations contained in Paragraph "7" of the Third Count of the Second Amended Complaint.

8. Denies the allegations contained in Paragraph "8" of the Third Count of the Second Amended Complaint.

9. Denies the allegations contained in Paragraph "9" of the Third Count of the Second Amended Complaint.

623617.2

## AS AND FOR AN ANSWER TO THE FOURTH COUNT

(Bad Faith)

1-27.   With respect to Paragraph "1-22" of the Second Count and Paragraph "5-9" of the Third Count of the Second Amended Complaint, repeats and incorporates by reference the responses to Paragraph "1" through "22" and Paragraphs "5" through "9" above as if set forth at length herein.

28.   The allegations contained in Paragraph "28" of the Second Amended Complaint are conclusions of law as to which no response can be made or is required. To the extent that any response is required, INA exercised the utmost of good faith and fair dealing with respect to the insured with respect to the policies referenced in Paragraph "4" of this Second Amended Answer, refers all questions of law and questions of the relations, rights, and obligations of the parties to the Court for determination at the time of trial, and denies all remaining allegations.

29.   Denies the allegations contained in Paragraph "29" of the Second Amended Complaint.

30.   Denies the allegations contained in Paragraph "30" of the Second Amended Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH COUNT

(Breach of Fiduciary Duty)

1-30.   With respect to Paragraph "1-30" of the Fourth Count of the Second Amended Complaint, repeats and incorporates by reference the responses to Paragraph "1" through "30" above as if set forth at length herein.

- 7 -

623617.2

31. The allegations contained in Paragraph "31" of the Second Amended Complaint are conclusions of law as to which no response can be made or is required. To the extent that any response is required, INA denies the allegations and refers all questions of law to the Court for determination at the time of trial.

32. The allegations contained in Paragraph "32" of the Second Amended Complaint are conclusions of law as to which no response can be made or is required. To the extent that any response is required, INA considered the interests of its insured as required by the terms of the policies referenced in Paragraph "4" of this Second Amended Answer and applicable law, denies the remaining allegations, and refers all questions of law to the Court for determination at the time of trial.

33. Denies the allegations contained in Paragraph "33" of the Second Amended Complaint.

34. Denies the allegations contained in Paragraph "34" of the Second Amended Complaint.

## AS AND FOR AN ANSWER TO THE SIXTH COUNT

(Declaratory Judgment)

1-27 With respect to Paragraph "1-22" of the Second Count and Paragraph "5-9" of the Third Count of the Second Amended Complaint, repeats and incorporates by reference the responses to Paragraph "1" through "22" and Paragraph "5" through "9" above as if set forth at length herein.

28.  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "28" of the Second Amended Complaint.

29.  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "29" of the Second Amended Complaint.

30.  Denies the allegations contained in Paragraph "30" of the Second Amended Complaint.

31.  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "31" of the Second Amended Complaint.

32.  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "32" of the Second Amended Complaint.

### FIRST SPECIAL DEFENSE

The Second Amended Complaint, and each cause of action therein, fails to allege facts sufficient to state a cause of action against INA for which Plaintiff is entitled to relief.

### SECOND SPECIAL DEFENSE

Plaintiff's claim is barred in whole or in part pursuant to Endorsement 32 of each of the insurance policies referenced in Paragraph "4" and Paragraph "5" in the answer to the Third Count of this Second Amended Answer.

### THIRD SPECIAL DEFENSE

Plaintiff's claim is barred in whole or in part by the terms, exclusions, conditions and limitations contained in the insurance policies referenced in Paragraph "4" and Paragraph "5" in the answer to the Third Count of this Second Amended Answer.

623617.2

## FOURTH SPECIAL DEFENSE

Plaintiff breached the implied covenant of good faith and fair dealing inherent in its contract(s) with INA, and by virtue of said breach, Plaintiff's claims are barred in whole or in part.

## FIFTH SPECIAL DEFENSE

The causes of action in the Complaint are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

## SIXTH SPECIAL DEFENSE

The causes of action in the Second Amended Complaint are barred in whole or in part by the applicable Statutes of Limitations.

## SEVENTH SPECIAL DEFENSE

To the extent that Plaintiff claims that it is owed a duty or obligation by INA not expressly provided in the written insurance policies under which Plaintiff claims the duty or obligation arises, Plaintiff's causes of action with respect to such duty or obligation are barred by the Statute of Frauds.

## EIGTH SPECIAL DEFENSE

The causes of action in the Second Amended Complaint are barred in whole or in part because any and all exemplary or punitive damages claims alleged in the Complaint violate INA's right to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and are therefore barred in whole or in part by virtue of the "supremacy clause" of Article VI of the United States Constitution.

## NINTH SPECIAL DEFENSE

The causes of action in the Second Amended Complaint are barred in whole or in part because any and all exemplary or punitive damages claims alleged in the Complaint violate INA's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and are therefore barred in whole or in part by virtue of the "supremacy clause" of Article VI of the United States Constitution.

## TENTH SPECIAL DEFENSE

The Second Amended Complaint fails to allege sufficient facts to support an award of punitive damages against INA.

## ELEVENTH SPECIAL DEFENSE

Plaintiff lacks the requisite capacity, standing and authority to bring the within action to the extent that it is not a real party in interest and/or has no right to any benefits provided under the terms and provisions of the policies referenced in Paragraph "4" and Paragraph "5" in the answer to the Third Count of this Second Amended Answer.

## TWELFTH SPECIAL DEFENSE

All classifications of claims by INA and all actions by INA during the terms of the policies referenced in Paragraph "4" and Paragraph "5" of this Second Amended Answer were performed properly, fairly, and in good faith.

## THIRTEENTH SPECIAL DEFENSE

The General Aggregate Limit of $2,000,000 of each of the policies referenced in Paragraph 4 of this Second Amended Answer has been exhausted, and therefore INA is no longer responsible to pay those sums the insured becomes legally obligated to pay as damages

pursuant to the terms and conditions of the policies as a result of the exhaustion of the applicable limits of insurance.

### FOURTEENTH SPECIAL DEFENSE

The causes of action in the Second Amended Complaint may not be maintained in whole or in part because of collateral estoppel, res judicata and/or release.

### AS AND FOR DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFF EMCOR GROUP, INC.

1. The plaintiff, EMCOR GROUP INC., is a Delaware Corporation with its principle place of business in Norwalk Connecticut.

2. INA is and at all relevant times has been a corporation incorporated under the laws of Pennsylvania. Its principal place of business is Philadelphia, Pennsylvania.

3. As the amount in controversy is greater than $75,000 and the plaintiff and the defendant are citizens of different states, the Court has original [diversity] jurisdiction over this case under 28 U.S.C. § 1332.

4. INA issued a general liability policy to "JWP" for the period of October 1, 1992 to October 1, 1993, INA Contract Number HDOG1403379-8, with a general liability aggregate limit of $2,000,000 and a products liability/completed operations aggregate limit of $3,000,000.

5. INA issued a general liability policy to "JWP" for the period of October 1, 1993 to October 1, 1994, INA Contract Number HDOG1658518-8, with a general liability aggregate limit of $2,000,000 and a products liability/completed operations aggregate limit of $3,000,000.

6. INA issued a general liability policy to "JWP" for the period of October 1, 1994 to October 1, 1995, INA Contract Number HDOG1658789-8, with a general liability aggregate limit of $2,000,000 and a products liability/completed operations aggregate limit of $3,000,000.

7. Each of these policies contained the following paragraph limiting INA's financial responsibility to $2,000,000 for general liability claims:

> "The Limits of Insurance shown in the Schedule
> of this endorsement and the rules below, fix
> the most we will pay regardless of the number of:
> Insureds;
>
> Claims made or "suits" brought; or
>
> Persons or organizations making claims or bringing "suits"
>
> The Aggregate limit is the most we will pay for the sum of all damages under this endorsement.'"

8. Emcor submitted claims to INA for coverage with the policies of insurance referenced above.

9. Under INA Contract Number HDOG1403379-8, INA paid EMCOR loss payments on behalf of Emcor in excess of $2,000,000.00.

10. Under INA Contract Number HDOG1658518-8, INA paid loss payments and civil defense costs on behalf of Emcor in excess of $2,000,000.00.

11.  Under INA Contract Number HDOG1658789-8, INA paid loss payments and civil defense costs on behalf of Emcor in excess of $2,000,000.00.

12.  That by reason of the foregoing, INA is entitled to and demand judgment over and against plaintiff for an amount of at least $700,000 for funds expended in excess of INA's policy limits.

**WHEREFORE**, Insurance Company of North America respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice, demands judgment on its counter-claim, and grant such other and further relief as this Court deems just and appropriate.

DEFENDANT INSURANCE COMPANY
OF NORTH AMERICA

Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000 -- telephone
(914) 323-7001 -- facsimile
File No.: 00756.35967


Co- Counsel
Duncan B. Hume (Federal Bar # 05581)
Hume & Associates
One Landmark Square
Stamford, Connecticut 06901-2620
(203) 348-7252

623617.2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Third Amended Answer and Special Defenses of Defendant Insurance Company of North America was forwarded, via first class mail, postage prepaid, to the following counsel of record on February 4, 2004.

Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, Connecticut 06517
(203) 287-8890

*Christine Phillips*
Christine Phillips

- 15 -

623617.2