IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
EMCOR GROUP, INC.                    :    Civil Action No.
                                          Docket 3:00-CV-2211 (AVC)
            Plaintiff,               :
                                          Judge Alfred V. Covello
v.                                   :

INSURANCE COMPANY OF
NORTH AMERICA                        :

            Defendant.               :    February 23, 2004
---------------------------------------------------------------X

### PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM

Plaintiff EMCOR Group, Inc. ("EMCOR"), by its Attorney's Saxe Doernberger & Vita, P.C., pursuant to Fed.R.Civ.P. 7(a), 8(b) and 8(c) hereby responds to defendant Insurance Company of North America's ("INA") counterclaim as follows:

1. Admitted.

2. Admitted.

3. EMCOR is without knowledge or information sufficient to form a belief as to whether "the amount in controversy is greater than $75,000.00" and therefore leaves the counterclaim plaintiff to its proof. EMCOR admits the remainder of the allegations contained in paragraph 3.

4. Admitted.

5. Admitted.

6. Admitted, except that the policy was endorsed to change the name of the First Named Insured to "EMCOR Group, Inc.".

2

7. EMCOR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves the counterclaim plaintiff to its proof.

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

### FIRST AFFIRMATIVE DEFENSE

INA's counterclaim fails to allege facts sufficient to state a cause of action against EMCOR for which INA is entitled to relief.

### SECOND AFFIRMATIVE DEFENSE

INA's counterclaim is barred in whole or in part by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

INA's counterclaim is barred in whole or in part by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

INA's counterclaim is barred in whole or in part by the applicable Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE

INA's counterclaim is barred in whole or in part by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

INA's counterclaim is barred in whole or in part by the statute of frauds.

Wherefore, EMCOR Group, Inc. respectfully requests that the Court dismiss INA's counterclaim with prejudice and grant such other and further relief as this Court deems just and appropriate.

> THE PLAINTIFF
> EMCOR Group, Inc.
>
> By: *[signature]*
> Jeffrey J. Vita, Esq.
> Saxe Doernberger & Vita, P.C.
> 1952 Whitney Avenue
> Hamden, Connecticut 06517
> (203) 287-8890
> Fed. Bar No. ct08036

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
EMCOR GROUP, INC.                      :   Civil Action No.
                                       :   Docket 3:00-CV-2211 (AVC)
              Plaintiff,               :
                                       :   Judge Alfred V. Covello
v.                                     :
                                       :
INSURANCE COMPANY OF                   :
NORTH AMERICA                          :
                                       :
              Defendant.               :   February 23, 2004
-------------------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing Reply was mailed, postage prepaid, on this the 23rd day of February, 2004 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604
((914) 323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

Philip T. Newbury, Jr., Esq. (ct05283)
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_____
Jeffrey J. Vita, Esq.