IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
EMCOR GROUP, INC.                           :    Civil Action No.
                                            :    Docket 3:00-CV-2211 (AVC)
                    Plaintiff,              :
                                            :    Judge Alfred V. Covello
v.                                          :
                                            :
INSURANCE COMPANY OF                        :
NORTH AMERICA                               :
                                            :
                    Defendant.              :    March 2, 2004
------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANT'S MOTION TO COMPEL

**I.  INA'S FIFTH SET OF REQUESTS FOR PRODUCTION DATED FIVE DAYS BEFORE THE DISCOVERY DEADLINE IS UNTIMELY UNDER BOTH THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL RULES**

The defendant Insurance Company of North America ("INA") served its Fifth Set of Requests for Production on the plaintiff EMCOR Group, Inc. ("EMCOR") on November 25, 2003, five days before the discovery cutoff. The discovery deadline in this matter was November 30, 2003. Counsel for the plaintiff EMCOR received INA's Fifth Set of Requests for Production on Saturday, November 29, 2003, one day before the discovery deadline. INA's fifth set of discovery, filed five (5) days before the discovery deadline, is untimely under both the Federal Rules of Civil Procedure and the local rules. However, INA completely ignores the rules and related case law regarding the timely filing of discovery, and maintains that its late

request is proper. Due to INA's untimely filing, its Motion to Compel EMCOR to comply with said discovery should be denied.

Federal Rule of Civil Procedure 16(b) sets forth limitations of time on certain procedures such as discovery and the filing of certain motions or amendments. In *Edberg v. CPI*, 2000 WL 1844651 (D.Conn.), the District Court discusses the meaning of the word "completed" as used in Scheduling Orders. The Court states "[a]ll discovery . . . will be commenced by [date] and completed (*not propounded*) by [date]." *Id*. at *1. (Emphasis in original).

The Court declares "[t]he verb 'complete' means to 'bring to an end,' 'to make whole, entire or perfect,' 'to mark the end of.'" *Id*. at *2. (Quoting *Webster's Third New International Dictionary, Unabridged* (1993)). Particularly, the Court notes "[I]f one party does not propound its written discovery at least 30 days prior to the ordered completion date, the other party is deprived of its 30 day response period under Fed.R.Civ.P. 33(b), 34(b), and 36(a). . . The Judges of this District have uniformly utilized this phraseology – 'discovery shall be completed' – to mean just that, and have memorialized this meaning in Local Rule 38 and its appendix form." *Id*. Finally, in *Edberg*, the court held that "[p]laintiffs' interpretation of the date for completing discovery as not in actuality meaning December 1, 1999, as ordered, but whenever the 30 days response period expired is nonsensical. The purpose of scheduling orders is to schedule litigation events sequentially, in order to achieve case disposition in an orderly and predictable manner." *Id*.

In the case at bar, INA filed its Fifth Set of Requests for Production on November 25, 2003. According to Rule 37(b) of the Federal Rules of Civil Procedure, EMCOR has thirty days within which to respond to INA's Request. The deadline, as established by the Scheduling Order, required that discovery be *completed* by November 30, 2003. By virtue of filing its request five (5) days before discovery is to be completed, INA has filed its request beyond the time frame as established in the Scheduling Order. In light of this District's ruling on the meaning of "completed" as it relates to Scheduling Orders, INA's Fifth Set of Requests for Production is untimely. As the Scheduling Order has not been extended past November 30, 2003, EMCOR objects to INA's Fifth Set of Requests for Production as being beyond the scheduling order discovery deadline.

II. **INA ATTEMPTS TO DISGUISE ITS UNTIMELY DISCOVERY REQUEST BY CLAIMING IT REQUESTED THE DOCUMENTS IN A DEPOSITION OF EMCOR'S REPRESENTATIVE TAKEN ON NOVEMBER 13, 2003.**

INA's counsel attempts to distract this Court's attention from its untimely discovery filing by claiming that it requested the documents in a deposition of EMCOR's representative Rex Thrasher held on November 13, 2003. Again, INA's argument is short-sided and disingenuous. First, even if INA's Fifth Set of Request for Production were filed on November 13, 2003 they still would have been untimely as they were not filed at least 30 days in advance of the discovery deadline of November 30, 2003. Second, INA's attempt to make a formal document demand during the deposition is inappropriate. Pursuant to the Federal Rules all requests for production should be filed in accordance with Federal Rule of Civil Procedure

3

34. In essence, INA is attempting to blame EMCOR for INA's own lack of diligence in pursuing discovery in a timely fashion. Certainly, INA had the ability to request the subject documents prior to October 30, 2003, in which case they would have been timely under the Federal Rules and the local Connecticut Rules. Third, INA's argument that because counsel for EMCOR did not itemize its objections to the oral document request during the deposition on November 13, 2003, somehow EMCOR's ability to object to INA's untimely request was waived is preposterous. Under the Federal Rules, EMCOR has the ability upon receipt of a written request for production of documents to raise objections to said requests. EMCOR did so. (See Exhibit B to INA's Motion to Compel.) EMCOR is not required to raise objections to oral requests for production during a deposition. Fourth, INA's argument that EMCOR allegedly agreed to produce said documents is disingenuous. INA argues that counsel for EMCOR agreed to provide certain documents during the deposition of Rex Thrasher. (See point number 2 of Defendant's Motion to Compel). This discussion during Mr. Thrasher's deposition related solely to certain damage documents to be produced by EMCOR. These documents, which are described as *request number 8 only* of INA's Fifth Set of Request for Production were responsive to a prior set of requests for production issued by INA. Therefore, EMCOR's counsel was responding that those specific damage documents would be produced to INA pursuant to the prior discovery request. In fact, those documents were produced by EMCOR to INA on February 17, 2004. This discussion did not relate to any of the other seven document requests filed by INA in its Fifth Set of Requests for Production.

### III. INA IS NOT ENTITLED TO THE PRODUCTION OF CERTAIN UNREDACTED DOCUMENTS AS THEY ARE IRRELEVANT O THIS LITIGATION AND ARE PROTECTED FROM DISCOVERY UNDER RULE 26(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

In its Motion to Compel, INA seeks both redacted documents and documents withheld by EMCOR on the basis of privilege. INA identifies the redacted documents as numbers 64, 67, 79 and portions of 131-133. EMCOR has produced to INA document numbers 64, 67, 79 and certain documents which constitute portions of numbers 131-133. The redacted documents which EMCOR is withholding on the basis of privilege are identified as bates stamp numbers 041819, 041820, 041825 and 041993.

Rule 26(b)(1) of the F.R.C.P. allows for discovery as to all information not privileged that is relevant to the claim or defense of any party. "Information is not discoverable if it is not relevant." Haroco, Inc. v. American Nat'l Bank & Trust Co., 38 F.3d 1429, 1439 (7th Cir. 1994).

The information that INA seeks in documents recognized by bates stamp numbers 041819, 041820, 041825 and 041993, is beyond the scope of discovery as they are wholly unrelated to this issues in this case. Moreover, these documents contain notes generated by EMCOR which relate to other highly sensitive issues between EMCOR and INA. The redacted information has the potential to be used in future litigation between the same parties and EMCOR does not want this sensitive information to be released as it may adversely affect its interests. It is this highly sensitive and wholly irrelevant information that EMCOR seeks to protect.

As the redacted portions of documents 041819, 041820, 041825 and 041993 are protected by Rule 26(b)(1), EMCOR requests that the Court reject INA's Motion to Compel as it relates to these documents.

IV. **INA IS NOT ENTITLED TO THE PRODUCTION OF DOCUMENTS 101, 102, 113 OR 115 AS THOSE DOCUMENTS ARE PROTECTED FROM DISCOVERY UNDER RULE 26(b)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

INA has identified the documents it is seeking as numbers 65, 101, 102, 113 and 115. EMCOR has produced to INA document number 65. EMCOR continues to withhold from discovery document numbers 101, 102, 113 and 115 on the basis of privilege. Despite INA's assertion to the contrary, EMCOR did identify the basis of the privilege for each of these documents in its initial pprivilege log. (attached to INA's Motion to Compel as Exhibit D).

Documents numbers 101, 102, 113 and 115 are communications between EMCOR and its agent Marsh USA which were prepared in anticipation of litigation with INA, and therefore constitute protecte work product. EMCOR served its initial complaint in this matter on INA on or about October 11, 2000. Document numbers 101, 102, 113, and 115 constitute communications between EMCOR and its agent Marsh USA after EMCOR had retained this firm in connection with the dispute with INA, and during the time frame when the lawsuit was being prepared. These communications, therefore, were prepared in anticipation of filing suit against INA, and therefore constitute protected work product.

INA's attempt to obtain these specific documents between EMCOR and Marsh flies in the face of Rule 26(b)(3) of the Federal Rules of Civil Procedure. Rule 26(b)(3) states that a party may obtain documents prepared in anticipation of

6

litigation or trial by or for another party *only upon* a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. (emphasis added). INA is seeking the production of privileged communications and has made no argument expressing any substantial need for these materials. In addition, relevant caselaw suggests INA is not entitled to these privileged materials.

In *Gulf Insurance Company v. Alliance Steel LLC*, 2001 WL 111195 (S.D.N.Y. Feb. 8, 2001), counsel for the insurer sought the production of documents that had been created "in anticipation of litigation" by the insured's broker Willis. Willis, a non-party to the litigation, acted as the broker, representative and agent of the defendant Alliance in the preparation of the lawsuit. *Id.* at *1. Willis produced some documents and withheld others on the grounds of privilege and produced a privilege log. *Id.* The court applied the Second Circuit test to determine whether or not the work-product protection applied. *Id.* The Second Circuit test is as follows:

> Document should be deemed prepared in anticipation of litigation, and thus within the scope of 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.

*United States v. Adlman*, 134 F.3d 1194, 1202 (2nd Cir. 1998). The commencement of a suit alone is not considered the prospect of litigation. All that is required for there to be the "prospect of litigation" is that there is a real possibility at the time the document was prepared of the *possibility* of litigation. *Gulf*, at *1. The *Gulf* Court held that the documents being sought were in fact prepared in the light of possible

7

litigation and the plaintiff's motion to compel the production of those documents was denied.

*Gulf* is squarely on point with this case. Marsh USA ("Marsh") was the broker, representative and agent of EMCOR. The documents referenced in INA's motion to compel, documents 101, 102, 113 and 115, were between EMCOR and its agent and representative, Marsh, in preparation of this litigation. EMCOR's original complaint against INA was filed on October 10, 2000. The documents INA is requesting are all dated after plaintiff's counsel had been retained for this case. As these documents are protected by F.R.C.P. 26(b)(3) and INA has failed to show *any* need let alone substantial need for why these documents should be produced, EMCOR requests that the Court deny INA's Motion to Compel as it relates to these documents.

                    THE PLAINTIFF
                    EMCOR Group, Inc.

By: _____
Jeffrey J. Vita, Esq.
Fed. Bar No. ct08036
Heidi H. Zapp, Esq.
Fed. Bar No. ct24655
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, Connecticut 06517
(203) 287-8890

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
EMCOR GROUP, INC.                     :    Civil Action No.
                                      :    Docket 3:00-CV-2211 (AVC)
                Plaintiff,            :
                                      :    Judge Alfred V. Covello
v.                                    :
                                      :
INSURANCE COMPANY OF                  :
NORTH AMERICA                         :
                                      :
                Defendant.            :    March 2, 2004
------------------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing Memorandum was mailed, postage prepaid, on this the 2nd day of March, 2004 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

Philip T. Newbury, Jr., Esq. (ct05283)
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_____
Jeffrey J. Vita, Esq.

9