IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------- x
EMCOR GROUP, INC., :
: Civil Action No.
Plaintiff, : Docket 3:00-CV-2211 (AVC)
:
vs. : Judge Alfred V. Covello
:
INSURANCE COMPANY OF NORTH AMERICA. :
: January 29, 2004
Defendant. :
:
---------------------------------------------------------- x

## DEFENDANT'S MOTION TO COMPEL

The defendant INSURANCE COMPANY OF NORTH AMERICAN ("INA") respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 37, for an order directing the plaintiff EMCOR GROUP, INC. ("Emcor") to comply with INA's Fifth Set of Requests for production and disclose documents from its privilege log.

1. On November 25, 2003, INA served its Fifth Set of Requests for Production. (See Exhibit "A"). Emcor did not produce any responsive documents and objected to providing responsive documents on the basis that INA's requests were untimely, even though they were

```
3:00cv2211 (AVC).  April 13, 2004.  The defendant moves to compel
the plaintiff to comply with the defendant's fifth set of
requests for production and to disclose documents from its
privilege log and documents that have been redacted.  Having
reviewed the submissions of counsel, the motion is GRANTED to the
extent it seeks an order requiring the plaintiff to respond to
the defendant's fifth set of requests for production.  Further,
the motion is also GRANTED in part to the extent it seeks
disclosure of certain redacted documents. The court orders the
plaintiff to either disclose in full documents no. 64, 67, and 79
and 131-133 (bate stamp numbers 041819, 041820, 041825, and
041993) or furnish a revised privilege log that sets forth a
particular explanation for any claim of privilege/work product.
If such explanation is unsatisfactory, the defendant may re-file
the present motion and request sanctions.  Further, as the
plaintiff has refused to produce documents 101, 102, 113, and 115
on the basis of privilege, the court orders the plaintiff to
furnish these documents to the court under seal for in camera
inspection on or before April 23, 2004.  The plaintiff is also
ordered to provide argument, under seal, that fully explains the
basis for refusing to furnish such materials to the defendant.

SO ORDERED.
```