IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------X
EMCOR GROUP, INC.                                : Civil Action No.
                                                 : Docket 3:00-CV-2211 (AVC)
        Plaintiff,                               :
                                                 : Judge Alfred V. Covello
v.                                               :

INSURANCE COMPANY OF NORTH AMERICA               :

        Defendant.                              : April 12, 2004
------------------------------------------------------------------X

### PLAINTIFF'S MOTION TO AMEND ITS SECOND AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the plaintiff EMCOR Group, Inc, ("EMCOR") hereby moves for leave to amend its Second Amended Complaint dated April 5, 2002. The proposed amendment to the Second Amended Complaint is the addition of a cause of action against the defendant Insurance Company of North America ("INA"), seeking damages for INA's failure to compensate EMCOR, or provide an appropriate credit to EMCOR, for claims recoded by INA as products/completed operations claims. A copy of the proposed Third Amended Complaint is attached hereto and incorporated herein. In support thereof, EMCOR represents as follows:

    1.    This case involves EMCOR's contention that 106 claims made against EMCOR and several of its subsidiaries insured under certain insurance policies issued by

INA to EMCOR, were miscoded by INA as general liability claims rather than completed operations claims; that INA attempted to exhaust prematurely the insurance coverage provided to EMCOR and for which EMCOR paid; that certain claims against EMCOR's subsidiary, Dynalectric Company, were classified to the wrong insurance policy; that INA improperly settled one claim against EMCOR; and related claims arising out of those facts. EMCOR alleges that it has sustained significant damages as a result of INA's conduct as referenced above.

2.     INA issued three commercial general liability insurance policies to EMCOR and its subsidiaries providing separate coverage for general liability claims and products/completed operations claims for the period 10/1/92 through 10/1/95. Each of these policies had a $2,000,000 general liability aggregate limit and a $3,000,000 products/completed operations aggregate limit.

3.     During the discovery process, EMCOR discovered that INA agreed to recode forty-four (44) claims against EMCOR and its subsidiaries from general liability claims to products/completed operations claims. From a review of the relevant invoices and other financial information exchanged between INA and EMCOR, it has become apparent that INA did not accomplish this recoding correctly. EMCOR believes that although INA recoded the above-referenced cases as completed operations cases, INA did not provide EMCOR with the appropriate compensation/credit for the value of these cases. Thus, the allegedly recoded cases contributed to the premature exhaustion of the general liability

policy limits of each of the 3 policies. As a result, EMCOR has suffered significant financial harm.

4. In the proposed Third Amended Complaint, EMCOR adds a cause of action (the Seventh Count) to recover damages from INA for INA's failure to recode these cases correctly.

5. Following the recent settlement conference, United States Magistrate Judge Thomas P. Smith scheduled this case for trial on or about September 13, 2004, subject to Judge Covello's approval and availability.

6. There will be no prejudice to INA in connection with this amended complaint because very little additional discovery will be required as much of the documentation supporting EMCOR's "new" claim for damages includes financial information which has already been produced. In addition, the parties have yet to complete the requested 30(b)(6) depositions, and therefore each party will have the ability to conduct the necessary discovery regarding these additional damages at the upcoming depositions.

7. Finally, INA has yet to produce any documents or provide any responses to EMCOR's discovery requests concerning INA's recent counterclaim.

WHEREFORE, EMCOR respectfully requests an order pursuant to Rule 15(a) of the Federal Rules of Civil Procedure granting the instant Motion to Amend its complaint

together with such other and further relief as to this Court may seem just, proper and equitable.

> THE PLAINTIFF,
> EMCOR GROUP, INC.
>
> BY: _____
> Jeffrey J. Vita, Esq.
> Saxe Doernberger & Vita, Esq.
> 4952 Whitney Avenue
> Hamden, CT 06517
> Telephone (203) 287-8890
> Fed. Bar No. ct08036

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------------X
EMCOR GROUP, INC.                           :       Civil Action No.
                                            :       Docket 3:00-CV-2211 (AVC)
            Plaintiff,                      :
                                            :       Judge Alfred V. Covello
v.                                          :
                                            :
INSURANCE COMPANY OF NORTH AMERICA          :
                                            :
            Defendant.                      :       April 12, 2004
                                            :
------------------------------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing was mailed, postage prepaid, on this the 12th day of April, 2004 to the following:

Thomas Leghorn, Esq. (CT 22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.