IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
---------------------------------------------------------------------X
EMCOR GROUP, INC.                              :     Civil Action No.
                                                     Docket 3:00-CV-2211
                                                     (AVC)
                        Plaintiff,            :
                                                     Judge Alfred V.
                                                     Covello
v.                                             :

INSURANCE COMPANY OF NORTH AMERICA             :

                        Defendant.            :     April 12, 2004

---------------------------------------------------------------------X
```

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff EMCOR Group, Inc. ("EMCOR") submits this Memorandum of Law in support of its Motion to Amend its Second Amended Complaint. For the reasons set forth below, EMCOR respectfully submits that this Court should grant its motion to amend its complaint to assert further claims against INA arising out of the same conduct as previously alleged.

### STATEMENT OF FACTS

This is an action involving an insurance coverage dispute between EMCOR, a Delaware corporation with its principal place of business in Norwalk,

Connecticut, and Insurance Company of North America, ("INA") a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. INA issued general liability insurance policies which provided insurance coverage to EMCOR and its subsidiaries and affiliates for the periods of 1992-93, 1993-94, and 1994-95. The insurance policies issued by INA provided coverage to EMCOR and its subsidiaries and affiliates for general liability claims and products/completed operations claims. Each of the relevant insurance policies contained separate aggregate limits for general liability claims and products/completed operations claims. For each of the policies, the general liability aggregate limit was $2,000,000 and the products/completed operations aggregate limit was $3,000,000. EMCOR maintains, among other things, that INA breached its contract with EMCOR by miscoding one hundred and six (106) claims as general liability claims instead of completed operations claims. As a result of the miscoding, the general liability aggregate limits of each policy were exhausted prematurely, thereby denying to EMCOR the insurance coverage to which it was entitled and for which it paid significant premiums. EMCOR's complaint also asserts causes of action for bad faith, breach of fiduciary duty, and declaratory relief.

INA recently amended its answer to include a counterclaim that it allegedly overpaid on certain claims against EMCOR. While conducting discovery and investigating the allegations contained in INA's counterclaim, EMCOR

2

discovered that there were approximately forty-four (44) claims that INA recoded from general liability claims to completed operations claims.   Although INA recoded these cases, INA failed to credit EMCOR for the amounts that it paid for these cases upon exhaustion of the respective policies and also failed to replenish the general liability aggregate limits in the amount of these claims. Thus, these cases contributed to the premature exhaustion of the general liability limits of each of the INA Policies, thereby damaging EMCOR.   EMCOR is not asserting a new theory of recovery against INA.   Rather, EMCOR is asserting additional damages against INA for conduct similar to that which was alleged previously.

## POINT I

### EMCOR'S MOTION FOR LEAVE TO AMEND MEETS THE REQUIREMENTS OF RULE 16 AND RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**A.    EMCOR Fulfills the Requirements Necessary to Amend a Pleading as Set Forth in Rule 16(b) of the Federal Rules of Civil Procedure as it has Good Cause for the Amendment.**

A party who requests leave to amend after the date specified in the initial scheduling order must satisfy two prerequisites. *Cardona v. Girard Mitsubishi, Inc.*, 2000 WL 306437 at *1 (D.Conn).   First, the movant must meet the requirement of Rule 16, and second, the movant must show that leave to amend

3

is proper under Rule 15. *Id*. In order to be able to amend a pleading after the timeframe of the scheduling order, the movant must meet the two prong test.

"Pursuant to Rule 16(b) . . . , a scheduling order can be modified only 'upon a showing of good cause.'" *Id*. "A finding of good cause depends on the diligence of the moving party." *Senich v. American-Republican, Inc.*, 215 F.R.D. 40, 42 (D.Conn. 2003).

Federal Rule of Civil Procedure 16(b) sets forth the items to be limited in time by a Scheduling Order, such as the ability to join other parties and to amend the pleadings. It also states that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge..." EMCOR's recent awareness of the facts comprising this amendment is a direct result of INA's recent amendment to its answer and assertion of a counterclaim. It was during the investigation of the allegations in INA's counterclaim that EMCOR first became aware of this further damage. EMCOR discovered that INA's prior recodings were done incorrectly and also contributed to the premature exhaustion of the general liability aggregate limits as INA failed to credit/compensate EMCOR for payments made on these improperly coded claims. As it was only in response to INA's amendment that EMCOR discovered this new damage, EMCOR has good cause to amend its complaint at this time.

**B.    EMCOR Fulfills the Requirements Necessary to Amend a Pleading as Set Forth in Rule 15 of the Federal Rules of Civil Procedure**

Rule 15(a) of the Federal Rules of Civil Procedure allows amendments to pleadings by leave of the court and such leave shall be freely given when justice so requires. "Amendments should be granted liberally". *Middle Atlantic Utilities Co., v. S. M. W. Development Corp.*, 392 F.2d 380, 384 (2nd Cir. 1968). "If the proposed amendment alleges facts or circumstances which may be a proper subject of relief, the suitor, in the absence of sufficient reasons for denying him this opportunity, should have a chance to test his claim on the merits." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1963)).

"Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and . . . the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2nd Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1963)); See also *Block v. First Blood Associates*, 988 F.2d 344, 350 (1993). Further, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id.* In *Middle Atlantic*, plaintiff was denied its attempt to amend its complaint three years form the filing of the initial complaint. On appeal, the court found that that delay was an inadequate basis for denying a motion to amend. "It may be a factor to be considered but unless the motion either was made in bad faith or will

prejudice defendant, delay by itself is not enough to deny the requisite relief." *Middle Atlantic*, 392 F.2d at 384 (2nd Cir. 1968). In *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28-29 (2nd Cir. 1995), the court denied the plaintiff's motion to amend the complaint on the grounds that the claim was so lacking in merit that leave should not be granted.

Allowing EMCOR to amend its complaint would not cause INA to experience injustice. The amendment stems directly from EMCOR's examination of INA's recent amendment and counterclaim. Further, the claims in EMCOR's amendment spring from the same exact claims as EMCOR originally brought against INA.

## POINT II

### JUSTICE DEMANDS THAT EMCOR BE ALLOWED TO AMEND IT'S COMPLAINT AS FAILURE TO DO SO WOULD RESULT IN HARDSHIP TO EMCOR

### A. INA will not be Prejudiced or Suffer Injustice if EMCOR's Motion to Amend is Granted.

Three of the most important factors in determining whether to grant a motion to amend are: 1. injustice to the party opposing the motion if the motion is granted; 2. injustice to the moving party if leave to amend is denied; and 3. delay, as well as the reason why the moving party did not include in its original pleading the material sought to be included in the amended pleading. *McDonnell v. Dean*

*Witter Reynolds*, 620 F.Supp. 152. 156 (1985).  See also *Foman, supra* at 182, 83 S.Ct. at 230.

"In determining what constitutes prejudice, courts look to whether the amendments would require the opposing party to expend significant additional resources to conduct discovery and prepare for trial or would substantially delay the resolution of the dispute." *Team Management, Inc. v. Filmine Technologies, Inc.*, 1994 WL 91871 at * 1 (D.Conn. February 14, 1994) (citing *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d.Cir. 1993)) (citations omitted).

The claims set forth in EMCOR's complaint as it stands already require INA to evaluate the improper erosion of the general liability aggregate limit. Allowing EMCOR to include this additional claim does not require INA to spend significant additional resources to conduct discovery and prepare for trial.  INA is already required to delve into the payments made on the general liability aggregate.  Currently, INA has also added a counterclaim alleging that INA overpaid on the general liability aggregate.  EMCOR's additional claims fall squarely within the scope of investigation for its initial claims and for INA's counterclaim.  Therefore, INA will not be prejudiced should it find itself defending against this additional claim.

Next, the addition of this claim by EMCOR will absolutely not delay the resolution of this claim as the additional claims embody those facts and circumstances set forth in both the complaint and the counterclaim.  As a trial

date has been tentatively set for September 14, 2004, the addition of these claims will not delay that trial date because much of the documentation supporting these damages has already been produced to INA. Based on the foregoing, it is evident that the addition of EMCOR's claims will not cause INA to suffer any undue prejudice.

**B.     EMCOR Would Suffer Prejudice if its Leave to Amend is Denied.**

EMCOR would suffer injustice if its leave to amend its complaint is denied as it may potentially be barred by the statute of limitations from bringing its additional claims in another action. Failure to grant this amendment would result in damages to EMCOR in excess of approximately $1,000,000.00. EMCOR would most likely not have discovered these further claims had INA been unable to amend its answer to include a counterclaim. As such, it would be unjust for INA to be allowed an amendment well beyond the scheduling order deadlines without showing just cause for its delay and then bar EMCOR from expanding its complaint in light of INA's amendment. Further, it is through EMCOR's diligent pursuit of this case that it discovered the additional damages it has sustained. Failure to allow EMCOR to pursue these similar damages in the same suit would cause both INA and EMCOR to incur additional expenses in pursuing another trial altogether. In light of the foregoing, it is evident that failure to allow EMCOR to amend its complaint will cause EMCOR to suffer prejudice.

**C.     EMCOR's Delay in Filing its Proposed Counterclaim was Reasonable as it was a Result of INA's Amended Answer and Counterclaim.**

EMCOR has not unreasonably delayed in bringing forth this new claim. EMCOR has pursued this litigation with the utmost diligence. "[T]he mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced." *Applied Data Processing Incorporated v. Burrughs Corporation*, 58 F.R.D. 149, 150 (D.Conn. 1973)(citing *United States for the Use and Benefit of D'Agostino Excavators, Inc. v. Heyward-Robinson Co.*, 430 F.2d 1077 (2d Cir. 1970), cert. denied, 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632, (1971); *Middle Atlantic Utilities Co. v. S. M. W. Development Corp.*, *supra*.) See also Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

In response to INA's recent amendment asserting a counterclaim, EMCOR's amendment to its complaint is timely. INA's counterclaim brought to EMCOR's attention further actions on INA's behalf which caused the premature exhaustion of the general liability aggregate limits thereby damaging EMCOR. During this inspection, it came to EMCOR's attention that not only had INA not overpaid on any claims, but that it had in fact done further damage to EMCOR by recoding claims after the aggregate limits were exhausted and not crediting EMCOR for the amounts EMCOR expended on these claims post-exhaustion or replenishing the general liability aggregate limits accordingly.

In response to INA's recent counterclaim, EMCOR was granted extended discovery with respect to such counterclaim. To date, INA has still failed to

comply with EMCOR's discovery requests despite the fact that INA's amended answer and counterclaim were granted on January 29, 2004 and EMCOR's motion to conduct extended discovery was granted on February 18, 2004. To allow EMCOR to amend its complaint at this point in time would not cause INA any prejudice nor would it cause any undue delay in the litigation of this case. As EMCOR is still waiting on INA's discovery with relation to its counterclaim, the fact that EMCOR is seeking to amend its complaint to include claims that involve the same information would not pose any hardship on either party nor would it delay the litigation from its September 13, 2004 trial date. Consequently, EMCOR's amendment of its complaint at this time is reasonable.

## CONCLUSION

For the foregoing reasons and authorities discussed, EMCOR respectfully requests that this Court grant its Motion for Leave to Amend its Complaint.

Dated:    Hamden, Connecticut
          April 12, 2004

Jeffrey J. Vita (Federal Bar # ct08036)
Heidi H. Zapp (Federal Bar # ct24655)
Saxe Doernberger & Vita, P.C.
Attorneys for the Plaintiff
EMCOR Group, Inc. ("EMCOR")
1952 Whitney Avenue
Hamden, Connecticut 06517
(203) 287-8890

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------------------X
EMCOR GROUP, INC.                          :        Civil Action No.
                                                    Docket 3:00-CV-2211
                                                    (AVC)
                   Plaintiff,              :
                                                    Judge Alfred V.
                                                    Covello
v.                                         :

INSURANCE COMPANY OF NORTH AMERICA         :

                   Defendant.              :        April 12, 2004

------------------------------------------------------------------X
```

**CERTIFICATION**

This is to certify that the foregoing Plaintiff's Memorandum of Law in Support of its Motion For Leave to Amend its Complaint was mailed, postage prepaid, on this the 12th day of April, 2004 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY  10601
914-323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.

11