IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
EMCOR GROUP, INC.                    :    Civil Action No.
                                     :    Docket 3:00-CV-2211
          Plaintiff,                 :    (AVC)

v.                                   :

INSURANCE COMPANY OF NORTH AMERICA:

          Defendant.                 :    April 30, 2004
-------------------------------------------------------------X

## PLAINTIFF'S MOTION TO COMPEL

The plaintiff EMCOR Group, Inc. ("EMCOR") respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 26(a)(2)(B) and 26(b)(1) and in accordance with Local Rules of the District of Connecticut 37(a)(2) and (3), for an order directing the defendant Insurance Company of North America ("INA") to disclose the following:

1. The termination agreement between INA's expert Alfred W. Bodi and his prior employer Traveler's Insurance Company; and

2. Mr. Bodi's expert report prepared for a previous client.

In addition, EMCOR moves to compel Mr. Bodi to appear for the continuation of his deposition concerning the facts surrounding his departure

from Travelers Insurance Company and the negotiation and execution of the termination agreement. In support hereof, EMCOR represents as follows:

1. Counsel for EMCOR deposed INA's expert Alfred Bodi on December 16, 2003.

2. Mr. Bodi testified that he recently left employment with Travelers Insurance Company but refused to answer questions regarding the circumstances of his departure.

3. Mr. Bodi testified that he negotiated a termination agreement with Travelers Insurance Company and that he had a copy of said agreement, but that he was prevented from discussing it because it was "confidential."

4. Counsel for EMCOR has requested that INA produce said termination agreement but INA has refused.

5. Mr. Bodi testified that he acted as an expert witness in a prior case in which he prepared a written report, and that he believes he has a copy of said report.

6. Counsel for EMCOR has requested a copy of said expert report but INA has refused to produce said report.

7. The requested document and information are clearly relevant to Mr. Bodi's competence and credibility as an expert witness in this case.

WHEREFORE, EMCOR moves for an order from this Court directing INA to produce the above referenced documents and to produce Mr. Bodi for a re-deposition immediately.

A memorandum of law in support of said motion to compel is attached hereto and incorporated herein.

THE PLAINTIFF,
EMCOR GROUP, INC.

By: _____
Jeffrey J. Vita, Esq.
Fed. Bar No. ct08036
Heidi H. Zapp, Esq.
Fed. Bar No. ct24655
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
(203) 287-8890

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X
EMCOR GROUP, INC.                          :    Civil Action No.
                                           :    Docket 3:00-CV-2211
         Plaintiff,                :    (AVC)

v.                                         :

INSURANCE COMPANY OF NORTH AMERICA:

         Defendant.                :    April 30, 2004
-----------------------------------------------------------------X

## CERTIFICATION

      This is to certify that the foregoing Motion to Compel and Memorandum of Law were mailed, postage prepaid, on this the 30th day of April, 2004 to the following counsel of record:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
EMCOR GROUP, INC.                  :   Civil Action No.
                                   :   Docket 3:00-CV-2211
         Plaintiff,                :   (AVC)

v.                                 :

INSURANCE COMPANY OF NORTH AMERICA :

         Defendant.                :   April 30, 2004
------------------------------------------------------------X

## ORDER

The foregoing Motion to Compel having been heard, it is hereby

ORDERED:


GRANTED/DENIED.


                              BY THE COURT


                              _____
                              Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------------X
EMCOR GROUP, INC.                            :   Civil Action No.
                                             :   Docket 3:00-CV-2211
         Plaintiff,                          :   (AVC)

v.                                           :

INSURANCE COMPANY OF NORTH AMERICA:

         Defendant.                          :   April 30, 2004
----------------------------------------------------------------X

## AFFIDAVIT OF COUNSEL IN SUPPORT OF MOTION TO COMPEL

STATE OF CONNECTICUT)
                              ss.    Hamden, Connecticut
COUNTY OF NEW HAVEN)

I, Jeffrey J. Vita, being first duly sworn, depose and state:

1. I am over the age of eighteen and understand the obligation of an oath.

2. I am the attorney for plaintiff EMCOR Group, Inc. ("EMCOR") in the above-titled action that is currently pending in the U.S. District Court for the District of Connecticut, Docket No. 3:00-CV-2211 (AVC).

3. I make the following statements upon personal knowledge.

4. On December 16, 2003, I deposed INA's expert Alfred W. Bodi at the office of Wilson, Elser, Moskowitz, Edelman & Dicker LLP in White Plains, New York.

5. During Mr. Bodi's deposition, he stated that he recently worked at Traveler's Insurance Company as a Senior Vice-President of Claims/Senior Technical Officer. (See Exhibit A - deposition transcript, pg. 108).

6. Mr. Bodi left employment with Travelers abruptly in July of 2002 without a prospect of new employment. (See Exhibit A – deposition transcript, pgs. 111-112).

7. Mr. Bodi testified that he left employment with Travelers under circumstances in which the parties executed a confidential termination agreement, and that he was unable to discuss his departure from Travelers in any detail due to the confidential nature of the agreement. (See Exhibit A – deposition transcript, pg. 111).

8. Mr. Bodi received a letter from Travelers saying that he had served them well. (See Exhibit A – deposition transcript, pg. 111). When asked if he could make that letter available to his counsel, Mr. Bodi stated that he could. (See Exhibit A – deposition transcript, pgs. 111 – 112).

9. Mr. Bodi also stated during his deposition that in either 1999, 2000 or 2001 he served as an expert witness in another case involving insurance companies, (See Exhibit A – deposition transcript, pgs. 119 – 120), in which he issued an expert report. (See Exhibit A – deposition transcript, pg. 122).

10. On December 17, 2003, Attorney Zapp, counsel for EMCOR, wrote a letter to Attorney Leghorn, counsel for INA, requesting copies of the resignation/termination agreement between Mr. Bodi and Travelers. She also requested a copy of the expert report he issued in a previous case. (See Exhibit B).

11. On January 5, 2004, Attorney Zapp sent another letter to Attorney Leghorn requesting the same documents. (See Exhibit C).

12. On January 9, 2004, Attorney Leghorn responded to Attorney Zapp's letter by refusing to produce the Bodi/Travelers agreement. Atty. Leghorn further stated that the previous expert report would be produced only if Mr. Bodi should ever locate such a document. (See Exhibit D).

13. On January 13, 2004, Attorney Zapp sent Attorney Leghorn yet another letter requesting the production of the requested items and providing case law as to why EMCOR is entitled to their production. (See Exhibit E).

14. On January 15, 2004, Attorney Leghorn again refused to produce the requested documents. (See Exhibit F).

15. On January 15, 2004, I sent Attorney Leghorn a final request for the agreement and the prior expert report. (See Exhibit G).

16. To date, INA has failed to produce the documents requested and failed to make Mr. Bodi available for a continuation of his deposition with respect to the termination/resignation agreement with Travelers and his prior report as an expert in the insurance industry.

_____
Jeffrey J. Vita, Esq.

Subscribed and sworn to before me on April 30, 2004.

_____
~~Notary Public~~ Commissioner of State
~~My Commission Expires on~~