IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------X

| | | |
|---|---|---|
| EMCOR GROUP, INC. | : | Civil Action No. Docket 3:00-CV-2211 (AVC) |
| Plaintiff, | | |
| | : | |
| v. | : | |
| INSURANCE COMPANY OF NORTH AMERICA | : | |
| Defendant. | : | April 30, 2004 |

-----------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

**I.     FACTUAL BACKGROUND:**

This is an action involving an insurance coverage dispute between EMCOR Group, Inc., a Delaware corporation with its principal place of business in Norwalk, Connecticut (hereinafter "EMCOR") and Insurance Company of North America, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania (hereinafter "INA").  During the course of discovery, counsel for EMCOR deposed INA's expert Alfred W. Bodi.  Mr. Bodi testified that he recently left employment as a Senior Vice-President of Claims with Travelers Insurance Company under circumstances in which the parties negotiated and executed a confidential termination agreement.  Due to the agreement's alleged

"confidential" nature, Mr. Bodi refused to discuss the circumstances surrounding his departure from Travelers but admitted that he had in his possession a copy of the termination agreement along with a letter from Travelers.  In addition, Mr. Bodi testified that in a prior case in which he acted as an expert witness, he prepared a written expert report.  Despite EMCOR's repeated requests for these documents, INA has refused to produce them.


II.    **ARGUMENT:**

    A.    **Mr. Bodi's credibility as an expert witness is at issue and pursuant to  Rule 26 (b) of the Federal Rules of Civil Procedure, EMCOR is entitled to inquire into and obtain documentation through discovery related to his credibility.**

The scope of discovery under Fed. R. Civ. P. 26(b) is very broad, "'encompass[ing] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'"  *Maresco v. Evans Chemetics, Div. Of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As found in *Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001), "[u]nder the liberal standard set forth in that rule (F.R.C.P. 26(b)(1)), 'information is discoverable if there is any possibility it might be relevant to the

subject matter of the action.'" (Citing *EEOC v. Electro-Term, Inc.*, 167 F.R.D. 344, 346 (D.Mass. 1996).

Further "[i]nquiries concerning a witnesses' credibility are relevant and thus reasonably calculated to lead to the discovery of admissible evidence, *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 461-64 (S.D.N.Y. 1988), even if the information sought is not directly related to the subject of the underlying litigation." (Citing *International Brotherhood of Teamsters v. Eastern Conference of Teamsters*, 162 F.R.D. 25, 29 (S.D.N.Y. 1995).

During Mr. Bodi's deposition, EMCOR attempted to obtain information regarding the circumstances of Mr. Bodi's abrupt departure from Travelers Insurance Company.  Subsequent to Mr. Bodi's deposition, EMCOR made several attempts to once again obtain such information as it relates to the credibility of INA's expert witness with respect to the insurance related issues involved in the instant case.  The agreement between Mr. Bodi and his former employer, Travelers Insurance Company, is relevant to this case as it is an inquiry concerning Mr. Bodi's credibility as an expert witness in the insurance field.  As such, it falls squarely within the scope of discovery as set forth in F.R.C.P. 26 and must be disclosed to EMCOR.

**B.**     **Prior testimony of an expert is relevant and discoverable under Rule 26(a) of the Federal Rules of Civil Procedure and therefore requires Mr. Bodi turn over his report prepared as an expert in a previous trial.**

EMCOR is also entitled under the rules of discovery to receive a copy of Mr. Bodi's expert report from his previous testimony as an expert.  As set forth in

*Butler v. Rigsby*, 1998 WL 164857 at *3 (E.D.La.)[1], "an expert witness' experiences in prior lawsuits is relevant to demonstrate possible biases." (See: *First State Bank v. Deere & Co.*, Civ.A. No. 86-2308, 1991 WL 46375, at *7 (D.Kan. Mar.15, 1991); *Bottorff v. Bethlehem Steel Corp.*, 130 F.R.D. 97, 98 (N.D.Ind. 1990); *Bockweg v. Anderson*, 117 F.R.D. 563, 565-66 (M.D.N.C. 1987). The court in *Expeditors International of Washington, Inc. v. Vastera, Inc.*, 2004 WL 406999 (N.D.Ill. Feb. 26, 2004), required the expert to disclose all previous reports for other trials for the prior ten years. The court relied on the Advisory Committee notes for 1993 Amendments to Fed.R.Civ.P. 26(a) which authorizes the pursuit of an expert's prior testimony even beyond the four year period for which a listing is required. *Id*. at *2. That court also relied on *Western Res., Inc. v. Union Pac. R.R. Co.*, No 00-20430 CM, 2002 WL 1822428, at *3 (D.Kan. July 23, 2002), which ordered the testifying expert to produce prior testimony from other litigations, administrative proceedings, and arbitrations that related to the subject matter or his opinions in the underlying actions, as well as documents considered in forming those prior opinions. Finally, the court looked to *Ladd Furniture, Inc. v. Ernst & Young*, No. 2:95CV00403, 1998 WL 1093901, at *10-11 (M.D.N.C. Aug. 27, 1998), which compelled the production of prior expert reports and prior deposition and trial testimony dating back six years. Accordingly, Mr. Bodi's prior expert report must be made available to EMCOR.

INA has continuously refused to disclose these two items with respect to INA's expert Mr. Alfred W. Bodi. In compliance with the District of Connecticut Local Rules of Civil Procedure 9(d)(2), EMCOR has attached its affidavit of good

---

[1] All unreported cases are attached as Exhibit H.

faith in attempting to resolve these discovery issues. EMCOR has made several attempts to try and resolve the discovery disputes prior to filing the instant motion to compel. However, INA has refused to comply with these outstanding requests. Federal Rule of Civil Procedure 37(a) provides the appropriate party a remedy if a party fails to make disclosures or cooperate in discovery. Under FRCP 37(a)(3) "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond." INA's continual refusal to supply EMCOR with the requested documents has forced EMCOR to take further legal action with the court in an effort to procure the requested documents.

The instant litigation is complex and discovery has been voluminous. The parties are still involved in depositions which have been numerous, and some of which have taken place outside of Connecticut. A tentative trial date has been set for September 13, 2004. There is absolutely no prejudice to INA to respond to the aforementioned discovery requests which have been filed previously, particularly since INA has had several months to make these documents available.

### III. CONCLUSION:

Based upon the foregoing reasons, EMCOR's Motion to Compel pursuant to Federal Rules of Civil Procedure 26 and 37 must be granted and INA must be ordered to produce the requested documents and Mr. Bodi for a limited re-deposition immediately.

RESPECTFULLY SUBMITTED,
EMCOR GROUP, INC.

By: _____

Heidi H. Zapp, Esq.
Fed. Bar No. ct24655
Jeffrey J. Vita, Esq.
Fed. Bar No. ct08036
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X

| | | |
|---|---|---|
| EMCOR GROUP, INC. | : | Civil Action No. Docket 3:00-CV-2211 (AVC) |
| Plaintiff, | | |
| | : | |
| v. | : | |
| INSURANCE COMPANY OF NORTH AMERICA | : | |
| Defendant. | : | April 30, 2004 |

---------------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing Memorandum of Law in Support of Plaintiff's Motion to Compel was mailed, postage prepaid, on this the 30th day of April, 2004 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

Jeffrey J. Vita, Esq.