IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------ x
EMCOR GROUP, INC., : Civil Action No.
  Docket 3:00-CV-2211 (AVC)
        Plaintiff, :
  Judge Alfred V. Covello
vs. :

INSURANCE COMPANY OF NORTH AMERICA. :
  May 3, 2004
        Defendant. :

------------------------------------------------------------ x


**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

The defendant INSURANCE COMPANY OF NORTH AMERICAN ("INA") submits this Memorandum of Law in opposition to Emcor's Motion to Amend its Second Amended Complaint.[1] As set forth in more detail below, Emcor's motion should be denied in its entirety as there is already a date for trial in this matter and the plaintiff unreasonably delayed in asserting this new claim, investigation into plaintiff's new allegations will require significant additional discovery and will further delay the trial of this matter.

## POINT I

**EMCOR'S UNEXPLAINED FAILURE TO AMEND ITS COMPLAINT, DESPITE HAVING ALL AVAILABLE INFORMATION TO DO SO LONG BEFORE THIS MOTION, WARRANTS DENIAL OF EMCOR'S MOTION TO AMEND ITS COMPLAINT FOR THE THIRD TIME**

As conceded in Emcor's motion to amend its complaint and in its memorandum in opposition to INA's motion to amend its answer, dated December 22, 2003, under Federal Rule

---

[1] INA presumes that this Court is familiar with the basic claims and allegation in this matter in light of the prior motion practice. Accordingly, they will not be repeated.

of Civil Procedure 16(b), a party seeking to amend a pleading after the deadlines set forth in the case scheduling order must demonstrate "good cause" for leave to amend to be granted. Federal Rule of Civil Procedure 16's "good cause" standard supercedes the more liberal standard under Federal Rule of Civil Procedure 15 when a party seeks to amend a pleading after the dates set forth in the case scheduling order. Trilegiant Corporation v. BP Products North American, Inc., 2004 U.S. Dist. LEXIS 6236 (D. Conn. 2004). Under Rule 16, "[a] finding of good cause depends on the diligence of the moving party." Senich v. American-Republican, Inc., 215 F.R.D. 40, 42 (D.Conn. 2003). Emcor has the burden to provide a satisfactory explanation for its delay in seeking to amend its complaint. See Dowcraft Corporation v. Smith, 2004 U.S. Dist. LEXIS 5018 (W. Dist. N.Y.). "The focus of an inquiry into 'good cause' is on the [requesting] party's reasons for the [schedule] modification." Julian v. Equifax Check services, Inc., 178 F.R.D. 10, 19 (D.Conn 1998).

Emcor has failed to provide any explanation for its delay in seeking to amend its complaint, especially in light of the fact that Emcor has been on notice that ESIS[2] had agreed to recode certain claims since 1998. Attached as Exhibit "A" is a letter, dated July 13, 1998, from Ann Marie Marson, Claims Vice President of ESIS, to Douglas Willis, Assistant Vice President of J & H Marsh & McLennan of Connecticut Inc.[3], that indicates, after a meeting regarding certain claims, ESIS had apparently agreed to recode a certain number of claims from general liability to completed operations claims. Attached as Exhibit "B" is a letter, dated March 24, 2000, from Mr. Willis to Ms. Marson and copied to Susan Reinhard, Emcor's Corporate Claims

---

[2] ESIS was Emcor's third party administrator for the claims submitted by Emcor for coverage under the three policies at issue in this case. ESIS appears to have been the entity that coded the claims either as general liability or completed operations claims.

703719.1

2

Manager. This letter demonstrates that Emcor had loss runs with respect to the claims submitted to INA for coverage, and that as of the year 2000 the loss run contained claims that allegedly ESIS had agreed to recode as completed operations claims but were still listed as general liability claims. This loss run also would have provided Emcor with the information that it now seeks to include in its proposed third amended complaint (i.e. that INA allegedly did not credit Emcor for the amounts of these claims). In fact, Ms. Reinhard testified that Emcor received monthly loss runs since at least 1995. Reinhard deposition testimony Vol. III p.g. 11 lines 2 through 11 See Exhibit "C". The loss runs show that for each claim, the coverage code is indicated as well as the amounts expended. See Exhibit "D" for a sample loss run. Finally, Ms. Reinhard admitted that Emcor received invoices that listed the claims that Emcor was responsible for payment after the policy limits had been exhausted. See Susan Reinhard deposition transcript Vol. II pg. 74-75 attached as Exhibit "E". A sample invoice is attached as Exhibit "F".

It is clear from just the above documents and testimony that Emcor for years had access to, or could have obtained, the information upon which it now bases its proposed third complaint. Simply put, Emcor cannot possibly demonstrate that it acted diligently in moving to amend its complaint for a third time.

Emcor's only explanation for seeking to amend its complaint at this late stage is that it became aware of facts constituting its amendment while investigating the allegations contained in INA's counterclaim. However, Emcor fails to point out what documents were used to determine these new allegations and further fails to explain why these alleged "further damages"

---

( . . . continued)
[3] J & H Marsh & McLennan is Emcor's broker. Mr. Willis was the principal contact with ESIS and INA during this period with respect to Emcor's contention that certain claims were wrongly coded as general liability
(continued . . .)

were not alleged until four (4) months before trial. In <u>Trilegiant Corporation v. BP Products North American, Inc.</u>, 2004 U.S. Dist. LEXIS 6236 (D. Conn. 2004), the Court denied a party's motion to amend its pleading when it had all of the necessary information to assert the claim years before it attempted to do so. That Court held that "the date on which Defendant's counsel realized that his client had claims against Plaintiff is not determinative. Rather, the question **is whether through the exercise of reasonable diligence, Defendant could have discovered and asserted its claims earlier in this litigation**. Id. at 5. [Emphasis Added]. As such, even assuming that Emcor did "discover" this new claim while investigating the assertions contained in INA's counterclaim, its motion to amend the complaint should be denied because it possessed all of the pertinent information concerning this new claim well before the commencement of this action.

It has been three and one half years since the commencement of this action, the parties have appeared for two settlement conferences, and a trial date is already on this Court's calendar. Emcor's assertion that it discovered these "new facts" after reviewing the basis of INA's counterclaim falls woefully short of a satisfactory explanation for such a protracted delay. Emcor asserts that it discovered the facts that are the basis of this motion to amend its complaint while investigating INA's counterclaim. Interestingly, Emcor did not seek to amend its complaint until April 12, 2004, long after this Court's decision to permit INA to assert a counterclaim, and, despite having all relevant information in its possession to do so, as conceded in Emcor's own affirmation. The deposition of Ann Marie Marson, which was held on March 1, 2004, was the last fact witness deposition in this matter. At that time, Emcor had notice of

---

(. . . continued)
claims.

INA's counterclaim for two and one half months, and did not ask any questions regarding this alleged new claim, despite having a full opportunity to do so.

Not only has Emcor had notice of INA's counterclaim since December 4, 2003, but Emcor has also had access to all the information necessary to raise this claim before the commencement of this action on October 10, 2000. Emcor has always had access to the ESIS Risk Management system and files which could have provided them with the information to allege this new claim. According to Susan Reinhard, Emcor's Corporate Claims Manager, Emcor received monthly loss runs from Cigna which also would have given Emcor notice of the alleged claim in its motion to amend the complaint. (See deposition transcript of Susan Reinhard Vol. III pg. 5-6 attached hereto as Exhibit "C"). She also testified that Emcor had access to the OMNI system which also would have provided this information. (See Susan Reinhard deposition Vol. III pg. 19 attached hereto as Exhibit "C") However, Emcor waited until the close of discovery and a trial date has been set to allege this new claim. Thus, Emcor's proposed amendment is highly prejudical to INA and would require significant time and additional expense to prepare a defense to this new claim.

## POINT II

**INA WILL BE PREJUDICED BY THIS AMENDMENT AS EMCOR IS ASSERTING A DIFFERENT CLAIM THAN ORIGINALLY ASSERTED IN ITS COMPLAINT WHICH WILL REQUIRE SIGNIFICANT ADDITIONAL DISCOVERY**

Emcor asserts that its motion to amend its complaint is timely simply because it is based on INA's motion to include a counterclaim. Emcor repeatedly asserts that the proposed amendment asserts a claim that has essentially already been asserted in the complaint. Moreover, Emcor claims that it would be unfair to it for this Court to deny the instant motion

while having permitted INA to amend its answer back in December, 2003. Emcor is wrong on both counts.

After a lengthy discovery process and several scheduling order extensions, Emcor is now attempting to assert a claim that not been a focus of this litigation. This action involves Emcor's allegations that 106 claims were miscoded as general liability claims as instead of products completed operations claims, thereby depleting the general liability aggregate limits of three policies. At the close of discovery and after a trial date has been set, Emcor now seeks to add an additional claim alleging that INA did not credit Emcor for forty-four claims additional claims that never have been the subject of this litigation.

Moreover, the status of this action now is much different than it was in December 2003 when INA was permitted to amend its answer. At that time, the primary Emcor fact witness, Susan Reinhard still had to be deposed and both plaintiffs' expert witnesses still had to be deposed. Now, the only depositions still to be completed are Emcor's 30b6 deposition of an INA witness confined to INA's damage claim and INA's 30b6 depositions of Emcor. In December no trial date had been set and the court ordered mediation had not been held. Now, there is a trial date for September 13th, a mediation session has been held and another one scheduled for June. This new claim is a factual issue that is disputed by INA. Throughout the course of discovery, INA did not have an opportunity to address this claim and prepare a defense. If the amendment is granted, INA will be required to re-depose Ms. Reinhard and Rex Thrasher of Emcor and at least Mr. Willis of Marsh. Document demands and interrogatories would be required. If Emcor serves new expert reports, then Emcor's experts would be re-deposed. This additional discovery would delve into at least the claims Emcor believes INA agreed to recode, the amounts paid on each of these claims, the amounts Emcor alleges should have been credited to the general

703719.1

6

liability aggregate limits for each policy year and why Emcor now believes that these amounts were not credited back into the general liability aggregates limits as Emcor seeks to allege. As such, INA will be severely prejudiced if, after the completion of discovery and only several months before trial, it is required to conduct further discovery relative to Emcor's new claim.

## POINT III

### EMCOR'S NEW CLAIM IS BASED ON INFORMATION OBTAINED THROUGH THE RECENT SETTLEMENT DISCUSSIONS, THUS, ITS MOTION TO AMEND THE COMPLAINT SHOULD BE DENIED

The only explanation for Emcor's lengthy and unexplained delay in raising this claim four months before trial is that Emcor obtained this "new" information at the settlement conference held on March 31, 2004. Emcor claims that it discovered these facts while investigating INA's counterclaim. However, Emcor's motion to amend its complaint was filed with the Court only one and one half weeks after the settlement conference held before United States Magistrate Judge Thomas P. Smith.

The policy of the federal rules is to encourage the compromise and settlement of disputes. *See* Matsushita Elecs. Corp. v. Loral Corp., 1995 U.S. Dist. LEXIS 12880 (S. D. N.Y.). Even though Emcor was aware of INA's counterclaim in December 2004, it did not bring this motion to amend its complaint until after the settlement conference, where the parties discussed claims that INA had previously agreed to recode from a general liability claim to a completed operations claim.

Federal Rule of Evidence 408 states in relevant part that evidence of statements or conduct that relates to the "furnishing or offering or promising to furnish, or...accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim" is not admissible "to prove liability for or invalidity of the claim or its amount."

7

703719.1

It is highly suspect that Emcor chose to move to amend its complaint after the issue of recoded claims was raised during settlement discussions with Judge Thomas Smith on March 31, 2004 when it had never raised this claim at any time during the discovery process. Since Emcor's new claim is derived from information obtained while the parties attempted to settle this matter, its motion to amend the complaint should be denied as futile, since information obtained during settlement discussions to prove liability or damages is inadmissible. It should also be denied based on policy considerations underlying the federal rules that encourage forthright settlement negotiations.

Further, if Emcor is permitted to amend its complaint based on information obtained during settlement discussions, it would also have a chilling effect on all future attempts at settlement of this matter. As such, Emcor's motion to amend its complaint should be denied.

## CONCLUSION

For all the foregoing reasons and authorities discussed, INA respectfully requests that this Court deny Emcor's Motion for Leave to Amend its Complaint to assert a new cause of action.

Dated: White Plains, New York
       May 3, 2004

DEFENDANT INSURANCE COMPANY
OF NORTH AMERICA

_____
Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000 -- telephone
(914) 323-7001 -- facsimile
File No.: 00756.35967

703719.1

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
EMCOR GROUP, INC., : Civil Action No.
    Docket 3:00-CV-2211 (AVC)
            Plaintiff, :
    Judge Alfred V. Covello
vs. :

INSURANCE COMPANY OF NORTH AMERICA. :
    May 3, 2004
            Defendant. :

------------------------------------------------------------------ x

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

The defendant INSURANCE COMPANY OF NORTH AMERICAN ("INA") submits this Memorandum of Law in opposition to Emcor's Motion to Amend its Second Amended Complaint.[1] As set forth in more detail below, Emcor's motion should be denied in its entirety as there is already a date for trial in this matter and the plaintiff unreasonably delayed in asserting this new claim, investigation into plaintiff's new allegations will require significant additional discovery and will further delay the trial of this matter.

**POINT I**

**EMCOR'S UNEXPLAINED FAILURE TO AMEND ITS COMPLAINT, DESPITE HAVING ALL AVAILABLE INFORMATION TO DO SO LONG BEFORE THIS MOTION, WARRANTS DENIAL OF EMCOR'S MOTION TO AMEND ITS COMPLAINT FOR THE THIRD TIME**

As conceded in Emcor's motion to amend its complaint and in its memorandum in opposition to INA's motion to amend its answer, dated December 22, 2003, under Federal Rule

---

[1] INA presumes that this Court is familiar with the basic claims and allegation in this matter in light of the prior motion practice. Accordingly, they will not be repeated.

703719.1

1

of Civil Procedure 16(b), a party seeking to amend a pleading after the deadlines set forth in the case scheduling order must demonstrate "good cause" for leave to amend to be granted. Federal Rule of Civil Procedure 16's "good cause" standard supercedes the more liberal standard under Federal Rule of Civil Procedure 15 when a party seeks to amend a pleading after the dates set forth in the case scheduling order. Trilegiant Corporation v. BP Products North American, Inc., 2004 U.S. Dist. LEXIS 6236 (D. Conn. 2004). Under Rule 16, "[a] finding of good cause depends on the diligence of the moving party." Senich v. American-Republican, Inc., 215 F.R.D. 40, 42 (D.Conn. 2003). Emcor has the burden to provide a satisfactory explanation for its delay in seeking to amend its complaint. *See* Dowcraft Corporation v. Smith, 2004 U.S. Dist. LEXIS 5018 (W. Dist. N.Y.). "The focus of an inquiry into 'good cause' is on the [requesting] party's reasons for the [schedule] modification." Julian v. Equifax Check services, Inc., 178 F.R.D. 10, 19 (D.Conn 1998).

Emcor has failed to provide any explanation for its delay in seeking to amend its complaint, especially in light of the fact that Emcor has been on notice that ESIS[2] had agreed to recode certain claims since 1998. Attached as Exhibit "A" is a letter, dated July 13, 1998, from Ann Marie Marson, Claims Vice President of ESIS, to Douglas Willis, Assistant Vice President of J & H Marsh & McLennan of Connecticut Inc.[3], that indicates, after a meeting regarding certain claims, ESIS had apparently agreed to recode a certain number of claims from general liability to completed operations claims. Attached as Exhibit "B" is a letter, dated March 24, 2000, from Mr. Willis to Ms. Marson and copied to Susan Reinhard, Emcor's Corporate Claims

---

[2] ESIS was Emcor's third party administrator for the claims submitted by Emcor for coverage under the three policies at issue in this case. ESIS appears to have been the entity that coded the claims either as general liability or completed operations claims.

Manager. This letter demonstrates that Emcor had loss runs with respect to the claims submitted to INA for coverage, and that as of the year 2000 the loss run contained claims that allegedly ESIS had agreed to recode as completed operations claims but were still listed as general liability claims. This loss run also would have provided Emcor with the information that it now seeks to include in its proposed third amended complaint (i.e. that INA allegedly did not credit Emcor for the amounts of these claims). In fact, Ms. Reinhard testified that Emcor received monthly loss runs since at least 1995. Reinhard deposition testimony Vol. III p.g. 11 lines 2 through 11 See Exhibit "C". The loss runs show that for each claim, the coverage code is indicated as well as the amounts expended. See Exhibit "D" for a sample loss run. Finally, Ms. Reinhard admitted that Emcor received invoices that listed the claims that Emcor was responsible for payment after the policy limits had been exhausted. See Susan Reinhard deposition transcript Vol. II pg. 74-75 attached as Exhibit "E". A sample invoice is attached as Exhibit "F".

It is clear from just the above documents and testimony that Emcor for years had access to, or could have obtained, the information upon which it now bases its proposed third complaint. Simply put, Emcor cannot possibly demonstrate that it acted diligently in moving to amend its complaint for a third time.

Emcor's only explanation for seeking to amend its complaint at this late stage is that it became aware of facts constituting its amendment while investigating the allegations contained in INA's counterclaim. However, Emcor fails to point out what documents were used to determine these new allegations and further fails to explain why these alleged "further damages"

---

( . . . continued)
[3] J & H Marsh & McLennan is Emcor's broker. Mr. Willis was the principal contact with ESIS and INA during this period with respect to Emcor's contention that certain claims were wrongly coded as general liability
(continued . . . )

were not alleged until four (4) months before trial. In <u>Trilegiant Corporation v. BP Products North American, Inc.</u>, 2004 U.S. Dist. LEXIS 6236 (D. Conn. 2004), the Court denied a party's motion to amend its pleading when it had all of the necessary information to assert the claim years before it attempted to do so. That Court held that "the date on which Defendant's counsel realized that his client had claims against Plaintiff is not determinative. Rather, the question **is whether through the exercise of reasonable diligence, Defendant could have discovered and asserted its claims earlier in this litigation**. Id. at 5. [Emphasis Added]. As such, even assuming that Emcor did "discover" this new claim while investigating the assertions contained in INA's counterclaim, its motion to amend the complaint should be denied because it possessed all of the pertinent information concerning this new claim well before the commencement of this action.

It has been three and one half years since the commencement of this action, the parties have appeared for two settlement conferences, and a trial date is already on this Court's calendar. Emcor's assertion that it discovered these "new facts" after reviewing the basis of INA's counterclaim falls woefully short of a satisfactory explanation for such a protracted delay. Emcor asserts that it discovered the facts that are the basis of this motion to amend its complaint while investigating INA's counterclaim. Interestingly, Emcor did not seek to amend its complaint until April 12, 2004, long after this Court's decision to permit INA to assert a counterclaim, and, despite having all relevant information in its possession to do so, as conceded in Emcor's own affirmation. The deposition of Ann Marie Marson, which was held on March 1, 2004, was the last fact witness deposition in this matter. At that time, Emcor had notice of

---

( . . . continued)
claims.

INA's counterclaim for two and one half months, and did not ask any questions regarding this alleged new claim, despite having a full opportunity to do so.

Not only has Emcor had notice of INA's counterclaim since December 4, 2003, but Emcor has also had access to all the information necessary to raise this claim before the commencement of this action on October 10, 2000. Emcor has always had access to the ESIS Risk Management system and files which could have provided them with the information to allege this new claim. According to Susan Reinhard, Emcor's Corporate Claims Manager, Emcor received monthly loss runs from Cigna which also would have given Emcor notice of the alleged claim in its motion to amend the complaint. (See deposition transcript of Susan Reinhard Vol. III pg. 5-6 attached hereto as Exhibit "C"). She also testified that Emcor had access to the OMNI system which also would have provided this information. (See Susan Reinhard deposition Vol. III pg. 19 attached hereto as Exhibit "C") However, Emcor waited until the close of discovery and a trial date has been set to allege this new claim. Thus, Emcor's proposed amendment is highly prejudical to INA and would require significant time and additional expense to prepare a defense to this new claim.

## POINT II

**INA WILL BE PREJUDICED BY THIS AMENDMENT AS EMCOR IS ASSERTING A DIFFERENT CLAIM THAN ORIGINALLY ASSERTED IN ITS COMPLAINT WHICH WILL REQUIRE SIGNIFICANT ADDITIONAL DISCOVERY**

Emcor asserts that its motion to amend its complaint is timely simply because it is based on INA's motion to include a counterclaim. Emcor repeatedly asserts that the proposed amendment asserts a claim that has essentially already been asserted in the complaint. Moreover, Emcor claims that it would be unfair to it for this Court to deny the instant motion

5

703719.1

while having permitted INA to amend its answer back in December, 2003. Emcor is wrong on both counts.

After a lengthy discovery process and several scheduling order extensions, Emcor is now attempting to assert a claim that not been a focus of this litigation. This action involves Emcor's allegations that 106 claims were miscoded as general liability claims as instead of products completed operations claims, thereby depleting the general liability aggregate limits of three policies. At the close of discovery and after a trial date has been set, Emcor now seeks to add an additional claim alleging that INA did not credit Emcor for forty-four claims additional claims that never have been the subject of this litigation.

Moreover, the status of this action now is much different than it was in December 2003 when INA was permitted to amend its answer. At that time, the primary Emcor fact witness, Susan Reinhard still had to be deposed and both plaintiffs' expert witnesses still had to be deposed. Now, the only depositions still to be completed are Emcor's 30b6 deposition of an INA witness confined to INA's damage claim and INA's 30b6 depositions of Emcor. In December no trial date had been set and the court ordered mediation had not been held. Now, there is a trial date for September 13th, a mediation session has been held and another one scheduled for June. This new claim is a factual issue that is disputed by INA. Throughout the course of discovery, INA did not have an opportunity to address this claim and prepare a defense. If the amendment is granted, INA will be required to re-depose Ms. Reinhard and Rex Thrasher of Emcor and at least Mr. Willis of Marsh. Document demands and interrogatories would be required. If Emcor serves new expert reports, then Emcor's experts would be re-deposed. This additional discovery would delve into at least the claims Emcor believes INA agreed to recode, the amounts paid on each of these claims, the amounts Emcor alleges should have been credited to the general

6

703719.1

liability aggregate limits for each policy year and why Emcor now believes that these amounts were not credited back into the general liability aggregates limits as Emcor seeks to allege. As such, INA will be severely prejudiced if, after the completion of discovery and only several months before trial, it is required to conduct further discovery relative to Emcor's new claim.

**POINT III**

**EMCOR'S NEW CLAIM IS BASED ON INFORMATION OBTAINED THROUGH THE RECENT SETTLEMENT DISCUSSIONS, THUS, ITS MOTION TO AMEND THE COMPLAINT SHOULD BE DENIED**

The only explanation for Emcor's lengthy and unexplained delay in raising this claim four months before trial is that Emcor obtained this "new" information at the settlement conference held on March 31, 2004. Emcor claims that it discovered these facts while investigating INA's counterclaim. However, Emcor's motion to amend its complaint was filed with the Court only one and one half weeks after the settlement conference held before United States Magistrate Judge Thomas P. Smith.

The policy of the federal rules is to encourage the compromise and settlement of disputes. *See* Matsushita Elecs. Corp. v. Loral Corp., 1995 U.S. Dist. LEXIS 12880 (S. D. N.Y.). Even though Emcor was aware of INA's counterclaim in December 2004, it did not bring this motion to amend its complaint until after the settlement conference, where the parties discussed claims that INA had previously agreed to recode from a general liability claim to a completed operations claim.

Federal Rule of Evidence 408 states in relevant part that evidence of statements or conduct that relates to the "furnishing or offering or promising to furnish, or...accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim" is not admissible "to prove liability for or invalidity of the claim or its amount."

7

703719.1

It is highly suspect that Emcor chose to move to amend its complaint after the issue of recoded claims was raised during settlement discussions with Judge Thomas Smith on March 31, 2004 when it had never raised this claim at any time during the discovery process. Since Emcor's new claim is derived from information obtained while the parties attempted to settle this matter, its motion to amend the complaint should be denied as futile, since information obtained during settlement discussions to prove liability or damages is inadmissible. It should also be denied based on policy considerations underlying the federal rules that encourage forthright settlement negotiations.

Further, if Emcor is permitted to amend its complaint based on information obtained during settlement discussions, it would also have a chilling effect on all future attempts at settlement of this matter. As such, Emcor's motion to amend its complaint should be denied.

## CONCLUSION

For all the foregoing reasons and authorities discussed, INA respectfully requests that this Court deny Emcor's Motion for Leave to Amend its Complaint to assert a new cause of action.

Dated: White Plains, New York
       May 3, 2004

DEFENDANT INSURANCE COMPANY
OF NORTH AMERICA

_____
Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000 -- telephone
(914) 323-7001 -- facsimile
File No.: 00756.35967

8

703719.1

- 3 -

## CERTIFICATION

It is hereby certified that the above Defendant's Opposition to Plaintiff's Motion to Amend Complaint was mailed to all counsel of record on the 3rd day of May, 2004

Saxe Doernberger & Vita, P.C.
Attorneys for Plaintiff
1952 Whitney Avenue
Hamden, CT  06517

_____
Christine Phillips