IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
EMCOR GROUP, INC.                          :   Civil Action No.
                                           :   Docket 3:00-CV-2211
                                           :   (AVC)
                    Plaintiff,             :
                                           :   Judge Alfred V.
                                           :   Covello
v.                                         :
                                           :
INSURANCE COMPANY OF NORTH AMERICA         :
                                           :
                    Defendant.             :   May 20, 2004
---------------------------------------------------------------X

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO AMEND COMPLAINT

The plaintiff EMCOR, Group, Inc. ("EMCOR") submits this reply to defendant Insurance Company of North America's ("INA") opposition to EMCOR's Motion to Amend its Complaint. Despite INA's assertions, EMCOR did not unreasonably delay in asserting its additional claim, investigation into this claim will not require additional discovery, and inclusion of the additional claim will not further delay the litigation of this matter.

### POINT I

### EMCOR HAS BEEN DILIGENT IN ITS PURSUIT OF THIS CASE AND MOVED TO AMEND ITS COMPLAINT IMMEDIATELY UPON DISCOVERING FACTS SUPPORTING ITS ADDITIONAL CLAIM.

In response to INA's recent counterclaim dated February 3, 2004, EMCOR scoured invoices received from INA to determine if INA overpaid on any of the

relevant claims. What it discovered through this investigation was that, instead of overpayments by INA, INA failed to reimburse EMCOR for amounts expended on forty-four (44) claims recoded by INA as completed operations claims, or to replenish the general liability aggregate limits of the relevant policies for the amounts expended on these recoded claims. EMCOR relied upon the entire payment history of EMCOR and INA with respect to the three insurance policies at issue including all related documents, all of which have been produced to INA or are within INA's possession.

Despite INA's claims that EMCOR has not been diligent in determining this additional damage, EMCOR managed to discover the facts supporting this damages claim after approximately two months of searching through voluminous documentation in response to INA's alleged counterclaim. While INA balks at EMCOR's discovery of this damage after two months, it is imperative to place this in perspective with the fact that it took INA over three years from the date of EMCOR's initial complaint to discover the facts allegedly supporting its own counterclaim. EMCOR first filed suit against INA in October of 2000, and INA was unable to discover its alleged overpayments until December, 2003. INA states that "EMCOR for years had access, or could have obtained, the information upon which it now bases its proposed third complaint. Simply put, EMCOR cannot possibly demonstrate that it acted diligently in moving to amend its complaint for a third time." (INA's Opposition Memo, p. 3). This statement appears hypocritical since INA has had access to the same type of financial information as EMCOR and yet did not hesitate to indicate that it was only within

the past few months that it realized that it had allegedly overpaid on claims related to the policies in question.[1] EMCOR has been extremely diligent in its pursuit of this case, and moved to amend its complaint immediately upon discovering the facts supporting this claim.

## POINT II

### INA WOULD NOT BE PREJUDICIED BY EMCOR'S REQUESTED AMENDMENT BECAUSE NO ADDITIONAL DISCOVERY IS NECESSARY AND DISCOVERY HAS NOT YET BEEN COMPLETED ON THE EXISTING CLAIMS

The addition of the proposed amended damage claims will not require any further discovery because the financial documentation from which the claim derives has already been produced to INA. Moreover, INA has access to the same financial information as EMCOR; in fact, INA generated this information and sent it to EMCOR's agent, Risk Sciences Group, on a regular basis. INA concedes this fact on p. 5 of its Memorandum. Unlike the 106 claims in the existing complaint which require a determination of whether they were wrongly coded by INA, the proposed amended claim relates merely to damages flowing from INA's recoding of 44 claims. There is no dispute as to the proper coding of the claims; the parties agree they are completed operations claims. Thus, INA need only review the financial documentation in its possession, i.e. loss runs and invoices, to investigate EMCOR's proposed amended claim. No additional discovery is necessary. Accordingly, INA will suffer no prejudice should EMCOR's amendment be allowed.

---

[1] INA states on page 5 of its Memorandum in Opposition that EMCOR received loss runs from CIGNA, formerly known as INA. Therefore, INA has had access to the same information that EMCOR has and yet was somehow unable to assert its counterclaim until the case was over three years old.

In addition, INA will suffer no prejudice from the proposed amended claim because discovery on the existing claims is not yet complete. INA inaccurately claims that the only depositions remaining are the 30(b)(6) depositions of EMCOR and INA. After much rescheduling to accommodate INA, three 30(b)(6) depositions still need to occur. In addition, EMCOR intends to depose fact witnesses Patti Topper and Virginia Lloyd with respect to INA's counterclaim. Thus, at this time, there are at least five depositions still pending.

### POINT III

**EMCOR'S AMENDED CLAIM IS NOT BASED ON INFORMATION OBTAINED THROUGH RECENT SETTLEMENT DISCUSSIONS.**

EMCOR hesitates to even address INA's baseless allegations that EMCOR utilized information discussed during the March 31, 2004 settlement conference. In one moment INA accuses EMCOR of undue delay and in the next it asserts that EMCOR was able to investigate and draft a motion to amend in under two weeks. The fact is that EMCOR has been investigating INA's counterclaim for the past two months and in spite of having received no documents from INA supporting its position, EMCOR discovered that INA recoded certain claims but never reimbursed EMCOR or replenished the general liability aggregate limits. The fact that EMCOR's motion to amend was filed after the settlement conference is totally irrelevant to EMCOR's investigation of INA's counterclaim, and INA's argument to the contrary should be discounted entirely.

## CONCLUSION

For the foregoing reasons, EMCOR respectfully requests that this Court grant EMCOR's Motion for Leave to Amend its Complaint.

Dated:     Hamden, Connecticut
           May 20, 2004

_____
Jeffrey J. Vita (Federal Bar # ct08036)
Heidi H. Zapp (Federal Bar # ct24655)
Saxe Doernberger & Vita, P.C.
Attorneys for the Plaintiff
EMCOR Group, Inc. ("EMCOR")
1952 Whitney Avenue
Hamden, Connecticut 06517
(203) 287-8890

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
EMCOR GROUP, INC.                                          :    Civil Action No.
                                                                Docket 3:00-CV-2211
                                                                (AVC)
                          Plaintiff,                       :
                                                                Judge Alfred V.
                                                                Covello
v.                                                         :

INSURANCE COMPANY OF NORTH AMERICA                         :

                          Defendant.                       :    May 20, 2004
-----------------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing Plaintiff's Reply Brief was mailed, postage prepaid, on this the 20th day of May, 2004 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10601
914-323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.