IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

EMCOR GROUP, INC.                            :      Civil Action No.
                                                    Docket 3:00-CV-2211
                             Plaintiff,      :      (AVC)

v.                                           :

INSURANCE COMPANY OF NORTH AMERICA:

                             Defendant.      :      May 20, 2004

-------------------------------------------------------------------X

## PLAINTIFF'S MOTION TO COMPEL

The plaintiff EMCOR Group, Inc. ("EMCOR") respectfully moves this

Court, pursuant to Federal Rules of Civil Procedure 36(a) and in accordance with

Local Rules of the District of Connecticut 37(a)(2) and (3), for an order directing

the defendant Insurance Company of North America ("INA") to revise its

responses to EMCOR's Second Set of Request for Admissions regarding the

following requests:

   8.   The amounts listed for "incurred expense" (i.e. defense)
        for each of the claims identified on Exhibit A are true and
        accurate.
   9.   The amounts listed for "incurred indemnity" for each of the
        claims identified on Exhibit A are true and accurate; and
   10.  The dates listed for "date claim occurred" for each of the
        claims identified on Exhibit A are true and accurate.

In support hereof, EMCOR represents as follows:

   1.   Counsel for EMCOR issued its Second Set of Requests for

Admissions to INA on September 12, 2003.

2.    INA responded to said Requests for Admission on October 15, 2003, but objected to request numbers eight (8), nine (9) and ten (10) on the grounds that the requests were vague and INA could not admit or deny them.

3.    Counsel for EMCOR has requested that INA revise its answers to these requests, however, INA has refused.

4.    The requests require INA to admit or deny certain amounts paid for each claim as well as the dates of occurrence for each claim.  To assist INA, counsel for EMCOR attached loss runs to the requests providing the specific data to which EMCOR sought an admission or denial.

5.    The requested admissions are important to the central issues of the case, are properly and succinctly phrased, and INA should be required to answer such requests.

WHEREFORE, EMCOR moves for an order from this Court directing INA to revise its answers to EMCOR's Second Set of Requests for Admissions numbers eight (8), nine (9) and ten (10) immediately.

A memorandum of law in support of said motion to compel is attached hereto and incorporated herein.

THE PLAINTIFF,
EMCOR GROUP, INC.

By: _____
Jeffrey J. Vita, Esq.
Fed. Bar No. ct08036
Heidi H. Zapp, Esq.
Fed. Bar No. ct24655
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
(203) 287-8890

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------------X
EMCOR GROUP, INC.                          :        Civil Action No.
                                                    Docket 3:00-CV-2211
                    Plaintiff,             :        (AVC)

v.                                         :

INSURANCE COMPANY OF NORTH AMERICA:

                    Defendant.             :        May 20, 2004
-----------------------------------------------------------------X
```

## CERTIFICATION

        This is to certify that the foregoing Motion to Compel and Memorandum of Law were mailed, postage prepaid, on this the 20th day of May, 2004 to the following counsel of record:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10601
914-323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

Jeffrey J. Vita, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X

| | | |
|---|---|---|
| EMCOR GROUP, INC. | : | Civil Action No. Docket 3:00-CV-2211 (AVC) |
| Plaintiff, | : | |
| v. | : | |
| INSURANCE COMPANY OF NORTH AMERICA: | | |
| Defendant. | : | May 20, 2004 |

-----------------------------------------------------------------X

## ORDER

The foregoing Motion to Compel having been heard, it is hereby

ORDERED:


GRANTED/DENIED.


BY THE COURT


_____
Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X

EMCOR GROUP, INC.                    :        Civil Action No.
                                              Docket 3:00-CV-2211
                 Plaintiff,          :        (AVC)

v.                                   :

INSURANCE COMPANY OF NORTH AMERICA:

                 Defendant.          :        May 20, 2004

------------------------------------------------------------X

### AFFIDAVIT OF COUNSEL IN SUPPORT OF MOTION TO COMPEL

STATE OF CONNECTICUT)
                              ss.     Hamden, Connecticut
COUNTY OF NEW HAVEN)

I, Jeffrey J. Vita, being first duly sworn, depose and state:

1.      I am over the age of eighteen and understand the obligation of an oath.

2.      I am the attorney for plaintiff EMCOR Group, Inc. ("EMCOR") in the above-titled action that is currently pending in the U.S. District Court for the District of Connecticut, Docket No. 3:00-CV-2211 (AVC).

3.      I make the following statements upon personal knowledge.

4.      On September 12, 2003, I issued EMCOR's Second Set of Requests for Admission to INA as part of EMCOR's discovery process. (See Exhibit A)

5.      On October 15, 2003, INA objected to request numbers eight (8), nine (9) and ten (10) as being vague and therefore, it could not admit or deny the admission. (See Exhibit B).

6.      In January, I spoke with Mr. Oelsner, counsel for INA, regarding INA's responses and Mr. Oelsner indicated that he would revise INA's answers after he had finished reviewing the necessary loss run information.

7.    In subsequent conversations with Mr. Oelsner, he indicated that INA had already confirmed the accuracy of most of the amounts listed for defense and indemnity paid on each claim and indicated that revised responses would be provided.

8.    On February 5, 2004, Ms. Zapp, counsel for EMCOR, wrote a letter to Mr. Oelsner requesting the revised admissions.  (See <u>Exhibit C</u>).

9.    On February 24, 2004, Ms. Zapp sent another letter to Mr. Oelsner making the same request with respect to EMCOR's Second Set of Requests for Admission.  (See <u>Exhibit D</u>).

10.    On March 4, 2004, Ms. Zapp sent a third letter regarding this repeated request.  (See <u>Exhibit E</u>).

11.    On March 5, 2004, Mr. Oelsner finally responded to Ms. Zapp's inquiries by stating that the revised answers would once again have to await INA's review of the loss runs.  (See <u>Exhibit F</u>).

12.    To date, INA has failed to revise its answers to request numbers eight (8), nine (9) and ten (10) of its Second Set of Requests for Admission.

Affiant further sayeth not.

Jeffrey J. Vita, Esq.

Subscribed and sworn to before me on May 20, 2004.

Notary Public
My Commission Expires on
Commissioner of the Superior Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X

EMCOR GROUP, INC.                    :     Civil Action No.
                                            Docket 3:00-CV-2211
                   Plaintiff,        :     (AVC)

v.                                   :

INSURANCE COMPANY OF NORTH AMERICA:

                   Defendant.        :     May 20, 2004

---------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL

**I.     FACTUAL BACKGROUND:**

This is an action involving an insurance coverage dispute between

EMCOR Group, Inc., a Delaware corporation with its principal place of business

in Norwalk, Connecticut ("EMCOR") and Insurance Company of North America, a

Pennsylvania corporation with its principal place of business in Philadelphia,

Pennsylvania ("INA").   INA issued general liability insurance policies which

provided insurance coverage to EMCOR and its subsidiaries and affiliates for the

periods of 1992-93, 1993-94, and 1994-95.   EMCOR filed the instant lawsuit

against INA alleging breach of contract, bad faith, breach of fiduciary duty and

declaratory relief arising out of INA's conduct in the handling of claims against

EMCOR covered by the general liability insurance policies mentioned above.

In connection with the discovery practices in the present action, on

September 12, 2003, EMCOR issued its Second Set of Requests for Admissions

to INA.  On October 15, 2003, INA filed its responses and objections to this Request. (A copy of INA's responses is attached hereto as <u>Exhibit A</u>).  On or about January of 2004, Attorney Jeffrey J. Vita, counsel for EMCOR, spoke with Attorney Oelsner, counsel for INA, regarding revisions to INA's responses to request numbers eight (8), nine (9), and ten (10).  EMCOR's counsel sent numerous requests to INA as part of its good faith effort to resolve the conflict with no success. Despite repeated demand by EMCOR, INA has failed to revise its objections to request numbers eight (8), nine (9), and ten (10) to either admit or deny, but have maintained its objections that said requests are vague.

## II.    ARGUMENT:

### A.    EMCOR is entitled to have definitive answers to request numbers eight (8), nine (9), and ten (10) in its Second Set of Requests for Admission as required by Rules 26(b) and 36(a) of the Federal Rules of Civil Procedure.

In its Second Set of Requests for Admission, EMCOR requested that INA admit or deny the following statements:

8.    The amounts listed for "incurred expense" (i.e. defense) for each of the claims identified on <u>Exhibit A</u> are true and accurate.

9.    The amounts listed for "incurred indemnity" for each of the claims identified on <u>Exhibit A</u> are true and accurate; and

10.   The dates listed for "date claim occurred" for each of the claims identified on <u>Exhibit A</u> are true and accurate.

INA responded to these specific requests by claiming said requests were vague. INA's claim is without merit because the requests seek confirmation of specific amounts paid and dates which were appended to the requests.  Thus, the

requests are not vague, but are, in fact, extremely specific, and EMCOR is entitled to a specific response.

". . . [R]equested admissions are limited by Rule 36(a) to matters within the scope of Rule 26(b), which confines discovery to relevant evidence or material reasonably calculated to lead to the discovery of admissible, and hence relevant, evidence." LeBlanc v. Spector, 378 F.Supp. 310, 313 (D.Conn. 1974). The scope of discovery under Fed. R. Civ. P. 26(b) is very broad, "'encompass[ing] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" Maresco v. Evans Chemetics, Div. Of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).    "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As found in Cabana v. Forcier, 200 F.R.D. 9, 17 (D. Mass. 2001), "[u]nder the liberal standard set forth in that rule (F.R.C.P. 26(b)(1)), 'information is discoverable if there is any possibility it might be relevant to the subject matter of the action.'" (Citing EEOC v. Electro-Term, Inc., 167 F.R.D. 344, 346 (D.Mass. 1996)).   Hence, the scope of Requests for Admission is also very broad. Parties are entitled to request the admissions of any information that might be relevant to the action at hand.

3

In this case, EMCOR issued its Second Set of Requests for Admission in compliance with Rule 36. The requests were clear and simple and drafted in such a manner that they could be answered with a simple admission or denial upon a mere examination of the request and the attached loss runs. The requests in question ask INA to inform EMCOR whether or not the amounts listed for defense and indemnity for each of the claims identified are true and accurate, and whether or not the dates listed for "date claim occurred" for each of the claims are true and accurate. (See INA's Responses and Objections to EMCOR's Second Set of Requests for Admissions attached hereto as <u>Exhibit B</u>, numbers eight (8), nine (9), and ten (10)). EMCOR is well within its right under Rules 26 and 36 to request such an admission. INA's failure to respond on the basis that the requests are vague is unfounded, and only serves to interfere with EMCOR's preparation for trial.

**B.    Despite EMCOR's good faith effort to resolve INA's objections, INA refuses to revise its answers to requests eight (8), nine (9), and ten (10) in violation of Rule 36 of the Federal Rules of Civil Procedure.**

Rule 36(a) of the Federal Rules of Civil Procedure "requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts." <u>Henry v. Champlain Enterprises, Inc.</u>, 212 F.R.D. 73, 78 (N.D.N.Y. 2003) (quoting <u>T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer</u>, 174 F.R.D. 38, 43 (S.D.N.Y. 1997). Further, "such reasonable inquiry includes an investigation and inquiry of

employees, agents, and others, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." Id. (internal quotations omitted) (quoting T. Rowe Price, 174 F.R.D. at 43-44).

INA has failed to make any effort to explain its alleged inability either to admit or deny the specific requests, but merely states that the requests are "vague." Although a party is permitted to object to the request or a particular aspect of the request, it requires the responding party to set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. See Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 78 (N.D.N.Y. 2003); Herrera v. Scully, 143 F.R.D. 545, 548 (S.D.N.Y. 1992). INA did not set forth in detail the reasons why it was unable to truthfully admit or deny the matter other than to state that the requests were vague.

INA's responses are dated October 15, 2003. After several attempts by EMCOR to resolve this objection, INA states via its counsel on March 5, 2004, "[i]n response to your letters concerning INA's answers to Emcor's second set of requests for admissions, we will revise them following a review of the loss runs if necessary." (See Exhibit F). This is an inappropriate response and/or objection to Requests for Admissions.

As found in Diederich, 132 F.R.D. at 616, ". . . the purpose of Requests for Admissions is not necessarily to obtain information but to narrow issues for trial." "The purpose of the rule pertaining to requests for admissions is to expedite trial by removing essentially undisputed issues thereby avoiding time, trouble and

expense which otherwise would be require to prove issues." Id. Further, as found in Henry, ". . . if a party fails to admit the genuineness of any document or the truth of any matter as requested, and if the requesting party proves these facts, the court can order the responding party to pay reasonable attorney fees incurred to prove such facts." Henry, 212 F.R.D. at 78.  See Fed.R.Civ.P. 37(c)(2); Herrera, 143 F.R.D. 545.

INA's refusal to revise its response to EMCOR's Second Set of Requests for Production numbers eight, nine, and ten are without merit and in violation of the Federal Rules of Civil Procedure.  With no regard to EMCOR's repeated attempts to obtain a more accurate response, INA continues to refuse to fulfill its obligation with respect to the Rules of Federal Civil Procedure.  As INA admits in its response March 5, 2004, INA will only revise its answers upon "reviewing loss runs if necessary."  (See Exhibit F).  This response indicates that INA has not even made a good faith attempt at determining whether requests eight, nine, and ten are true and accurate or not.  Accordingly, EMCOR is entitled to an order from this Court directing INA to either admit or deny the requests.


**III.    CONCLUSION:**

For the foregoing reasons, the plaintiff respectfully requests that this Court grant its Motion to Compel.

RESPECTFULLY SUBMITTED,
EMCOR GROUP, INC.

By: _____
    Heidi H. Zapp, Esq.
    Fed. Bar No. ct24655
    Jeffrey J. Vita, Esq.
    Fed. Bar No. ct08036
    Saxe Doernberger & Vita, P.C.
    1952 Whitney Avenue
    Hamden, CT 06517
    Tel. (203) 287-8890
    Fax. (203) 287-8847

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
----------------------------------------------------X
```
EMCOR GROUP, INC.                          :      Civil Action No. Docket
                                                  3:00-CV-2211 (AVC)
                    Plaintiff,
                                           :

v.                                         :

INSURANCE COMPANY OF
NORTH AMERICA                              :

                    Defendant.             :      May 20, 2004
```
----------------------------------------------------X
```

### CERTIFICATION

This is to certify that the foregoing Memorandum of Law in Support of Plaintiff's Motion to Compel was mailed, postage prepaid, on this the 20th day of May, 2004 to the following counsel of record:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10601
914-323-7000


Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.

8