IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
| | |
|---|---|
| EMCOR GROUP, INC., | : Civil Action No. |
| | Docket 3:00-CV-2211 (AVC) |
| Plaintiff, : | |
| | Judge Alfred V. Covello |
| v. : | |
| | May 19, 2004 |
| INSURANCE COMPANY OF NORTH AMERICA. : | |
| | |
| Defendant. : | |

------------------------------------------------------------- x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL**

In its motion to compel, EMCOR seeks disclosure of an expert report prepared by Alfred W. Bodi, INA's expert, for a previous client and the termination agreement between Mr. Bodi and his prior employer, Traveler's Insurance Company. These documents are unrelated to the issues and claims involved in this matter and are completely irrelevant to this litigation.

I.     **THE EXPRESS TERMS OF THE TERMINATION AGREEMENT PROHIBIT DISCLOSURE UNLESS REQUIRED TO DO SO BY LAW**

In Davidson Pipe Co. V. Laventhol & Horwath, 120 F.R.D. 455 (S.D.N.Y. 1988) cited by EMCOR, the Court outlined a five factor test for analyzing whether discovery for impeachment purposes should be permitted. That Court indicated that one factor in determining whether credibility-related discovery is appropriate is that the party seeking the discovery must have a factual basis for believing that prior acts of deception will be revealed. EMCOR does not have any basis to believe that this termination agreement entered into between Mr. Bodi and his previous employer would have any bearing on his credibility as a witness in this matter. In fact, EMCOR has not even suggested that the contents of the termination agreement may contain an

711266.1

act of deception or bad act because it simply has no basis to make these allegations. None of the deposition testimony cited by plaintiff's counsel, and attached as Exhibit "A" to its motion to compel, indicates that Emcor has any good faith basis to believe that the termination agreement has any bearing on Mr. Bodi's credibility.

Moreover, under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. The termination agreement between Mr. Bodi and Traveler's Insurance Company, by its express terms, is a confidential document that relates to the duties and responsibilities of those two parties. The contents of that agreement have no bearing on any issue or claim that is the subject of this litigation.

EMCOR's motion to compel production of the termination agreement between Mr. Bodi and Traveler's Insurance Company must be denied as a matter of law. Alternatively, it is respectfully requested that INA be permitted to submit the termination agreement for an in camera review for this Court to determine whether this document falls within the scope of permissible expert discovery.

## II.    MR. BODI'S PRIOR REPORT IS MORE THAN FOUR YEARS OLD AND IS UNRELATED TO THE ISSUES INVOLVED IN THIS CASE

Federal Rule of Civil Procedure 26(a)(2)(B) provides that an expert report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the witness in forming the opinions . . .and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

Mr. Bodi's report is dated February 1, 1996, more than eight years ago. "Federal Rule of Civil Procedure 26(a)(2)(B) directs parties to provide a *list* of cases [that the expert has testified

as an expert at trial in the last four years], not the *expert reports* relied upon in those cases." Cartier, Inc. v. Four Star Jewelry Creations, Inc., 2003 U.S. Dist. LEXIS 16887 (S.D.N.Y.). In that case, the Court rejected the plaintiff's assertion that disclosure of the reports previously prepared by the expert would have some bearing on that expert's credibility. The Court held that "Plaintiffs' expectation that the previous reports will shed light on [the expert's] credibility or the weight that should be attributed to his report is simply too speculative to warrant a broader reading of the rule. So long as defendants provide plaintiffs with the names of the cases . . . defendants' obligation extends no further under Rule 26." Id. at 9. Under Rule 26, INA was not required to identify this case since Mr. Bodi had not testified as an expert at trial or by deposition within the preceding four years. Since INA was under no obligation to disclose the case details, it follows that INA also has no obligation to produce Mr. Bodi's previously prepared expert report.

711266.1

## CONCLUSION

For the foregoing reasons and authorities discussed above, INA respectfully requests that Court deny EMCOR's motion to compel as a matter of law, or in the alternative, permit INA to submit these documents for an in camera review so that this Court may determine whether these documents are discoverable, together with such other and further relief as to this Court may seem just, proper and equitable.

Dated: White Plains, New York
      May 18, 2004

DEFENDANT INSURANCE COMPANY
OF NORTH AMERICA

_____
Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000 -- telephone
(914) 323-7001 -- facsimile
File No.: 00756.35967

4

711266.1

## CERTIFICATION

It is hereby certified that the above Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Compel was mailed to all counsel of record on the 21st day of May, 2004:

Saxe Doernberger & Vita, P.C.
Attorneys for Plaintiff
1952 Whitney Avenue
Hamden, CT  06517

_____
THOMAS LEGHORN

712212.1