IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
EMCOR GROUP, INC.                          :     Civil Action No. Docket
                                           :     3:00-CV-2211 (AVC)
          Plaintiff,
                                           :

v.                                         :

INSURANCE COMPANY OF
NORTH AMERICA                              :

          Defendant.            :     June 1, 2004

------------------------------------------------------X


## PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

I.   **EMCOR IS ENTITLED TO INQUIRE AS TO THE BASIS FOR MR. BODI'S DEPARTURE FROM TRAVELERS INSURANCE COMPANY AS IT DIRECTLY BEARS ON HIS CREDIBILITY AS AN EXPERT IN THE FIELD OF CLAIMS CODING.**

"Inquiries concerning a witnesses' credibility are relevant and thus reasonably calculated to lead to the discovery of admissible evidence, even if the information sought is not directly related to the subject of the underlying litigation." *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 461-64 (S.D.N.Y. 1988) (citing *International Brotherhood of Teamsters v. Eastern Conference of Teamsters*, 162 F.R.D. 25, 29 (S.D.N.Y. 1995). During Mr. Bodi's deposition, he stated that he could not discuss why he

left his position at Travelers due to a confidentiality agreement. Instead, Mr. Bodi testified that he had a letter saying he served them well. (Page 111 of Mr. Bodi's deposition transcript attached hereto as <u>Exhibit A</u>). Further, Mr. Bodi has not worked in the insurance claims realm since that time. This gives EMCOR a factual basis for believing that its inquiry into this area is relevant.

In its memorandum in response to EMCOR's Motion to Compel, INA focuses largely on the alleged confidentiality of the Travelers termination agreement. INA cites the factors found in *Davidson Pipe Co v. Laventhol & Horwath*, 120 F.R.D. 455 (S.D.N.Y. 1988) for its conclusion that the agreement is not discoverable. However, INA ignores the fact that Mr. Bodi refused to testify as to why he left a senior vice-president's position at a highly regarded insurance company. As INA's expert, Mr. Bodi will testify at trial regarding the proper coding of insurance claims. Throughout his deposition, Mr. Bodi testifies that his expert opinion in the proper coding of insurance claims is derived from his years of experience in handling such claims. Thus, the reasons for Mr. Bodi's recent departure from Travelers are clearly relevant to his credibility as an expert witness. For example, if Mr. Bodi was asked to leave Travelers because of his performance as a Senior Vice-President of Claims Services, EMCOR is entitled to discover this information for impeachment purposes. Thus, regardless of whether the court determines the termination agreement discoverable, EMCOR is nonetheless entitled to inquire about the facts surrounding Mr. Bodi's departure from Travelers. Accordingly, EMCOR seeks an order compelling Mr. Bodi to reappear for the continuation of his deposition, limited to an inquiry about his departure from Travelers.

**II.  EMCOR BELIEVES IT IS ENTITLED TO THE PRIOR REPORT ISSUED BY ALFRED BODI IN A PRIOR INSURANCE CASE AS IT IS RELEVANT TO BODI'S EXPERTISE IN INSURANCE**

Alfred Bodi testified on pages 119 through 122 of his deposition transcript that he testified as an expert in a previous matter. See pages 119-122 of Alfred Bodi's deposition transcript attached as <u>Exhibit B</u>. On page 119, Mr. Bodi stated that he testified as an expert in either 2000 or 2001, not 1996 as INA states in its opposition. His testimony in that prior case was with regard to whether or not a primary insurer properly evaluated a case. On page 122, Mr. Bodi states that he issued a report in that case. If this report were in fact issued in 1996, then EMCOR leaves it to the Court's discretion as to whether or not it should be disclosed. If, however, the report is from 2000 or 2001, EMCOR requests that its Motion to Compel the production of the document be granted and the report be produced.

**III.  CONCLUSION**

For the foregoing reasons, EMCOR respectfully requests that the Court grant its Motion to Compel.

Dated: Hamden, CT

June 1, 2004

THE PLAINTIFF,
EMCOR GROUP, INC.

By: _____
Heidi H. Zapp, Esq.
Fed. Bar No. ct24655
Jeffrey J. Vita, Esq.
Fed. Bar No. ct08036
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847

1       Alfred W. Bodi
2   Q.   Why did you stop working for
3 Travelers in July of 2002?
4   A.   There was some philosophical
5 differences that came about and my predecessor
6 had left. Fortunately I was able to work with
7 Travelers and we reached an applicable agreement
8 of my leaving and it was friendly, it was
9 understandable and I was fine, I was ready to
10 move on.
11  Q.   Do you recall any of the specific
12 philosophical differences that you had with the
13 company?
14  A.   The nature of my departure was such
15 that we entered into an agreement of
16 confidentiality, so I wouldn't be at liberty to
17 really speak beyond that, other than that they
18 have given me, which I have, a letter of
19 statement that I served them well, et cetera.
20 Other than that, everything else was agreed that
21 it would be confidential.
22  Q.   Do you have that letter?
23  A.   I have it at home, not with me.
24  Q.   Can you make that available to your
25 counsel?

EXHIBIT A

```
 1                     Alfred W. Bodi
 2   at the time?
 3        A.    Either that or Shelby Mutual, it was
 4   in that time frame.
 5        Q.    That related to damage of a boat you
 6   said?
 7        A.    I think so.
 8        Q.    Do you recall at all what your
 9   testimony was about?
10        A.    Actually I don't recall any of it.
11        Q.    Were you deposed in that case?
12        A.    No.
13        Q.    Did you testify at trial?
14        A.    I believe I did.
15        Q.    Did you issue any written report?
16        A.    No, I think I really testified as
17   the corporate representative, now that I think
18   about it.
19        Q.    You said there were two, what was
20   the next one where you believe you testified as
21   an expert?
22        A.    It was either 2000 or 2001 I agreed
23   to accept an assignment as an expert witness and
24   I think I was representing -- I think the
25   attorney that contacted me was representing a
```

1                    Alfred W. Bodi
2    primary insurance carrier that was being sued by
3    an excess carrier on a claim which was tried,
4    actually tried twice that I can recall to a
5    verdict and the excess company sued the primary
6    company for the overage and the allegation was
7    failure to settle the claim.  I'm summarizing to
8    you what the issues were in that litigation.
9            Q.    Do you remember the name of the
10   case?
11           A.    I don't remember the plaintiff's
12   name, I remember the insurance carriers.
13           Q.    They were both insurance carriers,
14   excess versus a primary?
15           A.    The underlying case, I believe it
16   was RLI versus Merchants Mutual.  Merchants
17   Mutual was my principal's claim.
18           Q.    RLI versus Merchants Mutual, do you
19   remember what court that was pending in?
20           A.    I think that was in Hillsboro
21   County.
22           Q.    What state?
23           A.    New Hampshire, Hillsboro County, New
24   Hampshire.
25           Q.    At the time that you were involved

121

Alfred W. Bodi

1  in this litigation you were employed by
2  Travelers?
3      A.    No, I think at the time I was
4  employed by North American Specialty, I'm pretty
5  sure. So if I gave you 2001 it might have been
6  closer to '99, it might have been '99 because I
7  don't recall driving from Connecticut to New
8  Hampshire to testify. I'm pretty sure I was with
9  North American Specialty.
10     Q.    Tell me again who hired you to be an
11 expert witness?
12     A.    The law firm was Devine Millimet.
13     Q.    On behalf of what entity?
14     A.    On behalf of Merchants Mutual.
15     Q.    Was Merchants the excess or the
16 primary?
17     A.    They were the primary carrier.
18     Q.    Were you deposed in that case?
19     A.    Yes, I was.
20     Q.    Do you recall the substance of your
21 testimony in that case?
22     A.    My testimony was that the primary
23 insurance carrier evaluated the case properly and
24 their decision to try the case was proper,

```
 1                  Alfred W. Bodi
 2   recognizing that the result was unforeseeable and
 3   there was no liability.  The other argument was
 4   the excess carrier was well aware of the case,
 5   and had they voiced any objection thought the
 6   case could have been settled they could have made
 7   an offer.  They didn't have clean hands, they
 8   could have settled the case, that was really the
 9   gist of the issues.
10         Q.    Did you issue a written report at
11   all in connection with your work on that case?
12         A.    Yes, I did.
13         Q.    Do you have a copy of that report?
14         A.    If I can find it in my basement, if
15   I have it it's in my basement.
16         Q.    How did the case resolve, who won,
17   the primary or the excess?
18         A.    The excess won at trial and then it
19   was appealed, there were a whole bunch of issues
20   including -- well, there was a legal issue with
21   the duty of the excess carrier.  The long and
22   short of it, it was settled on appeal.
23         Q.    Do you know how it was settled?
24         A.    It was compromise, I forget the
25   amount.  The attorney who hired me told me that
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------X
EMCOR GROUP, INC.                       :    Civil Action No. Docket
                                        :    3:00-CV-2211 (AVC)
        Plaintiff,
                                        :

v.                                      :

INSURANCE COMPANY OF
NORTH AMERICA                           :

        Defendant.          :    June 1, 2004
---------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing Memorandum of Law in Support of Plaintiff's Motion to Compel was mailed, postage prepaid, on this the 1st day of June, 2004 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY  10601
914-323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Heidi H. Zapp, Esq.

4