IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x

| | | |
|---|---|---|
| EMCOR GROUP, INC., | : | Civil Action No. |
| | | Docket 3:00-CV-2211 (AVC) |
| Plaintiff, | : | |
| | | Judge Alfred V. Covello |
| v. | : | |
| | | June 17, 2004 |
| INSURANCE COMPANY OF NORTH AMERICA. | : | |
| | | |
| Defendant. | : | |

------------------------------------------------------------------- x

## MOTION TO QUASH

Defendant Insurance Company of North America ("INA") hereby moves for an Order quashing the subpoena served on Virginia Lloyd, a former employee of INA, pursuant to Rules 26(c) and 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure.

1. Attached as Exhibit "A" is a Subpoena served on Ms. Virginia Lloyd to compel her testimony on June 22, 2004 with respect to INA's counterclaim in this matter.

2. However, Ms. Lloyd is no longer associated with INA and is not the proper individual to give testimony with respect to INA's counterclaim. Ms. Lloyd does not have access to the most current financial information data or documents regarding INA's counterclaim.

3. INA does not object to the production of a witness to testify as to the issues involved in its counterclaim, however, Ms. Lloyd, who is no longer associated with INA, is not the proper individual to give testimony regarding these issues.

4. Fed.R.Civ.P. 45(c)(3)(A)(iv) provides in its relevant part that an individual or entity served with a subpoena may move to quash the subpoena on the grounds that it "subjects the person [or entity] to [an] 'undue burden." If a subpoena subjects any person to an "undue

728161.1

burden," it must, on timely motion, be quashed or modified to protect all persons from the undue burden imposed by the use of the subpoena power.  Advisory Committee Notes to FRCP 45(c)(3)(A)(iv).

6. Federal Rules of Civil Procedure 26(b)(2) provides that discovery shall be limited by the Court if it determines that:

> (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit taking into account the needs of the case, the amount in controversy, the parties; resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

8. We have contacted plaintiff's counsel in an effort to resolve this matter without requiring the non-party deposition of Ms. Lloyd.  We have informed counsel about Ms. Lloyd's status with INA, that she does not have relevant information, and we acknowledged that Emcor has the right to depose the appropriate INA witness on the counterclaim.  We also suggested discussing such deposition following the June 24th mediation.  However, Emcor refused.  As such, INA respectfully submits this motion for an order to quash the subpoena.

Dated: White Plains, New York
       June 17, 2004

DEFENDANTS INSURANCE COMPANY
OF NORTH AMERICA and VIRGINIA LLOYD

_____/s/_____
Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN &
 DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000 -- telephone
(914) 323-7001 -- facsimile
File No.:  00756.35967

728161.1