IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X

| | | |
|---|---|---|
| EMCOR GROUP, INC. | : | Civil Action No. |
| | | Docket 3:00-CV-2211 |
| Plaintiff, | : | (AVC) |
| v. | : | |
| INSURANCE COMPANY OF NORTH AMERICA: | | |
| Defendant. | : | April 30, 2004 |

------------------------------------------------------------X

### PLAINTIFF'S MOTION TO COMPEL

3:00cv2211 (AVC). July 7, 2004. This is an action for breach of contract and breach of fiduciary duty brought in connection with a contract of insurance. The plaintiff, EMCOR, alleges that the defendant, INA, improperly and unfairly classified certain claims as general liability claims and, in this way, prematurely exhausted the liability limits set forth in the contract. During the course of discovery, INA identified one Alfred Bodi as an expert. Bodi served as senior vice president of claims with Travelers Insurance Company. Thereafter, EMCOR deposed Bodi and during that proceeding, Bodi revealed that the Travelers no longer employed him and that at the time of the job termination, he entered into a confidential termination agreement with Travelers. Further, Bodi disclosed that, in a prior case in which he acted as an expert witness, he prepared a written expert report. EMCOR thereafter demanded a copy of the termination agreement and the expert report. When Bodi refused to furnish the information, INA brought the within motion to compel. Having considered the arguments of counsel and the relevant authority, the motion is DENIED to the extent it seeks disclosure of the termination agreement on grounds that EMCOR has failed to demonstrate any factual basis for concluding that the agreement has any relevance to this matter or would shed light on Bodi's credibility. See Davidson Pipe Co. v. Laventhol & Horwath, 120 F.R.D. 455 (S.D.N.Y. 1988). The motion is granted, however, to the extent it seeks disclosure of Bodi's prior expert report. Such reports in prior lawsuits are relevant to the issue of possible bias. See First State Bank v. Deere & Co, 1991 WL 46375, *7 (D. Kan. March 15, 1991).

SO ORDERED.

Alfred V. Covello, U.S.D.J.