FILED
2004 JUL -8 P 5: 32
U.S. DISTRICT COURT
HARTFORD, CT.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
EMCOR GROUP, INC.                      :    Civil Action No.
                                       :    Docket 3:00-CV-2211 (AVC)
              Plaintiff,               :
                                       :    Judge Alfred V. Covello
v.                                     :
                                       :
INSURANCE COMPANY OF NORTH AMERICA     :
                                       :
              Defendant.               :    April 12, 2004
------------------------------------------------------------X

## THIRD AMENDED COMPLAINT

<u>FIRST COUNT</u> (Breach of Contract-Misclassification/EMCOR)

1.  Plaintiff EMCOR Group, Inc. f/k/a JWP, Inc. ("EMCOR") is a Delaware corporation with a principal place of business in Norwalk, Connecticut.

2.  Defendant Insurance Company of North America ("INA") is a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania.

3.  At all relevant times herein, INA was licensed to do business and was conducting business within the State of Connecticut.

4.  INA issued policies of insurance providing coverage to EMCOR and its subsidiaries and affiliates for the periods 1992-93 ("92-93 INA Policy"); 1993-

94 ("93-94 INA Policy"); and 1994-95 ("94-95 INA Policy") (collectively, the "INA Policies").

5. Each of EMCOR's subsidiaries and affiliates is an insured under the INA Policies unless excluded (EMCOR and its subsidiaries and affiliates are referred to collectively as "EMCOR").

6. EMCOR duly paid insurance premiums to INA to purchase the INA Policies, and has complied with all conditions precedent under the INA Policies.

7. The INA Policies provide in relevant part as follows:

> 1. Insuring Agreement
>    a. [INA] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies…
>       (1) The amount [INA] will pay for damages is limited as described in the LIMITS OF INSURANCE (SECTION III); and
>       (2) [INA's] right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under coverages A or B…

8. The INA Policies further state in relevant part that:

> 11.a. 'Products-completed operations hazard' includes all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except:
> (2) Work that has not yet been completed or abandoned.
>    b. 'Your work' will be deemed completed at the earliest of the following times:
>       (1) When all the work called for in your contract has been completed.

2

> (2) When all the work to be done at the site has been completed if your contract calls for work at more than one site.
> (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

9.  The INA Policies have separate applicable limits of liability for general liability ("GL") claims and products-completed operations hazard ("PL/CO") claims.

10. The GL annual aggregate limit is $2,000,000.00 and the PL/CO annual aggregate limit is $3,000,000.00 pursuant to each of the INA Policies.

11. INA claims that the GL annual aggregate limit of $2,000,000.00 under each of the INA Policies has been exhausted and that it has no responsibility to pay for defense or indemnity of GL claims once the applicable limit of liability has been exhausted.

12. The PL/CO annual aggregate limit under each of the INA Policies has <u>not</u> been exhausted.

13. INA has improperly and unfairly classified certain PL/CO claims against EMCOR as GL claims. The claims that INA misclassified include, but are not limited to, those claims identified on <u>Exhibit A</u> attached hereto and incorporated herein.

3

14. INA has failed to pay for defense and indemnity of certain claims against EMCOR under the INA Policies.

15. INA's classification of said PL/CO claims as GL claims caused the GL aggregate limits under the INA Policies to appear to be exhausted prematurely, thereby avoiding INA's obligation to pay defense costs and make indemnity payments for actual GL claims after the date of the premature exhaustion of the GL aggregate limits.

16. As a result of INA's breach of contract, EMCOR has been damaged.

SECOND COUNT (Breach of Contract-Wrongful settlement)

1 – 16 Paragraphs 1 through 16 of the First Count are incorporated herein as paragraphs 1 through 16 of the Second Count.

17. On or about December 30, 1997, INA sought to prematurely exhaust the GL aggregate limits of the 92-93 INA Policy by tendering a check to EMCOR for the amount of the remaining GL aggregate limit existing at that time in an attempt to avoid further defense and indemnity payments.

18. EMCOR refused to accept INA's attempted premature exhaustion of the 92-93 INA Policy and returned said payment to INA.

19. Following INA's attempted premature and wrongful exhaustion of the 92-93 INA Policy, and contrary to its customary method of claims handling and its contractual obligations, INA settled at least one GL claim against EMCOR

4

without EMCOR's consent and for more than was necessary under the circumstances.

20. This extraordinary settlement had the effect of allowing INA to claim prematurely that the GL aggregate limits of the 92-93 INA Policy were exhausted.

21. Through said premature exhaustion, INA avoided further defense costs and indemnity payments on behalf of EMCOR for other GL claims.

22. As a result of INA's breach of contract, EMCOR has been damaged.

THIRD COUNT (Breach of Contract-Misclassification/Dynalectric)

1-4. Paragraphs 1 through 4 of the First Count are incorporated herein as paragraphs 1 through 4 of the Third Count

5. INA also issued a separate insurance policy to a group of EMCOR subsidiaries known collectively as the Dynalectric Companies (hereinafter "Dynalectric") for the policy period October 1, 1993–October 1, 1994, policy number HDO GI 658473-3 (the "INA Dynalectric Policy").

6. Pursuant to endorsement 35 of the 93-94 INA Policy, claims against Dynalectric are excluded from said policy.

7. INA has improperly and unfairly classified certain claims against Dynalectric to the 93-94 INA Policy instead of the INA Dynalectric Policy.

8. INA's conduct in classifying said claims to the 93-94 INA Policy instead of the INA Dynalectric Policy caused the GL and PL/CO aggregate limits of the 93-94 INA Policy to be exhausted prematurely, thereby avoiding INA's obligation to pay defense costs and make indemnity payments for actual GL and PL/CO claims under the 93-94 INA Policy after the date of the premature exhaustion of the GL and PL/CO aggregate limits.

9. As a result of INA's breach of contract, EMCOR has been damaged.

FOURTH COUNT (Bad Faith)

1 – 27. Paragraphs 1 through 22 of the Second Count and paragraphs 5 through 9 of the Third Count are incorporated herein as paragraphs 1 through 27 of the Fourth Count.

28. INA owes a duty of good faith and fair dealing to EMCOR.

29. INA breached its duty of good faith and fair dealing by refusing to pay for defense and indemnity of certain claims, by misclassifying certain claims, and by improperly settling at least one GL claim against EMCOR without EMCOR's consent and for more than was necessary under the circumstances.

30. As a result of INA's breach of the implied covenant of good faith and fair dealing, EMCOR has been damaged.

FIFTH COUNT (Breach of Fiduciary Duty)

1-30. Paragraphs 1 through 30 of the Fourth Count are incorporated herein as paragraphs 1 through 30 of the Fifth Count.

31.     INA has a fiduciary obligation to EMCOR.

32.     Pursuant to its fiduciary obligation, INA is required to regard EMCOR's interests as the insured on an equal or better basis than INA's pecuniary interests.

33.     INA breached its fiduciary obligation to EMCOR by refusing to pay for defense and indemnity of certain claims, by misclassifying certain claims, and by improperly settling at least one GL claim against EMCOR.

34.     As a result of INA's breach of its fiduciary duty, EMCOR has been damaged.

SIXTH COUNT (Declaratory Judgment)

1- 27. Paragraphs 1 through 22 of the Second Count and paragraphs 5 through 9 of the Third Count are incorporated herein as paragraphs 1 through 27 of the Sixth Count.

28.     Pursuant to the PL/CO aggregate limits and the GL aggregate limits of the INA Policies, the proper classification of claims is critically important to EMCOR, and any misclassification of claims can have a significantly adverse financial impact on EMCOR.

29. Pursuant to the PL/CO aggregate limits and the GL aggregate limits of the INA Policies, the proper and fair settlement of claims against EMCOR is critically important to EMCOR, and any unfair or improper settlement of claims against EMCOR can have a significantly adverse financial impact on EMCOR.

30. EMCOR has requested that INA reclassify the improperly classified claims, but INA has refused.

31. An actual and justiciable controversy exists between EMCOR and INA as to whether INA has improperly classified certain claims, and as to whether the limits of the INA Policies are actually exhausted.

32. This controversy creates substantial uncertainty of legal relations and responsibilities between EMCOR and INA which requires resolution.

<u>SEVENTH COUNT</u> (Breach of Contract)

1-13. Paragraphs 1 through 13 of the First Count are incorporated herein as paragraphs 1 through 13 of the Seventh Count.

14. INA agreed to reclassify certain claims against EMCOR and its subsidiaries from GL claims to PL/CO claims. The claims that INA agreed to reclassify as PL/CO claims include, but are not limited to, those claims identified on <u>Exhibit B</u> attached hereto and incorporated herein.

15. INA failed to reclassify said claims correctly, and as a result the amounts paid for defense and indemnity on each of these claims contributed to the premature exhaustion of the GL aggregate limits of each of the INA Policies.

16. As a result of INA's breach of contract, EMCOR has been damaged.

WHEREFORE, the Plaintiff demands:

I. <u>As to the First, Second, Third, Fifth and Seventh Counts:</u>

1. Monetary damages;
2. Interest;
3. Costs; and
4. Such other relief as the Court deems appropriate.

II. <u>As to the Fourth Count:</u>

1. Monetary damages;
2. Interest;
3. Costs;
4. Attorney's fees;
5. Punitive damages; and
6. Such other relief as the Court deems appropriate.

III. <u>As to the Sixth Count:</u>

A judicial declaration pursuant to Conn. Gen. Stat. § 52-29 that:

1. Certain claims improperly classified by INA as GL claims are PL/CO claims;
2. EMCOR is entitled to have those claims improperly classified as GL claims reclassified as PL/CO claims;
3. INA must pay for the defense and indemnity of the PL/CO claims under the PL/CO coverage in the applicable INA Policies, and defend and indemnify EMCOR for the GL claims until the GL aggregate limits of the INA Policies are actually exhausted;

9

4. Once those claims are properly classified as PL/CO claims, EMCOR is relieved of making any further defense or indemnity payments for GL claims until the relevant aggregate limits of the applicable INA Policy are exhausted;

5. Claims against Dynalectric for the October 1, 1993-October 1, 1994 policy year should not be classified to the 93-94 INA Policy;

6. EMCOR is entitled to have those claims improperly classified to the 93-94 INA policy re-classified to the INA Dynalectric Policy;

7. INA must pay for the defense and indemnity of EMCOR under the 93-94 INA Policy until the respective GL and PL/CO aggregate limits of the 93-94 INA Policy are actually exhausted; and

8. Once those claims are properly classified to the INA Dynalectric Policy, EMCOR is relieved of making any further defense or indemnity payments under the 93-94 INA Policy until the respective aggregate limits of the 93-94 INA Policy are exhausted.

THE PLAINTIFF
EMCOR Group, Inc.

By: _____
Jeffrey J. Vita, Esq.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, Connecticut 06517
(203) 287-8890
Fed. Bar No. ct08036
Email:jjv@sdvlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
EMCOR GROUP, INC.                          :     Civil Action No.
                                           :     Docket 3:00-CV-2211 (AVC)
                Plaintiff,                 :
                                           :     Judge Alfred V. Covello
v.                                         :
                                           :
INSURANCE COMPANY OF NORTH AMERICA         :
                                           :
                Defendant.                 :     April 12, 2004
---------------------------------------------------------------X

## **CERTIFICATION**

This is to certify that the foregoing was mailed, postage prepaid, on this the 12th day of April, 2004 to the following:

Thomas Leghorn, Esq. (CT 22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.

## EXHIBIT A

**1992-1993 Policy Year:**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 1. | Hans v. Budin Contracting Corporation | 10-22-92 | 2806-330-870699-5 |
| 2. | Daniel v. JWP, Inc. | 11-5-92 | 2806-340-113460-6 |
| 3. | Hayles-Nelson v. The City of New York, et al | 11-1-92 | 2806-330-62375-8 |
| 4. | Newman v. Schwendener, et al | 11-11-92 | 2806-190-64221-8 |
| 5. | Caspe v. The City of New York, et al | 11-26-92 | 2806-330-893121-9 |
| 6. | Dickstein v. Petrocelli Electric Co., et al | 12-6-92 | 2806-330-889206-X |
| 7. | Allstate Insurance Co. a/s/o Levy v. City of New York | 11-29-92 | 2806-330-871174-7 |
| 8. | Clerge v. JWP Welsbach Electric Corp. et al | 12-11-92 | 2806-330-879114-5 |
| 9. | Freda v. Welsbach Electric Company | 12-26-92 | 2806-330-891077-0 |
| 10. | Uvaydova & Estate of Rafael Iskhakov v. JWP Welsbach Electric Corp. et al | 12-30-92 | 2806-330-886662-7 |
| 11. | Jordan v. The City of New York, et al. | 1-11-93 | 2806-330-889511-7 |
| 12. | Brienza v. The City of New York, et al | 1-23-93 | 2806-330-877035-5 |
| 13. | Tahal v. The City of New York, et al | 1-29-93 | 4337-390-953058-7 |
| 14. | Royal Insurance Co. of America a/s/o Bulgari Corp. v. Barneys of New York, et al | 2-2-93 | 4337-390-952679-2 |
| 15. | Birt v. J.W. Welsbach Electric Corp. et al | 2-8-93 | 2806-330-889811-X |

**1992-1993 Policy Year: (cont)**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 16. | Newark Insurance Co. a/s/o John J. McMullen v. Consolidated Edison Company of New York et al | 2-12-93 | 2806-330-889672-3<br>4337-390-889672-3 |
| 17. | Edwards v. Welsbach Electric Corp, et al | 2-27-93 | 2806-330-888805-5 |
| 18. | Lopez v. Thrifty Car Rental, et al | 3-7-93 | 4337-390-953073-0 |
| 19. | Benvenuto (n/k/a Ferretti) v. JWP Maintenance and Services, Inc. d/b/a Broadway Maintance, et al | 3-14-93 | 2806-330-895731-1 |
| 20. | Jenkins v. The City of New York, et al | 3-16-93 | 4337-390-953107-1 |
| 21. | Khatib v. Welsbach Electric Corp., et al | 3-19-93 | 2806-330-881782-0 |
| 22. | Kargbo v. Cornell-AEC, et al | 3-31-93 | 2806-180-97938-8 |
| 23. | Lee v. Welsbach Electric Company | 4-1-93 | 2806-330-895776-2 |
| 24. | Moran v. The City of New York, et al | 4-11-93 | 2806-330-881757-8 |
| 25. | Gialamboukis v, The City of New York, et al | 4-20-93 | 2806-330-882203-3 |
| 26. | Lux v. The Board of Education of the City of New York, et al | 4-21-93 | 2806-330-882978-8 |
| 27. | Mazzeo v. Count of Nassau, et al | 4-28-93 | 2806-330-868919-7 |
| 28. | Alden v. The City of New York, et al | 4-29-93 | 2806-330-876508-6 |
| 29. | Wright v. The City of New York, et al | 5-5-93 | 2806-330-899058-6<br>4337-390-899058-6 |
| 30. | Asher v. The City of New York, et al | 5-16-93 | 2806-330-879181-6 |
| 31. | Messina v. The City of New York, et al | 5-28-93 | 2806-390-952628-6<br>4337-390-952628-6 |

**1992-1993 Policy Year: (cont)**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 32. | Carbo v. Welsbach Electric Corp. | 6-10-93 | 2806-330-897412-X |
| 33. | Waldron v. The City of New York, et al | 7-4-93 | 2806-390-962330-6 |
| 34. | Griffith v. Aghabi, et al | 7-15-93 | 2806-330-876401-9 |
| 35. | Soderberg v. Barr & Barr, et al | 7-20-93 | 2806-330-893798-4<br>4337-390-893798-4 |
| 36. | Glassman, et al v. Dorfman, et al. | 7-24-93 | 2806-330-886551-6 |
| 37. | Welsh v. Roth, et al | 7-27-93 | 2806-330-889467-7 |
| 38. | Alexander v. Welsbach Electric Corp. | 7-25-93 | 2806-330-897954-2 |
| 39. | Uhler v. Welsbach Electric Company | 8-4-93 | 2806-330-876139-0 |
| 40. | Abramowitz v. Howard, et al | 8-5-93 | 2806-330-881627-X<br>4337-390-881627-X |
| 41. | Jean v. The City of New York, et al | 9-6-93 | 2806-330-886486-7 |
| 42. | United Parcel Service of America, Inc. v. Johnson Peltier Electric Inc. et al | 9-26-93 | 2806141260<br>2951-340-141260-9 |
| 43. | Bonner v. The Dormitory Authority of the State of New York, et al | 9-1-93 thru 6-27-95 | 2806-390-952519-7<br>4337-390-952519-7<br>514164349 |

**1993-1994 Policy Year:**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 44. | Cantero v. Welsbach Electric Corp. et al | 10-18-93 | 2806-330-881850-2 |
| 45. | Bernard v. The County of Nassau, et al | 11-1-93 | 2806-330-881218-8 |
| 46. | Joseph & Milfort v. The County of Nassau, et al | 11-1-93 | 2806-330-881218-8<br>4337-330-901533-6 |
| 47. | Joseph v. Todino et al | 11-2-93 | 2806-330-898817-7 |

**1993-1994 Policy Year: (cont.)**

| No. | Case | Date of Loss | Claim # |
|-----|------|--------------|---------|
| 48. | Teichman v. The City of New York, et al | 11-18-93 | 2806-330-97905-8 |
| 49. | Barnett/Connolly v. Sikorski, et al | 11-18-93 | 2806-330-80627-0 |
| 50. | Costello v. Contra Costa Electric, et al | 11-20-93 | 2951-560-16591-9 |
| 51. | Rosario v. The City of New York, et al | 12-4-93 | 4337-390-953099-4 |
| 52. | Ensler v. The City of New York, et al | 12-11-93 | 2806-330-88702-1 |
| 53. | Palotsi & Pogorelsky v. Welsbach Electric Company, et al | 12-16-93 | 2806-330-899472-2<br>4337-330-900336-8 |
| 54. | Aarne v. Tishman Construction, Inc., et al | 1-7-94 | 2806-330-81980-0 |
| 55. | Gartenberg v. Lyons Dodge, Inc., et al | 1-8-94 | 2806-330-882253-9<br>4337-330-901534 |
| 56. | Commerce & Industry Ins. Co. (Ziff) v. Penguin Air Conditioning, Inc. | 1-16-94 | 2806-330-877260-X<br>4337-330-901529-2 |
| 57. | State Farm Mutual Auto Ins. Co./Robert Napolitano v. The City of New York, etal | 3-1-94 | 2806-330-97880-5 |
| 58. | Dekenipp v. New York Paving, Inc., et al | 3-3-94 | 2806-330-896734-3<br>4337-330-900343-4 |
| 59. | Maltese v. Door Systems, Inc., et al | 3-21-94 | 2806-190-672509-2<br>4337-390-952743-0 |
| 60. | Hadash v. The City of New York, et al | 4-23-94 | 4337-390-952546-1 |
| 61. | Williams v. Emmanuel Brunot, et al | 4-25-94 | 2806-330-896199-7<br>4337-330-900349-X |
| 62. | Pellot v. The City of New York, et al | 6-5-94 | 4337-390-953063-1 |
| 63. | Harding v. Dorff Construction Co. Inc., et al | 6-13-94 | 2806-390-952731-X<br>4337-390-952731-X |
| 64. | Silver v. New York Transit Authority, et al | 6-22-94 | 2806-330-900110-2 |

**1993-1994 Policy Year: (cont.)**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 65. | Gager v. Consolidated Edison Company of New York, et al | 6-30-94 | 2806-330-91133-1 |
| 66. | Skulsky v. Welsbach Electric Corp. | 8-2-94 | 2806-330-893281-4 |
| 67 | Weathers v. Welsbach Electric Co. | 8-29-94 | 2806-330-94096-5 |
| 68 | Howard v. The City of New York, et al | 8-31-94 | 2806-330-96753-0<br>4337-330-00344-5 |
| 69. | Martinez v. Nassau Street Partners, et al | 9-19-94 | 2806-330-890425-8 |

**1994-1995 Policy Year:**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 70. | Patterson v. Broadway Maintenance Corp. et al | 10-1-94 | 2806-330-901266-3<br>4337-390-901266-3 |
| 71. | Goldberg v. Welsbach Corp., et al | 10-7-94 | 2806-330-90448-9 |
| 72. | Johannemann v. 110 William Street Company, et al | 10-11-94 | 2806953014<br>4337-390-953014-7 |
| 73. | Interboro Mutual Indemnity Insurance Co. a/s/o Willie Brinkley v. N.Y. City of Dept. of Transportation, et al | 10-11-94 | 4337-390-962253-6 |
| 74. | North River Insurance Co. a/s/o Oak Hill Partners, Inc. v. Arista Air Conditioning Corp., et al | 11-7-94 | 2806-330-888628-4 |
| 75. | Blanco v. The City of New York, et al | 11-13-94 | 4337-390-953003-7 |
| 76. | Surrency v. The City of New York, et al | 11-16-94 | 2806-330-900527-1<br>4337-390-900527-1 |
| 77. | LaRosa v. Jenkins, et al | 11-23-94 | 2806-330-893845-7 |

**1994-1995 Policy Year: (cont.)**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 78. | Martin v. Welsbach Electric Corporation of L.I. | 12-17-94 | 2806-330-952334-9<br>4337-390-952334-9 |
| 79. | Hands v. The City of New York, et al | 1-4-95 | 2806-330-891883-3<br>4337-390-891883-3 |
| 80. | Valinotti v. Kings Plaza, et al | 1-12-95 | 2806-330-96492-3 |
| 81. | Gannon v. JWP Forest Electric Corporation | 1-23-95 | 2806-330-892474-0<br>4337-390-892474-0 |
| 82. | Trilleras v. The City of New York, et al | 2-6-95 | 2806-330-896733-2<br>4337-390-896733-2 |
| 83. | Ohayon v. The City of New York, et al | 2-8-95 | 2806-330-895678-3 |
| 84. | Cheng v. Welsbach Electric Corp. | 2-9-95 | 2806-390-952514-2<br>4337-390-952514-2 |
| 85. | Randall v. The City of New York, et al | 3-2-95 | 2806-330-01426-9<br>4337-390-01426-9 |
| 86. | Pera v. The City of New York, et al | 3-3-95 | 2806-330-900255-4<br>4337-390-900255-4 |
| 87. | Aschoff v. The City of New York, et al | 3-20-95 | 2806-330-898243-5 |
| 88. | Polichetti v. The City of New York, et al | 3-20-95 | 2806-330-898243-5<br>495615349 |
| 89. | Rodriquez | 3-29-95 | 2806-390-52522-X<br>4337-390-52522-X |
| 90. | Jean-Baptiste v. The City of New York, et al | 4-5-95 | 2806-330-897105-0<br>4337-390-897105-0 |
| 91. | Kushmider v. The City of New York, et al | 4-7-95 | 2806-330-897118-2 |
| 92. | Cyrus v. Welsbach Corp., et al | 4-30-95 | 2806-330-892996-5 |
| 93. | Lenett v. The City of New York, et al | 4-30-95 | 2806-390-952502-1<br>4337-390-952502-1 |
| 94. | Pineda v. Welsbach Electric Corp. | 5-14-95 | 2806-390-952547-2<br>4337-390-952547-2 |
| 95. | Saywack v. Scott, et al | 5-18-95 | 4337-390-953098-3 |

**1994-1995 Policy Year: (cont.)**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 96. | Lindauer v. JWP, Inc. d/b/a Penguin Air Conditioning, Inc. | 6-6-95 | 2806-330-892091-2<br>4337-390-892091-2 |
| 97. | State Farm Ins. Co. a/s/o Jamie Conologue v. Orofino, et al | 6-19-95 | 2806-330-893096-6 |
| 98. | Garcia v. The City of New York, et al | 6-24-95 | 2806-390-900704-2<br>4337-390-900704-2 |
| 99. | Warren v. The City of New York, et al | 7-10-95 | 2806-330-896601-2 |
| 100. | Henrichsen v. Welsbach Electric Corp., et al | 7-15-95 | 2806-390-952633-0<br>4337-390-952633-0 |
| 101. | Singh v. The City of New York, et al | 7-25-95 | 2806-390-952661-6<br>4337-390-952661-6 |
| 102. | Thercier v. Pierre, et al | 7-28-95 | 2806-330-892547-7 |
| 103. | Rosner v. The City of New York, et al | 7-31-95 | 2806-330-97997-1 |
| 104. | Pacombe v. The City of New York, et al | 8-16-95 | 2806-330-900155-3<br>4337-390-900155-3 |
| 105. | Feo v. The County of Nassau, et al | 8-29-95 | 2806-330-895955-5 |
| 106. | Hendrickson v. Welsbach Electric Corp. | 9-30-95 | 2806-330-901380-7<br>4337-390-901380-7 |

## EXHIBIT B

**1992-1993 Policy Year:**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 1. | Allendale Insurance | 9/26/93 | 2806141260 |
| 2. | Forest City Enterprises | 5/4/93 | 2806870870 |
| 3. | Perkins, J. | 3/10/93 | 2806666527 |
| 4. | Voves, James | 8/5/93 | 2806665864 |
| 5. | Brown, A. | 5/20/93 | 2806877984 |
| 6. | Diaz, A. | 6/03/93 | 2806890072 |
| 7. | Gomez, T. | 7/07/93 | 2806893069 |
| 8. | Perkins, J | 3/10/93 | 2806666527 |
| 9. | Robinson, H. | 8/5/93 | 2806654234 |
| 10. | Zaretsky, Bruce | 7/24/93 | 2806897475 |
| 11. | Zeluck, L | 5/12/93 | 2806890389 |
| 12. | Wilson, L | 12/24/92 | 2806886948 |
| 13. | Brown, A. | 9/22/93 | 2806894315 |
| 14. | Gomez, D | 7/7/93 | 2806893069 |
| 15. | Zaretsky, Bruce | 7/24/93 | 2806897475 |
| 16. | Buonamini, A. | 2/4/93 | 2806887935 |
| 17. | Colon, A. | 1/11/93 | 2806877322 |
| 18. | Diaz, A. | 6/3/93 | 2806890072 |
| 19. | Durham, E. | 4/28/93 | 2806883861 |
| 20. | Klein, A. | 3/24/93 | 2806887451 |
| 21. | Lee, Y. | 4/1/93 | 2806895776 |
| 22. | Milazzo, L. | 5/1/93 | 2806887322 |
| 23. | Olicker, E | 2/5/93 | 2806894860 |
| 24. | Reshes, J. | 8/28/93 | 2806883380 |
| 25. | State Farm | 9/12/93 | 2806887003 |
| 26. | Whalen, T. | 5/13/93 | 2806889335 |
| 27. | Breen, Catherine | 1/1/93 | 2806478035 |

**1993-1994 Policy Year:**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 28. | Greenberg | 6/13/94 | 2806882555 |
| 29. | Perlen, A. | 1/28/94 | 2806886663 |
| 30. | Specchia, A. | 10/15/93 | 2806898791 |
| 31. | Maguire, M. | 6/11/94 | 2806894856 |
| 32. | Mercy Healthcare | 8/1/94 | 4337153069 |
| 33. | Tapfar, P. | 8/16/94 | 2806894381 |
| 34. | Angerome, Ellen | 10/11/93 | 2806884119 |
| 35. | Fifty Fremont | 7/05/94 | 2951521381 |
| 36. | Friedman, N. | 2/28/94 | 2806524180 |
| 37. | Herlock, D. | 8/10/94 | 2806889886 |

**1993-1994 Policy Year:**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 38. | Knox, S. | 3/13/94 | 2806900829 |
| 39. | Komal, R. | 6/7/94 | 2806899471 |
| 40. | Lopez, C. | 5/20/94 | 2806245019 |
| 41. | Quinones, A. | 8/21/94 | 2806896778 |
| 42. | Roche, M. | 6/5/94 | 2806888473 |
| 43. | Shannon, S. | 12/3/93 | 4337150893 |

**1994-1995 Policy Year:**

| No. | Case | Date of Loss | Claim # |
|---|---|---|---|
| 44. | Johannemann, P. | 10/11/94 | 2806953014 |