IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x

| | | |
|---|---|---|
| EMCOR GROUP, INC., | : | Civil Action No. |
| | | Docket 3:00-CV-2211 (AVC) |
| Plaintiff, | : | |
| | | Judge Alfred V. Covello |
| vs. | : | |
| | | **THIRD AMENDED ANSWER** |
| INSURANCE COMPANY OF NORTH AMERICA. | : | |
| | | |
| Defendant. | : | July 20, 2004 |

------------------------------------------------------------------- x

Defendant INSURANCE COMPANY OF NORTH AMERICA ("INA"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, pursuant to Fed.R.Civ.P. 8(b) and 8(c) hereby responds to Plaintiff's Third Amended Complaint as follows:

**AS AND FOR AN ANSWER TO THE FIRST COUNT**

(Breach of Contract)

1.   Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "1" of the Third Amended Complaint.

2.   Admits the allegations contained in Paragraph "2" of the Third Amended Complaint.

3.   Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "3" of the Third Amended Complaint, except admits that INA was licensed to transact certain lines of insurance in the State of Connecticut for certain periods of time.

744462.1

4.  Denies the allegations contained in Paragraph "4" of the Third Amended Complaint, but admits that it issued general liability policies of insurance to JWP, Inc., the named insured, for the periods October 1, 1992 to October 1, 1993, October 1, 1993 to October 1, 1994, and October 1, 1994 to October 1, 1995. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

5.  Denies the allegations contained in Paragraph "5" of the Third Amended Complaint.

6.  Denies the allegations contained in Paragraph "6" of the Third Amended Complaint that Emcor duly paid insurance premiums to INA, and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

7.  Denies the allegations contained in Paragraph "7" of the Third Amended Complaint except admits that the policies referenced in Paragraph "4" of this Third Amended Answer contain a Section I captioned "Coverages" which contain in part, the words alleged in Paragraph "7" of the Third Amended Complaint. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

8.  Denies the allegations contained in Paragraph "8" of the Third Amended Complaint, except admits that the policies referenced in Paragraph "4" of this Third Amended Answer contain a Section V captioned "Definitions" which contain in part, the words alleged in Paragraph "8" of the Third Amended Complaint. Further answering, INA states that the terms,

744462.1

- 3 -

conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

9. Denies the allegations contained in Paragraph "9" of the Third Amended Complaint, except admits that the policies referenced in Paragraph "4" of this Third Amended Answer contain a page captioned "Declarations" which set forth the limits of insurance as $2,000,000 general aggregate limit (other than Products/Completed Operations) and Products/Completed Operations aggregate limit of $3,000,000. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

10. Denies the allegations contained in Paragraph "10" of the Third Amended Complaint, except admits that the policies referenced in Paragraph "4" of this Third Amended Answer contain a page captioned "Declarations" which set forth the limits of insurance as $2,000,000 general aggregate limit (other than Products/Completed Operations) and Products/Completed Operations aggregate limit of $3,000,000. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policies, including the endorsements, speak for themselves.

11. Denies the allegations contained in Paragraph "11" of the Third Amended Complaint.

12. With respect to Paragraph "12" of the Third Amended Complaint, admits that the Products/Completed Operations Aggregate Limits of Insurance in each of the policies referenced in Paragraph "4" of this Second Amended Answer have not been exhausted as of the date of this Answer and denies all remaining allegations.

13. Denies the allegations contained in Paragraph "13" of the Third Amended Complaint.

14. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "14" of the Third Amended Complaint, but pursuant to the policies referenced in Paragraph "4" of this Third Amended Answer, INA has and had no obligation to defend Plaintiff or to pay for the defense of Plaintiff, and refers all questions of law to the Court for determination at the time of trial.

15. Denies the allegations contained in Paragraph "15" of the Third Amended Complaint.

16. Denies the allegations contained in Paragraph "16" of the Third Amended Complaint.

### AS AND FOR AN ANSWER TO THE SECOND COUNT

(Breach of Contract)

1-16. With respect to Paragraph "1-16" of the Second Count of the Third Amended Complaint, repeats and incorporates by reference the responses contained in Paragraph "1" through "16" above as if set forth at length herein.

17. Denies the allegations contained in Paragraph "17" of the Third Amended Complaint.

18. Denies the allegations contained in Paragraph "18" of the Third Amended Complaint.

744462.1

19. Denies the allegations contained in Paragraph "19" of the Third Amended Complaint.

20. Denies the allegations contained in Paragraph "20" of the Third Amended Complaint.

21. Denies the allegations contained in Paragraph "21" of the Third Amended Complaint.

22. Denies the allegations contained in Paragraph "22" of the Third Amended Complaint.

## AS AND FOR AN ANSWER TO THE THIRD COUNT

(Breach of Contract – Misclassification/Dynalectric)

1-4. With respect to Paragraph "1-4" of the Third Count of the Third Amended Complaint, repeats and incorporates by reference the responses contained in Paragraph "1" through "4" above as if set forth at length herein.

5. Denies the allegations contained in Paragraph "5" of the Third Count of the Second Amended Complaint, but admits that INA issued a general liability policy of insurance to Dynalectric Companies, the named insured, for the period October 1, 1993 to October 1, 1994. Further answering, INA states that the terms, conditions and exclusions of the above-referenced policy, including the endorsements, speak for themselves.

- 5 -

744462.1

6.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "6" of the Third Count of the Third Amended Complaint. Further answering, INA states that the terms, conditions and exclusions of the 1993-1994 INA Policy, including the endorsements, speak for themselves.

7.     Denies the allegations contained in Paragraph "7" of the Third Count of the Third Amended Complaint.

8.     Denies the allegations contained in Paragraph "8" of the Third Count of the Third Amended Complaint.

9.     Denies the allegations contained in Paragraph "9" of the Third Count of the Third Amended Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH COUNT

(Bad Faith)

1-27.     With respect to Paragraph "1-27" of the Fourth Count of the Third Amended Complaint, repeats and incorporates by reference the responses to Paragraph "1" through "22" of the Second Count and Paragraphs "5" through "9" of the Third Count above as if set forth at length herein.

28.     The allegations contained in Paragraph "28" of the Third Amended Complaint are conclusions of law as to which no response can be made or is required. To the extent that any response is required, INA exercised the utmost of good faith and fair dealing with respect to the insured with respect to the policies referenced in Paragraph "4" of this Third Amended Answer,

- 6 -

744462.1

- 7 -

refers all questions of law and questions of the relations, rights, and obligations of the parties to the Court for determination at the time of trial, and denies all remaining allegations.

29. Denies the allegations contained in Paragraph "29" of the Third Amended Complaint.

30. Denies the allegations contained in Paragraph "30" of the Third Amended Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH COUNT

(Breach of Fiduciary Duty)

1-30. With respect to Paragraph "1-30" of the Fifth Count of the Third Amended Complaint, repeats and incorporates by reference the responses to Paragraph "1" through "30" of the Fourth Count above as if set forth at length herein.

31. The allegations contained in Paragraph "31" of the Third Amended Complaint are conclusions of law as to which no response can be made or is required. To the extent that any response is required, INA denies the allegations and refers all questions of law to the Court for determination at the time of trial.

32. The allegations contained in Paragraph "32" of the Third Amended Complaint are conclusions of law as to which no response can be made or is required. To the extent that any response is required, INA considered the interests of its insured as required by the terms of the policies referenced in Paragraph "4" of this Third Amended Answer and applicable law, denies the remaining allegations, and refers all questions of law to the Court for determination at the time of trial.

744462.1

33. Denies the allegations contained in Paragraph "33" of the Third Amended Complaint.

34. Denies the allegations contained in Paragraph "34" of the Third Amended Complaint.

### AS AND FOR AN ANSWER TO THE SIXTH COUNT

(Declaratory Judgment)

1-27   With respect to Paragraph "1-27" of the Third Amended Complaint, repeats and incorporates by reference the responses to Paragraph "1" through "22" of the Second Count and Paragraph "5" through "9" of the Third Count above as if set forth at length herein.

28. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "28" of the Sixth Count of the Third Amended Complaint.

29. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "29" of the Sixth Count of the Third Amended Complaint.

30. Denies the allegations contained in Paragraph "30" of the Sixth Count of the Third Amended Complaint.

31. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "31" of the Sixth Count of the Third Amended Complaint.

744462.1

32. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "32" of the Sixth Count of the Third Amended Complaint.

## AS AND FOR AN ANSWER TO THE SEVENTH COUNT

(Breach of Contract)

1-13  With respect to Paragraph "1-13" of the Seventh Count of the Third Amended Complaint, repeats and incorporates by reference the responses to Paragraphs "1" through "13" of the First Count above as if set forth at length herein.

14. With respect to the allegations contained in Paragraph "14" of the Seventh Count of the Third Amended Complaint, admits that certain claims were recoded as completed products claims at the request of the plaintiff and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remianing allegations

15. Denies the allegations contained in Paragraph "15" of the Seventh Count of the Third Amended Complaint.

165. Denies the allegations contained in Paragraph "16" of the Seventh Count of the Third Amended Complaint.

## FIRST SPECIAL DEFENSE

The Third Amended Complaint, and each cause of action therein, fails to allege facts sufficient to state a cause of action against INA for which Plaintiff is entitled to relief.

744462.1

## SECOND SPECIAL DEFENSE

Plaintiff's claim is barred in whole or in part pursuant to Endorsement 32 of each of the insurance policies referenced in Paragraph "4" and Paragraph "5" in the answer to the Third Count of this Third Amended Answer.

## THIRD SPECIAL DEFENSE

Plaintiff's claim is barred in whole or in part by the terms, exclusions, conditions and limitations contained in the insurance policies referenced in Paragraph "4" and Paragraph "5" in the answer to the Third Count of this Third Amended Answer.

## FOURTH SPECIAL DEFENSE

Plaintiff breached the implied covenant of good faith and fair dealing inherent in its contract(s) with INA, and by virtue of said breach, Plaintiff's claims are barred in whole or in part.

## FIFTH SPECIAL DEFENSE

The causes of action in the Complaint are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

## SIXTH SPECIAL DEFENSE

The causes of action in the Third Amended Complaint are barred in whole or in part by the applicable Statutes of Limitations.

## SEVENTH SPECIAL DEFENSE

To the extent that Plaintiff claims that it is owed a duty or obligation by INA not expressly provided in the written insurance policies under which Plaintiff claims the duty or

obligation arises, Plaintiff's causes of action with respect to such duty or obligation are barred by the Statute of Frauds.

### EIGTH SPECIAL DEFENSE

The causes of action in the Third Amended Complaint are barred in whole or in part because any and all exemplary or punitive damages claims alleged in the Complaint violate INA's right to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and are therefore barred in whole or in part by virtue of the "supremacy clause" of Article VI of the United States Constitution.

### NINTH SPECIAL DEFENSE

The causes of action in the Third Amended Complaint are barred in whole or in part because any and all exemplary or punitive damages claims alleged in the Complaint violate INA's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and are therefore barred in whole or in part by virtue of the "supremacy clause" of Article VI of the United States Constitution.

### TENTH SPECIAL DEFENSE

The Third Amended Complaint fails to allege sufficient facts to support an award of punitive damages against INA.

### ELEVENTH SPECIAL DEFENSE

Plaintiff lacks the requisite capacity, standing and authority to bring the within action to the extent that it is not a real party in interest and/or has no right to any benefits provided under the terms and provisions of the policies referenced in Paragraph "4" and Paragraph "5" in the answer to the Third Count of this Third Amended Answer.

744462.1

## TWELFTH SPECIAL DEFENSE

All classifications of claims by INA and all actions by INA during the terms of the policies referenced in Paragraph "4" and Paragraph "5" of this Second Amended Answer were performed properly, fairly, and in good faith.

## THIRTEENTH SPECIAL DEFENSE

The causes of action in the Third Amended Complaint may not be maintained in whole or in part because of collateral estoppel, res judicata and/or release.

**WHEREFORE**, Insurance Company of North America respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice and grant such other and further relief as this Court deems just and appropriate.

DEFENDANT INSURANCE COMPANY
OF NORTH AMERICA

Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000 -- telephone
(914) 323-7001 -- facsimile
File No.: 00756.35967


Co- Counsel
Duncan B. Hume (Federal Bar # 05581)
Hume & Associates
One Landmark Square
Stamford, Connecticut 06901-2620
(203) 348-7252

744462.1