```
                    IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF CONNECTICUT
```
------------------------------------------------------------------ x
EMCOR GROUP, INC.,                          :   Civil Action No.
                                                Docket 3:00-CV-2211 (AVC)
                        Plaintiff,          :
                                                Judge Alfred V. Covello
vs.                                         :

INSURANCE COMPANY OF NORTH AMERICA.         :
                                                August 1, 2004
                        Defendant.          :


------------------------------------------------------------------ x


### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO RE-OPEN DISCOVERY

The defendant INSURANCE COMPANY OF NORTH AMERICAN ("INA") submits this Memorandum of Law in opposition to Emcor's motion for leave to re-open discovery for the purpose of conducting the deposition Patty Topper, an employee of INA. The motion should be denied in its entirety because: 1) The deadline for fact discovery has long since passed; 2) Emcor, in its motion for leave to serve a second amended complaint, represented to this Court that no further discovery was needed if the Court granted it leave to amend; 3) Emcor always had the opportunity to depose Ms. Topper during the time that fact discovery was open; and, 4) the basis for Emcor's demand to depose Ms. Topper is based upon information disclosed to it during mediation and during settlement negotiations.

### POINT I

### EMCOR FAILS TO DEMONSTRATE GOOD CAUSE TO RE-OPEN DISCOVERY

Emcor does not dispute that the time in which to have conducted the deposition of Patty Topper, a fact witness, has long since passed. Rather, Emcor asserts that it should be permitted

1

752574.1

to depose Ms. Topper based on the testimony of INA's 30(b)(6) witness and the fact that plaintiff was granted leave to serve a second amended complaint. What Emcor does not address in its motion is critical: Emcor not only failed to serve a memorandum of law in support of its position, Emcor fails to even discuss the standard upon which discovery may be re-opened after the discovery deadline has passed. Simply put, Emcor fails to show good cause for the re-opening of discovery.

A trial court may modify or amend a scheduling order only when "good cause" is shown. Federal Rule of Civil Procedure 16(b). A party seeking to amend a scheduling order after the deadlines set forth in the scheduling order must demonstrate "good cause" for leave to modify.

While INA recognizes that this Court has considerable discretion in determining what satisfies the good cause standard, in this case Emcor cannot satisfy the good cause standard.

The critical factor that courts rely upon in making a determination whether good cause to modify a scheduling order is shown is the diligence of the party seeking to modify the scheduling order. 3-16 Moore's Federal Practice Civil § 16.14. Thus, where the party has not met its case responsibilities with due diligence, good cause does not exist and an extension of the scheduling order should not be granted. *Grochowski v. Phoenix Constr.,* 318 F.3d 80. 86 (2d Cir. 2003)(good cause depends on the diligence of the moving party); *Parker v. Columbia House Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000) (same). Moreover, the carelessness, inadvertence or inattention of a party is incompatible with a finding of diligence of the party in complying with the scheduling order. See for example, *North Stae Mut. Ins. Co. v. Zurich Ins. Co.* 269 F. Supp. 2d 1140, 1145 (D. Minn. 2003); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 694, 607-609 (9th Cir. 1992) (although the existence of a degree of prejudice to the party opposing the modification may supply an aditional reason to deny a motion, the focus of the

inquiry is upon the moving party's reasons for such a modification. "If that party was not diligent, the inquiry should end.") The absence of prejudice to the opposing party caused by the proposed amendment of the scheduling order is irrelevant to the issue of good cause. It is the moving party's exercise of diligence that is critical. *Julian.v. Equitax Check Sers.,* 178 F.R.D. 10, 19-20 (D. Conn. 1998); *Amcast Indut. Corp. v. Detrex Corp.,* 132 F.R.D. 213, 217 (N.D. Ind. 1990); *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D. Me.1985); 3-16 Moore's Federal Practice Civil § 16.14.

INA recognizes that this Court considered the issue of good cause under Rule 16(b) in granting Emcor leave to file a second amended complaint. The issues with respect to the instant motion are different. In fact, Emcor's own admissions in support of its motion to amend demonstrate that Emcor cannot demonstrate good cause to obtain yet another modification of this Court's scheduling order.

In opposition to Emcor's motion for leave to serve an amended complaint, INA argued that the amendment would require extensive discovery. In response, Emcor represented to this Court that should leave be granted, "No additional discovery is necessary". Emcor Reply to INA's opposition at 3. <u>In fact, this point was so critical in Emcor's view that Emcor stated that no discovery would be required at least four times, including in its point heading</u>.

Emcor cannot rely upon the recent amendment to its pleading in light of another representation made to this Court. In its memorandum of law, Emcor told this Court that it "is not asserting a new theory of recovery against INA. Rather, Emcor is asserting additional damages against INA for conduct similar to that which was alleged previously.' Emcor memorandum of law in support of its motion to serve an amended complaint at 3.

3

752574.1

Accordingly, any reliance Emcor places upon its recent amendment to its complaint as a reason for leave to re-open discovery flies in the face of its prior representations to this Court.

Emcor believes that the recent testimony of INA's 30(b)(6) witness justifies the re-opening of fact discovery to depose Ms. Topper. Curiously, Emcor never states that the testimony is "good cause" for an adjustment of the scheduling order. Emcor cites no case law in support of its position.

A close reading of Emcor's motion reveals that the issues that it seeks to depose Ms. Topper existed from the commencement of this litigation. INA's 30(b)(6) witness, Stephen Snyder, was deposed solely with respect to the issues then existing in the case. The designated deposition topics did not include any topics relating to the second amended complaint. While Mr. Snyder's testimony did rely in very small part upon information provided by Ms. Topper, Emcor has wholly failed to demonstrate why it did not depose Ms. Topper before the discovery deadline of November 30, 2003. Ms. Topper was available to be deposed. Emcor does not even dare to suggest that INA was hiding her identity or that INA took any action to prevent her deposition or that INA prevented Emcor from obtaining information on the issues that Emcor now seeks to inquire about.

The issue before this Court is <u>not</u>, as Emcor seemingly suggests, that Ms. Topper may have useful information. The issue is <u>not</u>, as Emcor seemingly suggests, that the deposition could easily be held before trial. The issue is not whether there is any prejudice to INA that might be occasioned by Ms. Topper's deposition. The issue is simple: Has Emcor shown good cause to require a modification of the scheduling order. "The focus of an inquiry into 'good cause' is on the [requesting] party's reasons for the [schedule] modification." <u>Julian v. Equifax Check Services, Inc.</u>, 178 F.R.D. 10, 19 (D. Conn 1998).

4

752574.1

Simply put, Emcor wholly fails to tell this Court why it could not have deposed Ms. Topper during the time that fact discovery was open. Emcor wholly fails why it could not have conducted discovery about the billing issues and credits and/or replenishments to Emcor's general liability aggregate limits during the time discovery was open. Whether Emcor's general liability aggregate limits were exhausted has been the central issue in the case since day one of this litigation. In fact, the status of the aggregate limits has been an issue and the subject of many discussions between Emcor and INA since early 1998. Emcor's carelessness, inadvertence and inattention in having not previously deposing Ms. Topper are the antithesis of good cause. As stated above, Emcor cannot rely upon its recent amendment concerning "credits and/or replenishment to its aggregate limits because it has told this court that no discovery was needed. The motion should thus be denied.

## POINT III

### EMCOR'S REQUEST IS BASED ON INFORMATION OBTAINED THROUGH THE RECENT SETTLEMENT DISCUSSIONS; THUS, ITS MOTION SHOULD BE DENIED

Upon receipt of Emcor's request to depose Ms. Topper, INA's counsel spoke to Jeffrey Vita, counsel for Emcor. Mr. Vita was told in no uncertain terms that it was counsel's belief that the request to depose Ms. Topper was prompted by information provided during the recent settlement conference and the settlement discussions with Mr. Vita. It was during these discussions, and in the spirit of full disclosure, that INA provided information to Emcor about the billing practices, the very topic that Emcor now seeks to depose Ms. Topper. Emcor's reliance upon Mr. Snyder's testimony cannot hide this fact. The instant motion was filed with the Court over one month from Mr. Snyder's deposition on June 8, 2004 and only two and one half weeks after the most recent settlement conference held before United States Magistrate Judge Thomas P. Smith. The coincidence cannot be more apparent.

The policy of the federal rules is to encourage the compromise and settlement of disputes. *See* Matsushita Elecs. Corp. v. Loral Corp., 1995 U.S. Dist. LEXIS 12880 (S. D. N.Y.). Federal Rule of Evidence 408 states in relevant part that evidence of statements or conduct that relates to the "furnishing or offering or promising to furnish, or...accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim" is not admissible "to prove liability for or invalidity of the claim or its amount." Further, if Emcor is permitted to depose Ms. Topper based on information obtained during settlement discussions, it would have a chilling effect on the free flow of information in future attempts at settlement of this matter. As such, Emcor's motion to amend its complaint should be denied.

## CONCLUSION

For all the foregoing reasons and authorities discussed, INA respectfully requests that this Court deny Emcor's Motion To Re-Open Discovery.

Dated: White Plains, New York
August 1, 2004

DEFENDANT INSURANCE COMPANY
OF NORTH AMERICA

*Thomas Leghorn*
Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000 -- telephone
(914) 323-7001 -- facsimile
File No.: 00756.35967

752574.1