IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------X
EMCOR GROUP, INC.                        :    Civil Action No.
                                              Docket 3:00-CV-2211
                                              (AVC)

                    Plaintiff,           :
                                              Judge Alfred V. Covello
v.                                       :

INSURANCE COMPANY OF NORTH AMERICA       :

                    Defendant.           :    July 12, 2004
-----------------------------------------X

### MOTION FOR PERMISSION TO RE-OPEN DISCOVERY FOR THE LIMITED PURPOSE OF DEPOSING INA'S EMPLOYEE PATTY TOPPER

3:00cv2211 (AVC). August 8, 2004. This is an action for breach of contract and breach of fiduciary duty brought in connection with a contract of insurance. The plaintiff, EMCOR, alleges that the defendant, INA, improperly and unfairly classified certain claims as general liability claims and, in this way, prematurely exhausted the liability limits set forth in the contract. On July 8, 2004, after the close of discovery, the court granted the plaintiff's motion to amend the complaint a second time to add an additional claim of damages associated with the recording of approximately 42 general liability claims. The court perceived no prejudice in granting leave to amend, as the plaintiff maintained that "no additional discovery [would be] necessary." The plaintiff now moves to re-open discovery for purposes of deposing one Patty Topper, an employee of the defendant who is familiar with the billing practices utilized in connection with the plaintiff's account. The plaintiff maintains that Topper is the person most knowledgeable about the impact of the recording of claims. Under Fed. R. Civ. P. 16(b), the court may modify or amend a scheduling order when good cause is shown. "The focus of an inquiry into 'good cause' is on the [requesting] party's reasons for the [schedule] modification>" Julian v. Equifax Check Services, Inc., 178 F.R.D. 10, 19 (D. Conn. 1998). Although the court agrees with the plaintiff that Topper's testimony is relevant, the court declines to re-open discovery as the plaintiff earlier represented to the court when it sought leave to amend that "no additional discovery [would be] necessary." Any order to the contrary would be simply inequitable. The motion is therefore denied.

SO ORDERED.

Alfred V. Covello, U.S.D.J.