IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

EMCOR GROUP, INC.                          :          Civil Action No.
                                                      Docket 3:00-CV-2211
                                                      (AVC)


                          Plaintiff,       :
                                                      Judge Alfred V. Covello
v.                                         :

INSURANCE COMPANY OF NORTH AMERICA         :

                          Defendant.       :          August 18, 2004

-------------------------------------------------------------------X

## MOTION FOR RECONSIDERATION

Plaintiff, EMCOR Group, Inc. ("EMCOR"), in good faith and with good cause, hereby moves, pursuant to Local Rule of Civil Procedure 7(c), that this Court reconsider its Order dated August 6, 2004, denying EMCOR's motion to re-open discovery for the limited purpose of deposing Insurance Company of North America ("INA") employee, Ms. Patty Topper.

INA and this Court have focused on EMCOR's assertion in its request to amend its complaint, that the amendment would require no further discovery. This remains true; EMCOR does not require any discovery as related to its recently amended complaint and has *not requested* such additional discovery. As set forth in the accompanying memorandum, EMCOR's request to reopen discovery was solely related to its 30(b)(6) deposition of INA, initially noticed October 3, 2003, two months before the

close of discovery, November 30, 2003.  The deposition of Patty Topper is required as INA's 30(b)(6) designee, Steven Snyder, was unprepared to discuss matters set forth in the deposition notice and instead relied solely on conversations he had with Patty Topper and indicated she would be better able to answer.

WHEREFORE, EMCOR moves for an order from this Court extending discovery for the sole purpose of allowing EMCOR to depose INA's employee Patty Topper, with respect to the limited issues identified in the previously filed 30 (b)(6) notice of deposition.

THE PLAINTIFF,
EMCOR GROUP, INC.

By: _____
    Jeffrey J. Vita, Esq.
    Fed. Bar No. ct08036
    Heidi H. Zapp, Esq.
    Fed. Bar No. ct24655
    Saxe Doernberger & Vita, P.C.
    1952 Whitney Avenue
    Hamden, CT 06517
    (203) 287-8890

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

EMCOR GROUP, INC.                                :      Civil Action No.
                                                 Docket 3:00-CV-2211
                                                 (AVC)

            Plaintiff,                        :

                                                 Judge Alfred V. Covello

v.                                                        :

INSURANCE COMPANY OF NORTH AMERICA        :

                Defendant.                      :      August 18, 2004

-------------------------------------------------------------------X

## CERTIFICATION

       This is to certify that the foregoing was mailed, postage prepaid, on this the 18th day of August, 2004 to the following counsel of record:

Thomas Leghorn, Esq. (CT 22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
3 Gannett Drive
White Plains, NY  10601
914-323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901
(203) 348-7252

                                        _____
                                        Jeffrey J. Vita, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

EMCOR GROUP, INC.                           :        Civil Action No.
                                                     Docket 3:00-CV-2211
                            Plaintiff,       :       (AVC)

                                                     Judge Alfred V. Covello
v.                                           :

INSURANCE COMPANY OF NORTH AMERICA:

                            Defendant.       :       August 18, 2004

-------------------------------------------------------------------X

## ORDER

The foregoing Motion for Reconsideration having been heard, it is hereby

ORDERED:

GRANTED/DENIED.

BY THE COURT

_____

Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X

EMCOR GROUP, INC.                                   :        Civil Action No.
                                                             Docket 3:00-CV-2211
                          Plaintiff,                :        (AVC)

                                                             Judge Alfred V. Covello

v.                                                  :

INSURANCE COMPANY OF NORTH AMERICA:

                          Defendant.                :        August 18, 2004

-------------------------------------------------------------X


## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

STATE OF CONNECTICUT)
                          )        ss.      Hamden, Connecticut
COUNTY OF NEW HAVEN)

I, Jeffrey J. Vita, being first duly sworn, depose and state:

1.      I am over the age of eighteen and understand the obligations of an oath.

2.      I am the attorney for plaintiff EMCOR Group, Inc. ("EMCOR") in the above-titled action that is currently pending in the U.S. District Court for the District of Connecticut, Docket No. 3:00-CV-2211 (AVC).

3.      I make the following statements upon personal knowledge.

4.      On October 3, 2003, prior to the discovery cutoff in this matter, I served a 30(b)(6) Notice of Deposition on INA.

5.      By agreement of the parties, and due to various scheduling conflicts, this deposition ultimately took place on June 8, 2004.

6.      Following the discovery cutoff and prior to the deposition of INA's 30(b)(6) witness, EMCOR filed its Motion to Amend Complaint.

7.      At the time EMCOR filed its Motion to Amend its Complaint, EMCOR asserted that no additional discovery was necessary because the 30(b)(6) deposition had already been scheduled.

8.    During and after the deposition of INA's 30(b)(6) witness on June 8, 2004, it became apparent that INA's witness, Steven Snyder, was not adequately prepared to provide testimony on several key areas of inquiry identified in the Notice of Deposition.

9.    Thus, EMCOR is not requesting *additional* discovery, but rather seeks an opportunity to depose the relevant INA witness or witnesses regarding the areas of inquiry that Mr. Snyder was unprepared to discuss and which were identified in the Notice of Deposition initially issued on October 3, 2003.

_____
Jeffrey J. Vita, Esq.


Subscribed and sworn to before me on August 18, 2004.

_____
Commissioner of the Superior Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
---------------------------------------------------------------------X
EMCOR GROUP, INC.                           :        Civil Action No.
                                                     Docket 3:00-CV-
                                                     2211 (AVC)

                    Plaintiff,              :
                                                     Judge Alfred V.
                                                     Covello
v.                                          :

INSURANCE COMPANY OF NORTH AMERICA          :

                    Defendant.              :        August 18, 2004

---------------------------------------------------------------------X
```

## MEMORADNUM OF LAW IN SUPPORT OF EMCOR'S MOTION FOR RECONSIDERATION

### PRELIMINARY STATEMENT

By Order dated August 6, 2004, this Court denied EMCOR Group, Inc.'s ("EMCOR") Motion to Re-Open Discovery for the limited purpose of obtaining the deposition testimony of Patty Topper, an Insurance Company of North America ("INA") employee.    In doing so, the Court relied on the fact that EMCOR previously stated in amending its complaint that it would not require "additional discovery" regarding the amended claim.    EMCOR does not seek "additional discovery" but seeks merely to depose the INA witness or witnesses able to address the issues for which Mr. Snyder was unprepared to discuss in his June 8, 2004 30(b)(6) deposition.    Thus, despite INA's assertions to the contrary, EMCOR is not attempting to get a second bite at the apple. Had INA's witness

fully testified regarding the areas of inquiry identified in the 30(b)(6) notice of deposition, then no further discovery would have been necessary.

## LAW AND ARGUMENT

**A.   EMCOR seeks only to complete its 30(b)(6) deposition of INA and *not* additional discovery.**

INA argues that EMCOR stated it would not require any further discovery should its amended complaint be granted and that remains true. EMCOR initially issued its notice of 30(b)(6) deposition to INA on October 3, 2003. (See <u>Exhibit A</u>). Specifically, the notice of deposition required that INA's 30(b)(6) deponent be prepared to testify as to the following matters:

1.   Matters known or reasonably available to INA regarding the coding of any of the claims identified on Exhibit A attached hereto as general liability claims;

2.   Matters known or reasonably available to INA regarding the creation, interpretation, and purpose of the loss runs (and/or "CRIS" reports)  and the information contained therein for those claims identified on Exhibit A attached hereto for the period 1996 to the present;

3.   Matters known or reasonably available to INA regarding the identity of those cases which contributed to the exhaustion of the general liability aggregate limits of the following policies issued by INA to EMCOR Group, Inc. (f/k/a JWP, Inc.), including the corresponding amounts of defense and indemnity payments for each such claim:

A)  HDO GI 403379-8 for the period 10/1/92 – 10/1/93;
B)  HDO GI 658518-A for the period 10/1/93 – 10/1/94; and
C)  HDO GI 658789-8 for the period 10/1/94 – 10/1/95 (collectively the "Policies");

4.   Matters known or reasonably available to INA regarding the recoding of any claims against EMCOR under the Policies from general liability to products-completed operations; and

5. Matters known or reasonably available to INA regarding whether INA paid any money to EMCOR due to the recoding or replenished any general liability aggregate limits as a result of the recoding.

This notice was not only delivered to INA months before EMCOR sought to amend its complaint but also two months prior to the close of discovery. These areas of inquiry relate to claims contained in the initial complaint, as well as the amended complaint.

It is further important to note that at the time EMCOR filed its Motion to Amend its Complaint and the matter was fully briefed, discovery was not yet closed as *both* parties had to take 30(b)(6) depositions. INA never disclosed Ms. Topper as a potential witness and it was only during the 30(b)(6) deposition of Steven Snyder that EMCOR realized the full impact of Ms. Topper's extensive knowledge with respect to items listed in the 30(b)(6) Notice of Deposition. Patty Topper is employed in ACE's billing department and is familiar with the billing associated with the EMCOR account. At several points during Mr. Snyder's deposition, his testimony relied solely upon what Ms. Topper stated to him. Mr. Snyder took no steps to independently verify the statements made by Ms. Topper.

Thus, EMCOR is not seeking "additional discovery" as INA would have the Court believe, but is merely attempting to obtain a complete 30(b)(6) deposition of a knowledgeable INA witness.

**B.    INA's 30(b)(6) witness, Steven Snyder, was not prepared to testify regarding several key issues identified in the Notice of Deposition.**

Case law underscores the importance of having a prepared 30(b)(6) deponent.  After a corporation receives notice of a 30(b)(6) deposition, "[t]he corporation then must not only produce *such number of persons* as will satisfy the request, but *more importantly, prepare them* so that they may give *complete, knowledgeable and binding answers* on behalf of the corporation." *Marker v. Union Fidelity Life Insurance Company,* 125 F.R.D. 121, 126 (U.S.D.C.M.D.N.C. 1989)(emphasis added) (Citing *Federal Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196 (E.D.Tenn. 1986); See also *Dravo Corporation v. Liberty Mutual Insurance Co. v. Hastings Industries, Inc.*, 164 F.R.D. 70, 75 (D.Neb.1995).  In *Marker*, the defendant, by refusing to provide any person other than its claims director, failed to make a complete designation and produce knowledgeable witnesses as required by Rule 30(b)(6).  *Marker*, 125 F.R.D. at 126.  Further, "[e]ven if defendant in good faith thought that the claims director would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its Rule 30(b)(6) designation became apparent during the course of the deposition." *Id.*  The Court in *Dravo* held that "'[the corporation] must make a conscientious good-faith endeavor to designate the  persons having knowledge of the matters sought by [the interrogator] and to prepare those person in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters.'" *Dravo*, 164 F.R.D

at 75, citing *Mitsui & Co v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62.

67 (D.P.R. 1981).

During Mr. Snyder's recent deposition, he was unable to testify regarding

certain specific issues which were included in the notice.   With respect to item #

1 of the notice of deposition, the following exchange took place:

> Q:    In preparation for today's deposition did you feel it was your
>       obligation to confirm how these 106 cases were coded?
> A:    No.  (See Exhibit B).

Despite the fact that item #2 requires a knowledgeable person within INA

concerning loss runs produced by INA, Mr. Snyder was unable to give adequate

and knowledgeable responses.

> Q:    One of the topics that I asked that you be ready to discuss is the
>       interpretation of the various loss runs including the CRIS reports.
>       So who would have the information as to what the net-claim column
>       means in the context of a CRIS report?
> A:    Probably Rich Laferty would be able to identify that. (See Exhibit C
>       page 288).
> Q:    And do you know looking at any of these pages here, if this CRIS
>       report identifies whether in a given case there was an indemnity
>       payment?
> A:    It may well identify that but I'm not completely certain. (See Exhibit
>       C pages 289-290).

Item # 3 required the identities of the cases that contributed to the exhaustion of

the policies in question.

> Q:    Can you tell me what  - - first of all, who you consulted to prepare
>       for today's deposition as to that topic?
> A:    Could I look at, please?  Item number 3?
> Q:    Yes.
> A:    Okay. I didn't  consult with anyone in particular about that particular
>       item.
> Q:    Why not?
> A:    I didn't believe it was necessary.  (See Exhibit D pages 182-183).

Mr. Snyder fails to adequately testify as to item #4 of the notice with respect to the recoding of claims.  Mr. Snyder's inadequate testimony is illustrated by the following exchange.

> Q:    Do you know if the claims that Mr. Bodi concluded were completed operations were changed from general liability to completed operations?
> A:    No, I do not know. (See Exhibit E page 153).

Item number 5 of  the notice required testimony as to any money paid to EMCOR or replenishments to EMCOR's aggregate limits due to recoding.

> Q:    Did you ask anyone in preparation for today's deposition to review the billing records that had been provided to EMCOR concerning this dispute?
> A:    No, I did not.
> Q:    Okay. And why not?
> A:    Because I didn't think it was necessary.
> Q:    Why didn't you think it was necessary?
> A:    Because the records - - because the billing records speaks for themselves and EMCOR has them and its my understanding that there are debits and credits given to the billing records that are reflected and would affect the aggregate and that's all I need to know for purposes of this deposition.  (See Exhibit F pages 121-122).

The foregoing are simply examples of Mr. Snyder's inability to testify fully, completely and unevasively as is required of a 30(b)(6) deponent despite having ample notice of the areas of inquiry as set forth in the notice of deposition.

In light of Mr. Snyder's testimony, it is apparent INA has failed to provide a corporate representative able to answer fully, completely and unevasively as to the relevant subject matters identified in the notice of deposition.  Accordingly, EMCOR requests that the Court reconsider its denial of EMCOR's request to depose Ms. Topper on these important issues.

**CONCLUSION**:

The granting of this motion to allow the deposition of INA's employee Patty Topper will not prejudice INA in any way because it can easily be accomplished within the next 30 days, and certainly well in advance of the trial date. Moreover, any potential prejudice to INA is clearly outweighed by the importance of Ms. Topper's testimony on several critical issues in this litigation. Finally, this deposition is necessitated by Steven Snyder's inability to adequately respond to specific items listed on the 30(b)(6) deposition notice.

THE PLAINTIFF,
EMCOR GROUP, INC.

By: _____
Jeffrey J. Vita, Esq.
Fed. Bar No. ct08036
Heidi H. Zapp, Esq.
Fed. Bar No. ct24655
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
(203) 287-8890

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

EMCOR GROUP, INC.                            : Civil Action No.
                                               Docket 3:00-CV-2211
                      Plaintiff,             :

                                               Judge Alfred V. Covello
v.                                           :

INSURANCE COMPANY OF NORTH AMERICA           :

                      Defendant.             : October 3, 2003

-------------------------------------------------------------------X

## PLAINTIFF'S NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil
Procedure 30(b)(6), the Plaintiff in the above-captioned action, EMCOR Group,
Inc., will take the deposition of the employee or employees at defendant
Insurance Company of North America ("INA") designated to testify as to the
following:

1. Matters known or reasonably available to INA regarding the coding
   of any of the claims identified on Exhibit A attached hereto as
   general liability claims;

2. Matters known or reasonably available to INA regarding the
   creation, interpretation, and purpose of the loss runs (and/or "CRIS"
   reports) and the information contained therein for those claims
   identified on Exhibit A attached hereto for the period 1996 to the
   present;

3. Matters known or reasonably available to INA regarding the identity
   of those cases which contributed to the exhaustion of the general
   liability aggregate limits of the following policies issued by INA to
   EMCOR Group, Inc. (f/k/a JWP, Inc.), including the corresponding

**EXHIBIT**

*A*

amounts of defense and indemnity payments for each such claim:

A)   HDO GI 403379-8 for the period 10/1/92 – 10/1/93;

B)   HDO GI 658518-A for the period 10/1/93 – 10/1/94; and

C)   HDO GI 658789-8 for the period 10/1/94 – 10/1/95
     (collectively the "Policies");

4.   Matters known or reasonably available to INA regarding the
     recoding of any claims against EMCOR under the Policies from
     general liability to products-completed operations; and

5.   Matters known or reasonably available to INA regarding whether
     INA paid any money to EMCOR due to the recoding or replenished
     any general liability aggregate limits as a result of the recoding.

Said deposition is to take place at the law offices of Saxe Doernberger & Vita,

P.C., 1952 Whitney Avenue, Hamden, CT  06517 on October 20, 2003 at 10:00

a.m. to be used in the trial thereof before competent authority.  Said deposition

will be taken in accordance with Rule 30 of the Federal Rules of Civil Procedure

and will continue from day to day until completed.

                    THE PLAINTIFF,
                    EMCOR GROUP, INC.


             By:_____
                    Jeffrey J. Vita, Esq.
                    Saxe Doernberger & Vita, P.C.
                    1952 Whitney Avenue
                    Hamden, CT  06517
                    Tel: (203)287-8890
                    Fed. Bar. No. ct08036

S:\SDV Clients\Emcor\Emcor2-INA CT Suit\Pleadings\30b6depo.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X

EMCOR GROUP, INC.                                : Civil Action No.
                                                   Docket 3:00-CV-2211
                          Plaintiff,             :
                                                   Judge Alfred V. Covello
v.                                               :

INSURANCE COMPANY OF NORTH AMERICA    :

                          Defendant.             : October 3, 2003

-----------------------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing Notice was mailed, postage prepaid, on this the 3rd day of October, 2003 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

Jeffrey J. Vita, Esq.

**EXHIBIT A**

| | A — File Name | B — D/L | C — Claim Number |
|---|---|---|---|
| 1 | Hans v. Budin Contracting Corp. (Index No. 29913-94) | 10.22.92 | X2806870699B<br>X2806870699A<br>X2806870699B |
| 2 | Daniel v. JWP, Inc. (Case No. BC087907) | 11.05.92 | X8783116601A<br>X2806113460B<br>X2806113460A |
| 3 | Caspe v. The City of New York, et al. (Index No. 106577/94) | 11.26.92 | X2806893121A<br>X2806893121B |
| . | Dickstein v. Petrocelli Electric Co., et al. (Index No. 127693/95) | 11.26.92 | X2806889206A<br>X2806889206B |
|  | Allstate Insurance Co. a/s/o Levy v. City of New York | | X2806871174A<br>X2806871174B |
| 5 | Clerge v. JWP Welsbach Electric Corp., et al. (TP Index No. 92TT0266499) | 11.29.92 | X2806879114A<br>X2806879114B |
| 6 | Clerge v. JWP Welsbach Electric Corp., et al. (Index No. 4468/94) | 12.11.92 | X2806891077A<br>X2806891077B<br>X2806891077C<br>X2806891077D<br>X2806891077E<br>X4337891077A<br>X4337891077B |
| 7 | Freda v. Welsbach Electric Co. (Index No. 013352/95)<br>Uvaydova & Estate of Rafael Iskhakov v. JWP Welsbach Electric Corp., et al. (Index No. 022730/94) | 12.26.92 | X2806886662A<br>X2806886662B<br>X4337886662A<br>X4337886662B |
| 8 | Jordan v. The City of New York, et al. (Index No. 118624/93) | 12.30.92 | X2806889511A<br>X2806889511B<br>X2806895118 |
| 9 | Brienza v. The City of New York, et al. (Index No. 217173/93) | 01.11.93 | X2806877035A<br>X2806877035B |
| 10 | Newark Insurance Co. a/s/o John J. McMullen v. Consolidated Edison Co. of New York, et al. | 01.23.93 | X2806889672A<br>X2806889672B<br>X2806889672A<br>X2806889672B<br>X4337889672A<br>X4337889672B<br>X4337889672C |

| | A<br>File Name | B<br>D/L | C<br>Claim Number |
|---|---|---|---|
| 12 | Edwards v. Welsbach Electric Corp., et al.<br>(Index No. 4785/95) | 02.27.93 | X2806888805A<br>X2806888805B |
| 13 | Benvenuto (n/k/a Ferretti) v. JWP Maintenance and Services, Inc. d/b/a Broadway Maintenance, et al.<br>(Index No. 6354/96) | 03.14.93 | X2806957731A<br>X2806957731B |
| 14 | Khatib v. Welsbach Electric Corp., et al.<br>(Index No. Unknown) | 03.19.93 | X2806881782A<br>X2806881782B |
| 15 | Lee v. Welsbach Electric Company<br>(Index No. 5220/96) | 04.04.93 | X2806895776A<br>X2806895776B |
| 16 | Moran v. The City of New York, et al.<br>(Index No. 114839/94) | 04.11.93 | X2806881757A<br>X2806881757B |
| 17 | Gialamboukis v. The City of New York, et al.<br>(Index No. 144840/94) | 04.20.93 | X2806882203A<br>X2806882203B<br>X2806882978A<br>X2806882978B<br>X2806882978C<br>X2806829978C<br>X2806882978D |
| 18 | Lux v. The Board of Education of the City of New York, et al.<br>(Index No. 125073/93) | 04.21.93 | X875284330LA<br>X875284330LB |
| 19 | Mazzeo v. County of Nassau, et al.<br>(Index No. 004799/94) | 04.28.93 | X2806668919A<br>X2806668919N<br>X2806889190 |
| 20 | Wright v. The City of New York, et al.<br>(Index No. 2845/94) | 05.05.93 | X2806890058A<br>X2806890058B<br>X2806890058B<br>X2806890058A<br>X4337899058B |
| 21 | Asher v. The City of New York, et al.<br>(Index No. Unknown) | 05.16.93 | X4337899058A<br>X4337899058B<br>X4337899058C<br>X4337899058D<br>X2806679181A<br>X2806679181B |

| | File Name | D/L | Claim Number |
| --- | --- | --- | --- |
| | **A** | **B** | **C** |
| 22 | Carbo v. Welsbach Electric Corp. / Index No. 01350/96 | 06.10.93 | X2806897412A |
| | | | X2806897412B |
| | | | X2806897412C |
| | | | X4337897412A |
| | | | X4337897412B |
| | | | X4337897412C |
| | | | X4337897412D |
| 23 | Alexander v. Welsbach Electric Corp. / (Index No. 01235/96) | | X2806897954A |
| 24 | Welsh v. Roth, et al. / (Index No. 07224/94) | 07.25.93 / 07.27.93 | X2806897954B |
| | | | X4337897954A |
| | | | X4337897954B |
| | | | X4337897954C |
| | | | X4337897954D |
| 25 | Griffith v. Aghabi, et al. / (Index No. 12473/93) | 07.15.93 | X2806889467A |
| | | | X2806889467B |
| 26 | Glassman, et al. v. Dorfman, et al. / (Index No. 21110/93) | 07.24.93 | X2806876401A |
| | | | X2806876401B |
| | | | X887023330LA |
| | | | X2806886551A |
| | | | X2806886551B |
| 7 | Uhler v. Welsbach Electric Company / (Index No. Unknown) | 08.04.93 | X2806876139A |
| | | | X2806876139B |
| | | | X2806876139C |
| 28 | Abramowitz v. Howard, et al v. Dorfman, et al. / (Index No. 021765/94) | 08.05.93 | X2806881627A |
| | | | X2806881627B |
| | | | X4337881627A |
| | | | X4337881627B |
| | | | X4337881627C |
| | | | X4337881627D |
| 29 | Jean v. The City of New York, et al / (Index No. 30430/94) | 09.06.93 | X2806886486A |
| | | | X2806886486B |
| 30 | United Parcel Service of America, Inc. v/ Johnson Peltier Electric Inc. / (Index No. CV95-6950-WMB) | 09.26.93 | X2806741260A |
| | | | X2806741260B |
| | | | X2806741260C |

| | File Name A | D/L B | Claim Number C |
|---|---|---|---|
| 31 | Cantero v. Welsbach Electric Corp., et al (Index No. 115221/94) | | X2806881850A<br>X2806881850B<br>X28068177260A<br>X28068177260B |
| 32 | Bernard v. The County of Nassau, et al. (Index No. 00278/95) | 10.18.93 | X433790153A<br>X433790153B<br>X433790153C<br>X433790153D<br>X433790153E<br>X433790153F<br>X883995330LA<br>X883995330LB<br>X883995330LC |
| 33 | Joseph & Milfort v. The County of Nassau, et al. (Index No. Unknown) | 11.01.93 | X28068881218A<br>X28068881218B<br>X28068881218C<br>X28068881218D |
| 34 | Joseph v. Todino et al (Index No. 122499/94) | 11.01.93<br>11.02.93 | X28068988817A<br>X28068988817B<br>X28068989472A<br>X28068989472B<br>X28068989472C |
| 35 | Palotsi & Pogorelsky v. Welsbach Electric Corporation, et al (Index No. 48088/96) | 12.16.93 | X433790336A<br>X433790336B<br>X433790336C<br>X433790336D<br>X433790336E<br>X28068822253A<br>X28068822253B<br>X28068822253C |
| 36 | Gartenberg v. Lyons Dodge, Inc., et al (Index No. 189008/95) | 01.08.94 | X433790153A<br>X433790153B<br>X433790153C<br>X433790153D |

| File Name | A | B (D/L) | C (Claim Number) |
|---|---|---|---|
| 37 Commerce & Industry Ins. Co. (Ziff) v. Penguin Air Conditioning, Inc. (Index No. 120053/96) | | 01.16.94 | X2806877260A<br>X2806877260B<br>X4337901529A<br>X4337901529B<br>X4337901529C<br>X4337901529D |
| 38 Dekenipp v. New York Paving Inc., et al (Index No. 166292/97) | | 03.03.94 | X2806896734A<br>X2806896734B<br>X4337900343A<br>X4337900343B<br>X4337900343C<br>X4337900343D |
| 39 Maltese v. Door Systems, Inc., et al. (Index No. 96 L 02931) | | 03.21.94 | X2806672509A<br>X2806672509B<br>X4337900349A<br>X4337952743A<br>X4337952743B |
| J Williams v. Emmanuel Brunot, et al. (Index No. 15209/94) | | 04.25.94 | X2806896199A<br>X2806896199B<br>X4337900349A<br>X4337900349B<br>X4337900349C<br>X4337900349D |
| 41 Silver v. New York Transit Authority, et al. (Index No. 259963/94) | | 06.22.94 | X2806900110A<br>X2806900110B |
| 42 Skulsky v. Weisbach Electric Corp. (Index No. 21503/95) | | 08.02.94 | X2806689381A<br>X2806689381B |
| 43 Patterson v. Broadway Maintenance Corp., et al. (Index No. 18920/97) | | 10.01.94 | X2806901266A<br>X2806901266B |
| 44 Johanneman v. 110 William Street Co., et al. (Index No. 110583/97) | | 10.11.94 | X2806953014A<br>X2806953014B<br>X5321953491A |

| File Name | A | B (D/L) | C (Claim Number) |
|---|---|---|---|
| **North River Insurance Co. a/s/o Oak Hill Partners, Inc. v. Arista Air Conditioning Corp., et al.** | | | |
| 45  File No. CF 1063) | | 11.07.94 | X280688628A, X280688628B |
| 46  Blanco v. The City of New York, et al. (Index No. 7772/96) (TP Index No. 95 TT003954) | | 11.13.94 | X433795303A, X433795303B, X280690027B, X280690027A |
| 47  Surrency v. The City of New York, et al. (Index No. 7254/96) | | 11.16.94 | X433790527B, X433790527A |
| 48  LaRosa v. Jenkins, et al Index No. 21071/95) | | 11.23.94 | X280693845B, X280693845A |
| 49  Martin v. Welsbach Electric Corporation of L.I. (Index No. 033177/97) | | 12.17.94 | X280695233A, X280695233B, X433795233A, X280695233C, X433795233B, X280695233A |
| 50  Hands v. The City of New York, et al (Index No. 25262/95) | | 01.04.95 | X280691883A, X280691883B, X280692474A, X280692474B, X280692474B, X280692474A, X433792474A, X433792474B |
| 51  Gannon v. JWP Forest Electric Corporation (Index No. 12015/95) | | 01.23.95 | X280696733A, X280696733B, X433796733A, X433796733B |
| 52  Trilleras v. The City of New York, et al. (Index No. 25407/95) | | 02.06.95 | X280689733A, X280689733B, X433789733A, X433789733B |
| 53  Ohayon v. The City of New York, et al (Index No. 7929/96) | | 02.08.95 | X280695678B, X280695678A |
| 54  Cheng v. Welsbach Electric Corp. (Index No. 25670/98) | | | X280695514A, X280695514B, X280695514A, X433795514A |

| | File Name | A | B (D/L) | C (Claim Number) |
|---|---|---|---|---|
| 55 | Polichetti v. The City of New York et al (Index No. 19391/96) | | 03.20.95 | X280690014426A<br>X280690014426B<br>X280690000255A<br>X280690000255B<br>X43379000255A<br>X43379000255B |
| 56 | Pera v. The City of New York, et al (Index No. Unknown | | 03.03.95 | X280689882443A<br>X280689882443B |
| 57 | Aschoff v. The City of New York, et al (Index No. 20666/96) | | 03.20.95 | X280689882443C<br>X495615349LA<br>X280689710SA<br>X280689710SB<br>X280689710SC |
| 58 | Jean -Baptiste v. The City of New York, et al (Index No. 16629/97) | | 04.05.95 | X43378971OSA<br>X43378971OSB<br>X43378971OSC |
| 59 | Kushmider v. The City of New York, et al. (Index No. 21524/95) | | 04.07.95 | X2806897118A<br>X2806897118B |
| 60 | Cyrus v. Welsbach Corp., et al (Index No. 38390/95) | | 04.30.95 | X280682996A<br>280682996B<br>280682996B |
| 61 | Lenett v. The City of New York, et al (Index No. 38787/95) | | 04.30.95 | X280695250A<br>X280695250B<br>X43379525052A<br>X43379525052B |
| 62 | Pineda v. Welsbach Electric Corp. (Index No. 7193/98) | | 05.14.95 | X28069525247A<br>X28069525247B<br>X43379525247A<br>X43379525247B |
| 63 | Saywack v. Scott, et al Index No. 16175/98) | | 05.18.95 | X43379530098A<br>X43379530098B<br>X280682091A |
| 64 | Lindauer v. JWP, Inc. d/b/a Penguin Air Conditioning, Inc. (Index No. 119160/96) | | 06.06.95 | X280682091B<br>X280682091A<br>X43378920091A<br>X43378920091B |

| | File Name | D/L | Claim Number |
|---|---|---|---|
| | A | B | C |
| 65 | State Farm Ins. Co. a/s/o Jamie Conologue v. Orofino, et al. (Index No. 810767/96) | 06.29.95 | X280689030096A X280689030096B X89349S330LA |
| 66 | Garcia v. The City of New York, et al. (Index No. 20609/96) | 06.24.95 | X2806900704B X2806900704B X4337900704A X4337900704B |
| 7 | Warren v. The City of New York, et al. (Index No. Unknown) | 07.10.95 | 280633089660 12 280633089609X |
| 68 | Henrichsen v. Welsbach Electric Corp., et al. | 07.15.95 | X280695263 3A X4337952633A X4337952633B X280695263 3B |
| 69 | Singh v. The City of New York, et al (Index No. 16362/98) | 07.25.95 | X280695266 1A X4337952661A X4337952661B X280695266 1B |
| 70 | Thercier v. Pierre, et al. (Index No. 7905/96) | 07.28.95 | X280689254 7B X280689254 7A |
| 72 | Feo v. The County of Nassau, et al. (Index No. 011458/96) | 08.29.95 | X280690015 5A X280690015 5A X280690015 5B X4337900155A X4337900155B |
| — | Pacombe v. The City of New York, et al. (Index No. 43205/96) | 08.16.95 | X280689595 5A X280689595 5B X895926330LA |
| 73 | Hendrickson v. Welsbach Electric Corp.(Index No. 27659/97) | 09.30.95 | X280690138 0A X280690138 0B X4337901380A X4337901380B |
| 74 | Birt v. J.W. Welsbach Electric Corp., et al. (Index No. Unkown) | 02.08.93 | X280689811 1A X280689811 1B |
| 75 | Alden v. The City of New York, et al. (Index No. 12677/93) | 04.29.93 | X280687650 8A X280687650 8B |

| # | File Name (A) | D/L (B) | Claim Number (C) |
|---|---|---|---|
| 76 | Soderberg v. Barr & Barr, et al. (Index No. 32834/95.) | 07.20.93 | X2806893798A, X2806893798B, X4337893798A, X4337893798B, X4337893798C, X4337893798D |
| 77 | Bonner v. The Dormitory Authority of the State of New York, et al. (Index No. 10681/97) | 09.01.93 thru 06.27.95 | X2806952519A, X2806952519B, X4337952519A, X4337952519B |
| 78 | Teichman v. The City of New York, et al. (Index No. 100788/95) | | X2806880627A, X2806880627B, X2806880627C |
| 79 | Rick Costello v. Contra Costa Electric, et al. (Index No. Unknown) | 11.18.93 | X2806897905A, X2806897905B |
| 80 | Ensler v. City of New York, et al. (Index No. 102281/95) | 11.20.93 | X2951516591A, X2806887702A, X2806887702B |
| 81 | Aarne v. Tishman Construction, Inc., et al (Index No. 1902/94) | 12.11.93 | X2806881980A, X2806881980B |
| 82 | Gager v. Consolidated Edison Company of New York, et al. | 01.07.94 | X2806891133A, X2806891133B |
| 83 | Weathers v. Welsbach Electric Co. (Index No. SCK 9691 / 1995-21) | 06.30.94 | X2806894096A, X2806894096B |
| 84 | Howard v. The City of New York, et al. (Index No. 119305/95) | 08.29.94 | X2806896753A, X2806896753B, X2806867538, X2806893344A, X4337900344A, X4337900344B, X4337900344C, X4337900344D |
| 85 | Goldberg v. Welsbach Corp., et al. (Index No. Unknown) | 08.31.94 / 10.07.94 | X2806890448A, X2806890448B, X2806890448C |

| | File Name (A) | D/L (B) | Claim Number (C) |
|---|---|---|---|
| 86 | Valinotti v. Kings Plaza, et al. (Index No. 33504/95) | 01.12.95 | X28068964492A / X28068964492B |
| 87 | Randall v. City of New York, et al. (Index No. 11301/95) | 03.02.95 | X43379014426A / X43379014426B |
| 88 | Rodriguez v. Welsbach Electric (File No. 280695 2522 ) | | X28068952522A / X28068952522B |
| 89 | Rosner v. The City of New York, et al. (Index No. 11053/96) | 03.29.95 | X28068897997A / X28068897997B |
| 90 | Bartnett/Connolly v. Sikorski, et al (File No. 2806 330 8806270) | 07.31.95 | X28063308806270 |
| 91 | Hayles-Nelson v. The City of New York, et al. (Index No. 8173/93) | 11.18.93 | X28068862375A / X28068862375B |
| 92 | Kargbo v. Cornell/AEC (File No. 2806 180 8979388) | 11.01.92 | X28068897938A / X28068897938B |
| 93 | Martinez v. Nassau Street Partners, et al. (TP Index No. 7664/93) | 03.31.93 | X28068904425A / X28068904425B |
| 94 | Newman v. Huen Electric, Inc. (File No. 2806 19066 42218) | 09.19.94 | X28066642211A / X28066642211B |
| 95 | Napolitano v. The City of New York, et al. (TP Index No. 94TT014841) | 11.11.92 / 03.01.94 | X28068978880A / X28068978880B |
| 96 | State Farm Mutual Auto Ins. Co. / Robert Messina v. The City of New York, et al. (Index No. 18465/94) | 05.28.93 | X28068952628A / X28068952628B |
| 97 | Waldron v. The City of New York, et al. (Index No. 26498/94) | 07.04.93 | X43379526288A / X43379526288B |
| 98 | Tahal v. The City of New York, et al. (Index No. 14998/94) | 01.29.93 | X28069962330A / X28069962330B |
| 99 | Lopez v. Thrifty Car Rental, et al. | | X43379530058A / X43379530058B / X43379530073A |

| | File Name (A) | D/L (B) | Claim Number (C) |
|---|---|---|---|
| 100 | Jenkins v. The City of New York, et al. (Index No. 001132/94) | 03.16.93 | 4337390953107-1<br>X2806952731A |
| 101 | Harding v. Dorff Construction Co. Inc., et al. (Index No. 110702/97) | 06.13.94 | X2806952731B<br>X4337952731A<br>X4337952731B<br>X4337952546A |
| 102 | Hadash v. The City of New York, et al. (Index No. 10321/95) | 04.23.94 | X4337952546B<br>X4337952546C<br>X4337952546D |
| 103 | Pellot v. The City of New York, et al. (Index No. 20545/95) | 06.05.94 | X4337953063A<br>X4337953063B |
| 104 | Rosario v. The City of New York, et al. (Index No. 16799/94) | 12.04.93 | X4337953099A<br>X4337953099B |
| 105 | Interboro Mutual Indemnity Insurance Co. a/s/o Willie Brinkley v. N.Y. City Dept. of Transportation, et al. (Index No. 010634/95) | 10.11.94 | X4337962253A<br>X4337962253B |
| 106 | Royal Insurance Co. of America a/s/o Bulgari Corp. v. Barneys of New York, et al. (Index No. 025608/94) | 02.02.93 | 4337-390-952679-2 |
| 107 | | | |
| 108 | | | |
| 110 | | | |
| 111 | | | |
| 112 | | | |
| 113 | | | |

cignaclaimslist.10.03.03

1    cases?

2          A.      I recall looking at them.

3    I don't specifically recall the exact

4    codes on those claims whether they were

5    complete operations or whether they were

6    some other code.

7          Q.      In preparation for today's

8    deposition did you feel it was your

9    obligation to confirm how these 106

10   cases were coded?

11         A.      No.

12         Q.      Okay.  When you read item

13   number 1 which says, "Matters known or

14   reasonably available to INA regarding

15   the coding of any of the claims

16   identified on Exhibit A attached hereto

17   as general liability claims," did you

18   feel compelled to do any work to prepare

19   to answer that question?

20         A.      Yes.

21         Q.      And what work did you do?

22         A.      I reviewed documents.  I

23   reviewed the policies.  I reviewed

24   expert reports.  That's what I reviewed.

EXHIBIT

B

1    Omni.    Is captured in a database and

2    that database feeds the CRIS database

3    among other things probably.

4         Q.    Do you know what the column

5    net-claim signifies?

6              MR. OELSNER:    What Bates

7         number?

8              MR. VITA:    029247, second

9         page.

10        Q.    It's not any page by the

11   way.

12        A.    Not specifically, no.

13        Q.    One of the topics that I

14   asked that you be ready to discuss is

15   the interpretation of the various loss

16   runs including the CRIS reports.  So who

17   would have the information as to what

18   the net-claim column means in the

19   context of a CRIS report?

20        A.    Probably Rich Laferty would

21   be able to identify that.

22        Q.    The last column where it

23   says, "expense paid."  Is it your

24   understanding that that's defense?

EXHIBIT

C

1        A.      It may not be limited to

2    defense.   It would include defense.   It

3    would include any expenses that were

4    paid against the against the file.

5        Q.      Well, when you say expenses

6    you mean defense related expenses as

7    distinguished from indemnity, expert

8    costs, things like that?

9        A.      Yes, if there's an expense

10   that was incurred in the investigation

11   of the claim, and was paid under the

12   ESIS claim as an expense then

13   investigation and/or defense of the

14   claim then that expense would be

15   recorded in Omni as an expense and the

16   expense payments made against ESIS claim

17   files would, I would -- I believe, be

18   reflected as expenses paid on a run

19   similar to this.

20       Q.      And do you know looking at

21   any of these pages here, if this CRIS

22   report identifies whether in a given

23   case there was an indemnity payment?

24       A.      It may well identify that

STEVEN SNYDER

1    but I'm not completely certain.

2          Q.      At the top under the --

3    under the identification of CRIS it

4    says, "customized report."  Do you know

5    what that means?

6          A.      That means that, as I

7    mentioned before to you, a CRIS -- the

8    CRIS system allows for the generation of

9    reports based upon the type of inquiry

10   you make of it.  Based upon -- so you

11   can get reports on all claims reserved

12   at a certain dollar amount you can get

13   reports on all claims paid on a specific

14   day.  You can get reports on just a

15   myriad of data elements and you can get

16   reports of -- that incorporate a broad

17   range of data elements.  And so those

18   are I think what is termed customized

19   reports because you're asking for a

20   specific parameter of data to be pulled

21   from the CRIS database and submitted in

22   a report.

23         Q.      We talked about this this

24   morning.  I just want to clarify.  Is it

STEVEN SNYDER

1          A.      Well, you know again, any

2    time that you're presenting me with a

3    question that's specific to the terms of

4    the policy, I really need to refer to

5    the policy to give you an absolute

6    accurate answer.  It's my recollection

7    that the '92-'93 policy was written such

8    that the defense costs were outside of

9    the limits and the '93-'94, '94-'95

10   policies were written such that defense

11   costs were incorporated within the

12   limits.

13          Q.      I am referring to

14   Plaintiff's Exhibit 183, item number 3

15   on this Notice of Deposition is,

16   "matters known or reasonably available

17   to INA regarding the identity of those

18   cases which contributed to the

19   exhaustion of the general liability

20   aggregate limits of the following

21   policies," and we identify the '92-'93,

22   '93-'94, '94-'95."

23              Can you tell me what --

24   first of all, who you consulted to

EXHIBIT

D

STEVEN SNYDER

1    prepare for today's deposition as to

2    that topic?

3                    MR. OELSNER:   If anyone.

4         Q.      If anyone?

5         A.      Could I look at, please?

6    Item number 3?

7         Q.      Yes.

8         A.      Okay.  I didn't consult

9    with anyone in particular about that

10   particular item.

11        Q.      Why not?

12        A.      I didn't believe it was

13   necessary.

14        Q.      Did you think it was your

15   role to determine what is necessary and

16   what isn't necessary?

17                    MR. OELSNER:   Well, in

18        conjunction with counsel?

19        A.      I discussed my preparation

20   with counsel, and we concluded what was

21   appropriate and necessary for me to

22   prepare for this deposition.   I

23   testified several times what I've done

24   to prepare for this deposition and I

1    as I've previously testified.

2            Q.      Do you know which cases Mr.

3    Luhman concluded were completed

4    operations?

5            A.      I don't know the specific

6    cases.  He did do a chart, but I

7    couldn't really tell exactly which case

8    that was on a particular chart, but I

9    believe he testified that certain of the

10   cases specifically he -- I believe he

11   testified to specific cases that he --

12   his review or his analysis showed that

13   the claims should be -- the claim code

14   should be changed from general liability

15   to complete operations in certain other

16   cases where the claim code should not be

17   changed and certain other claims where

18   he needed more information.

19           Q.      Do you know if the claims

20   that Mr. Bodi concluded were completed

21   operations were changed from general

22   liability to completed operations?

23           A.      No, I do not know.

24           Q.      Did you investigate that

**EXHIBIT**

E

tabbies®

STEVEN SNYDER

1          Cigna property and casualty and

2          not the Cigna health company that

3          exists today.  Do you understand

4          that.

5          A.    I understand that, but if

6   you are asking me about the present

7   tense a Cigna Property and Casualty

8   Company does not exist today.

9          Q.    I just said, when I say

10  Cigna to you I mean Cigna Property and

11  Casualty as it existed before it was

12  merged with Ace.  Do you understand

13  that?

14         A.    I understand that.

15         Q.    Okay?

16         MR. OELSNER:  And we'll take

17         it question by question.

18         Q.    Right, fine.

19         Did you ask anyone in

20  preparation for today's deposition to

21  review the billing records that had been

22  provided to Emcor concerning this

23  dispute?

24         A.    And by billing records

EXHIBIT

F

tabbies®

STEVEN SNYDER

1    you're referring to specifically what?

2          Q.     I'm referring -- I'm using

3    your terminology and I'm referring to

4    the documents that you said exists

5    somewhere where a debit and a credit

6    would be reflected.

7          A.     No, I did not.

8          Q.     Okay.  And why not?

9          A.     Because I didn't think it

10   was necessary.

11         Q.     Why didn't you think it was

12   necessary?

13         A.     Because the records --

14   because the billing records speaks for

15   themselves and Emcor has them and it's

16   my understanding that there are debits

17   and credits given to the billing records

18   that are reflected and would affect the

19   aggregate and that's all I need to know

20   for purposes of this deposition.

21               MR. OELSNER:  And I further

22          note your questions and your

23          deposition topics on matters known

24          or reasonably available to -- to