IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X

| | | |
|---|---|---|
| EMCOR GROUP, INC. | : | Civil Action No. Docket 3:00-CV-2211 (AVC) |
| Plaintiff, | : | Judge Alfred V. Covello |
| v. | : | |
| INSURANCE COMPANY OF NORTH AMERICA | : | |
| Defendant. | : | August 23, 2004 |

---------------------------------------------------------------X

## MOTION TO COMPEL APPROPRIATE 30(B)(6) WITNESS AND DOCUMENTS RELIED UPON BY 30(B)(6) WITNESS STEVEN SNYDER

The plaintiff EMCOR Group, Inc. ("EMCOR") respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 30(b)(6) and in accordance with Local Rules of the District of Connecticut 37(a)(2) and (3), for an order compelling the defendant Insurance Company of North America ("INA") to produce the following:

1. A witness or witnesses prepared to testify as to matters delineated in EMCOR's 30(b)(6) notice as the witness produced by INA was woefully unprepared to testify completely as to Items # 1, 2, 3, 4 and 5; and

2. The production of the documents Mr. Snyder reviewed and relied upon in preparation for his testimony as INA's 30(b)(6) witness.

In support hereof, EMCOR represents as follows:

1. EMCOR served its 30(b)(6) Notice of Deposition on INA on October 3, 2003.

2.      INA designated Steven Snyder as its 30(b)(6) witness and EMCOR was finally able to take Mr. Snyder's deposition on June 8, 2004.

3.      During his deposition, Mr. Snyder repeatedly testified that he did not feel it was necessary to review certain documents and/or information in preparation for his deposition with respect to the following items: 1. the proper coding of the 106 claims at issue in this dispute; 2. the proper billing practices with respect to the 106 claims at issue in this dispute; 3. the creation, interpretation and purpose of the loss runs; 4. any recoding of claims at issue in this dispute; and 5. possible credits given to EMCOR  or replenishments of aggregate limits with regard to the claims at issue in this dispute.

4.      In light of Mr. Snyder's responses it is evident that he was inadequately prepared to testify as INA's 30(b)(6) witness and essentially must be considered as having failed to appear for his deposition.  Thus, INA must designate another witness or witnesses to testify completely regarding the areas of inquiry identified in the notice of deposition.

5.      EMCOR has repeatedly requested that INA produce the box of documents that Mr. Snyder reviewed and relied upon in preparation for his deposition as well as any risk advantage runs referred to by Mr. Snyder if they have not already been produced, but INA has failed to respond to EMCOR's requests.

6.      The requested testimony and documents are clearly relevant to the issues delineated in the 30(b)(6) Notice of Deposition and the continuing duty imposed on INA under FRCP 26(e) to produce documents.

WHEREFORE, EMCOR moves for an order from this Court directing INA to produce the appropriately prepared witness or witnesses in response to the 30(b)(6) notice of deposition as well as the production of the above referenced documents reviewed and relied upon by Mr. Snyder in the initial 30(b)(6) deposition.

A memorandum of law in support of said motion to compel is attached hereto and incorporated herein.

THE PLAINTIFF,
EMCOR GROUP, INC.

By: _____

Jeffrey J. Vita, Esq.
Fed. Bar No. ct08036
Heidi H. Zapp, Esq.
Fed. Bar No. ct24655
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
(203) 287-8890

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

EMCOR GROUP, INC.                              :    Civil Action No.
                                                    Docket 3:00-CV-2211
                        Plaintiff,             :    (AVC)

                                                    Judge Alfred V. Covello
v.                                             :

INSURANCE COMPANY OF NORTH AMERICA:

                        Defendant.             :    August 23, 2004

-------------------------------------------------------------------X

## <u>ORDER</u>

The foregoing Motion to Compel having been heard, it is hereby ORDERED:

GRANTED/DENIED.

BY THE COURT

_____
Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X

EMCOR GROUP, INC.                          :     Civil Action No.
                                                 Docket 3:00-CV-2211
                        Plaintiff,         :     (AVC)

                                                 Judge Alfred V. Covello
      v.                                   :

INSURANCE COMPANY OF NORTH AMERICA:

                        Defendant.         :     August 23, 2004

-------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

STATE OF CONNECTICUT)
                          )     ss.     Hamden, Connecticut
COUNTY OF NEW HAVEN)

      I, Jeffrey J. Vita, being first duly sworn, depose and state:

      1.     I am over the age of eighteen and understand the obligations of an oath.

      2.     I am the attorney for plaintiff EMCOR Group, Inc. ("EMCOR") in the above-titled action that is currently pending in the U.S. District Court for the District of Connecticut, Docket No. 3:00-CV-2211 (AVC).

      3.     I make the following statements upon personal knowledge.

      4.     On October 3, 2004, I issued a notice of a 30(b)(6) deposition to INA, clearly delineating the matters upon which EMCOR required testimony.  See Exhibit A.

      5.     On June 4, 2004, I reissued the notice of deposition and requested that documents be produced in connection with the matters outlined in the original notice.  See Exhibit B.

      6.     On June 8, 2004, I deposed Steven Snyder, INA's designated 30(b)(6) deponent in Philadelphia, Pennsylvania.  During the deposition Mr. Snyder testified that he was unable to testify on certain key areas identified in the notice of deposition and stated repeatedly that he relied on conversations he had with Patty Topper, an ACE employee, among others, regarding billing and potential credits to EMCOR's account without ever verifying this information by personally reviewing any of the billing records.  See Exhibit C.  Specific examples of Mr. Snyder's inability to testify on several key areas are discussed in more detail in the memorandum of law attached hereto.

7.    INA never declared Ms. Topper as a witness and it was not until the deposition of Mr. Snyder that EMCOR realized that Ms. Topper had relevant information concerning several of the important issues identified in the 30(b)(6) Notice of Deposition.

8.    Further, Mr. Snyder indicated several times that Mr. Rich Laferty, another ACE employee, would be the best person to rely upon for interpretations of INA's loss runs. See Exhibit D page 288.

9.    Also, several times during the deposition in response to questions directly related to the items listed in the notice of deposition, Mr. Snyder responded that he did not feel it necessary to review that information in preparation for the deposition.  See Exhibit E pages 87 and 92-94.

10.    With respect to documents that Mr. Snyder did review, he testified that they were limited to those he received from his counsel and are contained in a box in his office.  See Exhibit F pages 81 and 131-132.

11.    Following the deposition, Attorney Heidi H. Zapp from my office, has sent four requests to INA's counsel seeking the production of those documents as well as any loss runs relied on by Mr. Snyder and not previously produced.  INA has not responded to these requests. See Exhibit G.

12.    EMCOR now seeks the production of an INA witness or witnesses able to adequately testify as to those matters listed in the 30(b)(6) Notice of Deposition as well as the production of the documents Mr. Snyder relied upon for his deposition and any loss runs that have not previously been produced by INA.

_____
Jeffrey J. Vita, Esq.

Subscribed and sworn to before me on August 23, 2004.

_____
Commissioner of the Superior Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------------X

EMCOR GROUP, INC.                                  :        Civil Action No.
                                                            Docket 3:00-CV-2211
                                                            (AVC)


                        Plaintiff,                 :
                                                            Judge Alfred V.
                                                            Covello
v.                                                 :

INSURANCE COMPANY OF NORTH AMERICA    :

                        Defendant.                 :        August 23, 2004

----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF EMCOR'S
## MOTION TO COMPEL

### I.    FACTUAL BACKGROUND:

This is an action involving an insurance coverage dispute between EMCOR

Group, Inc., a Delaware corporation with its principal place of business in Norwalk,

Connecticut (hereinafter "EMCOR") and Insurance Company of North America, a

Pennsylvania corporation with its principal place of business in Philadelphia,

Pennsylvania (hereinafter "INA").  During the course of discovery, on October 3, 2003,

counsel for EMCOR issued a 30(b)(6) notice of deposition to INA. See Exhibit A.

EMCOR was finally able to take that deposition on June 8, 2004, at which point INA

designated Mr. Steven Snyder, a name not previously associated with respect to any of

the issues in this dispute, to testify on behalf of INA.  Mr. Snyder was unprepared to

testify as to several of the critical issues identified in the Notice of Deposition.    In

addition, Mr. Snyder indicated he relied on documents contained in a box in his office,

which he failed to bring with him despite EMCOR's request for such documents in its re-

issued notice of deposition dated June 4, 2004. See Exhibit B.  Mr. Snyder also testified

that he reviewed Risk Advantage Reports in preparation for his deposition. EMCOR requested that INA produce all Risk Advantage Reports that Mr. Snyder relied upon that had not previously been produced to EMCOR, but INA has failed to produce said documents.

## II.    **ARGUMENT:**

### A.    Mr. Snyder's credibility as a 30(b)(6) witness is at issue and pursuant to Rule 37(a)(2)(B) and (a)(3) of the Federal Rules of Civil Procedure, an evasive or incomplete answer is to be treated as a failure to answer and is subject to a motion to compel and potential sanctions.

EMCOR first issued its Notice of Deposition to INA on October 3, 2003 and subsequently took that deposition on June 8, 2004. INA had at least eight months to designate an appropriate witness to testify on its behalf. Case law indicates the importance of having a prepared 30(b)(6) deponent. After a corporation receives notice of a 30(b)(6) deposition, "[t]he corporation then must not only produce such number of persons as will satisfy the request, but *more importantly, prepare them* so that they may give *complete, knowledgeable and binding answers* on behalf of the corporation." *Marker v. Union Fidelity Life Insurance Company,* 125 F.R.D. 121, 126 (U.S.D.C.M.D.N.C. 1989)(emphasis added) (Citing *Federal Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196 (E.D.Tenn. 1986); See also *Dravo Corporation v. Liberty Mutual Insurance Co. v. Hastings Industries, Inc.*, 164 F.R.D. 70, 75 (D.Neb.1995). In *Marker*, the defendant, by refusing to provide any person other than its claims director, failed to make a complete designation and produce knowledgeable witnesses as required by Rule 30(b)(6). *Marker*, 125 F.R.D. at 126. Further, "[e]ven if defendant in good faith thought that the claims director would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its Rule 30(b)(6) designation became apparent during the course of the deposition." *Id*. Similarly, the Court in *Dravo* held that

"'[the corporation] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters.'" *Dravo*, 164 F.R.D at 75, citing *Mitsui & Co v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62. 67 (D.P.R. 1981).

Importantly, "the deponent has a duty of being knowledgeable on the subject matter identified as the area of inquiry." *Alexander v. FBI*, 186 F.R.D 148, 152 (D.Columbia 1999) citing *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C., aff'd 166 F.R.D. 367 (1996). "Second, the designating party is under the duty to designate more than one deponent if it would be necessary to do so in order to respond to the relevant areas of inquiry that are specified with reasonable particularity by the plaintiffs." *Alexander*, 186 F.R.D. at 151 citing F.R.C.P. 30(b)(6). "Third, the designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party." *Alexander*, 186 F.R.D at 152 citing F.R.C.P. 30(b)(6). Also, "if the designated person does not possess personal knowledge of the matters set out in the deposition notice, the entity is obligated to prepare the designees so that they may give knowledgeable and binding answers for the organization. " *Starlight International Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D.Kansas 1999) citing *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), aff'd 166 F.R.D. 367 (1996).

Moreover, "the description of the scope of the deposition in the notice is the **minimum** about which the witness must be prepared to testify."  See *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366-367 (N.D.Cal. 2000) (emphasis added.) Further, "[t]he [entity] has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are 'known or reasonably available' to the corporation." *Id* at 366.

3

If the corporation whose deposition is being noticed produces an unprepared witness it is tantamount to failing to appear altogether.  See *Taylor*, 166 F.R.D. at 363; *Bank of New York v. Meriden Biao Bank Tanzania Limited*, 171 F.R.D. 135, 151 (1997); *Resolution Trust Corp. v. Southern Union*, 985 F.2d 196, 197 (5th Cir. 1993).  A failure to appear is subject to sanctions according to Fed.R.Civ.P. 37(a)(3).

As evident from the attached affidavit and exhibits, EMCOR designated five (5) areas of inquiry for INA's 30(b)(6) deposition.  INA failed to prepare its designee, Steven Snyder, to testify completely and unevasively as to all five of the areas of inquiry.

During Mr. Snyder's recent deposition, he was unable to testify regarding certain specific issues which were included in the notice.   With respect to item # 1 of the notice of deposition, the following exchange took place:

> Q:    In preparation for today's deposition did you feel it was your obligation to confirm how these 106 cases were coded?
> A:    No.  (See Exhibit H).

Despite the fact that item #2 requires a knowledgeable person within INA concerning loss runs produced by INA, Mr. Snyder was unable to give adequate and knowledgeable responses.

> Q:    One of the topics that I asked that you be ready to discuss is the interpretation of the various loss runs including the CRIS reports.  So who would have the information as to what the net-claim column means in the context of a CRIS report?
> A:    Probably Rich Laferty would be able to identify that. (See Exhibit D page 288).
> Q:    And do you know looking at any of these pages here, if this CRIS report identifies whether in a given case there was an indemnity payment?
> A:    It may well identify that but I'm not completely certain. (See Exhibit D pages 289-290).

Item # 3 required the identities of the cases that contributed to the exhaustion of the policies in question.

> Q:    Can you tell me what - - first of all, who you consulted to prepare for today's deposition as to that topic?
> A:    Could I look at, please?  Item number 3?
> Q:    Yes.

A:     Okay. I didn't consult with anyone in particular about that particular item.
Q:     Why not?
A:     I didn't believe it was necessary. (See <u>Exhibit I</u>).

Mr. Snyder failed to adequately testify as to item #4 of the notice with respect to the recoding of claims. Mr. Snyder's inadequate testimony is illustrated by the following exchange.

Q:     Do you know if the claims that Mr. Bodi concluded were completed operations were changed from general liability to completed operations?
A:     No, I do not know. (See <u>Exhibit J</u>).

Item #5 of the notice required testimony as to any money paid by INA to EMCOR or replenishments to EMCOR's aggregate limits due to recoding. The following testimony by Mr. Snyder highlights his unpreparedness on this item.

Q:     Did you ask anyone in preparation for today's deposition to review the billing records that had been provided to EMCOR concerning this dispute?
A:     No, I did not.
Q:     Okay. And why not?
A:     Because I didn't think it was necessary.
Q:     Why didn't you think it was necessary?
A:     Because the records - - because the billing records speaks for themselves and EMCOR has them and its my understanding that there are debits and credits given to the billing records that are reflected and would affect the aggregate and that's all I need to know for purposes of this deposition. (See <u>Exhibit C</u> pages 121-122).

Q:     And do you know approximately how many times that occurred with respect to the EMCOR cases where you saw a change or Miss Topper saw a change - - in credit or debit?
A:     No, I do not.
Q:     Can you estimate approximately?
A:     Not from my discussions with Miss Topper I can't. (See <u>Exhibit C</u> page 187).

The foregoing are simply examples of Mr. Snyder's inability to testify fully, completely and unevasively as is required of a 30(b)(6) deponent despite having ample notice of the areas of inquiry as set forth in the notice of deposition. In light of Mr. Snyder's testimony, it is apparent that Ms. Topper and perhaps Mr. Laferty would be

5

more qualified and better prepared to respond to certain items listed in the 30(b)(6) Notice of Deposition.

It is evident from the standard imposed on 30(b)(6) deponents that those standards were not met with regard to Mr. Snyder's testimony. In light of this failure to adequately prepare its 30(b)(6) witness, EMCOR respectfully requests that the Court order INA to produce deponents who are adequately prepared.

**B.     EMCOR is entitled to the production of documents that Mr. Snyder reviewed in preparation for his 30(b)(6) deposition pursuant to F.R.C.P. 37(a)(2)(B) as well as any other loss runs not previously provided to EMCOR pursuant to F.R.C.P. 26(e).**

On June 4, 2004, EMCOR reissued its notice of deposition to INA and incorporated a request for production of certain documents. See Exhibit B. Mr. Snyder failed to produce the documents requested at the time of his deposition and continues to fail to produce them despite repeated demands by EMCOR. See Exhibit G. Federal Rule of Civil Procedure 37(a)(2)(B) permits a party to file a motion to compel the production of documents if the party to produce the documents fails to do so. As EMCOR filed a request for the production of documents in connection with the notice of deposition and INA never filed any objection to that request for production, INA has a responsibility to turn those documents over to EMCOR. Further, under F.R.Civ.P. 26(e) INA has a continuing duty to disclose documents that are related to a disclosure under F.R.Civ.P. 26(a). INA indicated in its disclosure pursuant to FRCP 26(a) that INA's witnesses may utilize certain Risk Advantage Detailed Loss Reports. To the extent that INA has those documents they must be produced to EMCOR. EMCOR has made several attempts at resolving this matter with INA but has received no response to its inquiries and requests. As such, EMCOR now seeks the Court's intervention to order INA to produce these documents.

III.    **CONCLUSION**:

Based upon the foregoing reasons, EMCOR's Motion to Compel pursuant to Federal Rules of Civil Procedure 26, 30 and 37 must be granted and INA must be ordered to produce deponents prepared to testify as to the matters delineated in the Notice of Deposition as well as the production of the requested documents.

RESPECTFULLY SUBMITTED
THE PLAINTIFF,
EMCOR GROUP, INC.

By: _____
Jeffrey J. Vita, Esq.
Fed. Bar No. ct08036
Heidi H. Zapp, Esq.
Fed. Bar No. ct24655
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
(203) 287-8890

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------------X
EMCOR GROUP, INC.                          :    Civil Action No.
                                                Docket 3:00-CV-2211 (AVC)
                    Plaintiff,             :

                                                Judge Alfred V. Covello
v.                                         :

INSURANCE COMPANY OF NORTH AMERICA    :

                    Defendant.             :    August 23, 2004

-------------------------------------------------------------------X
```

## CERTIFICATION

This is to certify that the foregoing was mailed, postage prepaid, on this the 23rd day of August, 2004 to the following counsel of record:

Thomas Leghorn, Esq. (CT 22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
3 Gannett Drive
White Plains, NY  10601
914-323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901
(203) 348-7252

_____
Jeffrey J. Vita, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

EMCOR GROUP, INC.                          : Civil Action No.
                                            Docket 3:00-CV-2211
              Plaintiff,                   :

                                            Judge Alfred V. Covello
v.                                         :

INSURANCE COMPANY OF NORTH AMERICA         :

              Defendant.                   : October 3, 2003

-------------------------------------------------------------------X

## PLAINTIFF'S NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil
Procedure 30(b)(6), the Plaintiff in the above-captioned action, EMCOR Group,
Inc., will take the deposition of the employee or employees at defendant
Insurance Company of North America ("INA") designated to testify as to the
following:

1.    Matters known or reasonably available to INA regarding the coding
      of any of the claims identified on Exhibit A attached hereto as
      general liability claims;

2.    Matters known or reasonably available to INA regarding the
      creation, interpretation, and purpose of the loss runs (and/or "CRIS"
      reports) and the information contained therein for those claims
      identified on Exhibit A attached hereto for the period 1996 to the
      present;

3.    Matters known or reasonably available to INA regarding the identity
      of those cases which contributed to the exhaustion of the general
      liability aggregate limits of the following policies issued by INA to
      EMCOR Group, Inc. (f/k/a JWP, Inc.), including the corresponding

**EXHIBIT**

*A*

amounts of defense and indemnity payments for each such claim:

A)   HDO GI 403379-8 for the period 10/1/92 – 10/1/93;

B)   HDO GI 658518-A for the period 10/1/93 – 10/1/94; and

C)   HDO GI 658789-8 for the period 10/1/94 – 10/1/95
(collectively the "Policies");

4.     Matters known or reasonably available to INA regarding the
recoding of any claims against EMCOR under the Policies from
general liability to products-completed operations; and

5.     Matters known or reasonably available to INA regarding whether
INA paid any money to EMCOR due to the recoding or replenished
any general liability aggregate limits as a result of the recoding.

Said deposition is to take place at the law offices of Saxe Doernberger & Vita,

P.C., 1952 Whitney Avenue, Hamden, CT  06517 on October 20, 2003 at 10:00

a.m. to be used in the trial thereof before competent authority.  Said deposition

will be taken in accordance with Rule 30 of the Federal Rules of Civil Procedure

and will continue from day to day until completed.

THE PLAINTIFF,
EMCOR GROUP, INC.

By:_____

Jeffrey J. Vita, Esq.
Saxe Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT  06517
Tel: (203)287-8890
Fed. Bar. No. ct08036

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X

EMCOR GROUP, INC.                              : Civil Action No.
                                                 Docket 3:00-CV-2211
                    Plaintiff,                 :

                                                 Judge Alfred V. Covello
v.                                             :

INSURANCE COMPANY OF NORTH AMERICA             :

                    Defendant.                 : October 3, 2003

---------------------------------------------------------------X

## <u>CERTIFICATION</u>

This is to certify that the foregoing Notice was mailed, postage prepaid, on this the 3rd day of October, 2003 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.

**EXHIBIT A**

| # | File Name | A | B (D/L) | C (Claim Number) |
|---|-----------|---|---------|------------------|
| 1 | Hans v. Budin Contracting Corp. (Index No. 29913-94) | | 10.22.92 | X2806870699A<br>X2806870699B |
| 2 | Daniel v. JWP, Inc. | | | X878311660DLA |
| 3 | Caspe v. The City of New York, et al. (Case No. BC087907) | | 11.05.92 | X2806113460A<br>X2806113460B |
| 4 | Dickstein v. Petrocelli Electric Co., et al. (Index No. 106577/94) | | 11.26.92 | X2806893121A<br>X2806893121B |
| | (Index No. 127693/95)<br>Allstate Insurance Co. a/s/o Levy v. City of New York (Index No. 17084/93) | | 11.26.92 | X2806889206A<br>X2806889206B |
| 5 | (TP Index No. 92TT0266499) | | 11.29.92 | X2806871174A<br>X2806871174B |
| 6 | Clerge v. JWP Welsbach Electric Corp., et al. (Index No. 4468/94) | | 12.11.92 | X2806879114A<br>X2806879114B<br>X2806891077A<br>X2806891077B<br>X2806891077C<br>X2806891077D<br>X2806891077E<br>X4337891077B<br>X4337891077A |
| 7 | Freda v. Welsbach Electric Co. (Index No. 013352/95)<br>Uvaydova & Estate of Rafael Iskhakov v. JWP Welsbach Electric Corp., et al. | | 12.26.92 | X2806886662A<br>X2806886662B<br>X4337886662A |
| 8 | Jordan v. The City of New York, et al. (Index No. 022730/94) | | 12.30.92 | X2806889511A<br>X2806889511B |
| 9 | Brienza v. The City of New York, et al. (Index No. 118624/93) | | 01.11.93 | X2806770035A<br>X2806770035B |
| 10 | (Index No. 2173/93)<br>Newark Insurance Co. a/s/o John J. McMullen | | 01.23.93 | X2806889672A<br>X2806889672B<br>X4337889672A<br>X4337889672B |

| | A<br>File Name | B<br>D/L | C<br>Claim Number |
|---|---|---|---|
| 12 | Edwards v. Welsbach Electric Corp., et al.<br>(Index No. 4785/95) | 02.27.93 | X2806888805A<br>X2806888805B |
| 13 | Benvenuto (n/k/a Ferretti) v. JWP Maintenance and Services, Inc. d/b/a Broadway Maintenance, et al.<br>(Index No. 6354/96) | 03.14.93 | X2806957731A<br>X2806957731B |
| 14 | Khatib v. Welsbach Electric Corp., et al.<br>(Index No. Unknown) | 03.19.93 | X2806881782A<br>X2806881782B |
| 15 | Lee v. Welsbach Electric Company<br>(Index No. 5220/96) | 04.04.93 | X2806895776A<br>X2806895776B |
| 16 | Moran v. The City of New York, et al.<br>(Index No. 114839/94) | 04.11.93 | X2806881757A<br>X2806881757B |
| 17 | Gialamboukis v. The City of New York, et al.<br>(Index No. 144840/94) | 04.20.93 | X2806882203A<br>X2806882203B |
| 18 | Lux v. The Board of Education of the City of New York, et al.<br>(Index No. 125073/93) | 04.21.93 | X2806882978A<br>X2806882978B<br>X2806882978C<br>X2806882978D<br>X8752843430LA<br>X8752843330LB |
| 19 | Mazzeo v. County of Nassau, et al.<br>(Index No. 004799/94) | 04.28.93 | X2806868919A<br>X2806868919N<br>X2806868919190 |
| 20 | Wright v. The City of New York, et al.<br>(Index No. 2845/94) | 05.05.93 | X2806899058A<br>X2806899058B |
| 21 | Asher v. The City of New York, et al.<br>(Index No. Unknown) | 05.16.93 | X4337899058A<br>X4337899058B<br>X4337899058C<br>X4337899058D<br>X2806879181A<br>X2806879181B |

| | File Name | A | D/L | B | | C | Claim Number |
|---|---|---|---|---|---|---|---|
| 22 | Carbo v. Welsbach Electric Corp. (Index No. 012350/96) | | | 06.10.93 | | X28068974412A<br>X28068974412B<br>X28068974412C<br>X43378974412A<br>X43378974412B<br>X43378974412C<br>X43378974412D<br>X28068897954A<br>X28068897954B<br>X28068897954A | |
| 23 | Alexander v. Welsbach Electric Corp. (Index No. 01235/96) | | | 07.25.93 | | X43378897954B<br>X43378897954C<br>X43378897954D<br>X28068889467A<br>X28068889467B | |
| 24 | Welsh v. Roth, et al. (Index No. 07224/94) | | | 07.27.93 | | X28068876401A<br>X28068876401B | |
| 25 | Griffith v. Aghabi, et al. (Index No. 12473/93) | | | 07.15.93 | | X88702330LA | |
| 26 | Glassman, et al. v. Dorfman, et al. (Index No. 21110/93) | | | 07.24.93 | | X28068886551A<br>X28068886551B | |
| _7 | Uhler v. Welsbach Electric Company (Index No. Unknown) | | | 08.04.93 | | X28068876139A<br>X28068876139B<br>X28068876139C | |
| 28 | Abramowitz v. Howard, et al. v. Dorfman, et al. (Index No. 02176/94) | | | 08.05.93 | | X28068881627A<br>X28068881627B<br>X28068881627A<br>X43378881627A<br>X43378881627B<br>X43378881627C<br>X43378881627D | |
| 29 | Jean v. The City of New York, et al. (Index No. 30430/94) | | | 09.06.93 | | X28068864486B<br>X28068864486B | |
| 30 | United Parcel Service of America, Inc. v/ Johnson Peltier Electric Inc. (Index No. CV/95-6950 WMB) | | | | | X28061141260A<br>X28061141260B | |

| File Name | | D/L | Claim Number |
|---|---|---|---|
| | **A** | **B** | **C** |
| 31 | Cantero v. Welsbach Electric Corp., et al (Index No. 115221/94) | | X2806881850A<br>X2806881850B<br>X2806877260B<br>X2806877260A |
| 32 | Bernard v. The County of Nassau, et al. (Index No. 00278/95) | 10.18.93 | X4337901533A<br>X4337901533B<br>X4337901533C<br>X4337901533D<br>X4337901533E<br>X4337901533F |
| | | 11.01.93 | X8839953330LA<br>X8839953330LB<br>X8839953330LC |
| 33 | Joseph & Milfort v. The County of Nassau, et al. (Index No. Unknown) | 11.01.93 | X2806881218A<br>X2806881218B<br>X2806881218C<br>X2806881218D |
| 34 | Joseph v. Todino et al (Index No. 122499/94) | 11.02.93 | X2806898817A<br>X2806898817B<br>X2806898472A<br>X2806898472B<br>X2806899472B<br>X2806899472C<br>X2806899336A<br>X4337900336B<br>X4337900336C<br>X4337900336D<br>X4337900336E |
| 35 | Palotsi & Pogorelsky v. Welsbach Electric Corporation, et al (Index No. 48088/96) | 12.16.93 | X2806882253A<br>X2806882253B<br>X2806882253C |
| 36 | Gartenberg v. Lyons Dodge, Inc., et al (Index No. 189008/95) | 01.08.94 | X4337901534A<br>X4337901534B<br>X4337901534C<br>X4337901534D |

| File Name | A | D/L | B | Claim Number | C |
|---|---|---|---|---|---|
| 37 | Commerce & Industry Ins. Co. (Ziff) v. Penguin Air Conditioning, Inc. (Index No. 120053/96) | | 01.16.94 | | X280677260A<br>X2806877260B<br>X4337901529A<br>X4337901529B<br>X4337901529C<br>X4337901529D<br>X280689673 4A<br>X280689673 4B |
| 38 | Dekenipp v. New York Paving Inc., et al (Index No. 166292/97) | | 03.03.94 | | X4337900343A<br>X4337900343B<br>X4337900343C<br>X4337900343D<br>X2806672609A<br>X2806672509B |
| 39 | Maltese v. Door Systems, Inc., et al. (Index No. 96 L 02931) | | 03.21.94 | | X4337900349A<br>X4337952743A<br>X4337952743B<br>X280689 6199A<br>X280689 6199B |
| 40 J | Williams v. Emmanuel Brunot, et al. (Index No. 15209/94) | | 04.25.94 | | X4337900349A<br>X4337900349B<br>X4337900349C<br>X4337900349D |
| 41 | Silver v. New York Transit Authority, et al. (Index No. 259963/94) | | 06.22.94 | | X2806900110A<br>X2806900110B |
| 42 | Skulsky v. Welsbach Electric Corp. (Index No. 21503/95) | | | | X280689381A<br>X280689381B |
| 43 | Patterson v. Broadway Maintenance Corp., et al. (Index No. 18920/97) | | 08.02.94<br>10.01.94 | | X2806901266A<br>X2806901266B |
| 44 | Johanneman v. 110 William Street Co., et al. (Index No. 110583/97) | | 10.11.94 | | X2806953014A<br>X2806953014B<br>X53219534 9LA |

| | File Name | D/L | Claim Number |
|---|---|---|---|
| | **A** | **B** | **C** |
| 45 | North River Insurance Co. a/s/o Oak Hill Partners, Inc. v. Arista Air Conditioning Corp., et al. | 11.07.94 | X2806888628A<br>X2806888628B |
| 46 | File No. CF 1063)<br>(TP Index No. 95 TT003954) | 11.13.94 | X4337953003A<br>X4337953003B<br>X2806900527A |
| 47 | Blanco v. The City of New York, et al.<br>(Index No. 7772/96) | | X2806900527B<br>X4337900527A<br>X4337900527B |
| 48 | Surrency v. The City of New York, et al.<br>(Index No. 7254/96) | 11.16.94 | X2806893845A<br>X2806893845B |
| 48 | LaRosa v. Jenkins, et al<br>Index No. 21071/95) | 11.23.94 | X2806893845B<br>X2806952334A<br>X2806952334B<br>X2806952334C |
| 49 | Martin v. Welsbach Electric Corporation of L.I.<br>(Index No. 03317/97) | 12.17.94 | X2806952334C<br>X4337952334A<br>X4337952334B<br>X4337952334C |
| 50 | Hands v. The City of New York, et al<br>(Index No. 25262/95) | 01.04.95 | X2806891883A<br>X2806891883B<br>X2806892474A |
| 51 | Gannon v. JWP Forest Electric Corporation<br>(Index No. 12201/95) | 01.23.95 | X2806892474A<br>X2806892474B<br>X4337892474A<br>X4337892474B |
| 52 | Trilleras v. The City of New York, et al.<br>(Index No. 25407/95) | 02.06.95 | X2806896733A<br>X2806896733B<br>X4337896733A<br>X4337896733B |
| 53 | Ohayon v. The City of New York, et al<br>(Index No. 7929/96) | 02.08.95 | X2806896678A<br>X2806896678B<br>X2806952514A<br>X2806952514B |
| | Cheng v. Welsbach Electric Corp. | | |

| | File Name | A | D/L (B) | Claim Number (C) |
|---|---|---|---|---|
| 55 | Polichetti v. The City of New York et al (Index No. 19391/96) | | 03.20.95 | X280690901426A<br>X280690901426B<br>X280690902255A |
| 56 | Pera v. The City of New York, et al (Index No. Unknown) | | 03.03.95 | X280690902255A<br>X4337902255A<br>X280690902255B<br>X280690898243A |
| 57 | Aschoff v. The City of New York, et al (Index No. 20666/96) | | 03.20.95 | X280690898243B<br>X280690898243C<br>X49561534g9LA<br>X280689897105A |
| 58 | Jean-Baptiste v. The City of New York, et al (Index No. 166296/97) | | 04.05.95 | X280689897105B<br>X280689897105C<br>X4337897105C<br>X4337897105A |
| 59 | Kushmider v. The City of New York, et al. (Index No. 21524/95) | | 04.07.95 | X4337897118A<br>X280689897118B |
| 60 | Cyrus v. Weisbach Corp., et al (Index No. 38390/95) | | 04.30.95 | X280689829996A<br>280689829996B |
| 61 | Lenett v. The City of New York, et al (Index No. 38787/95) | | 04.30.95 | X280695252502A<br>X280695252502B<br>X4337952502A<br>X4337952502B |
| 62 | Pineda v. Weisbach Electric Corp. (Index No. 7193/98) | | 05.14.95 | X280695252547A<br>X280695252547B<br>X4337952547A<br>X4337952547B |
| 63 | Saywack v. Scott, et al (Index No. 16175/98) | | 05.18.95 | X4337953098A<br>X4337953098B<br>X280689582091A<br>X280689582091B |
| 64 | Lindauer v. JWP, Inc. d/b/a Penguin Air Conditioning, Inc. (Index No. 114160/98) | | | X280689829091B<br>X4337892091A |

| A — File Name | B — D/L | C — Claim Number |
|---|---|---|
| **65** State Farm Ins. Co. a/s/o Jamie Conologue v. Orofino, et al. (Index No. 810767/96). | 06.29.95 | X280689309664A<br>X280688093096B |
| **66** Garcia v. The City of New York, et al. (Index No. 20609/96) | 06.24.95 | X893495330LA<br>X280690070B4<br>X280690070A4B<br>X433790070A4B<br>X433790070A4A |
| **7** Warren v. The City of New York, et al. (Index No. Unknown) | 07.10.95 | X280695263B3B<br>X280695263B3A<br>280630896609X<br>2806308966012 |
| **68** Henrichsen v. Welsbach Electric Corp., et al. (Index No. 18028/98) | 07.15.95 | X280695263B3B<br>X433790526B3B<br>X433790526B3A |
| **69** Singh v. The City of New York, et al (Index No. 166362/98) | 07.25.95 | X280695266B1B<br>X280695266B1A<br>X433790526B1B<br>X433790526B1A |
| **70** Thercier v. Pierre, et al. (Index No. 7905/96) | 07.28.95 | X280689254B7B<br>X280689254B7A |
| **–** Pacombe v. The City of New York, et al. (Index No. 43205/96) | 08.16.95 | X280690015B5B<br>X280690015B5A<br>X433790015B5B<br>X433790015B5A |
| **72** Feo v. The County of Nassau, et al. (Index No. 011458/96) | 08.29.95 | X280689595B5B<br>X280689595B5A |
| **73** Hendrickson v. Welsbach Electric Corp.(Index No. 27659/97) | 09.30.95 | X895926330LA<br>X280690013B0B<br>X280690013B0A<br>X433790013B0B<br>X433790013B0A |
| **74** Birft v. J.W. Welsbach Electric Corp., et al. (Index No. Unkown) | 02.08.93 | X280688098B11B<br>X280688098B11A |
| **75** Alden v. The City of New York, et al. (Index No. 4267/96) | | X280687650B8A |

| | File Name | D/L | Claim Number |
| --- | --- | --- | --- |
| | | A | B | C |
| 76 | Soderberg v. Barr & Barr, et al. (Index No. 32834/95) | 07.20.93 | X280689379BA, X280689379BB, X433789379BA, X433789379BB, X433789379BC, X433789379BD |
| 77 | Bonner v. The Dormitory Authority of the State of New York, et al. (Index No. 10681/97) | 09.01.93 thru 06.27.95 | X280952519A, X280952519B, X433795251 9A, X433795251 9B, X280688062 7A, X280688062 7B, X280688062 7C, X280689790 5A, X280689790 5B |
| 78 | Teichman v. The City of New York, et al. (Index No. 100788/95) | 11.18.93 | |
| 79 | Rick Costello v. Contra Costa Electric, et al. (Index No. Unknown) | | X295151659 1A |
| 80 | Ensler v. City of New York, et al. (Index No. 102281/95) | 11.20.93 | X280688870 2A, X280688870 2B |
| 81 | Aarne v. Tishman Construction, Inc., et al (Index No. 1902/94) | 12.11.93 | X280688198 0A, X280688198 0B |
| 82 | Gager v. Consolidated Edison Company of New York, et al. (Index No. 1642/95) | 01.07.94 | X280689675 3A, X280689675 3B |
| 83 | Weathers v. Weisbach Electric Co. (Index No. SCK 9691 / 1995-21) | 08.29.94 | X280689409 6B, X280689409 6A |
| 84 | Howard v. The City of New York, et al. (Index No. 11930/95) | 06.30.94 | X433790034 4A, X433790034 4C |
| 85 | Goldberg v. Weisbach Corp., et al. (Index No. Unknown) | 08.31.94 | X280689011 3A, X280689011 3B, X280690044 8A, X280689044 8B |

| | A (File Name) | B (D/L) | C (Claim Number) |
|---|---|---|---|
| 86 | Valinotti v. Kings Plaza, et al. (Index No. 33504/95) | 01.12.95 | X2806896492A<br>X2806896492B |
| 87 | Randall v. City of New York, et al. (Index No. 113011/95) | 03.02.95 | X4337901426A<br>X4337901426B |
| 88 | Rodriguez v. Welsbach Electric (File No. 280695 2522 ) | | X2806952522A<br>X2806952522B<br>X4337952522A<br>X4337952522B |
| 89 | Rosner v. The City of New York, et al. (Index No. 110531/96) | 03.29.95 | X2806897997A<br>X2806897997B |
| 90 | Bartnett/Connolly v. Sikorski, et al (File No. 2806 330 8806270) | 07.31.95 | X2806330880627O |
| 91 | Hayles-Nelson v. The City of New York, et al. (Index No. 817393) | 11.01.92 | X2806862375A<br>X2806862375B |
| 92 | Kargbo v. Cornell/AEC (File No. 2806 180 8979388) | 11.18.93 | X2806897938A<br>X2806897938B |
| 93 | Martinez v. Nassau Street Partners, et al. (Index No. 6814/93) | 03.31.93 | X2806897880A<br>X2806897880B |
| 94 | Newman v. Huen Electric, Inc. (TP Index No. 76642/93) | 09.19.94 | X2806890425A<br>X2806890425B |
| 95 | State Farm Mutual Auto Ins. Co. / Robert Napolitano v. The City of New York, et al. (Index No. 37382/94) (TP Index No. 94TT014841) | 11.11.92 | X2806664221A<br>X2806664221B |
| 96 | Messina v. The City of New York, et al. (Index No. 18465/94) | 03.01.94 | X2806952628A<br>X2806952628B |
| 97 | Waldron v. The City of New York, et al. (Index No. 26498/94) | 05.28.93 | X4337952628A<br>X4337952628B |
| 98 | Tahal v. The City of New York, et al. (Index No. 14998/94) | 07.04.93 | X2806962330A<br>X2806962330B |
| | Lopez v. Thrifty Car Rental, et al. | 01.29.93 | X4337953058A<br>X4337953058B |

| File Name | A | B D/L | C Claim Number |
|---|---|---|---|
| Jenkins v. The City of New York, et al. (Index No. 001132/94) | | 03.16.93 | 4337390953107-1<br>X280695527731A |
| Harding v. Dorff Construction Co. Inc., et al. (Index No. 110702/97) | | 06.13.94 | X280695527731B<br>X4337952731A<br>X4337952731B<br>X4337952546A<br>X4337952546B |
| Hadash v. The City of New York, et al. (Index No. 10321/95) | | | X4337952546C<br>X4337952546D<br>X4337953063A |
| Pellot v. The City of New York, et al. (Index No. 20545/95) | | 04.23.94 | X4337953063B |
| Rosario v. The City of New York, et al. (Index No. 16799/94) | | 06.05.94 | X4337953099A<br>X4337953099B |
| Interboro Mutual Indemnity Insurance Co. a/s/o Willie Brinkley v. N.Y. City Dept. of Transportation, et al. (Index No. 010634/95) | | 12.04.93<br>10.11.94 | X4337962253A<br>X4337962253B |
| Royal Insurance Co. of America a/s/o Bulgari Corp. v. Barneys of New York, et al. (Index No. 025608/94) | | 02.02.93 | 4337-390-952679-2 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X

EMCOR GROUP, INC.                                    : Civil Action No.
                                                       Docket 3:00-CV-2211
              Plaintiff,                        :

                                                       Judge Alfred V. Covello
v.                                                   :

INSURANCE COMPANY OF NORTH AMERICA                   :

              Defendant.                        : June 4, 2004

-----------------------------------------------------------------X

## PLAINTIFF'S RE-NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil Procedure 30(b)(6), the Plaintiff in the above-captioned action, EMCOR Group, Inc., will take the deposition of the employee or employees at defendant Insurance Company of North America ("INA") designated to testify as to the following:

1.  Matters known or reasonably available to INA regarding the coding of any of the claims identified on Exhibit A attached hereto as general liability claims;

2.  Matters known or reasonably available to INA regarding the creation, interpretation, and purpose of the loss runs (and/or "CRIS" reports) and the information contained therein for those claims identified on Exhibit A attached hereto for the period 1996 to the present;

EXHIBIT

B

3.   Matters known or reasonably available to INA regarding the identity of those cases which contributed to the exhaustion of the general liability aggregate limits of the following policies issued by INA to EMCOR Group, Inc. (f/k/a JWP, Inc.), including the corresponding amounts of defense and indemnity payments for each such claim:

A)  HDO GI 403379-8 for the period 10/1/92 – 10/1/93;

B)  HDO GI 658518-A for the period 10/1/93 – 10/1/94; and

C)  HDO GI 658789-8 for the period 10/1/94 – 10/1/95 (collectively the "Policies");

4.   Matters known or reasonably available to INA regarding the recoding of any claims against EMCOR under the Policies from general liability to products-completed operations; and

5.   Matters known or reasonably available to INA regarding whether INA paid any money to EMCOR due to the recoding or replenished any general liability aggregate limits as a result of the recoding.

Said deposition is to take place at the law offices of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, The Curtis Center, Suite 1130 East, Independence Square West, Philadelphia, PA 19106 on June 8, 2004 at 9:00 a.m. to be used in the trial thereof before competent authority.  Said deposition will be taken in accordance with Rule 30 of the Federal Rules of Civil Procedure and will continue from day to day until completed and shall be recorded by both stenographic and videographic means.

**PLEASE TAKE FURTHER NOTICE** that you are hereby requested, pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure to produce and/or permit the Plaintiff to inspect and copy at the time of the deposition, or prior thereto, all of the documents listed in Exhibit B.

THE PLAINTIFF,
EMCOR GROUP, INC.


By:_____
    Heidi H. Zapp, Esq.
    Fed. Bar No. ct24655
    Jeffrey J. Vita, Esq.
    Fed. Bar No. ct08036
    Saxe Doernberger & Vita, P.C.
    1952 Whitney Avenue
    Hamden, Connecticut 06517
    Tel.: (203) 287-8890
    Fax: (203) 287-8847

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------------------X
EMCOR GROUP, INC.                        : Civil Action No.
                                           Docket 3:00-CV-2211
                     Plaintiff,          :
                                           Judge Alfred V. Covello
v.                                       :

INSURANCE COMPANY OF NORTH AMERICA       :

                     Defendant.          : June 4, 2004

------------------------------------------------------------------X
```

## CERTIFICATION

This is to certify that the foregoing Notice was mailed, postage prepaid, on this the 4th day of June, 2004 and via facsimile to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10601
914-323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

Heidi H. Zapp, Esq.

EXHIBIT

A

## EXHIBIT A

| File Name | A | B (D/L) | C (Claim Number) |
|---|---|---|---|
| 1 | Hans v. Budin Contracting Corp. (Index No. 29913-94) | 10.22.92 | X28068870699A, X28068870699B, X8783116660LA, X28061134460A, X28061134460B, X28068893121A, X28068893121B, X28068893206A, X28068893206B |
| 2 | Daniel v. JWP, Inc. (Case No. BC087907) | | |
| 3 | Caspe v. The City of New York, et al. (Index No. 106577/94) | 11.05.92 | |
|  | Dickstein v. Petrocelli Electric Co., et al. (Index No. 127693/95) | 11.26.92 | |
|  | Allstate Insurance Co. a/s/o Levy v. City of New York (Index No. 17084/93) | 11.26.92 | |
| 5 | (TP Index No. 92TT0266499) Clerge v. JWP Welsbach Electric Corp., et al. (Index No. 4468/94) | 11.29.92 | X28068871174A, X28068871174B, X28068879114A, X28068879114B, X28068910774A, X28068910778B, X28068910770C, X28068910770D, X28068910770E, X43378891077A, X43378891077B |
| 6 | | 12.11.92 | |
| 7 | Freda v. Welsbach Electric Co. (Index No. 013352/95) Uvaydova & Estate of Rafael Iskhakov v. JWP Welsbach Electric Corp., et al. (Index No. 022730/94) | 12.26.92 | X28068866620A, X28068866620B, X43378856662A |
| 8 | Jordan v. The City of New York, et al. (Index No. 118624/93) | 12.30.92 | X28068895111A, X28068895111B |
| 9 | Brienza v. The City of New York, et al. (Index No. 2173/93) | 01.11.93 | X28068877035A, X28068877035B |
| 10 | Newark Insurance Co. a/s/o John J. McMullen v. Consolidated Edison Co. of New York, et al. | 01.23.93 | X28068896672A, X28068896672B, X43378896672A, X43378896672B |

| | A — File Name | B — D/L | C — Claim Number |
|---|---|---|---|
| 12 | Edwards v. Welsbach Electric Corp., et al. (Index No. 4785/95) | 02.27.93 | X2806888805A<br>X2806888805B |
| 13 | Benvenuto (n/k/a Ferretti) v. JWP Maintenance and Services, Inc. d/b/a Broadway Maintenance, et al. (Index No. 6354/96) | | X2806895731A<br>X2806895731B |
| 14 | Khatib v. Welsbach Electric Corp., et al. (Index No. Unknown) | 03.14.93 | X2806881782A<br>X2806881782B |
| 15 | Lee v. Welsbach Electric Company (Index No. 5220/96) | 03.19.93 | X2806895776A<br>X2806895776B |
| 16 | Moran v. The City of New York, et al. (Index No. 114839/94) | 04.04.93 | X2806881757A<br>X2806881757B |
| 17 | Gialamboukis v. The City of New York, et al. (Index No. 144840/94) | 04.11.93 | X2806882203A<br>X2806882203B |
| 18 | Lux v. The Board of Education of the City of New York, et al. (Index No. 125073/93) | 04.20.93<br>04.21.93 | X2806882978A<br>X2806882978B<br>X2806882978C<br>X2806882978D<br>X8752843330LA<br>X8752843330LB |
| 19 | Mazzeo v. County of Nassau, et al. (Index No. 004799/94) | 04.28.93 | X2806668919A<br>X2806668919N<br>X2806688919190 |
| 20 | Wright v. The City of New York, et al. (Index No. 2845/94) | 05.05.93 | X2806899058A<br>X2806899058B<br>X4337899058A<br>X4337899058B<br>X4337899058C<br>X4337899058D |
| 21 | Asher v. The City of New York, et al. (Index No. Unknown) | 05.16.93 | X2806879181A<br>X2806879181B |

| File Name | | D/L | Claim Number |
|---|---|---|---|
| | A | B | C |
| 22 | Carbo v. Welsbach Electric Corp.<br>Index No. 012350/96 | 06.10.93 | X2806897412A<br>X2806897412B<br>X2806897412C<br>X2806897412A<br>X2806897412B<br>X2806897412C<br>X4337897412B<br>X4337897412A<br>X4337897412C<br>X4337897412D |
| 23 | Alexander v. Welsbach Electric Corp.<br>(Index No. 01235/96)<br>Welsh v. Roth, et al. | 07.25.93 | X2806897954A<br>X2806897954B<br>X2806897954A<br>X4337897954A<br>X4337897954B<br>X4337897954C<br>X4337897954D |
| 24 | (Index No. 07224/94) | 07.27.93 | X2806889467A<br>X2806889467B |
| 25 | Griffith v. Aghabi, et al.<br>(Index No. 12473/93) | 07.27.93 | X2806876401A<br>X2806876401B |
| 26 | Glassman, et al. v. Dorfman, et al.<br>(Index No. 21110/93) | 07.15.93 | X8870233301LA<br>X2806886551A<br>X2806886551B |
| 27 | Uhler v. Welsbach Electric Company<br>(Index No. Unknown) | 07.24.93 | X2806876139A<br>X2806876139B<br>X2806876139C |
| 28 | Abamowitz v. Howard, et al. v. Dorfman, et al.<br>(Index No. 021765/94) | 08.04.93 | X2806881627A<br>X2806881627B<br>X2806881627B<br>X2806881627A<br>X2806881627B<br>X4337881627A<br>X4337881627B<br>X4337881627C |
| 29 | Jean v. The City of New York, et al<br>(Index No. 30430/94) | 08.05.93 | X2806886486A<br>X2806886486B |
| 30 | United Parcel Service of America, Inc. v. Johnson Peltier Electric Inc.<br>(Index No. CV95-6950-WMB) | 09.06.93<br>09.26.93 | X2806141260A<br>X2806141260B |

| | File Name | D/L | Claim Number |
|---|---|---|---|
| | **A** | **B** | **C** |
| 31 | Cantero v. Welsbach Electric Corp., et al (Index No. 115221/94) | 10.18.93 | X280688 1850A<br>X280688 1850B<br>X280688 7260A<br>X280688 7260B |
| 32 | Bernard v. The County of Nassau, et al. (Index No. 00278/95) | | X433790 1533A<br>X433790 1533B<br>X433790 1533C<br>X433790 1533D<br>X433790 1533E<br>X433790 1533F<br>X883995 330LA<br>X883995 330LB<br>X883995 330LC |
| 33 | Joseph & Milfort v. The County of Nassau, et al. (Index No. Unknown) | 11.01.93 | X280688 1218A<br>X280688 1218B<br>X280688 1218C<br>X280688 1218D |
| 34 | Joseph v. Todino et al (Index No. 122499/94) | 11.01.93 | X280688 817A<br>X280688 817B |
| | | 11.02.93 | X280689 9472A<br>X280689 9472B<br>X280689 9472C |
| 35 | Palotsi & Pogorelsky v. Welsbach Electric Corporation, et al (Index No. 48088/96) | 12.16.93 | X433790 0336A<br>X433790 0336B<br>X433790 0336C<br>X433790 0336D<br>X433790 0336E |
| 36 | Gartenberg v. Lyons Dodge, Inc., et al (Index No. 189008/95) | 01.08.94 | X280688 2253A<br>X280688 2253B<br>X280688 2253C<br>X433790 1534A<br>X433790 1534B<br>X433790 1534C<br>X433790 1534D |

| | File Name / A | D/L (B) | Claim Number (C) |
|---|---|---|---|
| 37 | Commerce & Industry Ins. Co. (Ziff) v. Penguin Air Conditioning, Inc. (Index No. 120053/96) | 01.16.94 | X2806877260A, X2806877260B, X4337901529A, X4337901529B, X4337901529C, X4337901529D, X2806896734B, X2806896734A |
| 38 | Dekenipp v. New York Paving Inc., et al (Index No. 166292/97) | 03.03.94 | X4337900343A, X4337900343B, X4337900343C, X4337900343D, X2806672509A, X2806672509B |
| 39 | Maltese v. Door Systems, Inc., et al. (Index No. 96 L 02931) | 03.21.94 | X4337900349A, X4337952743A, X4337952743B, X2806896199A, X2806896199B |
| 40 | Williams v. Emmanuel Brunot, et al. (Index No. 15209/94) | 04.25.94 | X4337900349A, X4337900349B, X4337900349C, X4337900349D |
| 41 | Silver v. New York Transit Authority, et al. (Index No. 259963/94) | 06.22.94 | X2806900110A, X2806900110B |
| 42 | Skulsky v. Welsbach Electric Corp. (Index No. 21503/95) | 08.02.94 | X2806893381A, X2806893381B |
| 43 | Patterson v. Broadway Maintenance Corp., et al. (Index No. 18920/97) | 10.01.94 | X2806901266A, X2806901266B |
| 44 | Johanneman v. 110 William Street Co., et al. (Index No. 110583/97) | 10.11.94 | X2806953014A, X2806953014B, X5321953049LA |

| File Name | A | B (D/L) | C (Claim Number) |
|---|---|---|---|
| 45 | North River Insurance Co. a/s/o Oak Hill Partners, Inc. v. Arista Air Conditioning Corp., et al. (File No. CF 1063) | 11.07.94 | X280688862 8A<br>X280688862 8B |
| 46 | Blanco v. The City of New York, et al. (Index No. 7772/96) (TP Index No. 95 TT003954) | 11.13.94 | X433795300 3A<br>X433795300 3B<br>X280690052 7A<br>X280690052 7B<br>X433790052 7B |
| 47 | Surency v. The City of New York, et al. | 11.16.94 | X280693884 5A<br>X280693884 5B |
| 48 | LaRosa v. Jenkins, et al (Index No. 21071/95) | 11.23.94 | X280695233 4A<br>X280695233 4B<br>X280695233 4C<br>X433795233 4A<br>X433795233 4B<br>X433795233 4C |
| 49 | Martin v. Welsbach Electric Corporation of L.I. (Index No. 03177/97) | 12.17.94 | X280689188 3A<br>X433795233 4B<br>X280689188 3A |
| 50 | Hands v. The City of New York, et al (Index No. 25262/95) | 01.04.95 | X280689247 4A<br>X280689247 4B<br>X280689247 4A<br>X280689247 4B |
| 51 | Gannon v. JWP Forest Electric Corporation (Index No. 12015/95) | 01.23.95 | X433789247 4A<br>X433789247 4B<br>X280689673 3A |
| 52 | Trilleras v. The City of New York, et al. (Index No. 25407/95) | 02.06.95 | X280689673 3B<br>X433789673 3A<br>X433789673 3B |
| 53 | Ohayon v. The City of New York, et al (Index No. 7929/96) | 02.08.95 | X280689567 8A<br>X280689567 8B |
| 54 | Cheng v. Welsbach Electric Corp. (Index No. 3572/00) | | X280689252 5B<br>X280695251 4B<br>X433795251 4A |

| | File Name | D/L | Claim Number |
|---|---|---|---|
| | | A | B | C |
| 55 | Polichetti v. The City of New York et al (Index No. 19391/96) | 03.20.95 | X2806901426A / X2806901426B |
| 56 | Pera v. The City of New York, et al (Index No. Unknown) | | X2806900255A / X2806900255B / X4337900255A / X4337900255B |
| 57 | Aschoff v. The City of New York, et al (Index No. 20666/96) | 03.03.95 | X2806898243A / X2806898243B / X2806898243C / X495615349LA |
| 58 | Jean-Baptiste v. The City of New York, et al (Index No. 166296/97) | 03.20.95 | X2806897105A / X2806897105B / X2806897105C |
| 59 | Kushmider v. The City of New York, et al. (Index No. 21524/95) | 04.05.95 | X4337897105A / X4337897105B / X4337897105C / X2806897118A / X2806897118B |
| 60 | Cyrus v. Welsbach Corp., et al (Index No. 38390/95) | 04.07.95 | 2806892996A / 2806892996B / 2806892996A |
| 61 | Lenett v. The City of New York, et al (Index No. 38787/95) | 04.30.95 | X2806952502A / X2806952502B / X4337952502A / X4337952502B |
| 62 | Pineda v. Welsbach Electric Corp. (Index No. 7193/98) | 04.30.95 | X2806952547A / X2806952547B / X4337952547A / X4337952547B |
| 63 | Saywack v. Scott, et al (Index No. 16175/98) | 05.14.95 | X4337953098A / X4337953098B |
| 64 | Lindauer v. JWP, Inc. d/b/a Penguin Air Conditioning, Inc. (Index No. 119160/96) | 05.18.95 / 06.06.95 | X2806892091A / X2806892091B / X4337892091A |

| # | File Name (A) | D/L (B) | Claim Number (C) |
|---|---|---|---|
| 65 | State Farm Ins. Co. a/s/o Jamie Conologue v. Orofino, et al. (Index No. 810767/96) | | X2806893096A, X2806893096B |
| 66 | Garcia v. The City of New York, et al. (Index No. 20609/96) | 06.29.95 | X89349533OLA, X2806900704A, X2806900704B, X4337907004A, X4337907004B |
| 7 | Warren v. The City of New York, et al. (Index No. Unknown) | 06.24.95 | 2806330896660012, 2806330896609X |
| 68 | Henrichsen v. Welsbach Electric Corp, et al. (Index No. 18028/98) | 07.10.95 | X2806952633A, X2806952633B, X4337952633A, X4337952633B |
| 69 | Singh v. The City of New York, et al. (Index No. 166362/98) | 07.15.95 | X2806952661A, X2806952661B, X4337952661A, X4337952661B |
| 70 | Thercier v. Pierre, et al. (Index No. 7905/96) | 07.25.95 | X2806892547A, X2806892547B |
| 71 | Pacombe v. The City of New York, et al. (Index No. 43205/96) | 07.28.95 | X2806900155A, X2806900155B, X4337900155A, X4337900155B |
| 72 | Feo v. The County of Nassau, et al. (Index No. 011458/96) | 08.16.95 | X2806895955A, X2806895955B |
| 73 | Hendrickson v. Welsbach Electric Corp.(Index No. 27659/97) | 08.29.95 | X89592633OLA, X2806901380A, X2806901380B, X4337901380A, X4337901380B |
| 74 | Birt v. J.W. Welsbach Electric Corp., et al. (Index No. Unkown) | 09.30.95 | X2806898811B, X2806898811A |
| 75 | Alden v. The City of New York, et al. (Index No. 12677/93) | 02.08.93, 04.29.93 | X2806876508A, X2806876508B |

| | File Name | A | D/L | Claim Number |
|---|---|---|---|---|
| 76 | Soderberg v. Barr & Barr, et al. (Index No. 32834/95) | | 07.20.93 | X2806893798A X2806893798B X4337893798A X4337893798B X4337893798C X4337893798D |
| 77 | Bonner v. The Dormitory Authority of the State of New York, et al. (Index No. 10881/97) | | | X2806952519A X2806952519B X4337952519A X4337952519B |
| 78 | Teichman v. The City of New York, et al. (Index No. 100788/95) | | 09.01.93 thru 06.27.95 | X2806880627A X2806880627B X2806880627C X2806880627A |
| 79 | Index No. Unknown Rick Costello v. Contra Costa Electric, et al. | | 11.18.93 | X2806897905A X2806897905B |
| 80 | Ensler v. City of New York, et al. (Index No. 10228/95) | | 11.20.93 | X2951516591A |
| 81 | Aarne v. Tishman Construction, Inc., et al (Index No. 1902/94) | | 12.11.93 | X2806888702A X2806888702B X2806888702A |
| | Gager v. Consolidated Edison Company of New York, et al. | | 01.07.94 | X2806881980A X2806881980B |
| 82 | Weathers v. Weisbach Electric Co. (Index No. 11642/95) | | 06.30.94 | X2806911133A X2806911133B |
| 83 | (Index No. SCK 9691 / 1995-21) | | 08.29.94 | X2806894096A X2806894096B |
| 84 | Howard v. The City of New York, et al. (Index No. 11930s/95) | | 08.31.94 | X2806896753A X2806896753B X4337900344A X4337900344C X4337900344D |
| 85 | Goldberg v. Weisbach Corp., et al. (Index No. Unknown) | | 10.07.94 | X2806890448A X2806890448B X2806890448C |

| | File Name | A | D/L | Claim Number |
|---|---|---|---|---|
| 86 | Valinotti v. Kings Plaza, et al. (Index No. 33504/95) | | 01.12.95 | X2806896492A |
| 87 | Randall v. City of New York, et al. (Index No. 11301/95) | | 03.02.95 | X2806901426B<br>X4337901426B |
| 88 | Rodriguez v. Welsbach Electric (File No. 280695 2522) | | | X2806952522A<br>X2806952522B<br>X4337952522B |
| 89 | Rosner v. The City of New York, et al. (Index No. 110531/96) | | 03.29.95 | X2806897997A<br>X2806897997B |
| 90 | Bartnett/Connolly v. Sikorski, et al (File No. 2806 330 8806270) | | 07.31.95 | X28063308806270 |
| 91 | Hayles-Nelson v. The City of New York, et al. (Index No. 8173/93) | | 11.18.93 | X4337952375A<br>X2806662375A<br>X2806882375B |
| 92 | Kargbo v. Cornell/AEC (File No. 2806 180 8979388) | | 11.01.92 | X2806897938A<br>X2806897938B |
| 93 | Martinez v. Nassau Street Partners, et al. (Index No. 6814/93) | | 03.31.93 | X2806890425A<br>X2806890425B |
| 94 | Newman v. Huen Electric, Inc. (TP Index No. 76642/93) | | 09.19.94 | X2806664221A<br>X2806664221B |
| 95 | State Farm Mutual Auto Ins. Co. / Robert Napolitano v. The City of New York, et al. (File No. 2806 19066 42218) (TP Index No. 94TT014841) | | 11.11.92 | X2806897880A<br>X2806897880B |
| 96 | Messina v. The City of New York, et al. (Index No. 18465/94) | | 03.01.94 | X2806952628B<br>X2806952628A<br>X4337952628A<br>X4337952628B |
| 97 | Waldron v. The City of New York, et al. (Index No. 26498/94) | | 05.28.93 | X2806962330A<br>X2806962330B |
| 98 | Tahal v. The City of New York, et al. (Index No. 14998/94) | | 07.04.93 | X4337953058B<br>X4337953058A |
| 99 | Lopez v. Thrifty Car Rental, et al. (Index No. 27685/93) | | 01.29.93 | X4337953073A |

| File Name | A | D/L | B | Claim Number | C |
|---|---|---|---|---|---|
| 100 | Jenkins v. The City of New York, et al. (Index No. 0011322/94) | | | | |
| 101 | Harding v. Dorff Construction Co. Inc., et al. (Index No. 110702/97) | | 03.16.93 | | 4337390953107-1<br>X2806952731A<br>X2806952731B<br>X4337952731A<br>X4337952731B |
| 102 | Hadash v. The City of New York, et al. (Index No. 10321/95) | | 06.13.94 | | X4337952546A<br>X4337952546B<br>X4337952546C<br>X4337952546D |
| 103 | Pellot v. The City of New York, et al. (Index No. 20545/95) | | 04.23.94 | | X4337953063A<br>X4337953063B |
| 104 | Rosario v. The City of New York, et al. (Index No. 16799/94) | | 06.05.94 | | X4337953099A<br>X4337953099B |
| 105 | Interboro Mutual Indemnity Insurance Co. a/s/o Willie Brinkley v. N.Y. City Dept. of Transportation, et al. (Index No. 010634/95) | | 12.04.93 | | X4337962253A<br>X4337962253B |
| 106 | Royal Insurance Co. of America a/s/o Bulgari Corp. v. Barneys of New York, et al. (Index No. 025608/94) | | 10.11.94 | | |
| 107 | | | 02.02.93 | | 4337-390-952679-2 |

**EXHIBIT**

B

tabbies®

## DEFINITIONS

As used herein, "document" or "documents" includes, but is not limited to, any written, recorded or graphic matter in INA's possession, however produced or reproduced, including, but not limited to, correspondence, telegrams, other written communications, contracts, agreements, notes, memoranda, analysis, projections, work papers, diaries, calendars, computer software, computer disks, e-mails, books, accounts, photographs, advertising materials, reports, records, transcripts, intra-office communications, inter-office communications, charts, checks, check stubs, delivery tickets, bills of lading, invoices, price lists, quotations, claims documents, bulletins, circulars, manuals, summaries, graphs, electronic, magnetic or photographic records of any nature whatsoever, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, including copies of the foregoing which are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), regardless of whether designated "confidential", "privileged", "private", or otherwise, now or at any time in your possession, custody or control or that of your attorneys or any other agent or representative, and refers both to originals and copies and to documents now in your possession or subject to your control, or documents which you may have delivered to a third party.

## EXHIBIT B

1.      Any and all loss runs and/or CRIS reports, including but not limited to internal memoranda, bulletins, and/or correspondence regarding those claims identified on Exhibit A.

2.      Any and all documents, lists and/or loss runs identifying those cases that contributed to the exhaustion of the general liability aggregate limits of the following policies including the amounts paid for defense and indemnity for each of the claims:

   a.   HDO GI 403379-8 for the period 10/1/92 – 10/1/93;
   b.   HDO GI 658518-A for the period 10/1/93 – 10/1/94; and
   c.   HDO GI 658789-8 for the period 10/1/94 – 10/1/95.

3.      Any and all documents relating in any way to the recoding of any claims submitted to INA for coverage under the Policies from general liability to products-completed operations.

4.      Any and all documents relating in any way to whether INA paid EMCOR as a result of the recoding of claims, replenished any general liability aggregate limits for any of the Policies as a result of recoding, or provided any credit whatsoever to EMCOR relating to any recoding of claims.

```
*************************************************************************
*              TRANSACTION REPORT                                       *
*              _____                           JUN-04-2004 FRI 12:48 PM   *
*                                                                       *
*     FOR:  SAXE DOERNBERGER & VITA    2032878847                       *
*---------------------------------------------------------------------- *
*   DATE  START   RECEIVER       TX TIME  PAGES TYPE      NOTE       M#  DP *
*  ------------------------------------------------------------------- *
*  JUN-04 12:44 PM 19143237001     3'43"    20  SEND       OK        449 *
*                                                                       *
*                                TOTAL :   3M 43S  PAGES:  20           *
*************************************************************************
```



# SAXE DOERNBERGER & VITA, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

Heidi H. Zapp

1952 WHITNEY AVENUE
HAMDEN, CT 06517
TELELPHONE (203) 287-8890
FACSIMILE    (203) 287-8847
*www.sdvlaw.com*

hhz@sdvlaw.com

| **Send To** <br> Wilson, Elser, Moskowitz, Edelman & Dicker, LLP | **From** <br> Heidi H. Zapp, Esq. |
|---|---|
| **Attention** <br> Thomas A. Leghorn, Esq. | **Date** <br> June 4, 2004 |
| **Facsimile Number** <br> 914-323-7001 | **Telephone Number** |

☐ Urgent   ☐ Reply Asap   ☐ Please Comment   ☐   Please Review ☐   For Your Information

Total pages, including cover:  20



## SAXE DOERNBERGER & VITA, P.C.

1952 WHITNEY AVENUE
HAMDEN, CT 06517
TELELPHONE (203) 287-8890
FACSIMILE    (203) 287-8847
*www.sdvlaw.com*

ATTORNEYS AND COUNSELLORS AT LAW

Heidi H. Zapp                                                    hhz@sdvlaw.com

| Send To | From |
|---|---|
| Wilson, Elser, Moskowitz, Edelman & Dicker, LLP | Heidi H. Zapp, Esq. |
| **Attention** | **Date** |
| Thomas A. Leghorn, Esq. | June 4, 2004 |
| **Facsimile Number** | **Telephone Number** |
| 914-323-7001 | |

☐ Urgent   ☐ Reply Asap   ☐ Please Comment   ☐ Please Review   ☐   For Your Information

Total pages, including cover:  20

Re:    EMCOR v. INA

IF THERE ARE ANY PROBLEMS REGARDING THIS TELECOPY, OR IF YOU WISH TO SPEAK WITH THE TELECOPY OPERATOR, PLEASE CALL (203) 287-8890.  THANK YOU.

The information contained in this facsimile message is privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that the dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service.