IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------------ x
EMCOR GROUP, INC.,                              :    Civil Action No.
                                                :    Docket 3:00-CV-2211 (AVC)
                    Plaintiff,                  :
                                                :    Judge Alfred V. Covello
vs.                                             :
                                                :
INSURANCE COMPANY OF NORTH AMERICA.              :
                                                :    September 7, 2004
                    Defendant.                  :
                                                :
------------------------------------------------------------------------ x


**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The defendant INSURANCE COMPANY OF NORTH AMERICAN ("INA") submits this Memorandum of Law in opposition to Emcor's motion for reconsideration of this Court's Order, dated August 6, 2004, denying Emcor's motion to reopen discovery.

**INTRODUCTION**

Emcor's motion for reconsideration should be denied. Emcor fails to show that the Court, in denying Emcor's previous motion to reopen discovery, made errors of law and fact that would result in "manifest injustice" or any other basis for reconsideration  Even were this Court to grant consideration, the Court should still adhere to its original decision denying Emcor's motion to re-open discovery. As the Court aptly noted in its August 6 decision, re-opening discovery was not warranted because Emcor, in its motion for leave to serve a third amended complaint, represented to this Court that no further discovery was needed if the Court granted it leave to amend.

Other grounds support the Court's decision denying Emcor's request to reopen discovery. As demonstrated in INA's memorandum of law in opposition to Emcor's initial motion, Emcor

769865.1

failed to establish "good cause" for re-opening discovery. Even though Emcor had the opportunity to depose Ms. Topper while fact discovery remained open, it failed to pursue that deposition diligently. Failure to demonstrate due diligence is the antithesis of good cause. Thus, the Court correctly denied the motion to re-open discovery.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of an assortment of insurance coverage disputes. In early 2000, Emcor commenced this action and, shortly thereafter, discovery ensued pursuant to this Court's various scheduling orders. Pursuant to those orders, which included several extensions, the Court ordered that the parties were to complete fact discovery by November 30, 2003.

Contrary to the statements contained in Emcor's instant motion, Emcor noticed a 30(b)(6) deposition for October 20, 2003, a mere 41 days before fact discovery closed. By mutual consent, the 30(b)(6) deposition of Steven Snyder was held on June 8, 2004. Despite Emcor's admission that Ms. Topper "has repeatedly been referred to throughout the discovery process as the one with the most information regarding the billing process" (Mot for Permission to Re-Open Discovery, at ¶ 5), Emcor never sought her deposition until July 12, 2004.

On or about July 12, 2004, almost one month following the deposition of Mr. Synder, Emcor moved "for permission to re-open discovery for the limited purpose of deposing INA's employee Patty Topper." In support of its motion, Emcor asserted that deposing Ms. Topper was necessary because she purportedly is "the person most knowledgeable about" issues central to Emcor's claims. Id. at ¶ 8.[1] Imprtantly, for purposes of the instant motion, Emcor sought to depose Ms. Topper as a fact witness because she allegedly was the person most knowledgeable

---

[1] Although Emcor moved to re-open discovery, it failed to attach a memorandum of law to support its position as required by the Court's local rules. Accordingly, that motion was fatally defective and it should have been denied on that ground alone.

about the impact of recoding and billing issues. Emcor did not argue that Ms. Topper's deposition constituted a "continuation of the 30(b)(6) deposition of Mr. Snyder as they now argue. Emcor, Mem of Law in Support of Motion for Reconsideration, at 2.

INA opposed the motion, relying upon Emcor's previous assurances that it would not seek any additional discovery. In addition, INA asserted that re-opening discovery was not warranted because the deadline for fact discovery had long since passed and Emcor always had the opportunity to depose Ms. Topper while fact discovery remained open but failed to do so.

By decision and order dated August 8, 2004, Judge Alfred V. Covello denied Emcor's motion. Initially, the Court noted that, under Rule 16(b) of the Federal Rules of Civil Procedure, a court may only modify or amend a scheduling order when good cause is shown. In finding that Emcor failed to establish good cause, the Court stated that Emcor "represented to the court when it sought leave to amend that 'no additional discovery [would be] necessary.'" The Court added, "[a]ny order to the contrary would be simply inequitable."

Now, Emcor seeks reconsideration of that order, arguing that the Court erred in concluding that it was seeking additional discovery.[2] Instead, Emcor postures that it is merely seeking the "opportunity to depose the relevant INA witness or witnesses regarding the areas of inquiry that Mr. Snyder was [purportedly] unprepared to discuss . . .." Vita Affidavit, at ¶ 9.

For the reasons more fully discussed below, Emcor's newly fashioned – yet totally unsupported – arguments lack merit and its motion should be denied because

1) Emcor inappropriately relies upon arguments raised for the first time in the instant motion;

---

[2] In addition, Emcor has also moved – by yet another separate motion – for an order compelling INA to produce a witness prepared to testify as to matters delineated in its FRCP 30(b)(6) Notice. Thus, not only is Emcor
(continued . . . )

3

769865.1

2)  Emcor fails to demonstrate any of the bases for permitting reconsideration; and

3)  Even if reconsideration is permitted, Emcor still fails to establish "good cause" to re-open discovery.

## ARGUMENT
## POINT ONE

### EMCOR INAPPROPRIATELY RAISES NEW ARGUMENTS FOR THE FIRST TIME IN ITS MOTION FOR RECONSIDERATION

As an initial matter, before reviewing the Court's decision regarding the underlying motion to re-open discovery, it should be noted that Emcor's argument – that the Court erred – rests upon an entirely new theory, the subject of which was never presented to the Court during the initial motion.

The law is clear that a motion for reconsideration is not a vehicle for presenting new theories (see Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2nd Cir. 1998); Weinstock v. Wilk, 2004 U.S. Dist. 2844, at * 2-3 (D. Conn. 2004)). In addition, such motions are not to be used for plugging gaps in the original argument (see Weinstock, 2004 U.S. Lexis at * 2-3; Horsehead Resource Dev. Co. v. B.U.S. Envtl. Serv., 928 F. Supp 287, 289 (S.D. N.Y. 1996)).

Here, in its initial motion, Emcor, conceding that its time for conducting fact-based discovery had long since past, begged the Court to "re-open" discovery for the limited purpose of deposing Ms. Topper. Ms. Topper is a fact witness with respect to the impact of recoding claims on the aggregate limits and whether the billing sent from INA to Emcor properly reflects all the credits and/or replenishments associated with the recoding of claims by INA.[3] Now, however,

---

( . . . continued)
seeking a second bite of the apple in seeking to re-open discovery by moving for reconsideration of the prior order, it is also seeking a third bite pursuant to its most recent motion to compel.

[3] Despite Emcor's protestations in the instant motion to the contrary, Emcor does not seek to reopen discovery to depose Ms. Topper on an area that is the sole basis for the amendment to the complaint: whether the
(continued . . . )

4

769865.1

realizing that it faces a significant obstacle in asking the Court to "re-open" discovery, Emcor raises for the first time the entirely new argument that it was not actually seeking to re-open discovery in its original motion; but, rather, it was merely seeking to complete its 30(b)(6) deposition of INA. As the argument goes, because the 30(b)(6) Notice was issued while discovery was open, the designated topics included in the 30(b)(6) Notice were also timely raised and, therefore, Emcor should not be barred from exploring them now if it wants to depose Ms. Topper. Given that Emcor's arguments to support its motion for reconsideration rest upon entirely new theories, which were never raised during the underlying motion, Emcor's motion should be denied.

Assuming that this argument is ripe for this Court's review, it nevertheless should fail. Emcor has offered no support for its position . Indeed, it cannot. Taken to its logical conclusion, Emcor's theory would allow a party to conduct depositions at any time – even days before a trial – so long as it issued a Notice of Deposition while the discovery phase of the litigation remained open. However, such a result, were it followed by the courts, would be completely absurd insofar as it would emasculate the purpose for having a scheduling order, not to mention the prejudicial effect it would have on the parties. In short, Notices of Depositions do not trump scheduling orders and Emcor offers no support for its position that they do.[4]

---

( . . . continued)
bills sent to Emcor reflects credits associated with claims that were recoded (as distinct from the 105 claims that Emcor asserts should be recoded as completed operations claims).

[4] Emcor's request to re-open discovery for the limited purpose of deposing Ms. Topper is inappropriate for other reasons as well. According to Emcor, INA's 30(b)(6) witness was not prepared to discuss certain topics, which were contained in its 30(b)(6) Notice. For instance, Emcor asserts that Mr. Synder was unprepared to discuss the billing practices of INA. Emcor bases this assertion upon the fact that, during his deposition, Mr. Synder stated that he thought Ms. Topper may be knowledgeable about some billing practices of INA. Based upon this testimony, Emcor now seeks to depose Ms. Topper. Emcor is misinformed.

First, under Rule 30(b)(6), Emcor does not have the right to request Ms. Topper. Instead, if Emcor thinks that INA failed to produce a sufficiently prepared 30(b)(6) witness, Emcor must request that INA produce another 30(b)(6) witness who is. Given that, under 30(b)(6) procedure, Emcor cannot choose the witness it wants to depose, it is clear that Emcor is seeking to depose Ms. Topper as a fact witness. However, their time to depose her has long

(continued . . . )

769865.1

## POINT TWO

## EMCOR FAILS TO DEMONSTRATE CLEAR ERROR OF LAW OR ANY OTHER BASIS TO SUPPORT A MOTION RECONSIDERATION

The standard for granting a motion for reconsideration is strict. See Seaboard Stamford Investor Assoc. v. Thinkdirectmarketing, Inc., 2004 U.S. Dist. LEXIS 1688 (D. Conn. 2004). Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995), see also United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994) (granting reconsideration is appropriate when a "need is shown to correct a clear error of law or to prevent manifest injustice."). A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. "The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters." See Lo Sacco v. Middletown, 822 F. Supp. 870, 877 (D. Conn. 1993) (quotation omitted).

In this case, Emcor fails to provide the Court with a summary of the standard relevant to reviewing motions to reconsider. More importantly, Emcor fails to illustrate how the Court's ruling contributed to a manifest injustice or resulted in a clear error of law, which, in this

---

( . . . continued)
since past. Moreover, their absurd argument, that their time to depose her dates back to their 30(b)(6) Notice, is completely misplaced insofar as INA never produced Ms. Topper as a 30(b)(6) witness in the first place. Thus, their request to depose her cannot be construed as timely based upon the allegedly timely issued 30(b)(6) Notice.

     Second, in its motion for reconsideration, Emcor tries to create an impression that Ms. Topper has knowledge about the five topics listed in its 30(b)(6) notice. This is wrong. As Emcor acknowledges in its original motion, it sought to depose Ms. Topper only in two areas: (1) the impact of recoding the aggregate limits and (2) billing practices. Neither topic is clearly identified in Emcor's 30(b)(6) Notice. Moreover, Emcor fails to locate any testimony showing that Ms. Topper has personal knowledge about any of the five 30(b)(6) topics.

particular context, is necessary for granting a motion for reconsideration. For this reason alone, the motion should be denied.

Notwithstanding this omission, a review of the Court's decision denying Emcor's underlying motion illustrates that it properly applied settled law insofar as the Court correctly ruled that Emcor failed to demonstrate good cause existed for re-opening discovery. Therefore, not only can Emcor not show a manifest injustice, it cannot even demonstrate mere error.

As INA asserted in its opposition papers, a trial court may modify or amend a scheduling order only when "good cause" is shown. FED. R. CIV. .P. 16(b). The critical factor that courts rely upon in making a determination whether good cause to modify a scheduling order is shown is the diligence of the party seeking to modify the scheduling order. See 3-16 Moore's Federal Practice Civil § 16.14. Thus, where the party has not met its case responsibilities with due diligence, good cause does not exist and an extension of the scheduling order should not be granted. See Grochowski v. Phoenix Constr., 318 F.3d 80. 86 (2d Cir. 2003) (good cause depends on the diligence of the moving party); Parker v. Columbia House Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (same).

Moreover, the carelessness, inadvertence or inattention of a party is incompatible with a finding of diligence of the party in complying with the scheduling order. See e.g. North Star Mut. Ins. Co. v. Zurich Ins. Co., 269 F. Supp. 2d 1140, 1145 (D. Minn. 2003); Johnson v. Mammoth Recreations, 975 F.2d 694, 607-609 (9th Cir. 1992) (although the existence of a degree of prejudice to the party opposing the modification may supply an additional reason to deny a motion, the focus of the inquiry is upon the moving party's reasons for such a modification. "If that party was not diligent, the inquiry should end."). The absence of prejudice to the opposing party caused by the proposed amendment of the scheduling order is irrelevant to the issue of

7

769865.1

good cause.  It is the moving party's exercise of diligence that is critical.  <u>Julian.v. Equitax Check Sers.</u>, 178 F.R.D. 10, 19-20 (D. Conn. 1998); <u>Amcast Indut. Corp. v. Detrex Corp.</u>, 132 F.R.D. 213, 217 (N.D. Ind. 1990); <u>Gestetner Corp. v. Case Equip. Co.</u>, 108 F.R.D. 138, 141 (D. Me. 1985); 3-16 Moore's Federal Practice Civil § 16.14.

Here, Emcor does not dispute that the time in which to have conducted the deposition of Patty Topper, a fact witness, has long since passed.  However, Emcor has wholly failed to demonstrate why it did not depose Ms. Topper before the discovery deadline of November 30, 2003.  Ms. Topper was available to be deposed.  Indeed, Emcor admitted that it knew of Ms. Topper's existence "throughout the discovery process . . .."  <u>See</u> Motion for Permission to Re-Open Discovery, at ¶ 5 (stating, "[a]s Ms. Topper has repeatedly been referred to throughout discovery process as the one with the most information regarding the billing process . . . it is imperative that Emcor be given an opportunity to depose Ms. Topper.").

Given that Emcor knew all along of Ms. Topper's existence, it is clear that its failure to seek a deposition of her while fact discovery remained open was due to no other cause than its own carelessness, inadvertence and inattention.  As the courts have stated, "carelessness is not compatible with a finding of diligence."  <u>North Star</u>, 269 F. Supp. at 1145.  In light of the foregoing, the Court correctly denied Emcor's motion to re-open discovery.  As such, Emcor cannot demonstrate that the Court committed error, let alone a manifest injustice, when it denied its motion to re-open discovery.

769865.1

**POINT THREE**

**EMCOR'S REPRESENTATION THAT NO ADDITIONAL DISCOVERY
WAS REQUIRED SUPPORTS THE COURT'S INITIAL
DETERMINATION THAT GOOD CAUSE DID NOT EXIST TO
SUPPORT AN AMENDMENT OF THE SCHEDULING ORDER**

Assuming that the Court determines that reconsideration is warranted, INA relies upon the arguments raised in its initial opposition papers that Emcor has failed to demonstrate any grounds to support its request to re-open discovery for the limited purposes of deposing Ms. Topper. For instance, as discussed more fully above, Emcor has failed to show that good cause exists for re-opening discovery. In addition, yet most importantly, Emcor's motion for reconsideration should be denied because, in its prior motion to amend its complaint, Emcor represented to the Court that no further discovery was required. As such, Emcor should not be allowed to repudiate that promise. Emcor's new spin on that promise – that it was not referring to the 30(b)(6) witnesses – is, at best, misinformed and, at worst, dishonest. In short, Emcor said that no additional discovery was required and, therefore, it should be estopped from hedging on that representation now.

769865.1

## CONCLUSION

In light of the foregoing, it is respectfully submitted that Emcor's motion for reconsideration should be denied.

Dated: White Plains, New York
       September 7, 2004

DEFENDANT INSURANCE COMPANY
OF NORTH AMERICA

*[signature]*

Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000 -- telephone
(914) 323-7001 -- facsimile
File No.: 00756.35967

769865.1