IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------X
EMCOR GROUP, INC.                                : Civil Action No. 
                                                 : Docket 3:00-CV-2211
                                                 : (AVC)
                     Plaintiff,                  :
                                                 : Judge Alfred V.
                                                 : Covello
v.                                               :
                                                 :
INSURANCE COMPANY OF NORTH AMERICA               :
                                                 :
                     Defendant.                  : September 17, 2004
------------------------------------------------------------------X

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION FOR RECONSIDERATION**

The plaintiff EMCOR, Group, Inc. ("EMCOR") submits this reply to defendant Insurance Company of North America's ("INA") opposition to EMCOR's Motion for Reconsideration. Despite INA's assertions, EMCOR did not raise new arguments for the first time in its Motion for Reconsideration. Further, INA cannot hide behind the discovery deadline when INA designated the 30(b)(6) witness, delayed seven months after that deadline had passed to produce said unprepared witness, and then claim that EMCOR is unable to reach someone with knowledge as to the 30(b)(6) designated areas because the discovery

deadline has passed. Finally, EMCOR has repeatedly stated, and INA has failed to show to the contrary, that the requested deposition is not in relation to EMCOR's most recent Amended Complaint and therefore not in contradiction to EMCOR's assertions that no additional discovery would be needed with respect to the proposed Amended Complaint.

## POINT I

### EMCOR HAS NOT RAISED NEW ARGUMENTS FOR THE FIRST TIME IN ITS MOTION FOR RECONSIDERATION, BUT HAS CONSISTENTLY MAINTAINED THAT MS. TOPPER'S DEPOSITION WAS REQUIRED IN LIGHT OF MR. SNYDER'S INADEQUATE TESTIMONY DURING HIS 30(b)(6) DEPOSITION.

INA's groundless claim that EMCOR has utilized its Motion for Reconsideration in order to assert new arguments is patently false. In its initial Motion to Re-Open Discovery, EMCOR stated in paragraph 8, "[i]n light of Mr. Snyder's testimony, it is apparent that Ms. Topper, and not Mr. Snyder, is the person most knowledgeable about the impact of the recoding [of] claims on the aggregate limits and whether the billing sent from INA to EMCOR properly reflects all of the credits and/or replenishments associated with the recoding of claims by INA." EMCOR has not made any argument in its Motion for Reconsideration that was not made in its initial Motion to Re-Open Discovery.

## POINT II

### INA CAN NOT USE THE DISCOVERY DEADLINE AS A SHIELD WHEN IT PRODUCED AN UNPREPARED 30(b)(6) WITNESS SEVEN MONTHS AFTER THE DISCOVERY DEADLINE HAD PASSED

INA delayed approximately seven months after the discovery deadline to produce its 30(b)(6) witness. When it did finally produce this witness, Mr. Steven Snyder, he was unprepared to testify as to areas specifically designated in

EMCOR's 30(b)(6) notice. Further, INA now uses the discovery deadline as a shield to avoid providing EMCOR with a knowledgeable 30(b)(6) witness. This is evident from INA's own admission on page 4 of its Opposition to Plaintiff's Motion for Reconsideration, where it states "Ms. Topper is a fact witness with respect to the impact of recoding claims on the aggregate limits and whether the billing sent from INA to EMCOR properly reflects all the credits and/or replenishments associated with the recoding of claims by INA." This is precisely the testimony requested through item number 5 of EMCOR's 30(b)(6) Notice of Deposition regarding INA's conduct with respect to the premature exhaustion of the general liability aggregate limits.

### POINT III

### THE DEPOSITION SOUGHT IS NOT IN RELATION TO EMCOR'S AMENDED COMPLAINT AND THEREFORE, IS NOT IN CONTRADICTION TO EMCOR'S ASSERTIONS THAT NO ADDITIONAL DISCOVERY WAS NECESSARY.

At the time EMCOR sought to amend its complaint to include 42 recoded cases, it asserted that no additional discovery would be required as EMCOR and INA still had several depositions to take with respect to the complaint and counterclaim and that discovery was not yet complete. This was absolutely true at the time EMCOR sought to amend its complaint and remained true throughout. INA would like the Court to believe that EMCOR is now seeking "additional" discovery with respect to the Amended Complaint despite its assertions that such discovery would not be needed.

EMCOR stated in its Motion to Amend its Second Amended Complaint in paragraph 6: "[t]here will be no prejudice to INA in connection with this amended

3

complaint because very little additional discovery will be required as much of the documentation supporting EMCOR's "new" claim for damages includes financial information which has already been produced. In addition, the parties have yet to complete the requested 30(b)(6) depositions, and therefore each party will have the ability to conduct the necessary discovery regarding these additional damages at the upcoming depositions."

Further, in EMCOR's Reply Brief to INA's Opposition to the Second Amended Complaint, on page 4, EMCOR stated "[i]n addition, INA will suffer no prejudice from the proposed amended claim because discovery on the existing claims is not yet complete. . . After much rescheduling to accommodate INA, three 30(b)(6) depositions still need to occur. In addition, EMCOR intends to depose fact witnesses Patti Topper and Virginia Lloyd with respect to INA's counterclaim. "[1]

Further, while INA would have the Court believe that this request for Ms. Topper's deposition was directly and solely related only to EMCOR's most recent Amended Complaint that is simply not true. As evidenced by the notice of deposition dated October 3, 2003, the 30(b)(6) witness was required to testify, among other things, as to:

    4.    matters known or reasonably available to INA regarding the recoding of any claims against EMCOR under the Policies from general liability to products-completed operations; and
    5.    matters known or reasonably available to INA regarding whether INA paid any money to EMCOR due to the recoding or replenished any general liability aggregate limits as a result of the recoding

---

[1] INA's counterclaim was voluntarily dismissed with prejudice on July 13, 2004, and therefore discovery related to the counterclaim was unnecessary.

4

These areas were not listed with respect to EMCOR's Amended Complaint, but dealt with the improper coding and exhaustion of the general liability aggregate limits and assertions by INA that certain claims listed in the original complaint had been recoded. EMCOR issued this 30(b)(6) notice six months prior to EMCOR's Amended Complaint. As INA's 30(b)(6) witness was unprepared to testify as to the items delineated in the 30(b)(6) Notice of Deposition, EMCOR was unable to ascertain the required information.

## CONCLUSION

For the foregoing reasons, EMCOR respectfully requests that this Court grant EMCOR's Motion for Reconsideration.

Dated:    Hamden, Connecticut
          September 17, 2004

_____
Jeffrey J. Vita (Federal Bar # ct08036)
Heidi H. Zapp (Federal Bar # ct24655)
Saxe Doernberger & Vita, P.C.
Attorneys for the Plaintiff
EMCOR Group, Inc. ("EMCOR")
1952 Whitney Avenue
Hamden, Connecticut 06517
(203) 287-8890

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------X
EMCOR GROUP, INC.                              :    Civil Action No.
                                               :    Docket 3:00-CV-2211
                                               :    (AVC)
          Plaintiff,                           :
                                               :    Judge Alfred V.
                                               :    Covello
v.                                             :

INSURANCE COMPANY OF NORTH AMERICA             :

          Defendant.                           :    September 17, 2004

------------------------------------------------------------------X

## CERTIFICATION

This is to certify that the foregoing Plaintiff's Reply Brief was mailed, postage prepaid, on this the 17th day of September, 2004 to the following:

Thomas Leghorn, Esq. (ct22106)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10601
914-323-7000

Duncan B. Hume, Esq. (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901-2620
(203) 348-7252

_____
Jeffrey J. Vita, Esq.

6