IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
EMCOR GROUP, INC., : Civil Action No.
  Docket 3:00-CV-2211 (AVC)
        Plaintiff, :
  Judge Alfred V. Covello
vs. :

INSURANCE COMPANY OF NORTH AMERICA. :
  November 2, 2004
        Defendant. :

---------------------------------------------------------------- x

## MOTION TO STRIKE

The defendant INSURANCE COMPANY OF NORTH AMERICAN ("INA") hereby moves to strike the "supplemental" report of plaintiff Emcor's expert witness William C. Stewart, Jr., and, accordingly, precluding the expert from testifying as to the contents of this report at trial. The report, which was disclosed on or about October 1, 2004, is based upon information known to plaintiff prior to the inception of this litigation in 2000. Thus, the expert should have included the information in his initial report, the deadline for which passed two years ago. Thus, it is too late now for the plaintiff to supplement the report.

### FACTS AND PROCEDURAL HISTORY

This matter arises out of an assortment of insurance coverage disputes. Also relevant to this motion, plaintiff has alleged for four years that INA improperly "coded" 106 claims as general liability claims rather than completed operations claims, thereby prematurely exhausting the aggregate limits of the insurance policies.

Emcor commenced this action in October 2000. Discovery then ensued pursuant to this Court's scheduling order. With the Court's permission, the parties agreed to extend the initial

800775.1

scheduling order several times. In particular, the parties stipulated that "the plaintiff shall designate all trial experts and provide opposing counsel with reports from retained experts on or before September 30, 2002." Order, dated May 29, 2002, attached as Exhibit A. Pursuant to that order, on or about September 30, 2002, the plaintiff disclosed William C. Stewart as its expert and, along with that disclosure, provided a report, which purportedly summarized his anticipated trial testimony. A copy of that Report is attached as Exhibit B. The report essentially asserts that 105 of the 106 claims were improperly coded.

Upon consent of the parties, on February 27, 2004, INA deposed Mr. Stewart. At the deposition, counsel for INA questioned Mr. Stewart regarding his report and the basis for his conclusions contained therein. Pursuant to this Court's order, dated October 15, 2004, the parties are to submit dispositive motions by November 15, 2004, with full briefing to be concluded by December 20, 2004. A copy of that order is attached as Exhibit C.

On or about October 1, 2004, the plaintiff disclosed Mr. Stewart's "supplemental" report. A copy of the Supplemental Report is attached as Exhibit D. According to Mr. Stewart, he "amended" his report to discuss "how four additional claims, which [he] had previously not reviewed should have been coded." Id. at 1. Mr. Stewart also explains that "I have amended my report because additional information has been known to me. More particularly, I have been provided with additional intersection history reports, the contents of which have been incorporated into this report." Id. Mr. Stewart then adds that "[he] was asked to provide [his] opinion with respect to how four additional claims, which [he] had previously not reviewed should have been coded." Id.

Now, INA moves to strike this supplemental report. The deadline for producing expert reports has long since passed. In fact, the deadline passed more than two years ago. Moreover,

2

800775.1

the "additional" information, which purportedly necessitated the supplemental expert report, was known to the plaintiff since 1998 or even prior to that. As such, it should have been included in Mr. Stewart's initial disclosure. Given that the plaintiff is attempting to use the supplemental report to disclose information that should have been disclosed in the initial report in order to circumvent the requirement for a timely and complete expert report, it is respectfully submitted that the report should be stricken and the expert be precluded from testifying as to those claims at trial.

## ARGUMENT

### POINT ONE

### EMCOR'S UNTIMELY DISCLOSURE OF THE SUPPLEMENTAL REPORT IS PREJUDICIAL

The disclosure of expert testimony is governed by rule 26 of the Federal Rules of Civil Procedure. Rule 26(a)(2)(C) provides, in pertinent part, "[the] disclosure [of experts] shall be made at the times and in the sequence directed by the court." The 1993 Advisory Committee Notes to Rule 26(a)(2) state that "normally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b). In this case, the parties stipulated to a scheduling order that provided that "the plaintiff shall designate all trial experts and provide opposing counsel with reports from retained experts on or before September 30, 2002." Order, dated May 28, 2002, attached as Exhibit A.

The federal rules provide that these reports must be both detailed and complete. For instance, Rule 26(a)(2)(B), which is the applicable rule, provides, in pertinent part, that the report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor." The basis and opinions requirement means "how and why the expert reached the conclusions and opinions to be expressed." Ordon v. Karpie, 223 F.R.D. 33, 35 (D. Conn. 2004)

3

800775.1

(quotations and authorities omitted). The data and information refers to "what the expert saw, heard, considered, read, thought about or relied upon in reaching the conclusions and opinions to be expressed." Id.

The law is also clear that a party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert report. See Wechsler v. Hunt Health Sys., 2003 U.S. Dist. Lexis 18424, *1, at 50-58 (S.D. N.Y. 2003); Bard v. Board of Education of the City of New York, 2002 U.S. Dist. Lexis 1840, *1, 12-13 (S.D. N.Y. 2002); 6-26 Moore's Federal Practice - Civil § 26.131. Stated another way, supplementation cannot be used to correct major omissions in initial report. See id.; see also Stein v. Foamex Int'l, 2001 U.S. Lexis 12211, *1, 18-19 (E.D. Penn. 2001); Reid v. Lockheed martin Aeronautics Co., 205 F.R.D. 655, 662 (N.D. Ga. 2001); Keener v. United States, 181 F.R.D. 639, 642 (D. Mont. 1998). It is often stated that last minute expansion of previously disclosed expert testimony often has the effect of undermining the adversary's trial preparations. See e.g. Williams v. Monarch Mach. Tool Co., 26 F.3d 228, 231 (1st Cir. 1994).

Wechsler, 2003 U.S. Dist. Lexis 18424, at *50-58, is illustrative. In Wechsler, the plaintiff submitted the original report of its expert in late 2002. In April of 2003, the defendant deposed plaintiff's expert. In May 2003, the plaintiff submitted a "supplemental" report of its expert. The defendant moved to strike the report, asserting that the supplemental report did not merely supplement the original report but that it completely replaced it. The defendant asserted that, by submitting an essentially new report, the plaintiff violated Rule 26(a) insofar as discovery had been closed since May 2003. The District Court agreed. The Court noted that the supplemental expert report was not based upon any "new information" and it appeared to be

merely an attempt to bolster the original report. The Court concluded that the discovery schedule was intended to prevent this type of conduct insofar as it adversely affected the defendant's ability to adequately prepare for trial and that to allow the supplement would effectively eviscerate the purpose of having a scheduling order in the first place.

Here, Emcor cannot argue that either the four new claims added to Mr. Stewart's report or the additional documents that Mr. Stewart relies upon are based on new information. In fact, the contrary is true. Susan Reinhard, Emcor's Corporate Risk Manager and Emcor's principal witness on the coding issue, testified that, in 1998, Emcor reviewed virtually all of the general liability claims submitted for coverage under the three subject policy to determine if they had been properly coded. See Reinhard Trans, dated February 3, 2004, at 105, attached as Exhibit E. She further testified that Emcor only brought to INA's attention those claims that it thought were improperly coded. See id. INA refused to recode some of those claims and it is those claims that are the subject of this dispute. Accordingly, Emcor had the opportunity six years ago to review the four claims that Mr. Stewart tries to incorporate into his report now. Because this information could have been included in the previous, original report, the plaintiff's expert should be barred from relying upon it now.

Moreover, each Emcor complaint contains a schedule of the claims it alleges were miscoded. However, Emcor has never sought to amend its complaint to include these four claims. Thus, Emcor should not be allowed to rely upon that information in its supplemental report when it is not even alleged in its pleadings.

Similarly, the intersection history reports, upon which Mr. Synder relies upon in his supplemental report, is also not new information but information that has always been in Emcor's defense counsel's possession since before the inception of this litigation. These reports

5

800775.1

relate to the claims that arise out of intersection accidents that occurred between 1992 and 1995 and apparently are related to Emcor's work, or alleged work, on traffic control devices located there. Information concerning Emcor's work on the traffic control devices has always been in the possession of Emcor as a result of its defense to the allegations raised on these old claims. In many cases, these claims date back to the early and mid 1990's. Thus, no legitimate excuse exists that could explain why Mr. Stewart did not previously review these documents earlier. Clearly, Emcor is seeking to use the "supplemental" Stewart report to resolve its failure to provide Mr. Stewart with all the available claim files in 2002, which was when he issued his initial expert report.

Further, the plaintiff's expert should not be allowed to supplement his report at this late date because it will undermine INA's ability to prepare for trial insofar as discovery is closed and INA will be precluded from conducting discovery on this additional information. See Reid v. Lockheed Martin Aero. Co., 205 F.R.D. 655, 662 (D. Ga. 2001). It should be kept in mind that Emcor repeatedly advised this Court that they needed nothing further in way of discovery when they sought and were granted leave to amend the complaint. To now attempt to supplement its expert report runs counter to its prior representations to this Court. Finally, to allow the plaintiff to supplement its report now to include information which should have been included in the initial report would effectively eviscerate the purpose of having a scheduling order and Rule 26 disclosure in the first place. As aptly stated by one district court, "[t]o construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation." Akeva v. Mizuna Corp., 212 F.R.D. 306, 310 (M.D. N.C. 2002).

6

800775.1

## CONCLUSION

In light of the foregoing, it is respectfully submitted that the Court strike the report and preclude the expert from testifying to these matters at trial.

Dated: White Plains, New York
       November 2, 2004

DEFENDANT INSURANCE COMPANY
OF NORTH AMERICA

Thomas Leghorn (CT #22106)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000 -- telephone
(914) 323-7001 -- facsimile
File No.: 00756.35967

800775.1