| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 1/23/1993 | Brienza v. The City of New York, et al. | Queens, NY | Claimant contends that traffic signal was not functioning properly. | Welsbach | Appears from the file that Welsbach was at the intersection when accident occurred. | 4/15/95 - Arrived at intersection at 8:20 a.m. - repairman completed work. Was just observing signals to see that City computer would take over sequencing of lights. | At scene at time of loss but had completed work. Was just observing signals to see that City computer would take over sequencing of lights. | CO |
| 1/29/1993 | Tahal v. The City of New York, et al. | Bronx, NY | Claimant alleges that insured failed to properly maintain traffic signals causing accident | Welsbach | Police Report reflects that police arrived at the scene at 7:25 a.m. on date of loss. City records reflect problem was reported with lights at intersection at 10:00 a.m. Records of insured reflect insured had last been at and completed repair at intersection on 12/9/92. | Insured was not working at intersection on date of loss and received first notice of problem after accident occurred. Refer to police report, insured records and city records. Intersection History Report indicates that Welsbach had been at the scene on five different occasions and had completed permanent repairs within five months of the date of loss. Dates of these repairs were 10/1/92, 10/2/92, 12/4/92, 12/7/92 and 12/9/92. | | CO |
| 2/2/1993 | Royal Insurance Company a/s/o Bulgari Corp. of America v. Barneys of New York, et al. | New York, NY | Claimant alleges that pipe burst in Pierre Hotel and caused water damage to plaintiff's store located below. | Penguin Air Conditioning | Only work performed by the insured at the Pierre Hotel was one and one-half years previous to date of loss. | Affidavit of Thomas Tuckey - states that insured was not working at scene at the time of loss and had only worked there one and one-half years previous. | | CO |
| 2/8/1993 | Birt v. J.W.P. Weisbach Electric Corp., et al. | New York, NY | Claimant struck by light pole. Allegation against insured is that insured made walkway and roadway unsafe. | Welsbach | Welsbach had installed temporary electric cables at the intersection approx 1 1/2 years prior to accident. | Employee of Edenwald was operating a Cherry picker and hit cables causing pole to fall. Welsbach had strung cable. | Welsbach not at scene at time of loss. | CO |
| 2/11/1993 | Lomax v. City of New York | Bronx, NY | Traffic light was allegedly in a broken condition causing accident. Light stayed red and did not change. Plaintiff waited, then proceeded through intersection on a red light and accident occurred. | Welsbach | Welsbach had repaired controller of light at intersection on 12/12/92. | Defect and Repair Tickets indicate that Welsbach had performed previous repairs. | | CO |
| 2/12/1993 | Newark Insurance Co. a/s/o John J. McMullen v. Consolidated Edison Company of New York, et al. | New York, NY | This is a subrogation claim for property damage. Con Ed steam pipe burst causing claimant's sprinkler heads to discharge resulting in flooding. | JWP Electronics | Insured involvement unclear - Plaintiff's Bill of Particulars does not allege that insured was in the process of performing any type of operations at loss at the time loss occurred. | but no allegations that insured was working at the scene of the time loss occurred. | | CO |

3

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 2/27/1993 | Edwards v. Weisbach Electric Corp., et al. | Brooklyn, NY | Complaint alleges that insured negligently maintained roadway causing plaintiff to fall. | Weisbach | Affidavit of Patrick Hughes, supervisor for Weisbach states that Weisbach had no records of working at scene nor are there any records of Weisbach requesting a street opening permit. | Affidavit of Patrick Hughes (see Insured Involvement) | | CO |
| 3/7/1993 | Lopez v. Thrifty Car Rental, et al. | Brooklyn, NY | Traffic signal at the intersection of Meeker Avenue and Manhattan Avenue was allegedly functioning improperly causing accident. | Weisbach | Work records of Weisbach reflect that the last time Weisbach had been at the scene was on February 20 and had finished work on that date. | Affidavit of Walter Dondero - indicates that Weisbach was not called to the scene for a several weeks prior to loss. This affidavit supports Weisbach's motion for summary judgment. | | CO |
| 3/14/1993 | Benvenuto (n/k/a Ferreti) v. JWP Maintenance and Services, Inc. d/b/a Broadway Maintenance, et. al. | Brooklyn, NY | Slip and fall on ice. Insured allegedly owned, controlled, maintained premises | Penguin Air Conditioning | Complaint states insured maintained and controlled premises and plaintiff slipped and fell on ice and snow on sidewalk. | 8/28/96 - Letter from London and Fisher - Home Insurance Company assumes defense of Inter-Fac and JWP Maintenance and Penguin Air Conditioning were improperly named in the complaint. Defense counsel requesting voluntary discontinuance of action. | | CO |
| 3/16/1993 | Jenkins v. The City of New York, et al. | Brooklyn, NY | Insured allegedly failed to properly maintain traffic signal causing accident | Weisbach | Accident occurred at 2:20 p.m. Insured had received call at 12:00 p.m. and had completed work at 12:45 p.m. | NYC DOT Trfl Signals Status Update shows insured as having completed work at 12:45 p.m. The next time Weisbach was at this intersection was on March 17, 1993 | Very brief file. | CO |
| 3/19/1993 | Khalil v. Weisbach Electric Corp., et al. | Queens, NY | Claimant alleges malfunctioning traffic light caused motor vehicle accident | JWP Weisbach Inc. | Insured not at scene of accident on date of loss | Affidavit of Edward Streger - employee of Weisbach - Weisbach was not at the scene on the date of loss nor engaged in ongoing work. Intersection History report indicates that Weisbach had been at the scene and completed a permanent repair on 2/4/93. | | CO |
| 4/1/1993 | Kargbo v. Cornell-AEC, et al. | Washington, DC | Complaint alleges that claimant slipped and fell on water on floor of snack bar area. | JWP Cornell-AEC, Inc. | Adjuster notes - Insured had completed repairs to pipe. | EMC 019850 - "We had completed repairs and cleaned up somewhat. The cleaning company for the bldg was in fact cleaning up at the time plaintiff fell and they had cones out." | | CO |

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 4/4/1993 | Lee v. Welsbach Electric Company | Westbury, NY | Defective traffic signal allegedly caused accident. Complaint alleges Welsbach was negligent in making repairs prior to date of accident. | JWP Welsbach Inc. | Maintenance records of insured reflect that insured was not working at the scene at the time of the accident. Insured motion for summary judgment was granted | Affidavit of Brandon Friederich - insured received first notice of accident 1 hour and 45 minutes after collision. Insured not at the scene at the time of accident. Maintenance Report indicates that Welsbach had been at scene and preformed maintenance work on 4/1/93. | | CO |
| 4/11/1993 | Moran v. The City of New York, et al. | New York, NY | Insured allegedly improperly maintained crosswalk causing plaintiff to fall. | Welsbach | Insured did not perform any work at the site identified by plaintiff in plaintiff's Bill of Particulars. | Affidavit of Jonathan Brody - Welsbach did not perform any work at the site of plaintiff's accident. Work records reflect that Welsbach was working at the opposite corner. | | CO |
| 4/20/1993 | Gialamboukis v. The City of New York, et al. | New York, NY | Allegedly dangerous condition existed in the crosswalk causing vendor's cart to tip resulting in property damage and bodily injury. Complaint alleges that a dangerous condition was allowed to exist and remain for an unreasonably long period of time prior to accident. | Welsbach | Welsbach performed work on the east side of the intersection only, not at the accident locus. | EMC 000014 - Case settled without any contribution from Welsbach. Diagrams in file and affidavit of David Appleby (not in file but referred to by defense counsel) demonstrate non-involvement with insured | | CO |
| 4/21/1993 | Lux v. The Board of Education of The City of Lawrence, NY | New York, NY | Traffic signal allegedly functioning improperly causing accident. Drivers 1 and 2 struck, then hit pedestrian. | JWP Welsbach Electric Corp. | Insured had realigned traffic signal on March 17, 1993 and had completed work and left the scene. Insured did not receive any notice of any other problems with lights at intersection until after the accident occurred | Affidavits of Brandon Friederich - examined maintenance records and no prior notice. Insured had completed work at intersection approximately one month prior to accident. | | CO |
| 4/28/1993 | Mazzeo v. County of Nassau, et al. | Great Neck, NY | Claimant alleges that traffic signal malfunctioned causing accident | Welsbach | | Affidavit of Brandon Friederich - Only time Welsbach had worked at loss scene was on 4/15/93. Welsbach was not performing any work at the scene of loss on the date of loss. | | CO |
| 4/29/1993 | Alden v. The City of New York, et al. | Manhattan, NY | Insured allegedly created a defective roadway through excavation that caused plaintiff to fall | Welsbach | Excavated road | "Invest reveals that insd had performed work at the intersection of ax but completed its work on Oct. 24, 1992." EMC 002421 - Adjusters notes - EMC 002313 - New York Paving Company, retained by Welsbach was supposed to permanently restore road surface but did not perform its work until April 20, 1993 - one day post accident. | No allegation that Welsbach was at the scene at D/L | CO |

5

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 5/5/1993 | Wright v. The City of New York, et al. | Brooklyn, NY | Claimant alleges that traffic light was not working resulting in accident | Welsbach Electric Corp. | No allegations that insured performed maintenance work or that insured was working at the scene at the time of the loss. | Maintenance records of insured reflect that the last time insured was at intersection was on 4/1/93 over a month before accident, and insured received no calls for problems at intersection on date of loss. | | CO |
| 9/16/1993 | Asher v. The City of New York, et al. | Brooklyn, NY | Insured allegedly created hole in sidewalk causing plaintiff to fall. | Welsbach | Worked at scene 2 years prior to date of accident. | 9/16/93 - Sworn statement from infant plaintiff. "Was the hole in the street or the sidewalk? It was on the sidewalk." EMC 000539 - Adjuster notes - "Counsel has now obtained from the Department of Transportation information as to our work at the site of the accident. An opening permit (3773) for work done on March 91 (2 years prior to incident), on the northwest corner (work was done in the street and 2 foot by 1 foot on the sidewalk... counsel is focusing on early summary judgment." | Welsbach was dismissed from claims and did not pay anything. City of New York paid $15,000. | CO |
| 1/28/1993 | Messina v. The City of New York, et al. | Bronx, NY | Traffic light allegedly malfunctioned causing accident. | Welsbach | Insured not working on traffic light at time of accident and was first notified of a problem after accident occurred. | Memorandum Decision - Summary judgment granted to Welsbach because Welsbach did not cause malfunction, was not working at the scene and was not called to the scene until after accident occurred. Intersection History report reflects that Welsbach had completed permanent repairs on three occasions within approximately three months of date of loss. | | CO |
| 6/10/1993 | Carbo v. Welsbach Electric Corp. | Queens, NY | Claimant contends that insured patched road with 3' x 5' that caused claimant to fall from bike | Welsbach | No evidence that Welsbach created the repair patch. No indication that Welsbach was the scene at the DOL. | EMC 017733 - Complaint alleges completed operation. Intersection history report indicates that Welsbach was at the scene and completed repairs two times the week before the accident. | | CO |

6

| Date of Loss | Lawsuit or Claim Name | Loss Location | Insured Name | Description of Claim - Allegations Against Insured | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 7/4/1993 | Waldron v. City of New York, et al. | Brooklyn, NY | Weisbach | Estate of claimant alleges that traffic light at intersection was not functioning properly and was contributing factor to accident causing claimant's death. | Insured replaced a non-functioning lamp at intersection on July 2, two days before accident but completed the repair and left the traffic signals in working order. | 12/28/01 - Letter from defense counsel for Weisbach, London and Fisher, indicates that repairs were completed before accident and that insured was not working at scene at time of accident. 7/2/93 - Report of lamp out at intersection received by the City. | | CO |
| 7/15/1993 | Griffith v. Aghabi, et al. | Hempstead, NY | Weisbach | Allegation that insured allegedly improperly maintained "Walk", "Don't Walk" signs causing plaintiff to be hit by vehicle at intersection and sustain injury. | Insured was not working at the scene of the loss when the accident occurred. Insured had last been to this intersection approximately one week prior to date of loss because of a power outage controlled by LILCO | Affidavit of Brandon Friederich - Weisbach had been at the scene of loss only once during 120 days before loss and was not at loss scene until one week after loss. | | CO |
| 7/20/1993 | Soderberg v. Barr & Barr, et al. | New York, NY | WDF | Claimant alleges that insured negligently maintained premises causing accident. Claimant fell off ladder, landing in netting and was injured. | Insured not involved in this construction project. | Affidavit of Gregory Fiesler - Insured not involved at all in construction project where claimant was injured. | | CO |
| 7/24/1993 | Glassman, et al. v. Dorfman, et al. | Queens, NY | Weisbach | Allegedly insured failed to maintain signal resulting in defect that caused accident. | Insured not at the scene at time of loss, was notified of problem after the loss and then went to the scene. | Affidavit of Edward Streger - Weisbach arrived at the scene at 8:15 and made repairs which were completed at 8:35 p.m. Police Report reflects police were at the scene of the accident at 19:40 (7:40 p.m.) which was before Weisbach was even called. Intersection history reports indicate that Weisbach was at the scene and completed a repair on 2/10/93. | | CO |
| 7/25/1993 | Alexander v. Weisbach Electric Corp. | Queens, NY | | Insured allegedly created a 3 - 5 inch depression causing plaintiff to lose control of bicycle and fall. | Put up new light pole | Affidavit of Edward Geiyer - Weisbach performed no work or construction in the roadway where accident occurred. Complaint alleges work in the area was completed prior to accident. | Weisbach removed downed light pole on 6/22/93. On 7/13/93 Weisbach installed new light pole foundation and on 8/30/93 installed a new light pole. No work was performed by Weisbach in the roadway. | CO |

7

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 7/27/1993 | Roth/Welsh v. Buding/Welsbach | Patchogue, NY | Claimants allege that traffic signal was not functioning properly causing accident. | JWP Welsbach Electric Corp. | No indication that insured was working at the scene when accident occurred | No indication that insured was working at the scene when accident occurred. File contains statements from two witnesses that gave statements to police. Both indicate that lights one way were flashing red and the other way were flashing yellow. Documentation further reflects that Welsbach had completed repairs prior to date of loss and had also completed a repair on the morning of the date of loss and prior to the accident. | | CO |
| 8/4/1993 | Uhler v. Welsbach Electric Company | Brooklyn, NY | Light pole allegedly installed by insured fell, crashing through claimant's windshield causing injury. | Welsbach Electric Corp. | No indication that insured was working at the scene when accident occurred | Nothing in file to indicate that insured was working at the scene when accident occurred. | | CO |
| 8/5/1993 | Abramowitz v. Howard, et al. | New York, NY | Complaint alleges that insured failed to repair traffic signal | Welsbach | Welsbach performed repair at intersection one day prior to accident but was not working at the accident scene at the time of loss. | 009602 - Welsbach was not working at the scene when accident occurred. Repair was completed one day prior to accident. | | CO |
| 9/6/1993 | Jean v. The City of New York, et al. | Brooklyn, NY | Insured allegedly created deep crevice in sidewalk causing claimant to fall and become injured | Welsbach | Insured did not perform sidewalk or roadway construction at this intersection. Insured's only responsibility was to maintain traffic lights. | Affidavit of Robert Hong - Welsbach was mistakenly named in lawsuit. Affidavit of Welsbach supervisor, Patrick Hughes - Welsbach performed no "sidewalk or roadway work on or for at least two years prior to Sept. 6, 1993. | | CO |
| 9/26/1993 | United Parcel Service of America, Inc. v. Johnson Pellia Electric, Inc., et al | Anaheim, CA | Insured was an electrical contractor who performed work for UPS. Electrical conduit brackets collapsed causing several hundred feet of electrical conduit to fall, doing property damage. | KDC | Insured completed some electrical work at facility in June, 1993, three months prior to occurrence. | 008315 - Letter from defense attorneys - relates that work of insured was completed in June, 1993. Complaint alleges work was completed prior to accident. | | CO |
| 10/18/1993 | Cantero v. Welsbach Electric Corp. | New York, NY | Claimant contends that insured installed traffic signal and left mound of concrete 93 inches from curb. | Welsbach | Insured excavated street to install traffic signals and traffic conduit. | Complaint - alleges completed operation. Bill of Particulars - alleges completed operations. | | CO |

8

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 11/1/1993 | Bernard v. The County of Nassau, et al. | Westbury, NY | Vehicle hit pedestrian at intersection of Brush Hollow Road and Cedar Road in Westbury, NY. 00. Insured allegedly negligently maintained "walk/don't walk" sign. | Welsbach | See Description of Claim | 2/24/95 - Welsbach only received one notice from the City regarding intersection and no notice for over a month following accident regarding intersection. 12/8/95 - Letter from London and Fisher - "the collision occurred at 6:00 p.m. on 11/1/93. Welsbach's work records indicate that Welsbach was notified at approximately 7:45 p.m. of a "red failure" at the intersection and arrived at the intersection at 8:10 p.m. and repaired the signal by 8:15 p.m. Traffic Signal Maintenance History report indicates that Welsbach had performed repairs at this intersection on five occasions prior to the date of loss. | Welsbach not at scene at time of loss. | CO |
| 11/1/1993 | Joseph & Millori v. The County of Nassau, et al. | Westbury, NY | Complaint alleges that insured improperly maintained traffic control devices causing accident | Welsbach | Only information is summons and complaint | Summons and complaint does not allege that insured was working at the scene at the time of loss. Intersection history report indicates that Welsbach had been at the scene and performed repairs five times prior to the date of loss. | | CO |
| 1/12/1993 | Joseph v. Todino, et al. | New York, NY | Insured allegedly caused defect in roadway at 866 Third Avenue, New York, NY that caused claimant to fall. | Welsbach | Work records of Welsbach reflect that work done at scene was completed years prior to the D/O/L. | EMC 010051 - Adjuster notes - "Discussion with Peggy Pascalli or Welsbach - 1/20 - Verified that Welsbach completed their operation at 866 Third Avenue several years prior to accident date." | | CO |
| 11/18/1993 | Barnett/Connolly v. Sikorkski, et al. | Valley Stream, NY | Insured allegedly failed to maintain traffic light | Welsbach | Appears from file that accident happened before insured arrived at scene. | EMC 021312 - Work records, referred to by defense counsel indicate that collision had occurred prior to Welsbach arriving at the scene. Traffic signal maintenance records indicate that this traffic signal was working improperly and Welsbach had performed work on the traffic signal at this location on 11/15/93 and again on 11/16/93. | | CO |

9

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 11/18/1993 | Teichman v. The City of New York, et al | New York, NY | Claimant allegedly fell on a cracked sidewalk. During deposition of defendant City of New York it was determined that Weisbach performed excavation of sidewalk and then third party complaint was filed against Weisbach. | Weisbach | Plaintiff has produced no proof of Weisbach working in area and Weisbach states that it had done no work in this area that could have caused claimant's fall. | EMC 026916 - December 30, 1996 letter from defense counsel indicating that they had not done any work in the area that could have caused claimant's fall. Absolutely no evidence in file of insured engaged in any type of ongoing operation at the loss scene at the date of the accident. | | CO |
| 11/20/1993 | Costello v. Contra Costa Electric, et al | Antioch, CA | Insured put bolts in street to hold down barrier. Barrier was moved and claimant allegedly fell off of bicycle when he hit bolts. | Dynaelectric | see Description of Claim | 003059 - Settlement authority request from adjusters states, "We have been off the job for three weeks." | | CO |
| 12/4/1993 | Rosario v. The City of New York, et al | Bronx, NY | Claimant alleges that she tripped on a raised and broken sidewalk circling the base of a lightpole at the southeast corner of East 141st Street and Cyprus Avenue, Bronx, NY. Complaint alleges that condition existed for a sufficient time prior to accident. | Weisbach | No allegations that insured was working at locus of accident when accident occurred. Complaint does not allege that insured was in the process of performing any work when the accident happened. | | | CO |
| 12/11/1993 | Ensler v. City of New York, et al | New York, NY | Complaint alleges that insured negligently maintained roadway causing plaintiff to fall. | Weisbach | Insured was not working at the loss site but was working nearby. | Notice of Motion for Summary Judgment granted. Weisbach was not working at the scene of loss. | | CO |
| 12/16/1993 | Palotsi & Pogorelsky v. Weisbah Electric Corp., et al. | Brooklyn, NY | Defective traffic light allegedly caused accident. | Weisbach | Insured received calls before and after accident and corrected problems and left job. No evidence or indication that insured was working at the intersection at the time of the accident. | EMC 011109 - Weisbach service records for intersection. No indication of working on the intersection at the time of loss. | | CO |
| 1/7/1994 | Aarne v. Tishman Construction, Inc., et al. | Staten Island, NY | According to defense counsel letter, complaint alleges that defendants created an unsafe workplace causing plaintiff to receive an electric shock and fall from a ladder | JWP Forest Electric Corp. | Insured had not worked on the floor of construction project where accident occurred and insured work was completed in November, 1993. | Affidavit of Todd Hirsh - Insured had not worked on the floor of construction project where accident occurred and insured work was completed in November, 1993. | | CO |
| 1/16/1994 | Gartenberg v. Lyons Dodge, Inc., et al. | Queens, NY | Insured allegedly improperly maintained traffic light | Welsbach | File contains no investigation - just litigation pleadings. | Intersection history reports indicate that Welsbach had been at the scene and completed repairs on four separate occasions within the five months prior to the accident. | | CO |

10

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations In Progress) |
|---|---|---|---|---|---|---|---|---|
| 1/16/1994 | Commerce and Industry Insurance Company (Ziff) v. Penguin Air Conditioning, Inc. | New York, NY | This is a subrogation claim for property damage. Insured performed maintenance work that resulted in pipes freezing, bursting and causing water damage | Penguin Air Conditioning | Insured had performed maintenance work pursuant to contract, completed work and left scene on January 12, 1994. | Statement of Insured Worker, Gus Jacobs - had left scene after performing maintenance work on Wednesday, January 12, four days prior to loss. | | CO |
| 2/1/1994 | State Farm a/s/o Napoliano v. The City of New York, et al. | Brooklyn, NY | Traffic light allegedly malfunctioned causing accident. | Welsbach | Insured received report of non-functioning traffic light after accident occurred. | EMC 019172 - police report - indicates time of accident as being 9:40 a.m. EMC 019177 indicates that Welsbach received notice of out traffic signal at 10:24 a.m. Traffic Maintenance Log shows repair had been made by Welsbach at intersection on 1/27/94. | | CO |
| 2/3/1994 | DeKenipp v. Consolidated Edison Co. of NY | Brooklyn, NY | Insured allegedly created a dangerous condition (a rectangular ditch that is 2 ft. x 3 ft. right off the curb that caused plaintiff to fall | Welsbach | Insured has not worked at the scene of loss for at least 5 years prior to loss. | Affidavit of Edward Geyer - Welsbach performed no work or constructing in the roadway where accident occurred. | | CO |
| 3/21/1994 | Maliese v. Door Systems, Inc, et al | Chicago, IL | Doors of building plaintiff was working in malfunctioned causing plaintiff to be injured. It is alleged that insured had previously worked on doors causing them to be defective. | Gibson Electric | Insured had apparently worked on the doors that malfunctioned 3 months prior to accident. No evidence or indication in file that insured was working on doors at time of accident. | Reference to doors in defense counsel correspondence - review of maintenance records do not reflect any work being performed on the doors in question at the date of loss. | | CO |
| 4/23/1994 | Hadash v. The City of New York, et al. | Queens, NY | Claimant alleges that traffic signal was broken and caused accident | Welsbach | Insured had received call of all out condition. Accident occurred before insured reached intersection. | Maintenance records of insured reflect that insured was not at the scene at the time of loss. Intersection history report indicate that Welsbach completed repairs at this intersection on 16 different occasions within the four months preceeding the date of this accident. | | CO |
| 4/25/1994 | Williams v. Emanual Brunst, et al. | Brooklyn, NY | Claimant alleges that traffic signal was broken and caused accident | Welsbach | Insured received notice of non-functioning traffic signal approximately 6 minutes prior to accident. | Affidavit of Edward Streger - Indicates that insured received notice 6 minutes prior to accident but had not arrived at scene when accident occurred, nor was insured working at accident scene when accident occurred. Intersection history reports reflect that Welsbach had completed repairs at this intersection on four occasions within approximately three months previous to the accident. | | CO |

11

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 8/13/1994 | Harding v. Dorff Construction Co., Inc., et al. | New York, NY | Allegation that insured caused hazardous condition causing plaintiff to receive an electric shock. Plaintiff fell from ladder and fractured wrist. | Forest Electric Corp. | Insured worked on electric panel over seven years prior to accident and was not working at the scene at the time of accident. | 11/16/99 - Defense counsel letter indicates that SJ motion was granted because insured had worked on electrical system over seven years prior to accident. | | CO |
| 8/15/1994 | Pellot v. The City of New York, et al. | Bronx, NY | Defective traffic light allegedly caused accident. | Weisbach | No indication that insured was working at the scene when accident occurred | Maintenance records of insured reflect that insured was not at the scene at the time of loss. Intersection history report indicates that Weisbach had completed repairs on four separate occasions prior to the date of loss, the most recent occurring on 6/7/94. | | CO |
| 8/21/1994 | Lobosco v. Weisbach | Brooklyn, NY | Plaintiff alleges her car hit a pot hole and sewer cap protruding in the roadway. | Weisbach | Weisbach completed prior traffic light repair at this intersection. | Intersection history report shows that Weisbach had completed a repair of the traffic light at this intersection on 5/23/94. | | CO |
| 6/22/1994 | Silver v. New York Transit Authority, et al. | Queens, NY | Claimant alleges that traffic light at intersection was not working. | Weisbach | Insured received report of malfunctioning traffic signal and completed temporary repairs prior to accident. | EMC 010545 - Adjuster Notes - indicate that insured had completed temporary repairs of traffic signal prior to accident. EMC 010459 - letter from defense counsel indicates insured maintenance records were lost. | Insured's maintenance records for this intersection were lost and unable to be produced. See definition of "products - completed operation hazard." Work had been put to its intended use. | CO |
| 6/30/1994 | Gager v. Consolidated Edison Company of New York, et al. | New York, NY | Insured allegedly removed metal plate covering hole in roadway and placed it on the sidewalk. Plaintiff's car went into hole causing accident. | Weisbach | Insured not working at the scene. Motion for summary judgment indicates that insured was working approximately 100 feet from site of accident. | Affidavit of David Appleby - insured did not perform work at the site of the accident. | | CO |
| 7/1/1994 | Demming v. Butler, et al | Bronx, NY | Insured allegedly did not properly light the roadway which was a contributing cause to this accident. | Weisbach | Insured had installed temporary lighting at beginning of project but had no duty to inspect or be present while project was underway. | 12/12/02 letter from defense attorneys London Fisher states that Weisbach was to install temporary lights at the beginning of project and the remove them at the end of the project. Weisbach was not required to be present or perform inspections. | Lights Weisbach had installed had been put to their intended use. | CO |

12

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 8/2/1994 | Skulsky v. Weisbach Electric Company | Queens, NY | Claimant alleges that malfunctioning traffic light caused accident | Weisbach | Accident happened before insured had notice of problem at intersection. | Work History of insured - the last time insured was at the intersection prior to the date of loss was on May 18, 1994 at which time a permanent repair was completed. Affidavit of Edward Streger indicates that Weisbach received notice on date of loss at 8:21 p.m. of problem at intersection. Police report indicates that police arrived at scene at 8:00 p.m. | | CO |
| 8/29/1994 | Weathers v. Weisbach Electric Co. | Brooklyn, NY | Claimant alleges malfunctioning traffic light caused motor vehicle accident | Weisbach | Insured received not of malfunctioning traffic signal after accident occurred and was not working at scene when accident occurred | Affidavit of Edward Streger - Weisbach received notice of malfunction after accident occurred. Claim was voluntarily dismissed. Intersection history reports indicate that Weisbach had completed repairs at this intersection and also approximately one month previous to this accident. | | CO |
| 8/31/1994 | Howard v. The City of New York, et al. | New York, NY | Insured allegedly repaired sidewalk caused plaintiff to fall | Weisbach | Insured records reflect that Weisbach did not perform work at the location of the accident | EMC 010076 - Letter from London and Fisher. Indicates they reviewed insured's records and insured did not work at the location of the accident. | | CO |
| 9/9/1994 et al. | Martinez v. JWP Heritage Air Systems, Inc. et al. | Not reflected in documents reviewed | Claimant allegedly stepped into open Heritage Air conditioning duct in the floor and was apparently injured. | Systems | September 19, 1995 letter from ESIS indicates that insured was performing any type of work at the scene when the accident occurred. | Nothing in claim file to indicate that insured was performing any type of work at the scene when the accident occurred. | This is a very brief file and only contains correspondence. | CO |
| 10/1/1994 | Patterson v. Broadway Maintenance Corp., et al. | Bronx, NY | Insured allegedly created defect in roadway causing plaintiff to trip and fall | Weisbach | File does not contain much detail with respect to claim investigation. | Nothing in claim file indicates insured was in the process of or engaged in any type of ongoing operation | | CO |
| 10/7/1994 | Goldberg v. Weisbach Corp., et al. | Queens, NY | Allegedly insured created dangerous condition causing injury and damage to plaintiff. | Weisbach | Street lamp fell on plaintiff's vehicle. Weisbach did not receive notice of problem until after incident occurred. | Affidavit of Elena Cross - Weisbach had been at the scene that morning and did not note any problems with the light pole. The next notice was received after the accident when Weisbach was notified by the 104th police precinct that a light pole was down. | | CO |

13

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 10/11/1994 | Interboro Mutual Indemnity Insurance Co. a/s/o Willie Brinkley v. N.Y. City Dept. of Transportation, et al. | Brooklyn, NY | Claimant contends that traffic signal was not working | Welsbach | Appears from file that improper maintenance of signal would be alleged against insured. | This is a $1,000 property damage subrogation claim. There is no indication in file that insured was performing work at the scene when accident occurred. Intersection History Report indicates that Welsbach was at the scene and performed a permanent repair on 10/5/04, less than one week prior to the date of loss. | | CO |
| 11/7/1994 | Johanneman v. 110 William Street Company, et al. | Manhattan, NY | Claimant alleges that role of BX cable was left in an energized condition in building ceiling by insured and that claimant received shock. Complaint alleges work done prior to accident. | Forest Electric Corp. | Insured was at job site in 1992 and 1993 but no indication of insured being at job site in 1994. | 023576 - 023641 - Letter from JWP Maintenance and invoices for inspections of system. No documentation of work performed on the date of loss. | | CO |
| 11/7/1994 | North River Insurance Insurance Company a/s/o Oak Hill Partners, Inc. v. Arista Air Conditioning Corp., et al. | Brooklyn, NY | Insured allegedly improperly maintained air conditioner causing it to leak, causing property damage. | JWP Maintenance and Service | Insured performed monthly maintenance inspections of air conditioning equipment, however, no indication that insured was working on or in the process of performing work on the date of loss. | 007206 - Memo in file from Jacqueline Montefusco indicating that ESIS believes file should have been coded as completed operations and that INA agrees with this assessment. | | CO |
| 11/13/1994 | Blanco v. The City of New York, et al. | Bronx, NY | Intersection accident allegedly caused by insured's failure to maintain traffic signals | Welsbach | Appears from maintenance records that Welsbach was called to the scene by police on d/o/l to repair traffic light. | 11/13/94 - Welsbach maintenance report - called by police to fix "steady" traffic signal. City of New York Department of Traffic Signal Maintenance record indicates that Welsbach had replaced the signal lamp at this intersection on 10/10/94, approximately one month prior to the date of loss. | Nothing to indicate that Welsbach was at the scene at the time of loss. No investigation in file other than maintenance records. | CO |
| 11/16/1994 | Surrency v. The City of New York, et al. | Bronx, NY | Claimants allege that traffic signal was not functioning properly causing accident. | Welsbach | Insured repaired traffic signal the day before accident. On November 16, accident occurred at 8:00 a.m. and insured first notice of problem with signal at intersection was not until 10:14 a.m. | Plaintiff Bill of Particulars - indicates accident happened at 8:00 a.m. Decision/Order - granting summary judgment indicates that insured first notice of problem at intersection was at 10:14 a.m. following accident. | | CO |
| 11/23/1994 | LaRosa v. Jenkins, et al. | Brooklyn, NY | Claimant alleges that traffic signal was broken and caused accident | Welsbach | Insured records reflect that Welsbach received notice of problem at intersection at 9:37 p.m. This was after accident occurred | EMC 011831 - Affidavit of Edward Steger - notice received by Welsbach after accident occurred. | | CO |

14

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 12/17/1994 | Martin v. Welsbach Electric Corp. of LI | Hempstead, NY | Claimant alleges that lighting in parking lot was poor causing accident. | Welsbach | Insured had not worked on the lights at the parking lot at the date of loss. Insured had completed repair of a non-working light at parking lot on 11/18. Work had been completed | Deposition of Robert Murphy of Welsbach - testified that Welsbach had completed repair approximately on 11/18 and had not been back to the scene prior to the accident. | | CO |
| 1/4/1995 | Hands v. The City of New York, et al. | Brooklyn, NY | Allegedly insured created hazardous condition causing claimant to fall and be injured | Welsbach | Insured did not begin doing work at the site of the loss until after date of loss, 1/10/95. | Affidavit of Anthony Santoro, employee of project manager, Trocom Construction. Welsbach entered into a contract with Trocom on 1/10/95 and did not perform any work at the scene of loss prior to this date. | | CO |
| 1/2/1995 | Vainotti v. Kings Plaza, et al. | Brooklyn, NY | Claimant slipped and fell while exiting Kings Plaza Shopping Center. Insured provided janitorial and maintenance services. | JWP Maintenance | Defense of the insured was tendered to REM (Home Insurance Company); the carrier for the premises. | No allegations that insured was working at locus of accident when accident occurred. Complaint does not allege that insured was in the process of performing any work when the accident happened. | | CO |
| 1/23/1995 | Gannon v. JWP Forest Electric Corp. | New York, NY | Insured allegedly caused tripping hazard with computer cable causing claimant to fall. | Forest Electric Corp. | Adjuster notes indicate that cable that plaintiff tripped on was temporarily installed, however, there was no authorization of overtime money to make it permanent. No indication that insured was working at the scene at the time of incident. | No allegations that insured was working at locus of accident when accident occurred. Complaint does not allege that insured was in the process of performing any work when the accident happened. | | CO |
| 2/6/1995 | Trilleras v. The City of New York, et al. | Queens, NY | Flagpole fell on claimant while he was walking on Steinway Street. | Welsbach | Insured not responsible for maintaining pole that fell and injured claimant. | Affidavit of Elena Cross - Insured did not install or maintain flagpole. Insured only maintained street lights. | | CO |
| 2/8/1995 | Ohayan v. City of New York | Queens, NY | Traffic light allegedly malfunctioned causing accident. | Welsbach | Insured received call at 12:43 p.m. that traffic light was out, apparently moments before accident. | No indication in any documentation that insured was actively working at the intersection when the accident occurred. History Reports indicate that Welsbach had been at this location and performed permanent repairs on at least five separate occasions within three weeks prior to the date of loss, the most recent repair being made on 2/8/95. | | CO |

15

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 12/9/1995 | Cheng v. Welsbach Electric Corp. | Queens, NY | Claimant contents Welsbach did not properly maintain traffic signal causing collision | Welsbach | Insured had received a report six hours before time of accident that pedestrian signal was not working. Police report says traffic signal was out of place. Police report says traffic signal was turned. | There are no allegations that Welsbach was at the scene or in the process of performing any type of work when the accident occurred. This is based on review of entire file - there is no document in particular. Intersection history reports indicate that Welsbach had completed permanent repairs at this intersection on 11 different occasions within the four months prior to this accident. | | CO |
| 3/2/1995 | Randall v. The City of New York, et al. | New York, NY | Claimant alleges that construction activities of the insured caused defective condition in sidewalk causing claimant to fall. | Welsbach | Insured did not conduct work at the location of where plaintiff fell. | Affidavit of Sundeep Mullick of London and Fisher, attorneys for defendant Welsbach, indicates that David Appleby, employee of Welsbach, testified at examination before trial that Welsbach had not performed any work in this area. Traffic Maintenance Report indicates that Welsbach had performed repairs at this interesection the day prior to the date of loss. | | CO |
| 3/3/1995 | Pera v. City of New York, et al. | Queens, NY | Unilluminated traffic signal in one direction of travel is alleged to have caused accident | Welsbach | Insured worked at scene the day before accident, but work performed by insured could not have resulted in malfunction of traffic signal. | Affidavit of Walter Dondero - indicates that Welsbach was at the scene the day before the accident but did not complete any repairs that could have caused an unilluminated traffic signal. Maintenance records of Welsbach show that signal at intersection was retimed by Welsbach on 3/2, the day before the accident. | | CO |
| 3/20/1995 | Aschofy v. City of New York, et al | | Insured allegedly failed to secure or warn of improper functioning traffic light. | Welsbach | Maintained light | EMC 014325 - Letter from London Fischer - attorneys for Welsbach - retained by ESIS - indicates Welsbach only maintained lights and no complaints of light not working. Maintenance records show that Welsbach had completed repairs at intersection on 3/18, two days prior to date of loss. | No allegation that Welsbach was at the scene at D/L | CO |

16

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 2/20/1995 | Policheiti v. The City of New York, et al. | Brooklyn, NY | Insured allegedly failed to secure or warn of improper functioning traffic light. | Weisbach | Maintained light | 2/16/1996 - Decision and Order - Weisbach only involvement - repaired signal three months before accident. No indication that Weisbach was working at the scene at the date of loss. 1/15/97 - Affidavit of Edward Streger - Weisbach's only obligation was to respond to requests to repair traffic lights - had no duty to inspect. | No allegation that Weisbach was at the scene at D/L | CO |
| 1/29/1995 | Rodriquez v. Consolidated Edison Company, Bronx, NY of New York, et al. | | Claimant allegedly tripped and fell in roadway. Insured allegedly caused defect in road. | | No proof that insured was working at the scene at the time of loss. | ES 07149 - Adjuster's file notes indicates that insured did not do any work in a five block radius. | | CO |
| 1/5/1995 | Jean-Baptiste v. The City of New York, et al. | Queens, NY | Insured allegedly negligently maintained traffic signal | Weisbach | Collision occurred at this intersection at approximately 12:15 p.m. Weisbach had been called to intersection at 4:22 a.m. and completed repair at 6:45 a.m. and left scene. Weisbach was then called to the intersection again after a collision occurred. | Affidavit in Support of Motion for Summary Judgment - Weisbach had completed repairs at 6:20 a.m. - (prior to time of accident) | | CO |
| 1/7/1995 | Kushmider v. The City of New York, et al. | Queens, NY | Claimant allegedly tripped and fell over wires at the base of traffic signal. | Weisbach | Insured records reflect that Weisbach did not perform any construction or traffic signal maintenance at the time of claimant's fall. | EMC 016448 - Letter from London and Fisher - check of insured records indicates no calls relating to defective conditions at the scene of accident prior to loss. | | CO |
| 10/10/1995 | Cyrus v. Weisbach Corp, et al. | Brooklyn, NY | Insured failed to maintain traffic light, causing motor vehicle accident | Weisbach | Insured was called to intersection to repair light. Returned to complete permanent repair at 8:50 p.m. Accident occurred at 10:30 p.m. No record of accident happening while insured was working at scene. | Bill of Particulars - allegation against the insured is failure to maintain and failure to repair traffic control device. EMC 016942 - records of insured, referred to in defense counsel letter reflect no accident occurring while insured was working at the scene. | | CO |
| 4/30/1995 | Lenett v. City of New York, et al. | Brooklyn, NY | Complaint alleges that insured failed to properly maintain traffic light. | | Insured not working at the scene at the time of loss | No evidence presented to support evidence of traffic signal defect. Weisbach was not working on traffic at time of accident. Intersection history reports indicate that Weisbach performed permanent repairs at this intersection on 3/10/95 and on 2/7/95. | | CO |

17

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 5/14/1995 | Pineda v. Weisbach Electric Corp. | Queens, NY | Traffic signal was allegedly non-functional causing accident | Weisbach | Insured had been to intersection before and after accident but was not working at scene when accident occurred. Complaint alleges Weisbach completed repairs prior to date of loss. | Police Report - describes non-functional signal. Maintenance Records - give times before and after accident that insured was at scene but not at scene at the time of accident. | | CO |
| 5/18/1995 | Saywack v. Scott, et al | Bronx, NY | Claimant alleges that traffic light at intersection malfunctioned. | Weisbach | Insured received report of traffic signal malfunctioning after accident occurred. | 008077 - Letter from defense counsel - indicates that accident happened at 11:30 a.m. and first notice of malfunction of traffic lights was at 1:20 p.m. Intersection history report shows that Weisbach was at the scene and performed a permanent repair on 5/2/95, 16 days prior to date of loss. | | CO |
| 6/6/1995 | Lindauer v. JWP Inc. d/b/a Penguin Air Conditioning | Roosevelt Island, NY | Claimant allegedly slipped and fell in the Roosevelt Island elevator on Roosevelt Island, NY, and also alleges that sometime prior to 6/6/95 JWP inspected tramway. | Penguin Air Conditioning | Nothing in claim file or pleadings indicating that insured was at the scene at the time of loss. | Plaintiff's Bill of Particulars does not allege that insured was in the process of performing any type of operations | | CO |
| 6/19/1995 | State Farm a/s/o Jamie Conologue v. Orofino, et al. | Plainview, NY | Claimant alleges that traffic signal malfunctioned and caused accident | Weisbach | Insured had completed permanent repair the day before accident. On the date of accident, accident occurred at 3:10 p.m. and insured was not called by policy until 5:50 p.m. | EMC 010592 - Letter from defense counsel indicates permanent repair had been completed by insured the day before accident. Accident happened at 3:10 p.m. and insured was not called to scene until 5:50 p.m. Summary Judgment Order - Summary judgment was granted to Weisbach | | CO |
| 6/24/1995 | Garcia v. The City of New York, et al. | Bronx, NY | Insured allegedly improperly maintained traffic light | Weisbach | File contains no investigation - just litigation pleadings. | Allegation that insured failed to maintain - no allegation that insured was working at scene | | CO |
| 7/01/1995 | Warren v. The City of New York, et al. | Queens, NY | Claimant alleges that traffic signal was broken and caused accident | Weisbach | Insured had been at intersection the day before accident and had replaced out lamp and had completed job. Insured was not working at intersection at date of loss | Affidavit of John DiBenedetto - Insured not working at intersection and had not received any calls of the particular problem associated with accident. This affidavit was the basis for a successful summary judgment motion. | | CO |
| 7/5/1995 | Henrichsen v. Weisbach Electric Corp., et al. | Brooklyn, NY | Insured allegedly created construction hole causing plaintiff to fall from bike | Weisbach | Insured has not worked at the scene of loss for at least 5 years prior to loss. | Motion for Summary Judgment - insured has not worked at loss location for at least five years prior to loss. | | CO |

18

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|
| 6/25/1995 | Singh v. The City of New York, et al. | Brooklyn, NY | Claimant alleges that traffic light malfunctioned, causing accident. | Welsbach | Insured repaired the traffic signal on July 21 and 22, 1995 and did not receive another notice of a problem with lights at the intersection until July 27, 1995. | EMC 009814 - Intersection History Report - Indicates that insured had completed repairs on July 21 and 22, and did not receive another transmission to come to intersection until July 27, 1995. | CO |
| 7/28/1995 | Thercier v. Pierre, et al. | Brooklyn, NY | Malfunctioning traffic signal caused accident and injury to claimant | Welsbach | Insured completed repair of turned signal head on 7/27/95. | EMC 024722 - EMC 024723 - Defense attorney letter explaining sequence of events. EMC 024719 - insured's records showing completion of repair prior to accident. | CO |
| 7/31/1995 | Rosner v. The City of New York, et al. | New York, NY | Claimant alleges that he tripped over metal plates and/or wooden planks in the roadway. | Welsbach | Insured was a subcontractor and had been requested to indemnify general contractor, Judlau. Tender of defense has been refused. Welsbach only worked on overhead cables and did not perform work in the street. | 005078 - Insured Welsbach only worked on overhead cables and did not perform work in street. Work on overhead cables was performed on March 21, 22, and 23, 1995. There is no evidence of insured being in the process of performing work in the street on the date of loss. | CO |
| 8/16/1995 | Pacombe v. The City of New York, et al | Brooklyn, NY | Traffic light allegedly malfunctioned causing accident. | Welsbach | Insured received call after accident had occurred indicating that traffic light was out. | Affidavit of Edward Streger - indicates that insured was not working at the scene at the time of loss and was only called to the scene after the loss. Intersection History Report reflects that Welsbach had been at the scene and completed permanent repair on 8/13/95, three days prior to the date of loss. Welsbach also completed a permanent repair at this location on 7/19/95. | CO |
| 8/29/1995 | Feo v. The County of Nassau, et al | Garden City, NY | Insured allegedly negligently maintained traffic signal | Welsbach | Welsbach may have diagnosed potential problem when insured was at the scene about two weeks prior to accident. | Affidavit of Brandon Friederich - Welsbach was not notified on the date of loss of any signal malfunction and therefore was not at or working on the scene at the time of loss. | CO |

| Date of Loss | Lawsuit or Claim Name | Loss Location | Description of Claim - Allegations Against Insured | Insured Name | Insured Involvement (based on file content/investigation) | Evidence Relied on in Determining How Claim Should Have Been Coded | Other Notes | How Claim Should have been Coded (CO - Completed Operations, OP - Operations in Progress) |
|---|---|---|---|---|---|---|---|---|
| 9/30/1995 | Hendrickson v. Weisbach Electric Corp. | Brooklyn, NY | Traffic signal at the intersection of Utica Ave. and Dean Street was allegedly functioning improperly causing accident. | Weisbach | Insured had completed permanent repair at intersection on September 29, 1995 at 15:30 hours (3:30 p.m.) and was not called back to intersection until Sept. 30, 1995 at 20:58 (8:58 p.m.) | EBTs of insured and plaintiff indicate that insured was not in the process of completing a repair when accident occurred. | | CO |
| 9/1/93 - 6/27/95 | Bonner v. The Dormitory Authority of the Sate of New York, et al | Staten Island, NY | This is a sick building case. Claimant contends exposure to chemical, fungi, mycotoxins, bacteria, construction debris and other toxic substances at Building S-6 at Staten Island College. | Wachtel, Dukiauer and Fein | Appears from brief file that contractors working on premises caused claimant to get sick. There are no allegations that insured was working or had worked at this site. | | Cannot tell insured involvement from reviewing claim file. | CO |
| 9/22/1995 | Kull v. Assini, et al | Brooklyn, NY | Traffic signal allegedly malfunctioned Weisbach causing accident | | Insured repaired traffic signal prior to the accident. | Intersection history report shows that Weisbach had performed repairs at intersection one day before accident. | | CO |

20