IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
EMCOR GROUP, INC.                          :    Civil Action No.
                                                            Docket 3:00-CV-2211 (AVC)
            Plaintiff,                          :
                                                            Judge Alfred V. Covello
v.                                                     :

INSURANCE COMPANY OF NORTH AMERICA:

            Defendant.                       :
-----------------------------------------------------------X

**STATE OF CALIFORNIA**     )
                                                )    **ss: Irvine, California**
**COUNTY OF ORANGE**     )

### AFFIDAVIT OF SUSAN J. REINHARD

Susan J. Reinhard, being first duly sworn, on oath deposes and says:

1.    I am over the age of eighteen and believe in the obligations of an oath.

2.    I am the Claims Director for the Plaintiff EMCOR Group, Inc. ("EMCOR") and in such position am responsible for the administration and handling of all claim risks presented to EMCOR through itself and its subsidiaries. In my position I administer and handle all insurance claims for EMCOR and its subsidiaries including, but not limited to, Welsbach Electric Corporation ("Welsbach") and Welsbach Electric Corp. of L.I. ("Welsbach of L.I.").

- 2 -

3.  I make this affidavit based upon my personal knowledge and the books and records of EMCOR as well as the books and records of EMCOR's indirect subsidiaries Welsbach and Welsbach of L.I.

4.  EMCOR is a Delaware Corporation with its principal place of business in Norwalk, Connecticut.

5.  EMCOR is a large mechanical and electrical construction and facilities services firm with many wholly owned subsidiaries operating nationally and internationally.

6.  EMCOR was formerly known as JWP, Inc.

7.  Insurance Company of North America ("INA") issued the following three general liability insurance policies to EMCOR:

    1.    Policy No. HDO G1 403379-8,
           Policy period: October 1, 1992 to October 1, 1993;
(See Exhibit 1 attached hereto)

    2.    Policy No. HDO G1 658518-A,
           Policy period: October 1, 1993 to October 1, 1994;
(See Exhibit 2 attached hereto)

    3.    Policy No. HDO G1 658789-8,
           Policy period: October 1, 1994 to October 1, 1995.
(See Exhibit 3 attached hereto) (collectively the "INA Policies").

8.  The INA Policies have separate aggregate limits for general liability claims and products-completed operations claims.

9.  The general liability aggregate limit for each of the INA Policies is $2,000,000.00.

10. The products-completed operations aggregate limit for each of the INA Policies is $3,000,000.00.

- 3 -

11. Each of the INA Policies contains an identical definition of the "products-completed operations hazard" as follows

 a. "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

  (1) Products that are still in your physical possession; or
  (2) Work that has not yet been completed or abandoned.

 b. "Your work" will be deemed completed at the earliest of the following times:
  (1) When all of the work called for in your contract has been completed.
  (2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.
  (3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

 c. This hazard does not include "bodily injury" or "property damage" arising out of:
  (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by "loading or unloading" of it;
  (2) The existence of tools, uninstalled equipment or abandoned or unused materials;
  (3) Products or operations for which the classification in this Coverage Part or in our manual of rules includes products or completed operations.

(See paragraph 11 of Exhibits 1 and 2, and paragraph 14 of Exhibit 3).

12. INA has notified EMCOR that the general liability aggregate limits for each of the INA Policies have been exhausted.

13.  Upon exhaustion of the general liability aggregate limits of each of the INA Policies, responsibility for future defense fees and indemnity payments on all new general liability claims reverts to EMCOR.

14.  Welsbach is a wholly owned indirect subsidiary of EMCOR.

15.  Welsbach is an insured under the INA Policies.

16.  Welsbach of L. I., f/k/a Budin Contracting Corporation, is also a wholly owned indirect subsidiary of EMCOR.

17.  Welsbach of L.I. is also an insured under the INA Policies.

18.  Since at least 1992, Welsbach and Welsbach of L.I. (collectively "Welsbach") have contracted with various municipalities in and around the New York area for the purposes of installing, repairing, and maintaining traffic signals, street lights, and pedestrian walk signals.

19.  Pursuant to its various contracts with the municipalities, Welsbach is required to respond to a report of a malfunctioning traffic signal or other device, repair the traffic signal or other device, return the traffic signal or other device to its intended use, and leave the scene.

20.  None of Welsbach's work on the traffic signals or other devices as described in the traffic signal contracts is performed on or near Welsbach's premises.

21.  Attached hereto as <u>Exhibit 4</u> is a true and correct copy of a typical Welsbach traffic signal contract which describes the services Welsbach performs on a regular basis. The Welsbach contracts are made in the regular course of Welsbach's business; it is the regular course of Welsbach's business to make such contracts; and the contracts are prepared at the time of the negotiation with the relevant municipality or within a reasonable time thereafter.

22. A typical Welsbach traffic signal contract provides for the scope of Welsbach's work as follows:

> "[t]his project is for the maintenance in good condition and proper working order . . . of all illuminated traffic control devices whose maintenance is a responsibility of the Bureau of Traffic Operations together with their foundations, post, supports, cable wiring, conduit, controllers, detectors, sensors, relays and all other associated equipment and specified signs. . . . "

(See Exhibit 4, p. II-1). This language is typical of the language found in the Welsbach contracts generally.

23. In connection with its work for the various municipalities, Welsbach maintains intersection histories which identify the location of its work, the scope of the work performed, and the date that the work was completed.

24. Welsbach's intersection histories are made in the regular course of Welsbach's business; it is the regular course of Welsbach's business to prepare an intersection history; and the intersection histories are made at the time of the repair or within a reasonable time thereafter.

25. Attached hereto as Exhibit 5 is an itemized summary of forty-seven (47) claims against Welsbach in which it is alleged that the plaintiff sustained bodily injury as a result of an allegedly defective traffic signal.

26. Attached hereto collectively as Exhibit 6 are copies of the complaints filed against Welsbach in the 47 claims referred to in paragraph 25 above. The complaints are maintained in the regular course of Welsbach's business; it is the regular course of Welsbach's business to maintain copies of all complaints filed against Welsbach; and the complaints are maintained from the time of the service of the complaint or from a reasonable time thereafter.

27.   In each of the 47 claims Welsbach had serviced the relevant traffic signal and completed a repair prior to the accident. Copies of the intersection histories for each of the 47 claims confirming Welsbach had completed a repair prior to the accidents are attached hereto collectively as Exhibit 7.

28.   Attached hereto collectively as Exhibit 8 are copies of affidavits of Welsbach personnel submitted in certain of the underlying cases which confirm that Welsbach's work on the respective traffic signals was completed prior to the alleged accidents. The original affidavits were submitted to court, and are therefore unobtainable.

29.   Attached hereto collectively as Exhibit 9 are copies of Verified Bill of Particulars and Police Reports submitted in certain of the underlying cases which confirm the date, time and location of the accident. The original documents were submitted to court, and are therefore unobtainable.

30.   The 47 Welsbach claims can be summarized as follows:

1.   Abramowitz v. Howard, et al. ("Abramowitz")
    A.   In Abramowitz, the plaintiff claimed to have sustained bodily injury on 8/5/93 at approximately 4:40 p.m. at the intersection of Rockaway Freeway and Beach 44th Street as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.1, ¶¶ 32, 35, 38, 41, 42).
    B.   In Abramowitz, the date of Welsbach's last repair to the traffic signal prior to the accident was 8/4/93. (See Exhibit 7.1).
    C.   In Abramowitz, Welsbach returned to the aforesaid intersection on the day of the accident at 5:25 p.m. and 6:15 p.m., after the accident occurred. (See Exhibit 7.1).

2.   Aschoff v. City of New York, et al. ("Aschoff")
    A.   In Aschoff, the plaintiff claimed to have sustained bodily injury on 3/20/95 at the intersection of Avenue P and West 9th Street as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.2, ¶¶ 38, 91, 94, 95, 102).

B.  In <u>Aschoff</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 6/27/94. (<u>See</u> <u>Exhibit 7.2</u> and <u>Exhibit 8.2</u>).

3. <u>Barnett/Connolly v. Sikorski, et al.</u> ("<u>Barnett/ Connolly</u>")
   A.  In <u>Barnett/Connolly</u>, the plaintiff claimed to have sustained bodily injury on 11/18/93 at the intersection of East Merrick Road and Rockaway Parkway as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.3</u>, ¶¶ 13, 14, 73-76).
   B.  In <u>Barnett/Connolly</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 11/16/93. (<u>See</u> <u>Exhibit 7.3</u>).
   C.  The accident in <u>Bartnett/Connolly</u> occurred at approximately 11:30 a.m. on 11/18/93. (<u>See</u> <u>Exhibit 8.3</u> ¶ 4).
   D.  In <u>Barnett/Connolly</u>, Welsbach returned to the aforesaid intersection on the day of the accident after the accident occurred. (<u>See</u> <u>Exhibit 7.3</u> and <u>See</u> Affid. of Brandon Frederich <u>Exhibit 8.3</u>, ¶ 5).

4. <u>Bernard v. The County of Nassau, et al.</u> ("<u>Bernard</u>")
   A.  In <u>Bernard</u>, the plaintiff claimed to have sustained bodily injury on 11/1/93 at the intersection of Brush Hollow Road and Cedar Road as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.4</u>, ¶¶ 7, 9, 20).
   B.  In <u>Bernard</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 11/17/92. (<u>See</u> <u>Exhibit 7.4</u>).
   C.  The accident in <u>Bernard</u> occurred at approximately 6:00 p.m. on 11/1/93. (<u>See</u> <u>Exhibit 9.4</u> ¶ 2).
   D.  In <u>Bernard</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 8:10 p.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.4</u>).

5. <u>Blanco v. The City of New York, et al.</u> ("<u>Blanco</u>")
   A.  In <u>Blanco</u>, the plaintiff claimed to have sustained bodily injury on 11/13/94 at the intersection of 168th Street and Park Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.5</u>, ¶¶ 8, 14).
   B.  In <u>Blanco</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 10/10/94. (<u>See</u> <u>Exhibit 7.5</u>).

6. <u>Interboro Mutual Indemnity Insurance Co. a/s/o Brinkley v. N.Y. City of Dept. of Transportation, et al.</u> ("<u>Brinkley</u>")
   A. In <u>Brinkley</u>, the plaintiff claimed to have sustained bodily injury on 10/11/94 at the intersection of Bedford Avenue and Leffert Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 9.6</u>, ¶¶ 4, 5).
   B. In <u>Brinkley</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 10/5/94. (<u>See</u> <u>Exhibit 7.6</u>).

7. <u>Cheng v. Welsbach Electric Corp.</u> ("<u>Cheng</u>")
   A. In <u>Cheng</u>, the plaintiff claimed to have sustained bodily injury on 2/9/95 at the intersection of Springfield Boulevard and South Conduit Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.7</u>, ¶¶ 7, 13, 15, 18).
   B. In <u>Cheng</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 1/30/95. (<u>See</u> <u>Exhibit 7.7</u>).
   C. The accident in <u>Cheng</u> occurred at approximately 8:15 p.m. on 2/9/95. (<u>See</u> <u>Exhibit 9.7</u> ¶ 5).
   D. In <u>Cheng</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 9:40 p.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.7</u>).

8. <u>Clerge v. JWP Welsbach Electric Corp. et al.</u> ("<u>Clerge</u>")
   A. In <u>Clerge</u>, the plaintiff claimed to have sustained bodily injury on 12/11/92 at approximately 8:00 p.m. at the intersection of Utica Avenue and Rutland Road as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.8</u>, ¶¶ 32, 33-37, 39, 41).
   B. In <u>Clerge</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 11/17/92. (<u>See</u> <u>Exhibit 7.8</u>).

9. <u>State Farm Ins. Co. a/s/o Jamie Conologue v. Orofino, et al.</u> ("<u>Conologue/Orofino</u>")
   A. In <u>Conologue/Orofino</u>, the plaintiff claimed to have sustained bodily injury at the intersection of Manetto Hill and Nick Place as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.9</u>, ¶¶ 4, 7, 10).
   B. The accident occurred on 6/29/95. (<u>See</u> <u>Exhibit 9.9</u> ¶ 1).
   C. In <u>Conologue/Orofino</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 6/28/95. (<u>See</u> <u>Exhibit 7.9</u>).

10. <u>Feo v. The County of Nassau, et al.</u> ("Feo")
    A. In <u>Feo</u>, the plaintiff claimed to have sustained bodily injury on 8/29/95 at the intersection of Herricks Road & Rockaway Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.10</u>, ¶¶ 30, 31).
    B. In <u>Feo</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 8/12/95. (<u>See</u> <u>Exhibit 7.10</u>).

11. <u>Freda v. Welsbach Corp., et al.</u> ("Freda")
    A. In <u>Freda</u>, the plaintiff claimed to have sustained bodily injury on 12/26/92 at approximately 4:00 p.m. at the intersection of 83rd Avenue and Littleneck Parkway as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.11</u>, ¶¶ 3, 9, 10).
    B. In <u>Freda</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 12/1/92. (<u>See</u> <u>Exhibit 7.11</u>).

12. <u>Garcia v. The City of New York, et al.</u> ("Garcia")
    A. In <u>Garcia</u>, the plaintiff claimed to have sustained bodily injury on 6/24/95 at approximately 10:20 p.m. at the intersection of East 180th and Vyse Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal (<u>See</u> <u>Exhibit 6.12</u>, ¶¶ 10, 18, 19; Third party complaint ¶¶ 2, 5).
    B. In <u>Garcia</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 6/24/95 at 8:25 a.m., before the accident occurred. (<u>See</u> <u>Exhibit 7.12</u>).

13. <u>Gartenberg v. Lyons Dodge, et al.</u> ("Gartenberg")
    A. In <u>Gartenberg</u>, the plaintiff claimed to have sustained bodily injury on 1/8/94 at the intersection of Vernon Boulevard and 36th Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.13</u>, ¶¶ 65 – 67, 71 of Supplemental Complaint).
    B. In <u>Gartenberg</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 12/10/93. (<u>See</u> <u>Exhibit 7.13</u>).

14. <u>Glassman, et al. v. Dorfman, et al.</u> ("Glassman")
    A. In <u>Glassman</u>, the plaintiff claimed to have sustained bodily injury on 7/24/93 at the intersection of 35th Avenue and Crescent Street as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.14</u>, ¶¶ 6, 8, 11, 23).

    B.    In <u>Glassman</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 2/10/93. (<u>See</u> <u>Exhibit 7.14</u>).

    C.    The accident in <u>Glassman</u> occurred at approximately 7:30 p.m. on 7/24/93. (<u>See</u> Affid. of Edward Streger <u>Exhibit 8.14</u> ¶ 2).

    D.    In <u>Glassman</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 8:15 p.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.14</u>).

15.    <u>Griffith v. Aghabi, et al.</u> ("<u>Griffith</u>")

    A.    In <u>Griffith</u>, the plaintiff claimed to have sustained bodily injury on 7/15/93 at approximately 2:33 p.m. at the intersection of Clinton Street and Fulton Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.15</u>, ¶¶ 9, 12, 13).

    B.    In <u>Griffith</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 6/9/93. (<u>See</u> <u>Exhibit 7.15</u> and <u>Exhibit 8.15</u>).

16.    <u>Hans v. Budin Contracting Corporation</u> ("<u>Hans</u>")

    A.    In <u>Hans</u>, the plaintiff claimed to have sustained bodily injury on 10/22/92 at approximately 12:55 p.m. at the intersection of William Floyd Parkway and Roberts Road as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.16</u>, ¶¶ 8, 9, 10, 12).

    B.    In <u>Hans</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 10/21/92. (<u>See</u> <u>Exhibit 7.16</u>).

17.    <u>Hendrickson v. Welsbach Electric Corp.</u> ("<u>Hendrickson</u>")

    A.    In <u>Hendrickson</u>, the plaintiff claimed to have sustained bodily injury on 9/30/95 at the intersection of Dean Street and Utica Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.17</u>, ¶¶ 27, 28, 30, 31, 33).

    B.    In <u>Hendrickson</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 9/29/95. (<u>See</u> <u>Exhibit 7.17</u>).

    C.    The accident in <u>Hendrickson</u> occurred at approximately 9:20 a.m. on 9/30/95. (<u>See</u> <u>Exhibit 9.17</u>, ¶ 4).

    D.    In <u>Hendrickson</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 10:35 p.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.17</u>).

18.  Jean-Baptiste v. The City of New York, et al. ("Jean-Baptiste")
    A.  In Jean-Baptiste, the plaintiff claimed to have sustained bodily injury on 4/5/95 at approximately 12:15 p.m. at the intersection of Francis Lewis Boulevard and Murdock Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.18, ¶¶ 6, 7, 8, 33, 34).
    B.  In Jean-Baptiste, the date of Welsbach's last repair to the traffic signal prior to the accident was 4/5/95 at 6:45 a.m. (See Exhibit 7.18 and See Affid. of Edward Streger Exhibit 8.18, ¶ 10).
    C.  In Jean-Baptise, Welsbach returned to the aforesaid intersection on the day of the accident at 2:45 p.m., after the accident occurred. (See Exhibit 7.18)

19. Jenkins v. The City of New York, et al. ("Jenkins")
    A.  In Jenkins, the plaintiff claimed to have sustained bodily injury on 3/16/93 at the intersection of Myrtle Avenue and Lewis Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.19, ¶¶ 22, 23, Third Party Complaint ¶¶ 2, 5).
    B.  In Jenkins, the date of Welsbach's last repair to the traffic signal prior to the accident was 3/16/93 at 6:30 a.m. (See Exhibit 7.19).
    C.  The accident in Jenkins occurred at approximately 2:20 p.m. on 3/16/93. (See Exhibit 9.19).
    D.  In Jenkins, Welsbach returned to the aforesaid intersection on the day of the accident at 5:00 p.m., after the accident occurred. (See Exhibit 7.19).

20. Joseph & Milfort v. The County of Nassau, et al. ("Joseph & Milfort")
    A.  In Joseph & Milfort, the plaintiff claimed to have sustained bodily injury on 11/1/93 at the intersection of Brush Hollow Road and Cedar Road as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.20, ¶¶ 7, 9, 19).
    B.  In Joseph & Milfort, the date of Welsbach's last repair to the traffic signal prior to the accident was 11/17/92. (See Exhibit 7.20).

21. Khatib v. Welsbach Electric Corp. et al. ("Khatib")
    A.  In Khatib, the plaintiff claimed to have sustained bodily injury on 3/19/93 at the intersection of Kings Highway and Bedford Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.21, ¶¶ 15, 16, 27, 28).

    B. In <u>Khatib</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 2/4/93. (<u>See</u> <u>Exhibit 7.21</u>).

22. <u>Kull v. Welsbach Electric Corp. et al.</u> ("<u>Kull</u>")
   A In <u>Kull</u>, the plaintiff claimed to have sustained bodily injury on 9/22/95 at approximately 10:45 a.m. at the intersection of 75th Street (Bay Ridge Parkway) and 14th Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.22</u>, ¶¶ 10, 17, Third Party Complaint ¶¶ 2, 5).
   B. In <u>Kull</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 9/21/95. (<u>See</u> <u>Exhibit 7.22</u>).
   C. In <u>Kull</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 12:10 p.m. and 7:00 p.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.22</u>).

23. <u>LaRosa v. Jenkins, et al.</u> ("<u>LaRosa</u>")
   A. In <u>LaRosa</u>, claimed to have sustained bodily injury on 11/23/94 at the intersection of Avenue D and Rockaway Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.23</u>, ¶¶23, 24, 42).
   B. In <u>LaRosa</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 10/31/94. (<u>See</u> <u>Exhibit 7.23</u>).
   C. The accident in <u>LaRosa</u> occurred at approximately 9:15 p.m. on 11/23/94. (<u>See</u> Affid. of Edward Streger <u>Exhibit 8.23</u>, ¶ 5b).
   D. In <u>LaRosa</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 10:50 p.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.23</u>).

24. <u>Lee/Palumbo v. Welsbach Electric Company</u> ("<u>Lee</u>")
   A. In <u>Lee</u>, the plaintiff claimed to have sustained bodily injury on 10/20/92 at the intersection of Avenue S and McDonald Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.24</u>, ¶¶ 24, 26, 28).
   B. In <u>Lee</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 9/23/92. (<u>See</u> <u>Exhibit 7.24</u>).

25. <u>Lomax v. Welsbach Electric Corp., et al.</u> ("<u>Lomax</u>")
   A. In <u>Lomax</u>, the plaintiff claimed to have sustained bodily injury on 2/11/93 at the intersection of Webster Avenue and East 233rd Street as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.25</u>, ¶¶ 21, 22, 23; Third Party Complaint ¶¶ 2, 5).

B.    In <u>Lomax</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 12/27/92. (<u>See</u> <u>Exhibit 7.25</u>).

C.    The accident in <u>Lomax</u> occurred at approximately 7:00 a.m. on 2/11/93. (<u>See</u> <u>Exhibit 9.25</u> ¶ 4)

D.    In <u>Lomax</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 8:30 p.m., after the time of the accident. (<u>See</u> <u>Exhibit 7.25</u>).

26. <u>Lopez v. Thrifty Car Rental, et al.</u> ("<u>Lopez</u>")

A.    In <u>Lopez</u>, the plaintiff claimed to have sustained bodily injury on 3/7/93 at the intersection of Meeker Avenue and Manhattan Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.26</u>, ¶¶ 7, 8, 11; Third Party Complaint ¶¶ 2, 5).

B.    In <u>Lopez</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 2/19/93. (<u>See</u> <u>Exhibit 7.26</u> and <u>Exhibit 8.26</u>).

27. <u>Lux/Keanna v. The Board of Education of the City of New York, et al.</u> ("<u>Lux/Keanna</u>")

A.    In <u>Lux/Keanna</u>, the plaintiff claimed to have sustained bodily injury on 4/21/93 at approximately 9:30 a.m. at the intersection of Central Avenue and Doughty Boulevard as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.27</u>, ¶¶ 16 – 19, 25-27).

B.    In <u>Lux/Keanna</u> the date of Welsbach's last repair to the traffic signal prior to the accident was 3/17/93. (<u>See</u> <u>Exhibit 7.27</u>).

28. <u>Mazzeo v. County of Nassau, et al.</u> ("<u>Mazzeo</u>")

A.    In <u>Mazzeo</u>, the plaintiff claimed to have sustained bodily injury on 4/28/93 at the intersection of Cuttermill Avenue and Bayview Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.28</u>, ¶¶ 35 - 39).

B.    In <u>Mazzeo</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 1/22/93. (<u>See</u> <u>Exhibit 7.28</u>).

29. <u>Messina v. The City of New York, et al.</u> ("<u>Messina</u>")

A.    In <u>Messina</u>, the plaintiff claimed to have sustained bodily injury on 5/28/93 at the intersection of Williamsbridge Road and Waring Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.29</u>, ¶¶ 5, 12; Third Party Complaint ¶¶ 2, 5).

   B. In <u>Messina</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 4/22/93. (<u>See</u> <u>Exhibit 7.29</u>).
   C. The accident in <u>Messina</u> occurred at approximately 11:10 a.m. on 5/28/93. (<u>See</u> Affid. of Walter Dondero <u>Exhibit 8.29</u>, ¶ 2).
   D. In <u>Messina</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 4:25 p.m. and 9:35 p.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.29</u> and <u>Exhibit 8.29</u>, ¶¶ 11-12).

30. <u>State Farm Mutual Auto. Ins. Co.a/s/o Robert Napolitano v. The City of New York, et al.</u> ("Napolitano")
   A. In <u>Napolitano</u>, the plaintiff claimed to have sustained bodily injury on 3/1/94 as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.30</u>, ¶¶ 4; Third Party Complaint ¶¶ 3, 6).
   B. The accident in <u>Napolitano</u> occurred at 9:40 a.m. at the intersection of Atlantic Avenue and Kingston Avenue on 3/1/94. (<u>See</u> <u>Exhibit 9.30</u>).
   C. In <u>Napolitano</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 1/27/94. (<u>See</u> <u>Exhibit 7.30</u>).
   D. In <u>Napolitano</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 12:20 p.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.30</u>).

31. <u>Pacombe v. The City of New York, et al.</u> ("Pacombe")
   A. In <u>Pacombe</u>, the plaintiff claimed to have sustained bodily injury on 8/16/95 at the intersection of Glenwood Road and New York Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.31</u>, ¶¶ 19, 21, 24).
   B. In <u>Pacombe</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 8/13/95. (<u>See</u> <u>Exhibit 7.31</u>).
   C. The accident in <u>Pacombe</u> occurred at approximately 6:30 a.m. on 8/16/95. (<u>See</u> Affid. of Edward Streger <u>Exhibit 8.31</u>, ¶ 7b).
   D. In <u>Pacombe</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 9:15 a.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.31</u>).

32. <u>Palotsi & Pogorelsky v. Welsbach Electric Corp., et al.</u> ("Palotsi & Pogorelsky")
   A. In <u>Palotsi & Pogorelsky</u>, the plaintiff claimed to have sustained bodily injury on 12/16/93 at approximately 6:10 p.m. at the intersection of McDonald Avenue and Ditmus

Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.32, ¶¶ 5, 10, 13).
B. In Palotsi & Pogorelsky, the date of Welsbach's last repair to the traffic signal prior to the accident was 12/16/93 at 10:00 a.m. (See Exhibit 7.32).
C. In Palotsi & Pogorelsky, Welsbach returned to the aforesaid intersection on the day of the accident at 7:00 p.m., after the accident occurred. (See Exhibit 7.32).

33. Pellot v. The City of New York, et al. ("Pellot")
A. In Pellot, the plaintiff claimed to have sustained bodily injury on 6/5/94 at approximately 9:00 p.m. at the intersection of Gerard Avenue and 144th Street as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.33, ¶ 21; Third Party Complaint ¶¶ 2, 5).
B. In Pellot, the date of Welsbach's last repair to the traffic signal prior to the accident was 4/22/94. (See Exhibit 7.33).

34. Pera v. The City of New York, et al. ("Pera")
A. In Pera, the plaintiff claimed to have sustained bodily injury on 3/3/95 at the intersection of 93rd Avenue and 170th Street as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.34, ¶¶ 10, 13, 14, 16).
B. In Pera, the date of Welsbach's last repair to the traffic signal prior to the accident was 3/2/95. (See Exhibit 7.34).

35. Pineda v. Welsbach Electric Corp., et al. ("Pineda")
A. In Pineda, the plaintiff claimed to have sustained bodily injury on 5/14/95 at approximately 3:15 p.m. at the intersection of 103rd Avenue and 123rd Street as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.35, ¶¶ 8, 9, 12).
B. In Pineda, the date of Welsbach's last repair to the traffic signal prior to the accident was 5/13/95. (See Exhibit 7.35).
C. In Pineda, Welsbach returned to the aforesaid intersection on the day of the accident at 4:40 p.m., after the accident occurred. (See Exhibit 7.35).

36. Polichetti v. The City of New York, et al. ("Polichetti")
A. In Polichetti, the plaintiff claimed to have sustained bodily injury on 3/20/95 at the intersection of Avenue P and West 9th Street as a result of Welsbach's alleged negligent

work on the relevant traffic signal. (See Exhibit 6.36, ¶¶ 63, 91 – 93, 95, 100).
B.  In Polichetti, the date of Welsbach's last repair to the traffic signal prior to the accident was 6/27/94. (See Exhibit 7.36).

37. Roth v. Welsh, et al. ("Roth/Welsh")
A.  In Roth/Welsh, the plaintiff claimed to have sustained bodily injury on 7/27/93 at the intersection of Woodside Ave and County Road 101 as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.37, ¶¶ 6 – 8; Third Party Complaint ¶¶ 7, 8).
B.  The accident in Roth/Welsh occurred at approximately 11:00 a.m. on 7/27/93. (See Exhibit 9.37, ¶ 1).
C.  In Roth/Welsh, the date of Welsbach's last repair to the traffic signal prior to the accident was 7/27/93 at 9:25 a.m. (See Exhibit 7.37).
D.  In Roth/Welsh, Welsbach returned to the aforesaid intersection on the day of the accident at 2:50 p.m. and 5:45 p.m., after the accident occurred. (See Exhibit 7.37).

38. Saywack v. Scott, et al. ("Saywack")
A.  In Saywack, the plaintiff claimed to have sustained bodily injury on 5/18/95 at approximately 11:30 a.m. at the intersection of East 165th Street and Prospect Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.38, ¶¶ 11 – 13; Third Party Complaint ¶¶ 2, 5).
B.  In Saywack, the date of Welsbach's last repair to the traffic signal prior to the accident was 5/2/95. (See Exhibit 7.38).
C.  In Saywack, Welsbach returned to the aforesaid intersection on the day of the accident at 5:15 p.m., after the accident occurred. (See Exhibit 7.38).

39. Siag/Hadash v. The City of New York, et al. ("Siag/Hadash")
A.  In Siag/Hadash, the plaintiff claimed to have sustained bodily injury on 4/23/94 at approximately 4:20 a.m. at the intersection of Union Turnpike and Parsons Boulevard as a result of Welsbach's alleged negligent work on the relevant traffic signal. (See Exhibit 6.39, ¶¶ 29, 30, 39; Third Party Complaint ¶¶ 2, 6).
B.  In Siag/Hadash, the date of Welsbach's last repair to the traffic signal prior to the accident was 4/22/94 at 9:15 p.m. (See Exhibit 7.39).
C.  In Siag/Hadash, Welsbach returned to the aforesaid intersection on the day of the accident at 8:15 a.m., after the accident occurred. (See Exhibit 7.39).

40. <u>Singh v. The City of New York, et al.</u> ("<u>Singh</u>")
   A. In <u>Singh</u>, the plaintiff claimed to have sustained bodily injury on 7/25/95 at the intersection of 80th Street and Farragut Road as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.40</u>, ¶¶ 8, 11, 13, 14).
   B. In <u>Singh</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 7/22/95. (<u>See</u> <u>Exhibit 7.40</u>).

41. <u>Skulsky v. Welsbach Electric Corp.</u> ("<u>Skulsky</u>")
   A. In <u>Skulsky</u>, the plaintiff claimed to have sustained bodily injury on 8/2/94 at the intersection of LittleNeck Parkway and Horrace Harding Expressway as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.41</u>, ¶¶ 7, 12, 14, 16, 17).
   B. In <u>Skulsky</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 7/30/94. (<u>See</u> <u>Exhibit 7.41</u>).
   C. The accident in <u>Skulsky</u> occurred at approximately 8:00 p.m. on 8/2/94. (<u>See</u> Affid. of Edward Streger <u>Exhibit 8.41</u>, ¶ 7b).
   D. In <u>Skulsky</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 10:05 p.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.41</u> and <u>Exhibit 8.41</u>, ¶¶ 11, 13, 16).

42. <u>Surrency v. The City of New York, et al.</u> ("<u>Surrency</u>")
   A. In <u>Surrency</u>, the plaintiff claimed to have sustained bodily injury on 11/16/94 at approximately 8:00 a.m. at the intersection of East Tremont Avenue and Schley Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.42</u>, ¶¶ 3, 11, 12).
   B. In <u>Surrency</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 11/15/94. (<u>See</u> <u>Exhibit 7.42</u>).
   C. In <u>Surrency</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 12:45 p.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.42</u>).

43. <u>Tahal v. The City of New York, et al.</u> ("<u>Tahal</u>")
   A. In <u>Tahal</u>, the plaintiff claimed to have sustained bodily injury on 1/29/93 at the intersection of Baychester Avenue and Bussing Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.43</u>, ¶¶ 7, 8, 11; Third Party Complaint ¶¶ 2, 5).

B.  In <u>Tahal</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 1/26/93. (<u>See</u> <u>Exhibit 7.43</u>).
C.  The accident in <u>Tahal</u> occurred at approximately 7:45 a.m. on 1/29/93. (<u>See</u> <u>Exhibit 9.43</u>, ¶ 4).
D.  In <u>Tahal</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 10:00 a.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.43</u>).

44.  <u>Thercier v. Pierre, et al.</u> ("<u>Thercier</u>")
A.  In <u>Thercier</u>, the plaintiff claimed to have sustained bodily injury on 7/28/95 at the intersection of Schenetady Avenue and East New York Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.44</u>, ¶¶ 5, 9).
B.  In <u>Thercier</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 7/27/95. (<u>See</u> <u>Exhibit 7.44</u>).

45.  <u>Waldron v. The City of New York, et al.</u> ("<u>Waldron</u>")
A.  In <u>Waldron</u>, the plaintiff claimed to have sustained bodily injury on 7/4/93 at the intersection of Pitkin Avenue and Junius Street as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.45</u>, ¶¶ 17 – 19; Third Party Complaint ¶¶ 2, 5).
B.  In <u>Waldron</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 7/3/93. (<u>See</u> <u>Exhibit 7.45</u>).

46.  <u>Williams v. Emmanuel Brunot, et al.</u> ("<u>Williams</u>")
A.  In <u>Williams</u>, the plaintiff claimed to have sustained bodily injury on 4/25/94 at the intersection of Brooklyn Avenue and Park Place as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.46</u>, ¶¶ 2, 3, 6; Third Party Complaint ¶¶ 2, 5).
B.  In <u>Williams</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 2/21/94. (<u>See</u> <u>Exhibit 7.46</u>).
C.  The time of the accident, in <u>Williams</u>, was approximately 1:50 p.m. on 4/25/94. (<u>See</u> Affid. of Edward Streger <u>Exhibit 8.46</u>, ¶ 5b).
D.  In <u>Williams</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 4:10 p.m., after the accident. (<u>See</u> Affid. of Edward Streger <u>Exhibit 8.46</u> ¶ 11).

47. <u>Wright v. The City of New Yorkt, et al.</u> ("<u>Wright</u>")
A. In <u>Wright</u>, the plaintiff claimed to have sustained bodily injury on 5/5/93 at the intersection of 44th Street and 4th Avenue as a result of Welsbach's alleged negligent work on the relevant traffic signal. (<u>See</u> <u>Exhibit 6.47</u>, ¶¶ 12, 13; Third Party Complaint ¶¶ 2, 5).
B. In <u>Wright</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 5/4/93. (<u>See</u> <u>Exhibit 7.47</u>).
C. The time of the accident in <u>Wright</u> was approximately 5:15 p.m. on 5/5/93. (<u>See</u> <u>Exhibit 9.47</u>, ¶ 4).
D. In <u>Wright</u>, Welsbach returned to the aforesaid intersection on the day of the accident at 7:25 p.m., after the accident occurred. (<u>See</u> <u>Exhibit 7.47</u>).

31. According to INA's and EMCOR's records, INA has classified these 47 cases as general liability claims, and not products-completed operations claims.

Further affiant sayeth not.

Dated at Irvine, California this 12th day of November, 2004.

Susan J. Reinhard

Subscribed and sworn to before me this 12th day of November, 2004.

Notary Public
My Commission Expires:

**JURAT**

State/Commonwealth of California

County of Orange } ss.

Subscribed and sworn to (or affirmed) before me this 12 day of November, 2004, by

(1) Susan S. Reinhard
Name of Signer #1

(2) _____
Name of Signer #2

[Signature of Notary Public]

K. CHE COCHRAN
Commission # 1374402
Notary Public - California
Orange County
My Comm. Expires Sep 12, 2006

Place Notary Seal and/or Any Stamp Above

Other Required Information (Printed Name of Notary, Residence, etc.)

--- OPTIONAL ---

Though the information in this section is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here

RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

© 2002 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Item #5914    Reorder: Call Toll-Free 1-800 US NOTARY (1-800-876-6827)