IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
EMCOR GROUP, INC.                    :    Civil Action No.
                                     :    Docket 3:00-CV-2211 (AVC)
           Plaintiff,                :
                                     :    Judge Alfred V. Covello
v.                                   :
                                     :
INSURANCE COMPANY OF NORTH AMERICA:
                                     :
           Defendant.                :
---------------------------------------------------------------X

**STATE OF CONNECTICUT**     )
                             )   ss: Norwalk, Connecticut
**COUNTY OF FAIRFIELD**      )

### AFFIDAVIT OF REX THRASHER

Rex Thrasher, being first duly sworn, on oath deposes and says:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I am the Vice President of Risk Management of Plaintiff EMCOR Group, Inc. ("EMCOR") and make this affidavit based upon my personal knowledge and the books and records of EMCOR.

3. EMCOR moved its corporate headquarters and principal place of business to Norwalk, Connecticut in 1994.

4.  The three (3) policies issued by Insurance Company of North America ("INA") to EMCOR Group, Inc. f/k/a JWP, Inc. ("EMCOR") at issue in this litigation are identified as follows:

    1.  Policy No. HDO G1 403379-8,
    Policy period: October 1, 1992 to October 1, 1993;
    2.  Policy No. HDO G1 658518-A,
    Policy period: October 1, 1993 to October 1, 1994;
    3.  Policy No. HDO G1 658789-8,
    Policy period: October 1, 1994 to October 1, 1995.

(collectively the "INA Policies").

5.  Subsequent to the issuance of the three INA Policies, EMCOR, f/k/a JWP, Inc. and INA entered into an agreement known by the parties as the "Finite Agreement" which further defined the rights and obligations of the parties with respect to the administration and payment of claims.

6.  The Finite Agreement was executed on June 13, 1996 to be effective March 27, 1996.

7.  The purpose of the Finite Agreement was to transfer risk from EMCOR to INA with respect to, among other things, general liability claims "(GL claims") and products-completed operations claims ("Completed Operations claims") under the INA Policies.

8.  Specifically, pursuant to the Finite Agreement, EMCOR paid INA $22,500,000.00 as an advance payment of its obligations for, among other things, GL claims and Completed Operations claims under the INA Polices.

9.  In exchange for this lump sum payment, INA agreed to relieve EMCOR of its obligation to pay defense and indemnity (within the deductible amount) for, among other things, GL claims and Completed Operations claims occurring between October 1, 1992 and October 1, 1995.

10. EMCOR purchased the INA Policies with separate aggregate limits for both GL claims and Completed Operation claims due to the nature of EMCOR's business which included exposure to both GL risks and Completed Operations risks.

11. As a result of this risk transfer, INA is responsible for the payment of all defense fees and indemnity payments on all GL claims and Completed Operations claims against EMCOR and its subsidiaries occurring between October 1, 1992 and October 1, 1995 until either: (1) the aggregate limits of one or all of the policies are exhausted; or (2) INA has paid out $32,000,000.00.

12. The Finite Agreement is Amendment #3 to the Casualty Insurance Program Agreement between EMCOR and INA.

13. The Casualty Insurance Program Agreement is dated September 8, 1994 and incorporates by reference the INA Policies.

14. The Casualty Insurance Program Agreement contains a choice of law provision which provides that the Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania.

15. Attached hereto as Exhibit 10 is a true and correct copy of the Casualty Insurance Program Agreement between, among others, EMCOR and INA.

16. Attached hereto as Exhibit 11 is a true and correct copy of Amendment #1 to the Casualty Insurance Program Agreement.

17. Attached hereto as Exhibit 12 is a true and correct copy of Amendment #2 to the Casualty Insurance Program Agreement.

18. Attached hereto as Exhibit 13 is a true and correct copy of Amendment #3 to the Casualty Insurance Program Agreement.

19. The Casualty Insurance Program Agreement has not been further amended.

Further affiant sayeth not.

Dated at Norwalk, Connecticut this 12th day of November, 2004.

*[signature]*
Rex Thrasher

Subscribed and sworn to before me this 12th day of November, 2004.

*[signature]*
Notary Public
My Commission Expires:

JOAN C. BURKE
*NOTARY PUBLIC*
MY COMMISSION EXPIRES SEP. 30, 2005