IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
---------------------------------------------------------------X
EMCOR GROUP, INC.                           :   Civil Action No.
                                                Docket 3:00-CV-2211 (AVC)
                         Plaintiff,          :
                                                Judge Alfred V. Covello
v.                                           :

INSURANCE COMPANY OF NORTH AMERICA  :

                         Defendant.          :   November 15, 2004

---------------------------------------------------------------X
```

## Plaintiff's Local Rule 56(a)1 Statement of Undisputed Facts

1.     EMCOR Group, Inc. ("EMCOR") is a large mechanical and electrical construction facilities services firm with many wholly owned subsidiaries operating nationally and internationally.  (See Affid. of Susan J. Reinhard, ¶ 5).

2.     EMCOR is a Delaware corporation with its principal place of business in Norwalk, Connecticut.  (See Affid. of Susan J. Reinhard, ¶ 4).

3.     Insurance Company of North America ("INA") is a Pennsylvania corporation with its principal place of business located in Philadelphia, Pennsylvania.  (See INA's Third Amended Answer dated July 20, 2004, ¶ 2).

4.     Between October 1, 1992 and October 1, 1995, INA issued three separate general liability insurance policies to JWP, Inc.  (See INA's Third Amended Answer dated July 20, 2004, ¶ 2).

5.     JWP, Inc. is the corporate predecessor to EMCOR. (See Affid. of Susan J. Reinhard, ¶ 6).

6.     The three general liability insurance policies issued by INA to JWP, Inc. are identified as follows:

    A.    Policy No. HDO G1 403379-8 for period October 1, 1992 to October 1, 1993;

    B.    Policy No. HDO G1 658518-A for period October 1, 1993 to October 1, 1994; and

    C.    Policy No. HDO G1 658789-8 for period October 1, 1994 to October 1, 1995. (collectively hereinafter the "INA Policies")

(See INA's Response to Plaintiff's First Set of Requests for Admission dated October 29, 2001, ¶¶ 1, 7, 13).

7.     Each of the INA Policies contains separate aggregate limits for general liability claims ("GL claims") and products-completed operations claims ("Completed Operations claims"). (See INA's Third Amended Answer dated July 20, 2004, ¶ 9).

8.     Under each of the INA Policies, the aggregate limit for GL claims is $2,000,000.00 and the aggregate limit for Completed Operation claims is $3,000,000.00. (See INA's Third Amended Answer dated July 20, 2004, ¶ 10).

9.     Subsequent to the issuance of the INA Policies, EMCOR and INA entered into an agreement known by the parties as the "Finite Agreement" which further defined the rights and obligations of the parties with respect to the administration and payment of claims. (See Affid. of Rex Thrasher, ¶ 5).

10.    The purpose of the Finite Agreement was to transfer risk from EMCOR to INA with respect to, among other things, GL claims and Completed Operations claims under the INA Policies. (See Affid. of Rex Thrasher, ¶ 7).

11.    Specifically, pursuant to the Finite Agreement, EMCOR paid INA $22,500,000.00 as an advance payment of its obligations for, among other things, GL claims and Completed Operations claims under the INA Policies. (See Affid. of Rex Thrasher, ¶ 8).

12.    In exchange for this lump sum payment, INA agreed to relieve EMCOR of its obligation to pay defense and indemnity (within the deductible amount) for, among other things, GL claims and Completed Operations claims occurring between October 1, 1992 and October 1, 1995. (See Affid. of Rex Thrasher, ¶ 9).

13.    As a result of this risk transfer, INA is responsible for the payment of all defense fees and indemnity payments on all GL claims and Completed Operations claims against EMCOR and its subsidiaries occurring between October 1, 1992 and October 1, 1995 until either: (1) the aggregate limits of one or all of the policies are exhausted; or (2) INA has paid out $32,000,000.00. (See Affid. of Rex Thrasher, ¶ 11).

14.    The Finite Agreement is Amendment #3 to the Casualty Insurance Program Agreement between EMCOR and INA dated on or about September 8, 1994. (See Affid. of Rex Thrasher, ¶ 12).

15.    The Casualty Insurance Program Agreement incorporates by reference the INA Policies (See Affid. of Rex Thrasher ¶ 13).

16.    EMCOR and INA agreed that the Casualty Insurance Program Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania. (See Affid. of Rex Thrasher, ¶ 14).

17.    INA has notified EMCOR that the general liability aggregate limits for each of the INA Policies have been exhausted. (See Affid. of Susan J. Reinhard, ¶ 12).

18.    None of the Completed Operations aggregate limits under the INA Policies have been exhausted.  (See INA's Third Amended Answer dated July 20, 2004, ¶ 12).

19.    Upon exhaustion of the general liability aggregate limits of each of the INA Policies, responsibility for future defense fees and indemnity payments on all new general liability claims reverts to EMCOR.  (See Affid. of Susan J. Reinhard, ¶ 13).

20.    The definition of "Products-completed operations hazard" included in the INA Policies is as follows:

        a.    "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

           (1)    Products that are still in your physical possession; or

           (2)    Work that has not yet been completed or abandoned.

        b.    "Your work" will be deemed completed at the earliest of the following times:

           (1)    When all of the work called for in your contract has been completed.

           (2)    When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

           (3)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

           Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

        c.    This hazard does not include "bodily injury" or "property damage" arising out of:

(1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by "loading or unloading" of it;

(2)    The existence of tools, uninstalled equipment or abandoned or unused materials;

(3)    Products or operations for which the classification in this Coverage Part or in our manual of rules includes products or completed operations.

(See INA's Third Amended Answer dated July 20, 2004, ¶ 8).

21.    EMCOR purchased the INA Policies with separate aggregate limits for both GL claims and Completed Operation claims due to the nature of EMCOR's business which exposed EMCOR to both GL risks and Completed Operations risks. (See Affid. of Rex Thrasher, ¶ 10).

22.    Welsbach Electric Corporation ("Welsbach") is a wholly owned indirect subsidiary of EMCOR. (See Affid. of Susan J. Reinhard, ¶ 14).

23.    Welsbach Electric Corp of LI f/k/a Budin Contracting Corp. ("Welsbach of LI") is also a wholly owned indirect subsidiary of EMCOR (See Affid. of Susan J. Reinhard, ¶ 16).

24.    Welsbach and Welsbach of LI (collectively "Welsbach"), among other things, install, repair, and maintain traffic signals, street lights, and pedestrian walk signals for municipalities in the New York area. (See Affid. of Susan J. Reinhard, ¶ 18).

25.    Welsbach's work of installing, repairing, and maintaining traffic signals and related devices is conducted off of Welsbach's premises. (See Affid. of Susan J. Reinhard, ¶ 20).

26.    In each of the following forty-seven (47) cases, Welsbach responded to a report of a malfunctioning traffic signal, completed a repair to the traffic signal, returned the traffic signal to use as a traffic signal, and left the scene prior to the alleged accident (the "Welsbach Claims"). The Welsbach Claims can be summarized as follows:

1.    Abramowitz v. Howard, et al. ("Abramowitz")
    A. In Abramowitz, the date of the accident was 8/5/93. (See Affid. of Deborah A. Boylan, ¶ 7).
    B. In Abramowitz, the date of Welsbach's last repair to the traffic signal prior to the accident was 8/4/93. (See Affid. of Susan J. Reinhard, ¶ 30. 1. B.).
    C. In Abramowitz, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (See Affid. of Susan J. Reinhard, ¶ 30. 1. A.).

2.    Aschoff v. City of New York, et al. ("Aschoff")
    A. In Aschoff, the date of the accident was 3/20/95. (See Affid. of Deborah A. Boylan, ¶ 7).

4

    B. In <u>Aschoff</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 6/27/94. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 2. B.).

    C. In <u>Aschoff</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 2. A.).

3.   <u>Barnett/Connolly v. Sikorski, et al.</u> ("Barnett/Connolly")

    A. In <u>Barnett/Connolly</u>, the date of the accident was 11/18/93. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Barnett/Connolly</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 11/16/93. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 3. B.).

    C. In <u>Barnett/Connolly</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 3. A.).

4.   <u>Bernard v. The County of Nassau, et al.</u> ("Bernard")

    A. In <u>Bernard</u>, the date of the accident was 11/1/93. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Bernard</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 11/17/93. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 4. B.).

    C. In <u>Bernard</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 4. A.).

5.   <u>Blanco v. The City of New York, et al.</u> ("Blanco")

    A. In <u>Blanco</u>, the date of the accident was 11/13/94. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Blanco</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 10/10/94. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 5. B.).

    C. In <u>Blanco</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 5. A.).

6.   <u>Interboro Mutual Indemnity Insurance Co. Brinkley a/s/o v. N.Y. City of Dept. of Transportation, et al.</u> ("Brinkley")

    A. In <u>Brinkley</u>, the date of the accident was 10/5/94. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Brinkley</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 10/5/94. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 6. B.).

    C. In <u>Brinkley</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 6. A.).

7.    <u>Cheng v. Welsbach Electric Corp.</u>  ("Cheng")
   A. In <u>Cheng</u>, the date of the accident was 2/9/95.  (<u>See</u> Affid. of
      Deborah A. Boylan, ¶ 7).
   B. In <u>Cheng</u>, the date of Welsbach's last repair to the traffic signal
      prior to the accident was 1/30/95.  (<u>See</u> Affid. of Susan J. Reinhard,
      ¶ 30. 7. B.).
   C. In <u>Cheng</u>, the plaintiff alleged bodily injury as a result of Welsbach's
      negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J.
      Reinhard, ¶ 30. 7. A.).

8.    <u>Clerge v. JWP Welsbach Electric Corp. et al.</u>  ("Clerge")
   A. In <u>Clerge</u>, the date of the accident was 12/11/92.  (<u>See</u> Affid. of
      Deborah A. Boylan, ¶ 7).
   B. In <u>Clerge</u>, the date of Welsbach's last repair to the traffic signal
      prior to the accident was 11/17/92.  (<u>See</u> Affid. of Susan J.
      Reinhard, ¶ 30. 8. B.).
   C. In <u>Clerge</u>, the plaintiff alleged bodily injury as a result of Welsbach's
      negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J.
      Reinhard, ¶ 30. 8. A.).

9.    <u>State Farm Ins. Co. a/s/o Jamie Conologue v. Orofino, et al.</u>
      ("Orofino")
   A. In <u>Orofino</u>, the date of the accident was 6/29/95.  (<u>See</u> Affid. of
      Deborah A. Boylan, ¶ 7).
   B. In <u>Orofino</u>, the date of Welsbach's last repair to the traffic signal
      prior to the accident was 6/28/95.  (<u>See</u> Affid. of Susan J. Reinhard,
      ¶ 30. 9. C.).
   C. In <u>Orofino</u>, the plaintiff alleged bodily injury as a result of
      Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid.
      of Susan J. Reinhard, ¶ 30. 9. A.).

10.   <u>Feo v. The County of Nassau, et al.</u> ("Feo")
   A. In <u>Feo</u>, the date of the accident was 8/29/95.  (<u>See</u> Affid. of
      Deborah A. Boylan, ¶ 7).
   B. In <u>Feo</u>, the date of Welsbach's last repair to the traffic signal prior to
      the accident was 8/12/95.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30.
      10. B.).
   C. In <u>Feo</u>, the plaintiff alleged bodily injury as a result of Welsbach's
      negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J.
      Reinhard, ¶ 30. 10. A.).

11.   <u>Freda v. Welsbach Corp., et al.</u>  ("Freda")
   A. In <u>Freda</u>, the date of the accident was 12/26/92.  (Affid. of Deborah
      A. Boylan, ¶ 7).
   B. In <u>Freda</u>, the date of Welsbach's last repair to the traffic signal prior
      to the accident was 12/1/92.  (Affid. of Susan J. Reinhard, ¶ 30. 11.
      B.).

C. In <u>Freda</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 11. A.).

12. <u>Garcia v. The City of New York, et al.</u> ("Garcia")
   A. In <u>Garcia</u>, the date of the accident was 6/24/95. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
   B. In <u>Garcia</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 6/24/95 at 8:25 a.m. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 12. B.).
   C. In <u>Garcia</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 12. A.).

13. <u>Gartenberg v. Lyons Dodge, et al.</u> ("Gartenberg")
   A. In <u>Gartenberg</u>, the date of the accident was 1/8/94. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
   B. In <u>Gartenberg</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 12/10/93. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 13. B.).
   C. In <u>Gartenberg</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 13. A.).

14. <u>Glassman, et al. v. Dorfman, et al.</u> ("Glassman")
   A. In <u>Glassman</u>, the date of the accident was 7/24/93. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
   B. In <u>Glassman</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 2/10/93. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 14. B.).
   C. In <u>Glassman</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 14. A.).

15. <u>Griffith v. Aghabi, et al.</u> ("Griffith")
   A. In <u>Griffith</u>, the date of the accident was 7/15/93. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
   B. In <u>Griffith</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 6/9/93. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 15. B.).
   C. In <u>Griffith</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 15. A.).

16. <u>Hans v. Budin Contracting Corporation</u> ("Hans")
   A. In <u>Hans</u>, the date of the accident was 10/22/92. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

7

    B. In <u>Hans</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 10/21/92. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 16. B.).

    C. In <u>Hans</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 16. A.).

17.  <u>Hendrickson v. Welsbach Electric Corp.</u> ("Hendrickson")

    A. In <u>Hendrickson</u>, the date of the accident was 9/30/95. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Hendrickson</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 9/29/95. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 17. B.).

    C. In <u>Hendrickson</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 17. A.).

18.  <u>Jean-Baptiste v. The City of New York, et al.</u> ("Jean-Baptiste")

    A. In <u>Jean-Baptiste</u>, the date of the accident was 4/5/95. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Jean-Baptiste</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 4/5/95 at 6:45 a.m. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 18. B.).

    C. In <u>Jean-Baptiste</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 18. A.).

19.  <u>Jenkins v. The City of New York, et al.</u> ("Jenkins")

    A. In <u>Jenkins</u>, the date of the accident was 3/16/93. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Jenkins</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 3/16/93 at 6:30 a.m. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 19. B.).

    C. In <u>Jenkins</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 19. A.).

20.  <u>Joseph & Milfort v. The County of Nassau, et al.</u> ("Joseph & Milfort")

    A. In <u>Joseph & Milfort</u>, the date of the accident was 11/1/93. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Joseph & Milfort</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 11/17/92. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 20. B.).

    C. In <u>Joseph & Milfort</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 20. A.).

21.  Khatib v. Welsbach Electric Corp. et al. ("Khatib")
  A. In Khatib, the date of the accident was 3/19/93. (See Affid. of Deborah A. Boylan, ¶ 7).
  B. In Khatib, the date of Welsbach's last repair to the traffic signal prior to the accident was 2/4/93. (See Affid. of Susan J. Reinhard, ¶ 30. 21. B.).
  C. In Khatib, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (See Affid. of Susan J. Reinhard, ¶ 30. 21. A.).

22.  Kull v. Welsbach Electric Corp. et al. ("Kull")
  A. In Kull, the date of the accident was 9/22/95. (See Affid. of Deborah A. Boylan, ¶ 7).
  B. In Kull, the date of Welsbach's last repair to the traffic signal prior to the accident was 9/21/95. (See Affid. of Susan J. Reinhard, ¶ 30. 22. B.).
  C. In Kull, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (See Affid. of Susan J. Reinhard, ¶ 30. 22. A.).

23.  LaRosa v. Jenkins, et al. ("LaRosa")
  A. In LaRosa, the date of the accident was 11/23/94. (See Affid. of Deborah A. Boylan, ¶ 7).
  B. In LaRosa, the date of Welsbach's last repair to the traffic signal prior to the accident was 10/31/94. (See Affid. of Susan J. Reinhard, ¶ 30. 23. B.).
  C. In LaRosa, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (See Affid. of Susan J. Reinhard, ¶ 30. 23. A.).

24.  Lee/Palumbo v. Welsbach Electric Company ("Lee")
  A. In Lee, the date of the accident was 10/20/92. (See Affid. of Deborah A. Boylan, ¶ 7).
  B. In Lee, the date of Welsbach's last repair to the traffic signal prior to the accident was 9/23/92. (See Affid. of Susan J. Reinhard, ¶ 30. 25. B.).
  C. In Lee, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (See Affid. of Susan J. Reinhard, ¶ 30. 25. A.).

25.  Lomax v. Welsbach Electric Corp., et al. ("Lomax")
  A. In Lomax, the date of the accident was 2/11/93. (See Affid. of Deborah A. Boylan, ¶ 7).
  B. In Lomax, the date of Welsbach's last repair to the traffic signal prior to the accident was 12/27/92. (See Affid. of Susan J. Reinhard, ¶ 30. 25. B.).

      C. In <u>Lomax</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 25. A.).

26.    <u>Lopez v. Thrifty Car Rental, et al.</u>  ("Lopez")
      A. In <u>Lopez</u>, the date of the accident was 3/7/93.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
      B. In <u>Lopez</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 2/19/93.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 26. B.).
      C. In <u>Lopez</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 26. A.).

27.    <u>Lux/Keanna v. The Board of Education of the City of New York, et al.</u> ("Keanna")
      A. In <u>Keanna</u> the date of the accident was 4/21/93.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
      B. In <u>Keanna</u> the date of Welsbach's last repair to the traffic signal prior to the accident was 3/17/93.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 27. B.).
      C. In <u>Keanna</u> the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 27. A.).

28.    <u>Mazzeo v. County of Nassau, et al.</u>  ("Mazzeo")
      A. In <u>Mazzeo</u>, the date of the accident was 4/28/93.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
      B. In <u>Mazzeo</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 1/22/93.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 28. B.).
      C. In <u>Mazzeo</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 28. A.).

29.    <u>Messina v. The City of New York, et al.</u>  ("Messina")
      A. In <u>Messina</u>, the date of the accident was 5/28/93.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
      B. In <u>Messina</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 4/22/93.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 29. B.).
      C. In <u>Messina</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 29. A.).

30. State Farm Mutual Auto. Ins. Co./Robert Napolitano v. The City of New York, et al. ("Napolitano")
   A. In Napolitano, the date of the accident was 3/1/94. (See Affid. of Deborah A. Boylan, ¶ 7).
   B. In Napolitano the date of Welsbach's last repair to the traffic signal prior to the accident was 1/27/94. (See Affid. of Susan J. Reinhard, ¶ 30. 30. C.).
   C. In Napolitano, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (See Affid. of Susan J. Reinhard, ¶ 30. 30. A.).

31. Pacombe v. The City of New York, et al. ("Pacombe")
   A. In Pacombe, the date of the accident was 8/16/95. (See Affid. of Deborah A. Boylan, ¶ 7).
   B. In Pacombe, the date of Welsbach's last repair to the traffic signal prior to the accident was 8/13/95. (See Affid. of Susan J. Reinhard, ¶ 30. 31. B.).
   C. In Pacombe, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (See Affid. of Susan J. Reinhard, ¶ 30. 31. A.).

32. Palotsi & Pogorelsky v. Welsbach Electric Corp., et al. ("Palotsi & Pogorelsky")
   A. In Palotsi & Pogorelsky, the date of the accident was 12/16/93. (See Affid. of Deborah A. Boylan, ¶ 7).
   B. In Palotsi & Pogorelsky, the date of Welsbach's last repair to the traffic signal prior to the accident was 12/16/93 at 10:00 a.m. (See Affid. of Susan J. Reinhard, ¶ 30. 32. B.).
   C. In Palotsi & Pogorelsky, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant  traffic signal. (See Affid. of Susan J. Reinhard, ¶ 30. 32. A.).

33. Pellot v. The City of New York, et al. ("Pellot")
   A. In Pellot, the date of the accident was 6/5/94. (See Affid. of Deborah A. Boylan, ¶ 7).
   B. In Pellot, the date of Welsbach's last repair to the traffic signal prior to the accident was 4/22/94. (See Affid. of Susan J. Reinhard, ¶ 30. 33. B.).
   C. In Pellot, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (See Affid. of Susan J. Reinhard, ¶ 30. 33. A.).

34. Pera v. The City of New York, et al. ("Pera")
   A. In Pera, the date of the accident was 3/3/95. (See Affid. of Deborah A. Boylan, ¶ 7).
   B. In Pera, the date of Welsbach's last repair to the traffic signal prior to the accident was 3/2/95. (See Affid. of Susan J. Reinhard, ¶ 30. 34. B.).

11

C. In <u>Pera</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 34. A.).

35.   <u>Pineda v. Welsbach Electric Corp., et al.</u> ("Pineda")
A. In <u>Pineda</u>, the date of the accident was 5/14/95. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
B. In <u>Pineda</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 5/13/95. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 35. B.).
C. In <u>Pineda</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 35. A.).

36.   <u>Polichetti v. The City of New York, et al.</u> ("Polichetti")
A. In <u>Polichetti</u>, the date of the accident was 3/20/95. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
B. In <u>Polichetti</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 6/27/94. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 36. B.).
C. In <u>Polichetti</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 36. A.).

37.   <u>Roth v. Welsh, et al.</u> ("Roth/Welsh")
A. In <u>Roth/Welsh</u>, the date of the accident was 7/27/93. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
B. In <u>Roth/Welsh</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 7/27/93 at 9:25 a.m. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 37. C.).
C. In <u>Roth/Welsh</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 37. A.).

38.   <u>Saywack v. Scott, et al.</u> ("Saywack")
A. In <u>Saywack</u>, the date of the accident was 5/18/95. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).
B. In <u>Saywack</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 5/2/95. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 38. B.).
C. In <u>Saywack</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant  traffic signal. (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 38. A.).

39.   <u>Siag/Hadash v. The City of New York, et al.</u> ("Hadash")
A. In <u>Hadash</u>, the date of the accident was 4/23/94. (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

12

    B. In <u>Hadash</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 4/22/94.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 39. B.).

    C. In <u>Hadash</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 39. A.).

40.   <u>Singh v. The City of New York, et al.</u>  ("Singh")

    A. In <u>Singh</u>, the date of the accident was 7/25/95.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Singh</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 7/22/95.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 40. B.).

    C. In <u>Singh</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 40. A.).

41.   <u>Skulsky v. Welsbach Electric Corp.</u>  ("Skulsky")

    A. In <u>Skulsky</u>, the date of the accident was 8/2/94.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Skulsky</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 7/30/94.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 41. B.).

    C. In <u>Skulsky</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 41. A.).

42.   <u>Surrency v. The City of New York, et al.</u>  ("Surrency")

    A. In <u>Surrency</u>, the date of the accident was 11/16/94.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Surrency</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 11/15/94.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 42. B.).

    C. In <u>Surrency</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant  traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 42. A.).

43.   <u>Tahal v. The City of New York, et al.</u>  ("Tahal")

    A. In <u>Tahal</u>, the date of the accident was 1/29/93.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B. In <u>Tahal</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 1/26/93.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 42. B.).

    C. In <u>Tahal</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 43. A.).

44.    <u>Thercier v. Pierre, et al.</u>  ("Thercier")

    A.  In <u>Thercier</u>, the date of the accident was 7/25/95.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B.  In <u>Thercier</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 7/27/95.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 44. B.).

    C.  In <u>Thercier</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 44. A.).

45.    <u>Waldron v. The City of New York, et al.</u>  ("Waldron")

    A.  In <u>Waldron</u>, the date of the accident was 7/4/93.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B.  In <u>Waldron</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 7/3/93.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 45. B.).

    C.  In <u>Waldron</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 45. A.).

46.    <u>Williams v. Emmanuel Brunot, et al.</u> ("Williams")

    A.  In <u>Williams</u>, the date of the accident was 4/25/94.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B.  In <u>Williams</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 2/21/94.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 46. B.).

    C.  In <u>Williams</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 46. A.).

47.    <u>Wright v. The City of New Yorkt, et al.</u> ("Wright")

    A.  In <u>Wright</u>, the date of the accident was 5/5/93.  (<u>See</u> Affid. of Deborah A. Boylan, ¶ 7).

    B.  In <u>Wright</u>, the date of Welsbach's last repair to the traffic signal prior to the accident was 5/4/93.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 47. B.).

    C.  In <u>Wright</u>, the plaintiff alleged bodily injury as a result of Welsbach's negligent work on the relevant traffic signal.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 30. 47. A.).

27.    According to INA's and EMCOR's records, INA has classified the Welsbach Claims as GL claims and not Completed Operations claims.  (<u>See</u> Affid. of Susan J. Reinhard, ¶ 31).

THE PLAINTIFF,
EMCOR Group, Inc.

By: _____

Jeffrey J. Vita (Federal Bar # ct08036)
Heidi H. Zapp (Federal Bar # ct24655)
Saxe Doernberger & Vita, P.C.
Attorneys for the Plaintiff
EMCOR Group, Inc.
1952 Whitney Avenue
Hamden, Connecticut 06517
(203) 287-8890