IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
EMCOR GROUP, INC., : Civil Action No.
                                          Docket 3:00-CV-2211 (AVC)
           Plaintiff, :
                                          Judge Alfred V. Covello
vs. :

INSURANCE COMPANY OF NORTH AMERICA. :
                                          November 30, 2004
           Defendant. :

------------------------------------------------------------------ x

## INA'S AFFIRMATION IN REPLY IN FURTHER SUPPORT OF MOTION TO STRIKE

The defendant INSURANCE COMPANY OF NORTH AMERICAN ("INA") replies to the plaintiff's opposition to INA's motion to strike the "supplemental" report of plaintiff's expert, William C. Stewart, Jr., and, to preclude him from testifying as to the newly added sections of his report at trial.

The "supplemental" report, first served on or about October 1, 2004, is based upon information known to EMCOR prior to the commencement of this litigation in 2000. Mr. Stewart had access to the information that he now seeks to include in a new report for years as well as the information about the four claims that he now relies upon to opine that these four claims are completed operations claims. He should have included the information in his initial report, the deadline for which passed two years ago. Accordingly, it is now too late for EMCOR to supplement it.

817423.1

## ARGUMENT

## POINT ONE

## EMCOR'S ASSERTION THAT A SUPPLEMENTAL REPORT IS WARRANTED BECAUSE OF NEWLY "DISCOVERED" INFORMATION IS DISINGENUOUS

To support its position that the expert supplemental report should not be stricken, EMCOR asserts that, after the discovery cutoff of November 30, 2003, it "discovered" additional intersection histories and four additional claims, which were purportedly misclassified, thereby requiring the subsequent expert report. EMCOR asserts that INA would not be prejudiced were the Court to permit the supplemental report because the intersection reports "are similar to the many other intersection histories previously provided to INA" and because the four "additional misclassified claims consist of the same characteristics as many of the original misclassified claims" (EMCOR's Opposition to Motion to Strike at 2). EMCOR argues that the late discovery of these additional claims and intersection histories, coupled with the fact that they are "similar" in nature to previously disclosed claims and histories, provides justification for their belated disclosure. EMCOR fails to provide support for its novel reading of the Federal Rules of Civil Procedure.

EMCOR's argument that additional claims and intersection histories are a recent "discovery" and, therefore, that the supplementation is warranted is completely inaccurate. The supplemental report is not based upon any new information. The relevant information has always been in the possession of EMCOR. For instance, Susan Reinhard, EMCOR's Corporate Risk Manager and EMCOR's principal witness on the coding issue, testified that, beginning in 1998, EMCOR reviewed virtually all of the general liability claims submitted for coverage under the three subject policies to determine if they had been properly coded. See Reinhard Transcript, dated February 3, 2004 at 105, attached as Exhibit E (attached to the initial motion papers).

Following this review, EMCOR selected the claims that it believed to have been improperly coded. EMCOR was assisted in this effort by its broker Marsh and counsel selected by EMCOR, Dickstein Shapiro Morin & Oshinsky LLP, a law firm well noted for its representation of policyholders in coverage disputes. Any inference that EMCOR only now discovered that the four claims were allegedly miscoded because of a lack of expertise defies logic and is wrong.

Throughout its opposition papers, EMCOR never explains why only now, four years after the litigation commenced and over six years since it first reviewed the claims to determine if the claims were improperly coded, it is finding "new evidence" and adding claims that it says were miscoded. The reason is clear: it has no explanation other than a lack of diligence.

For example, the intersection history reports, relate to the claims that arose out of intersection accidents that occurred between 1992 and 1995 and relate to EMCOR's work, or alleged work, on traffic control devices located there. Information concerning EMCOR's work on the traffic control devices has always been in the possession of EMCOR as a result of its defense to the allegations raised on these old claims. In many cases, these claims date back to the early and mid 1990's.

The second prong of EMCOR's argument, that INA will not be prejudiced were the Court to allow Mr. Stewart to supplement his report to rely upon the additional claims, is wrong.

As an initial matter, each of EMCOR's numerous complaints contain a schedule of the claims it alleges were miscoded. However, EMCOR never sought to amend its complaint to include these four claims. Thus, EMCOR should not be allowed to rely upon that information in its supplemental report when it is not even alleged in its pleadings.

Moreover, discovery in this action proceeded on the 106 claims that EMCOR asserts were miscoded. The EMCOR witnesses and non-parties were questioned based on these 106

3

817423.1

claims. At no time did any EMCOR witness, including Ms. Reinhard, her boss, Rex Thrasher, or the two witnesses from EMCOR's broker, ever indicate that there might be additional claims that EMCOR might assert were miscoded. Using EMCOR's logic that it should be permitted to freely add additional claims to its allegations because of the wording of the complaint would permit EMCOR to add claims until the trial is concluded. Clearly, such logic would undermine INA's ability to prepare for trial insofar as discovery is closed and INA will be precluded from conducting discovery on this additional information. See Reid v. Lockheed Martin Aero. Co., 205 F.R.D. 655, 662 (D. Ga. 2001). As is clear from the procedural history of this matter, the parties have already participated in extensive discovery with regard to the 106 claims that EMCOR asserted was miscoded. This has included document production from EMCOR and non-parties, including ESIS and London Fisher. Depositions, including 30b6 depositions (in which again the EMCOR witnesses gave no indication that additional claims would be added) have been conducted.

The prejudice to INA is further demonstrated by the fact that both parties have moved for partial summary judgment. INA has based its motion on the claims listed in Exhibit A to the third amended complaint, which does not include these additional claims and the information previously produced during discovery. The Court has already ordered that the trial memorandum be served 30 days after the decision on the motions.

Instead, it appears that EMCOR intends to use the supplemental report to bolster the initial report which even it concedes is materially deficient due to its own inattentiveness. However, this was not the intent of the Federal Rules of Civil Procedure. As aptly stated by one district court, "[t]o construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited

4

817423.1

expert opinion preparation." Akeva v. Mizuna Corp., 212 F.R.D. 306, 310 (M.D. N.C. 2002). Indeed, to allow the plaintiff to supplement its report now to include information which should have been included in the initial report would effectively eviscerate the purpose of having a scheduling order and Rule 26 disclosure in the first place.

One more issue exists with regard to EMCOR's attempt to introduce a supplemental expert report at this late juncture. EMCOR repeatedly advised this Court that it needed nothing further in way of discovery when it sought and was granted leave to amend the complaint. Thus, to now attempt to supplement its expert report runs counter to its prior representations to this Court.

## CONCLUSION

In light of the foregoing, it is respectfully submitted that the Court strike the report and preclude the expert from testifying to these matters at trial. In the event that this Court permits the supplemental report, INA respectfully asks that it be permitted to conduct further discovery, including the service of document demands and interrogatories and depositions of Ms. Reinhard and Mr. Stewart.

Dated: White Plains, New York
       November 30, 2004

                              DEFENDANT INSURANCE COMPANY
                               OF NORTH AMERICA

                               Thomas Leghorn (CT #22106)
                               WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                               3 Gannett Drive
                               White Plains, New York 10604
                               (914) 323-7000 -- telephone
                               (914) 323-7001 -- facsimile
                               File No.: 00756.35967

817423.1