## Evidence for Statement of Disputed Facts - Alleged "Never At Site" (Exhibit A*)

| | Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|---|
| A.1 | Alexander v. Welsbach Electric Co. (same location as Carbo) | 7/25/1993 | Reply Affidavit of Edward W. Geyer, Vice President of Operations of Welsbach, sworn to on November 25, 1996 | Mr. Geyer's affidavit was submitted in further support of the insured's motion for summary judgment regarding the insured's "complete non-involvement with the circumstances giving rise to Plaintiff's claims against Welsbach..." (¶ 5). "...Welsbach performed absolutely no work in the roadway between the northeast corner and northwest corner at the intersection of Utopia Parkway and Underhill Avenue in Queens County (the "Intersection"). (¶ 2). | 1.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 1.2. Intersection history | 1.1. "[P]rior to June 10, 1993, defendant caused the Strip to be created and thereafter filled in the Strip and closed the roadbed." (¶ 13) 1.2. Intersection history indicates Welsbach completed a repair at Utopia Pkwy. & Underhill Ave. on 6/22/1993, prior to the date of loss. |
| A.2 | Asher v. The City of New York | 5/16/1993 | Affidavit of plaintiffs counsel, Francis J. Carroll, Esq. of Carroll & Gaynor, sworn to on October 25, 1995 | The plaintiff was injured on May 16, 1993 when he tripped and fell over an allegedly defective sidewalk. (¶ 4). "...after discovery and full deposition of all appearing parties it became clear that the defendant, Welsbach Electric Company had no involvement with the infant's plaintiffs accident." (¶ 7). As a result all parties agreed to discontinue against Welsbach. (¶ 7). | 2.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 2.2. Welsbach Street Opening Permit 2.3. Welsbach Time Sheet | 2.1. "On or about May 16, 1993, the defendant Welsbach maintained the premises located at 1267 Bushwick Avenue." (¶ 29) 2.2. Welsbach was granted a street opening permit at Bushwick Ave. between Halsey St. & Weirfield St. for the period of 3/30/1992 to 4/29/1992, prior to the date of loss. 2.3. Time sheet indicates Welsbach "dug & installed box & rotored pole & cemented sidewalk" at Bushwick Avenue & Halsey St. on 4/6/1992, prior to date of loss. |

*The alphabetical and numerical sequencing are based on INA's exhibit arrangement, for the court's convenience.

| | Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|---|
| A.3 | Benvenuto v. JWP Maintenance and Services, Inc. d/b/a Broadway Maintenance | 3/14/1993 | Letter from Daniel Zemann, Jr. of London Fischer, attorney for the insured Inte-Fac Corp., JWP Maintenance & Service, Inc. and Penguin Air Conditioning Corp., dated May 16, 1996 | "It appears plaintiff has mistakenly named JWP Maintenance d/b/a Broadway Maintenance and Penguin Air Conditioning." "...the undertaking relative to the power plant, was independent and unrelated to Inte-Fac's maintenance contract for the Mall." (p. 2). | 3.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. | 3.1. "[D]efendant JWP maintained, operated and controlled the premises located at 5100 Kings Plaza." (¶ 14) "[O]ccurrence...were caused wholly and solely by reason of the carelessness, recklessness and negligence of the defendants...in the ownership, operation, management, maintenance, supervision, and control of aforesaid premises." (¶ 21) |
| A.4 | Caspe v. The City of New York | 11/26/1992 | Letter from Michael J. Cannon of London Fisher, attorney for the insured Welsbach, dated February 1, 1996 | At the time of the alleged incident, Welsbach did not have a contract to maintain the street light. Plaintiff admitted that Petrocelli Electric was the municipal streetlight maintenance contractor for Manhattan at the time of the plaintiff's accident. Welsbach performed no work at the location of the streetlight pole forming the basis of Plaintiff's complaint. | 4.1. Amended Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 4.2. Affidavit of Alena Cross of Welsbach, dated January 3, 1996 4.3. Affidavit of Alena Cross of Welsbach, dated December 2, 2004 | 4.1. "On or about November 26, 1992, and prior to that date, the City of New York was negligent in failing to repair and/or arrange for repairs to electrical fixtures on Chambers Street near McDonald's and near to the intersection of Chambers and Greenwich." (¶ 1) 4.2. "Welsbach and The City of New York (the "City) entered into an agreement concerning the maintenance of streetlights for the Borough of Manhattan for the period "October 1, 1988 through December 31, 1990 (Contract No.: T89-1001/SLM)." (¶ 3) 4.3. Welsbach was at site prior to date of loss because pursuant to streetlight contract, Welsbach is required to visually inspect each maintained lighting unit once every ten (10) calendar days. (¶ 9a) |

| | Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|---|
| A.5 | Carbo v. Welsbach Electric Co. | 6/10/1993 | Affidavit of Edward W. Geyer, Vice President of Operations of Welsbach, sworn to on August 20, 1996 | Plaintiff was injured on June 10, 1993, when she fell off her bicycle allegedly due to a defect in the roadway at the intersection of Utopia Parkway and Underhill Avenue in Queens County. (¶ 2). Welsbach did not work or engage in construction in the roadway between April 1, 1988 and July 25, 1993. (¶ 4). | 5.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 5.2. Affidavit of Scot Placanica of Welsbach, dated December 2, 2004 5.3. Intersection history | 5.1. "[D]efendant had a contract with the City of New York ("City") pursuant to which installed repaired and altered traffic and pedestrian signals and lighting for public roads, streets and thoroughfares in and for the County of Queens, including the intersection and roadbed at Utopia Parkway and Underhill Avenue." (¶ 4) "Sometime prior to June 10, 1993, the roadbed at the intersection of Utopia Parkway and Underhill Avenue was opened." (¶ 5) 5.2. Intersection histories confirm Welsbach visited site of four (4) times and completed three (3) permanent repairs prior to date of loss. (¶ 3) 5.3. Intersection history indicates Welsbach completed a repair at Utopia Pkwy. & Underhill Ave. on 6/8/1993, two (2) days prior to the date of loss. |
| A.6 | Dickstein v. Petrocelli Electric Co. | 11/26/1992 | Affidavit of Alena Cross, Project Manager of Street Light Maintenance for Welsbach, sworn to on January 3, 1996 | Plaintiff alleged that he was bitten by a dog that received an electric shock, after it came into contact with exposed electrical wires protruding from the open base of a street light pole. (¶ 2) Welsbach performed no work on the street light by contract or otherwise. (¶ 4). | 6.1. Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 6.2. Affidavit of Alena Cross of Welsbach, dated January 3, 1996 6.3. Affidavit of Alena Cross of Welsbach, dated December 2, 2004 | 6.1. "Wells Bach (sic) Electric Corporation...contracted with The City of New York or otherwise agreed to perform repairs and/or inspections of the light post in question, at or about 167 Chambers Street." (¶ 19) "Wells Bach (sic) Electrical Corporation...failed to complete the repairs at the site properly." (¶ 24) 6.2. "Welsbach and The City of New York (the "City") entered into an agreement concerning maintenance of streetlights for the Borough of Manhattan for the period "October 1, 1988 through December 31, 1990 (Contract No.: T89-1001/SLM). This contract was not renewed." (¶ 3) 6.3. Welsbach was at site prior to date of loss because pursuant to streetlight contract, Welsbach is required to visually inspect each maintained lighting unit once every ten (10) calendar days. (¶ 9a) |

| Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|
| A.7 Edwards v. Welsbach Electric Corp. | 2/27/1993 | Affidavit of Patrick Hughes, Supervisor for Welsbach, sworn to on February 29, 1996 | Plaintiff alleged that he was injured when he tripped and fell while crossing Crescent Street, between Linden Blvd. and Loring Ave. in Brooklyn, New York. (¶ 2). "Neither Welsbach nor anyone acting on its behalf, or at its request, performed any sidewalk or roadway work for at least (5) five years prior to February 27, 1993 on Crescent Street or its adjacent sidewalk between Linden Boulevard and Loring Avenue in Brooklyn New York." (¶ 5). | 7.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 7.2. Affidavit of Scot Placanica of Welsbach, dated December 2, 2004 | 7.1. "[A]foresaid occurrence was directly as result of, and was due solely and wholly to, the negligence, carelessness and recklessness of defendants…in the ownership, operation, management, maintenance, supervision, inspection, repair and control of said roadway, particularly said roadway." (¶ 35) 7.2. Intersection histories confirm Welsbach visited site twenty-nine (29) times and completed twenty-eight (28) permanent repairs prior to date of loss. (¶ 14) |
| A.8 Gialamboukis v. The City of New York (same location as Moran, dates of loss are 11 days apart) | 4/20/1993 | Letter, dated September 22, 1994, from Robert S. Sunshine, Esq. of London Fischer, attorney for Welsbach forwarding an affidavit of Welsbach employee David Appleby to opposing counsel | London Fisher enclosed an affidavit of David Appleby in support of their request for discontinuance because Welsbach never worked at the site of the accident.  The affidavit stated that the plaintiff fell in the crosswalk at the intersection of 45th Street and Broadway in Manhattan on the western side of Broadway. (¶ 2). The accident allegedly occurred on April 20, 1993 while plaintiff was walking between the northwest and southwest corners of the intersection. (¶ 2). "On and prior to April 20, 1993, Welsbach performed no work of any kind at the intersection of 45th Street and Broadway on or between the northwest and southwest corners. (¶ 3). | 8.1. Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 8.2. Letter from Robert S. Sunshine of London Fischer, dated September 22, 1994 | 8.1. "[D]efendant, Welsbach Electric Corporation…supervised the said work site." (¶ 12) 8.2. "Permit No. M01-93055-052 and Permit No. M01-93055-050 issued by The City of New York to Welsbach to perform work on the southeast corner of 45th Street at its intersection with Broadway in Manhattan under Contract No. T89-1074/MCS." (p.1) |

| Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|
| A.9 Jean v. The City of New York | 9/6/1993 | Affidavit of Patrick Hughes, Supervisor of Welsbach, sworn to on June 13, 1995 | Plaintiff claims he was injured on September 6, 1993 when he allegedly tripped and fell at the intersection of Flatbush Avenue and Ocean Avenue, Brooklyn, New York. (¶ 2). "...neither Welsbach nor anyone acting on its behalf or at its request performed any sidewalk or roadway work on or for at least two (2) years prior to September 6, 1993 at or near the Subject Intersection." (¶ 5). Further, Welsbach had no obligation to repair, maintain or ensure the integrity of the sidewalk or roadway at or near the intersection of Flatbush Avenue and Ocean Avenue, Brooklyn, New York. (¶ 7). | 9.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 9.2. Affidavit of Patrick Hughes of Welsbach, dated June 13, 1995 9.3. Affidavit of Scot Placanica of Welsbach, dated December 2, 2004 9.4. Welsbach Work Order Repair Report | 9.1. "[P]laintiff's fall was caused solely by the negligence and carelessness of the defendants in failing to maintain, examine and make safe the aforesaid public thoroughfare in that they caused, created and/or failed to cure and/or warn of a known dangerous condition, to wit: a portion of the sidewalk where there was no pavement leaving exposed a deep crevice." (¶ 12) 9.2. "The only involvement which Welsbach had with respect to the Subject intersection was pursuant to a contract with The City of New York to maintain street lighting." (¶ 8) 9.3. The intersection history confirms that Welsbach visited the site thirteen (13) times and completed nine (9) permanent repairs at this location prior to the date of loss, 9/6/93. (¶15) 9.4. Work order repair report indicates Welsbach completed a survey of a streetlight being out at Flatbush Ave. & Ocean Ave. on 8/25/1993, prior to the date of loss. |
| A.10 Jordan v. The City of New York | 1/11/1993 | Letter from Richard S. Endres, Esq. of London Fischer, attorney for Welsbach, dated June 14, 1995 | The only work undertaken by Welsbach at the subject intersection, was over a year prior to plaintiff's accident. Welsbach's work site was limited to the roadway adjacent to and south of the southwest corner of the intersection, which was across the intersection from where the plaintiff fell. (p. 2). | 10.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 10.2. Welsbach Repair Order | 10.1. "[T]he City owned, supervised, operated, maintained, controlled, constructed, renovated and repaired the curbing, roadways, sidewalks and surrounding areas of Union Square West (Broadway) between 14th and 16th Streets." (¶ 7) "[A]foresaid occurrence was due to the negligence, carelessness and recklessness of the City...in the ownership, supervision, operation, maintenance, control, construction, renovation and repair of said roadway area." (¶ 8) 10.2. Repair order indicates Welsbach was at the NE corner of 15th St. & Union Square which they "made safe w/ hot asphalt" on 8/7/1992, prior to the date of loss. |

| Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|
| A.11 Allstate Insurance Co. a/s/o Levy v. The City of New York | 11/29/1992 | Affidavit of David Appleby, Project Manager for Welsbach, sworn to on December 22, 1993 | Plaintiff alleged that his vehicle came into contact with a metal plate located on the intersection of 22nd Street and Sixth Avenue on November 29, 1992. (¶ 3). Welsbach performed no work whatsoever on the intersection of 22nd Street and Sixth Avenue before November 29, 1992. (¶ 5). In addition, Welsbach has never used metal roadway plates in conjunction with its performance of construction activities on behalf of the City of New York. (¶ 5). | 11.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 11.2. Affidavit of Scot Placanica of Welsbach, dated December 2, 2003 | 11.1. "[O]n or about November 29, 1992, at the location aforesaid, defendant...left a metal plate in said roadway." (¶ 6) "[A]ccident and resulting damages was due to the negligence of the defendant...in failing and neglecting to take proper and reasonable precautions to prevent the happening of this accident." (¶ 8) 11.2. Pursuant to Welsbach traffic signal contract, Welsbach had completed prior routine maintenance at this site, prior to the date of loss. (¶ 7, 9a & 9b) |
| A.12 Moran v. The City of New York (same location as Gialamboukis, dates of loss are 11 days apart) | 4/11/1993 | Affidavit of David Appleby, Project Manager from Welsbach, sworn to on July 14, 1995 | Plaintiff Moran alleged that he sustained injuries on April 11, 1993, when he tripped and fell in the marked crosswalk at the intersection of 45th Street and Broadway in Manhattan, while walking between the northwest and southwest corners of the intersection. (¶ 2). "Welsbach's work at the intersection did not extend to, involve or in any way effect the roadway between the northwest and southwest corners of the intersection." (¶ 5). | 12.1. Amended Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 12.2. Letter from William C. Nanis of London Fischer, dated April 19, 1995 | 12.1. "[P]rior to the times hereinafter mentioned, the Defendant, Welsbach Electric Corporation performed work, labor and services in and below the surface of the crosswalk of the street." (¶ 12) 12.2. "Plaintiff claims that the accident occurred on West 45th Street and Broadway. Plaintiff's testimony at his 50-h hearing, however, indicates that Plaintiff may have been on the east side of the subject intersection where Welsbach performed its excavation." (p. 3) |

| | Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|---|
| A.13 | Royal Insurance Company a/s/o Bulgari Corp. v. Barneys of New York | 2/2/1993 | Letter from John E. Sparling of London Fischer, attorney for Penguin Air-conditioning Corp., dated April 7, 1999 | Plaintiff Royal Insur. Co. discontinued, with prejudice its action against the insured Penguin. Third-party plaintiffs Barney's and Lehrer McGovern and Bovis also discontinued their action against Penguin. Penguin's project manager had attested that Penguin was not under contract with Lehrer McGovern Bovis for construction at the subject site. The parties in the suit "agreed that there was no evidence showing that Penguin performed work at the subject site…" | 13.1. Verified Amended Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 13.2. Affidavit of Thomas Tuckey of JWP Penguin Air Conditioning | 13.1. "[D]efendants and Barneys, New York, entered into written agreements with defendant, Lear McGovern, whereby and wherein the defendants in their respective contracts agreed to perform certain construction work for a project located at Barney's New York, at 660 Madison Avenue." (¶ 18) "[P]laintiff was caused to sustain damages…due to the carelessness, recklessness…and/or gross negligence and/or breach of statute of the defendants." (¶ 20) 13.2. "Penguin and Lehrer McGovern entered into an agreement a year and a half prior to the occurrence…for the furnishing and installation of one (1) 52x18 fire damper with a breakaway connection and one (1) access door." (¶ 7) "Pursuant to the scope of work, Penguin was required to complete all work between September 13, 1991 and September 17, 1991" (¶ 8) "Penguin completed this job in one afternoon in September of 1991." (¶ 9) |
| A.14 | Soderberg v. Barr & Barr | 7/20/1993 | Affidavit of Henry Feldman, Executive Vice President of JWP Mechanical Services of New York, Inc. ("WDF"), sworn to on October 29, 1997 | "…WDF did not perform any work of any nature whatsoever, either pursuant to this contract or otherwise, at the site of plaintiff's accident." "That contract…was not entered into by WDF." "There is no possible discovery which plaintiff could obtain that could possibly even suggest in any way any involvement in the action by WDF." | 14.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. | 14.1. "[A]ccident…were caused wholly and solely due to the negligence, carelessness and recklessness of the defendant…in the ownership, operation, maintenance and control of the aforementioned premises." (¶ 33) |

| | Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|---|
| A.15 | Aarne v. Tishman Construction, Inc. | 1/7/1994 | Letter from Michael P. Mezzacappa, Esq., of London Fischer, attorney for Forest Electric Corp., dated September 14, 1994 | "We are pleased to report that we have secured plaintiffs discontinuance of this action against Forest. Based on the Affidavit of Todd Hirsch, the Project Manager....we convinced plaintiff that Forest's work had nothing to do with the second floor (where plaintiff was allegedly injured) nor was Forest at the scene of the incident during the month plaintiff was injured." (p. 1). | 15.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation.<br>15.2. Affidavit of Todd Hirsch of Welsbach | 15.1. "The Defendants directed and controlled the work." (¶ 12) "The Defendant(s)...were negligent, careless, reckless, grossly negligent, willful, wanton and otherwise culpable and deserving of blame in the ownership, operation, control, maintenance, management and repair of the place." (¶15)<br>15.2. "Forest's work began in the middle of October 1993 and was terminated by Forest in November 1993," prior to date of loss. (¶ 3) |
| A.16 | Cantero v. Welsbach Electric Corp. | 10/18/1993 | Letter from William C. Nanis, Esq. of London Fischer, attorney for Welsbach, dated September 14, 1995 enclosing draft affidavit of Welsbach's David Appleby | Plaintiff tripped and fell in the northernmost traffic lane of 79th Street, on or near the northwest corner of its intersection with Second Avenue (p. 1 of London Fisher letter). London Fisher prepared a motion for summary judgment based upon Welsbach's non-involvement with the alleged condition which caused plaintiff's accident (p. 1 of London Fisher letter) and enclosed a draft affidavit stating: "Welsbach did not perform any road work, any excavating or paving, or disturb any portion of the roadway at or near the northwest corner of East 79th Street and Second Avenue at any time on, before or subsequent to the date of Plaintiffs alleged fall." ( 5 of draft Appleby affidavit). | 16.1. Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation.<br>16.2. Letter from Douglas W. Hammond of London Fischer, dated September 23, 1994<br>16.3. OMNI note, dated October 8, 1994<br>16.4. Intersection history | 16.1. "Welsbach was granted a street opening permit from the City of New York in 1993 to open a roadway...for the purpose of installing traffic signals and traffic conduit on roadway." (¶ 13) "[U]pon completion of said work, defendant Welsbach created a condition consisting of a mound of concrete." (¶ 17)<br>16.2. "[R]eview of Welsbach's records indicate that Welsbach performed excavation and temporary backfill work at or near the intersection of 79th Street and 2nd Avenue on January 25, 1990 and May 7, 1990." (p.2)<br>16.3. "Welsbach performed excavation and temporary backfill work at or near the intersection of 79th St. and 2nd Ave. on Jan 25,(19)90 and May 7, (19)90."<br>16.4. Intersection history indicates Welsbach was at 2 Ave. & 79 St. on 1/25/1990, 5/7/1990 & 12/26/1991, prior to date of loss. |

| | Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|---|
| A.17 | DeKenipp v. New York Paving, Inc. | 3/3/1994 | Affidavit of Edward Geyer, sworn to on December 1998 | Plaintiff allegedly tripped and fell over a 2'3" rectangular excavation in the roadway at the corner of Manhattan Avenue and Leonard Street, Brooklyn, New York on March 3, 1994. (¶ 2). In his affidavit, Mr. Geyer stated that "based upon the results of my search of Welsbach's records, I can unequivocally state that for at least the five (5) year period preceding plaintiff's accident, Welsbach did not perform any excavation, backfilling, trenching or other road work at or near the location where plaintiff fell." (¶ 3). | 17.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 17.2. Affidavit of Scot Placanica of Welsbach, dated December 2, 2004 | 17.1. "[D]efendant...installed and/or maintained electrical utility lines, mains and/or pipes in and upon the public roadway located at the corner of Manhattan Avenue and Leonard Street." (¶ 10) "[D]efendant...in the course of said servicing and maintaining of its electrical lines, mains and/or pipes, did cause excavation and or stripping of the roadway surface in the aforesaid vicinity." (¶ 12) "[T]he aforesaid occurrence to this plaintiff was caused by reason of the negligence of the defendant...in permitting and allowing the public sidewalk and roadway to be...improperly maintained." (¶ 15) 17.2. Pursuant to Welsbach traffic signal contract, Welsbach had completed prior routine maintenance at this site, prior to the date of loss. (¶ 7, 9a & 9b) |
| A.18 | Ensler v. The City of New York | 12/11/1993 | Affidavit of David Appleby, sworn to on June 27, 1995 | Plaintiff alleged that he was injured on December 11, 1993 when he tripped and fell on a depression in the roadway near the curb on the north side of 42nd Street, approximately midway between Ninth and Tenth Avenues where Dyer Avenue intersects 42nd Street. (¶ 3). The only work performed by Welsbach on the north side of 42nd Street between Ninth and Tenth Avenues was on the northeast corner of Tenth Avenue and 42nd Street, extending east toward Ninth Avenue no further than 118 feet from Tenth Avenue. (¶ 5). "Welsbach's work on the vicinity did not extend to the location of plaintiff's alleged fall." (¶ 5). | 18.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 18.2. Emcor Account Status Report, dated March 15, 1997 18.3. OMNI note, dated April 22, 1995 18.4. Supplemental Claim Information | 18.1. "Defendant, Welsbach Electric Corporation, was performing work on West 42nd Street between 9th and 10th Avenue." (¶ 57) "[W]ork was performed in an improper and negligent manner in that the Defendant...negligently permitted and allowed the aforementioned area to be in a dangerous and unsafe condition." (¶ 58) 18.2. "Welsbach Electric Corporation advises they did work on the north side of 42nd Street in 1991." (p. 2) 18.3. "Welsbach work was completed 2 years prior to accident." 18.4. "The defect is man-made. The defect was cut in the roadway and continues up to the point where the sidewalk begins." (p.1) |

| | Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|---|
| A.19 | Joseph v. Todino | 11/2/1993 | Affidavit of David Appleby, sworn to on September 10, 1997 | The plaintiff claims she was injured when she tripped and fell on November 2, 1993 on a sidewalk at the southwest corner of the intersection of 53rd Street and Third Avenue, adjacent to 866 Third Avenue..." (¶ 5). "Absolutely none of the work Welsbach performed at the intersection of East 53rd Street and Third Avenue ... involved the public sidewalk on the southwest corner of 53rd Street and Third Avenue, where plaintiff alleges her accident occurred." (¶ 6). "All of the excavation activities of Welsbach were limited to the east side of Third Avenue at this intersection and that work had been completed approximately one and one-half years prior to the date of plaintiff's alleged accident." (¶ 6). | 19.1. Amended Verified Complaint<br>19.2. Welsbach Street Opening Permit<br>19.3. Intersection history | 19.1. "[D]efendant...maintained, managed and controlled the aforedescribed premise and/or sidewalk." (¶ 8)<br>19.2. Welsbach was granted a street opening permit at 3rd Ave. between 52nd St. & 53rd St. for the period of 4/28/1992 to 6/19/1992.<br>19.3. Intersection history indicates Welsbach performed work at 3rd Ave. & 53rd St. on 5/21/1992, prior to date of loss. |

| Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|
| A.20 Gager v. The City of New York | 6/30/1994 | Affidavit of David Appleby, sworn to on December 9, 1996 | Plaintiff claimed that she was injured in a car accident on June 30, 1994 when the car she was driving adjacent to the curb on the north side of 145th Street from which a metal plate had been removed. (¶ 6). Absolutely none of the work Welsbach performed at the intersection of West 145th Street and Lenox Avenue...involved the north side of 145th Street west of Lenox Avenue, the vicinity of plaintiff's alleged accident. (¶ 7). "...the only pavement opening Welsbach performed on west 145th Street west of Lenox Avenue terminated approximately 111 feet west of the intersection, almost 100 feet west and on the opposite side of the street from the location where plaintiff alleges her accident occurred." (¶ 29). | 20.1. Verified Complaint (unsigned) - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 20.2. Letter from Jonathan S. Brody of London Fischer, dated November 29, 1995 20.3. Letter from Richard S. Endres of London Fischer, dated April 1, 1996 20.4. OMNI note, dated May 17, 1996 20.5. Intersection histories | 20.1. "[A]ccident...were caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendants...in that they caused, allowed and permitted a metal construction plate previously covering the aforesaid hole to be removed from over the said hole and to be place (sic) on the sidewalk at the place aforesaid." (¶22) 20.2. "New York Paving was requested by Welsbach to permanently restore the road surface in the vicinity of West 145th Street and Lenox Avenue on September 13, 1991 and February 18, 1992." (p. 2) 20.3. "[A]ccident site specified in Plaintiff's Notice of Claim to the City...places Plaintiff's accident on the opposite side of the street, adjacent to an area in which Welsbach worked." (p. 2) 20.4. Welsbach's intersection history notes that they made a "saw cut" in West 145th St. extending 20 feet east from a point 127 feet west of the corner of the curb at the southeast corner of the intersection of W 145th St. and Lenox Ave. 20.5. Intersection histories indicates Welsbach completed work at W 145th St. & Lenox Ave. on 10/25/1993, prior to date of loss. |
| A.21 Howard v. The City of New York | 8/31/1994 | Letter from Richard S. Endres, Esq. of London Fischer, attorney for Welsbach, dated September 16, 1997 | "Plaintiff has now particularized the location of her accident as having occurred on the north side of Ericsson Place between Hudson and Varick Streets." "We have reviewed Welsbach's records...and have determined that Welsbach did not perform work at the accident location." | 21.1. Second Amended Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 21.2. Letter from Richard S. Endres of London Fischer, dated August 18, 1997 21.3. Letter from James Walsh of London Fischer, dated December 12, 2002 21.4. Intersection history | 21.1. "[D]efendant, "Welsbach," maintained a construction project at "The Location." (¶ 56) 21.2. "[U]pon review of Welsbach's records and street opening permits it appears that Welsbach performed work at the subject location." (p. 3) 21.3. "The diagram indicates that Welsbach installed a streetlight foundation at this location on May 31, 1994." (p. 2) 21.4. Intersection history indicates Welsbach performed work at Hudson, Ericsson Pl. & Beach St. on 5/31/1994, prior to date of loss. |

| Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|
| A.22 Rosario v. The City of New York | 12/4/1993 | Letter from Richard S. Endres, Esq. of London Fischer, attorney for Welsbach, dated July 24, 2000 | "Plaintiff's only theory against the City was that a contractor retained by the City had performed work at the location where the plaintiff fell before the accident. The City in response to a subpoena came up with no records for any prior work performed at the subject location for a period of three years before the accident." (p. 2). "The City agreed to sign a stipulation of discontinuance in favor of Welsbach without prejudice." (p. 2). | 22.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 22.2. Affidavit of Scot Placanica of Welsbach, dated December 2, 2004 | 22.1. "[D]efendant...operated, managed, controlled, supervised, inspected, maintained and repaired the aforesaid sidewalk." (¶ 8) "[A]foresaid occurrence was due to the carelessness and negligence of the defendant...in the ownership, management, inspection, supervision, maintenance, control and repair of said sidewalk." (¶ 12) 22.2. The intersection history confirms that Welsbach visited the site nine (9) times and completed nine (9) permanent repairs at this location prior to the date of loss, 12/4/93. (¶16) |
| A.23 Teichman v. The City of New York | 11/18/1993 | Letter from Evan D. Liebennan of London Fischer, attorney for Welsbach, dated February 19, 1997 with stipulation of discontinuance | "We are pleased to advise that we have convinced plaintiffs to discontinue this action as to Welsbach. London Fischer presented plaintiffs with Welsbach's records establishing that Welsbach performed no work that would have affected the sidewalk on which Plaintiff alleged he tripped. (p.1 of London Fischer letter). Plaintiff discontinued the action against Welsbach. | 23.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 23.2. Letter from John E. Sparling of London Fischer, dated December 30, 1996 23.3. OMNI note, dated July 30, 1996 | 23.1. "[P]laintiff's fall and injuries...were proximately caused by the carelessness, recklessness, negligence, gross negligence and gross recklessness of the defendants...in the ownership, operation, management, maintenance, usage and control of their property, equipment, and appurtenances at or about the area around 251 East 49th Street." (¶ 19) 23.2. "In questioning Plaintiffs' counsel as to how in any way Welsbach's acts or omissions contributed to this action, Plaintiffs' counsel replied that he had previously commenced an action against the City of New York and during the City's deposition, it was revealed that Welsbach and New York Paving, Inc. performed excavation at the subject sidewalk." (p. 2) 23.3. "Initial report rec'd from the City of New York that JWP took out a permit for work at 251 East 49th Street." |

| | Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|---|
| A.24 | Hands v. The City of New York | 1/4/1995 | Letter from Courtney M. Robbins, Esq. of London Fischer, attorney for Welsbach, dated June 27, 1996 | Plaintiff claimed that she was injured when she tripped and fell over wooden boards located next to a traffic signal at Grand Army Plaza. Ms. Robbins wrote that "...the work performed by Welsbach at this location did not involve excavation nor was it performed at the traffic signal near the plaintiff's fall." | 24.1. Amended Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 24.2. Affidavit of Frederic Goodman of Welsbach 24.3. Intersection history | 24.1. "[D]efendant, Welsbach Electric Corp., managed the aforesaid street, roadway, crosswalk, sidewalk, lightpoles, signpoles and streetlights on the aforesaid date." ("Wells Bac(sic) Electrical Corporation...failed to complete the repairs at the site properly." (¶ 17) "[D]efendant, Consolidated Edison Corporation of New York, d/b/a as "Con Edison", operated the aforesaid street, roadway, crosswalk, sidewalk, lightpoles, signpoles and streetlights on the aforesaid date." (¶ 23) 24.2. "Welsbach's records reflect it last performed work at Grand Army Plaza two years prior to Plaintiff's fall on October 29, 1992....Welsbach's work was limited to installing flood lights on an existing pole unrelated to the traffic signal pole that was located next the wooden boards that allegedly caused Plaintiff's fall." (¶ 2) 24.3. Intersection history indicates Welsbach completed repairs at Grand Army Plaza & Prospect Park West on 11/8/1994. |
| A.25 | Kushmider v. The City of New York | 4/7/1995 | Letter from Daniel Zemann, Jr., of London Fischer, attorney far Welsbach, dated January 9, 1998 | Plaintiff claims the he tripped and fell over wires emanating from a traffic signal pole. London Fischer states that they obtained the affidavit of Edward Geyer, Welsbach's Vice President of Operations attesting that Welsbach did not conduct work at the precise location where plaintiff alleges he fell. | 25.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 25.2. Affidavit of Scot Placanica of Welsbach, dated December 2, 2004 | 25.1. "[D]efendant...managed, directed and/or controlled the installation and/or repair of traffic signal lights at Ditmars Boulevard and 37th Street." (¶ 2) "[A]foresaid occurrence was caused solely by the defendant...in the negligent and careless ownership, maintenance, operation and control of the aforesaid premises." (¶ 9) 25.2. Pursuant to Welsbach traffic signal contract, Welsbach had completed prior routine maintenance at this site, prior to the date of loss. (¶ 7, 9a & 9b) |

| Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|
| A.26 Patterson v. Broadway Maintenance Corp. | 10/1/1994 | Letter from John E. Sparling, Esq. of London Fischer, attorney for Welsbach, dated October 21, 1997 | Plaintiff commenced an action against Welsbach claiming personal injuries due to a trip and fall over a roadway defect/excavation in the Bronx on October 1, 1994. (p. 2). "Welsbach has checked its work records and indicates that it has never performed work at the subject location." (p. 2). | 26.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 26.2. Letter from Steve A. Thomas of The City of New York, dated October 2, 1996 26.3. Letter from John E. Sparling of London Fischer, dated October 21.1997 26.4. Affidavit of Scot Placanica of Welsbach, dated December 2, 2004 | 26.1. "[T]he foregoing was caused solely and wholly by reason of the negligence of the defendants...in that the defendants failed to properly maintain the hereinabove mentioned premises." (¶ 15) 26.2. "The City of New York hired the contractor (Welsbach Electric Corp) for the specific purpose of reconstructing the area/vicinity, therefore are active negligence would lie with the contractor and not the City of New York." (p. 1) 26.3. "Broadway Maintenance Corp. was merged into Forest Electric Corp. ("FOREST") in 1986...The work of Broadway continued for sometime through Forest...The neon sign work is continued through the Welsbach/Broadway Maintenance Division...Accordingly, it appears that the proper entities on whose behalf an appearance should be made would be Forest, successor-in-interest to Broadway, and Welsbach on its own behalf." (p. 2) 26.4. The intersection history confirms that Welsbach visited the site twenty-one (21) times and completed twenty-one (21) permanent repairs at this location prior to the date of loss, 10/1/94. (¶ 17) |

| Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|
| A.27 Randall v. The City of New York | 3/2/1995 | Affidavit of David Appleby, Project Manager for Welsbach, sworn to on September 30, 1999 | Plaintiff alleged that she tripped and fell on a defective and broken sidewalk in front of 125 Worth Street, New York, New York on March 2, 1995. (¶ 6). Based upon Mr. Appleby's review of the applicable Welsbach records, "Welsbach performed no work on or near the sidewalk in front of 125 Worth Street." (¶ 7, See ¶ 11). | 27.1. Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 27.2. Affidavit of Scot Placanica of Welsbach, dated December 2, 2004 | 27.1. "Defendant, Welsbach Electric Corp., managed the construction work being performed on the sidewalk located in front of 125 Worth Street." (¶ 10) "[A]foresaid injuries to plaintiff…occurred solely and wholly through the negligence of the defendants…in the ownership, leasing, operation, maintenance, control and management of their respective premises and more particularly in front of 125 Worth Street." (¶ 20) 27.2. Prior to the date of loss 3/2/95, Welsbach performed work at this location on sixteen (16) occasions. (¶ 18) |
| A.28 Rodriguez v. The City of New York | 3/29/1995 | Letter from Daniel Zemann, Jr., of London Fischer, attorney for Welsbach, dated November 10, 1998 | Plaintiff alleged that she fell in the roadway near a curb. Welsbach did not have the streetlight contract for the Bronx on the date of the accident. Moreover, Welsbach's records for its construction activities in the general vicinity do not indicate that Welsbach was working where plaintiff fell or that its work related to streetlighting. (p.2). | 28.1. Verified Bill of Particulars 28.2. Letter from Daniel Zemann, Jr. of London Fischer, dated November 10, 1998 28.3. Letter from Daniel Zemann, Jr. of London Fischer, dated August 2, 1999 28.4. Affidavit of Alena Cross of Welsbach, dated December 2, 2004 | 28.1. "Actual notice is claimed in that the dangerous defective condition at issue was created by or at the direction of the defendants" (¶ 8) 28.2. "Although the copies are largely illegible, they do depict a streetlight on the sidewalk near the roadway defect." (p. 2) 28.3. Plaintiff stated that from the ditch towards the center of the roadway there was a trench which was level with the road (suggesting that construction had occurred and that the road had been backfilled but not permanently repaved)…When asked about the street light, Plaintiff stated that there was no name, writing sticker on it that could possibly identify who was the street light maintenance contractor. (p. 2) 28.4. Welsbach was at site prior to date of loss because pursuant to streetlight contract, Welsbach is required to visually inspect each maintained lighting unit once every ten (10) calendar days. (¶ 9a) |

| Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|
| A.29 Rosner v. The City of New York | 7/31/1995 | Letter from Daniel Zemann, Jr., of London Fischer, attorney for Welsbach, dated August 7, 1996 | The plaintiff allegedly fell over metal or wooden plates on the roadway at the intersection of 72nd Street and Columbus Avenue in Manhattan on July 31, 1995. "However, the only work that Welsbach performed at the intersection of 72nd Street and Columbus Avenue prior to the plaintiff's accident was *overhead* cable work between street lighting poles." "This work did not involve underground or street level activity." | 29.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 29.2. Letter from Daniel Zemann, Jr. of London Fischer, dated August 7, 1996 29.3. Affidavit of Scot Placanica of Welsbach, dated December 2, 2004 | 29.1. "[T]he defendant, The City of New York, operated, maintained and controlled the premises designated as Columbus Avenue at its intersection with 72nd Street." (¶ 5) 29.2. This work, according to Welsbach Foreman Edward Frisone, was performed on March 21, 22, 23, 1995," prior to date of loss. (¶ 1) 29.3. Repair time sheets confirm that Welsbach performed repairs at this location on approximately twenty-seven (27) occasions prior to the date of loss, 7/31/95. (¶ 19) |
| A.30 Trilleras v. The City of New York | 2/6/1995 | Affidavit of Alena Cross, Streetlighting Supervisor from Welsbach, sworn to on February 8, 2000 | Plaintiff allegedly sustained injuries when a flagpole fell on him while he was walking on Steinway Street at or near its intersection with 31st Avenue in Astoria, New York on February 6, 1995. (¶ 2). "Welsbach was not responsible for the installation, maintenance or repair of the flagpole or flag." (¶ 7). | 30.1. Verified Complaint - Alleges Welsbach's work caused plaintiff's injuries; and complaint does not allege an ongoing operation. 30.2. Letter from John E. Sparling of London Fischer, dated September 23, 1999 30.3. Affidavit of Scot Placanica of Welsbach, dated December 2, 2004 30.4. OMNI note, dated July 1, 1997 | 30.1. "[P]rior to and on or about February 6, 1995, defendant Welsbach Electric Corp. had entered into a contract with defendant, The City of New York for the performance of certain inspection, repair, and maintenance work upon street light poles, said street light poles being located within the City of New York and more particularly within the vicinity of 31st Avenue and Steinway Street." (¶ 6) "[A]ccident and resulting injuries to this infant plaintiff occurred...solely and wholly by reason of the carelessness and negligence of the defendants." (¶ 9) 30.2. "[W]e had a contract with the City of New York wherein we were obligated to remove banners which were not approved and to inspect light poles visually." (p. 1) "Our duties under the contract were to remove banners, handbills, etc. which were not approved by the City." (p.2) 30.3. The intersection history confirms that Welsbach visited the site nineteen (19) times and completed sixteen (16) permanent repairs at this location prior to the date of loss, 2/6/95. (¶ 20) 30.4. "The contract language imposes a duty to immediately remove any unauthorized flags affixed to streetlights." |