Evidence for Statement of Disputed Facts - Alleged "On-Going Work" (Exhibit C*)

| | Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|---|
| C.1 | Alden v. the City of New York | 4/29/1993 | Letter from Robert S. Sunshine of London Fischer, attorneys for JWP Welsbach, dated February 16, 1994 | Plaintiff alleged that on April 29, 1993, she tripped and fell on a crosswalk due to a defective roadway condition. London Fischer's investigation revealed that Welsbach temporarily restored the roadway surface. On December 12, 1992 Welsbach retained New York Paving to permanently restore the roadway surface. "New York Paving did not commence their permanent restoration work until April 20, 1993 (one day post-accident)." (p. 2) | 1.1. Letter from Robert S. Sunshine of London Fischer, dated February 16, 1994<br>1.2 Omni note, dated January 20, 1994<br>1.3 Intersection history | 1.1. "Our investigation has revealed that Welsbach had performed work at the intersection of accident under its contract with the City, but completed its work on October 24, 1992." (p. 2)<br>1.2. "At the time of the occurrence Welsbach had completed their work."<br>1.3. Intersection History indicates Welsbach was at Broadway & 86 St. on 10/28/1992 and not at the location in the year 1993 until 4/30/1993, one day after the date of loss. |
| C.2 | Kargbo v. Cornell-AEC | 3/31/1993 | Letter from Harold A. MacLaughlin, attorney for Emcor Group, dated April 10, 1997 | A steam valve had blown a gasket and was letting off steam and the condensation had accumulated on the floor. The insured's job Foreman Scott Smelling assembled a crew together to mop the floor. Plaintiff slipped and fell on the wet floor while work was being done to repair the ceiling. | 2.1. Letter from Harold A. McLaughlin, attorney for Emcor Group, dated April 10, 1997. | 2.1. "However, after they (the crew) had finished, the cleaning people came up and cleaned the whole snack bar area." "He (Scott Snelling) does not recall any problems with the valve leaking once his men addressed the valve on March 31...[I]t appears from the logs that this occurred prior to her fall." (p. 1-2)<br>●There is no direct quote in the letter that "Plaintiff slipped and fell on the wet floor while work was being done to repair the ceiling," as stated by INA. |

*The alphabetical and numerical sequencing are based on INA's exhibit arrangement.

| | Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|---|
| C.4 | Gartenberg v. Lyons | 1/8/1994 @ 10:40 p.m. (Time from Verified Bill of Particulars) | Letter from Daniel Zemann, Jr., from London Fisher attorneys for JWP Welsbach, dated December 7, 1994 | Prior to the car accident, which occurred on January 8, 1994, Welsbach "effected a temporary repairs by hanging stop signs" as a result of a power failure by Con Ed. (p. 1). The signs remained at the location until after the accident occurred. "On January 9, 1994 the day after the collision, Welsbach workers were dispatched to effect a 'more permanent temporary repair'." (p. 2). Welsbach installed a temporary line at the intersection connected to electrical source at another corner. (p. 2). | 4.1. Letter from Daniel Zemann, Jr. of London Fischer, dated December 7, 1994<br>4.2. Letter from Evan David Lieberman of London Fischer, dated February 19, 1997<br>4.3. Intersection history | 4.1. "[U]nder the circumstances, Welsbach was only required to hang stop signs because it is not responsible for restoring electricity to the traffic signal where there is a power failure." Letter from Daniel Zemann, Jr. of London Fischer, 12/7/1994. (p. 2)<br>4.2. "Welsbach's intersection history and maintenance reports note that the signal malfunction was due to the failure of Con Edison to supply power, thus only temporary repairs could be effected." (p. 3)<br>4.3. Intersection history indicates the first time Welsbach was at Vernon Blvd. & 36th Ave. on 1/8/1994 was at 9:30 a.m. They received the call at 8:26 a.m. and completed the temporary repair at 9:50 a.m. They were there 4 more times that day. The last temporary repair completed was 8:45pm. (Date of last permanent repair prior to date of loss is 12/10/1993) |
| C.5 | Silver v. New York Transit Authority | 6/22/1994 @ 8:20am | Letter from Evan David Lieberman., from London Fisher attorneys for JWP Welsbach, dated January 30,1997 | Plaintiff was allegedly injured as a result of a car collision with a New York City bus at an intersection. Welsbach responded to notification approximately thirty minutes before the accident and noted a controller malfunction that resulted in "all out" condition. "The accident occurred shortly after the Welsbach technician completed temporary repairs and left the scene." (p. 2). | 5.1. Letter from Evan David Lieberman of London Fischer, dated January 30, 1997<br>5.2. Letter from Evan David Lieberman of London Fischer, dated March 24, 1997<br>5.3. Intersection history | 5.1. "The accident occurred shortly after the Welsbach technician completed temporary repairs and left the scene." Letter from Evan David Lieberman of London Fischer, 1/30/1997. (p. 2)<br>5.2. "According to Welsbach's Intersection History, Welsbach appears to have fulfilled its contractual obligations to the City of New York by arriving and completing temporary repairs within the two-hour time limit within which to do so." (p. 3)<br>5.3. Intersection history indicates that on 6/22/94, Welsbach arrived at Union Tpke. & Francis Lewis Blvd. at 7:45am and completed temporary repairs at 8:05am. |

| Case Name | Date of Loss | INA's Documentary Evidence | INA's Summary | EMCOR's Counter - Documentary Evidence | EMCOR's Counter - Summary |
|---|---|---|---|---|---|
| C.6 Gannon v. JWP Forest Electric Corp. | 1/23/1995 | Letter from insured Forest Electric Corp., dated October 9, 1995 | Plaintiff "Mr. Gannon is believed to have tripped/fallen over a temporary installation of cabling on the third floor. Forest provided labor for installation (under the agreement) with materials being furnished by Sterling. The work was to be permanently installed, however, in the meantime Sterling Winthrop was dissolved..." | 6.1. Letter from James Walsh of London Fischer, dated August 30, 2000<br>6.2. Omni note, dated October 23, 1995 | 6.1. "[T]he Forest electricians assigned to work at Sterling Winthrop were special employees of Sterling Winthrop." (p.1)<br>6.2. "Mr. Gannon is believed to have tripped/fallen over a temporary installation of cabling on the third floor...This work was to be permanently installed, however, in the meantime Sterling was dissolved and authorization to perform this extra work...was not received." |
| C.8 Thercier v. Pierre | 7/28/1995 @ 8:15am (Time from Verified Bill of Particulars) | Letter from Evan David Lieberman., from London Fisher attorneys for JWP Welsbach, dated February 16, 1997 | "According to an accident report completed by Welsbach repairman, Phillip Abrahams, he parked his vehicle against the curb eastbound on East New York Avenue when he arrived at the scene at 8:00 a.m. Mr. Abrahams noted that the traffic signals were all-out due to an earlier accident. As he approached the back of his truck, he witnessed a vehicle traveling eastbound on East New York Avenue. The struck vehicle was propelled into the rear of the Welsbach truck. Mr Abrahams advises, however, that he had already deployed cones around the Welsbach vehicle and placed temporary stop signs at the intersection prior to plaintiff's collision." (p. 2) | 8.1. Letter from Daniel Zemann, Jr. of London Fischer, dated December 21, 1995.<br>8.2. Omni note, dated January 17, 1996<br>8.3. Intersection history | 8.1. "[T]he collision did not occur until the day following Welsbach's repairs." (p. 3)<br>8.2. "Welsbach received notification of a needed repair to the traffic signal 7/25/95 2:15 pm...The signal was repaired 7/27/95 4:20."<br>8.3. Intersection history indicates Welsbach completed a repair on 7/27/1995 at 4:30am. |