LEXSEE 1999 U.S. DIST. LEXIS 810

ALLSTATE INSURANCE COMPANY v. JOHN RYMAL, et al.

CIVIL ACTION NO. 98-3801

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*1999 U.S. Dist. LEXIS 810*

January 25, 1999, Decided
January 25, 1999, Filed

**DISPOSITION:** [*1] Motion of Allstate Insurance Company for summary judgment DENIED; cross-motion of Joseph McHugh and Carol McHugh for summary judgment GRANTED; judgment entered in favor of Joseph McHugh, Carol McHugh, and John Rymal and against Allstate Insurance Company; motion of Allstate Insurance Company for summary judgment on the duty to indemnify DENIED without prejudice as premature.

**LexisNexis(R) Headnotes**

**COUNSEL:** For ALLSTATE INSURANCE COMPANY, PLAINTIFF: JEFFREY N. GERMAN, GERMAN, GALLAGHER & MURTAGH, PHILA, PA USA.

For JOSEPH MCHUGH, CAROL MCHUGH, H/W, DEFENDANTS: STEPHEN C. JOSEL, STEPHEN G. JOSEL AND ASSOCIATES, ATTARAH B. FEENANE, STEPHEN C. JOSEL & ASSOC., P.C., PHILADELPHIA, PA USA.

**JUDGES:** Harvey Bartle, III, J.

**OPINIONBY:** Harvey Bartle, III

**OPINION:**

MEMORANDUM

Bartle, J.

January 25, 1999

This is an action seeking a declaration that the plaintiff, Allstate Insurance Co. ("Allstate"), has no duty to defend or indemnify its insured in a suit currently pending against him in the Philadelphia County Court of Common Pleas, captioned Joseph McHugh and Carol McHugh v. John Rymal, March Term, 1997, Civ. A. No. 2262. Included as defendants in this action are John Rymal, the insured, and Joseph and Carol McHugh, [*2] the plaintiffs in the underlying action. Currently before the court are cross-motions for summary judgment filed on behalf of Allstate and on behalf of the McHughs.

We may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*; see also *Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*. We review all evidence and make all reasonable inferences from the evidence in the light most favorable to the non-movant. See *Wicker v. Consolidated Rail Corp., 142 F.3d 690, 696 (3d Cir.)*, cert. denied, *119 S. Ct. 530, 142 L. Ed. 2d 440 (1998)*.

In their state court complaint, the McHughs allege that on March 5, 1996, a confrontation took place between Joseph McHugh and John Rymal, during which McHugh was injured. In March 1997, the McHughs filed a civil action against Rymal in the Court of Common Pleas of Philadelphia County. Allstate, who had issued a "Deluxe Homeowners Insurance Policy" to Rymal, advises us that it has [*3] been defending Rymal in the underlying action under reservation of rights.

An insurer's duty to defend is wider than its obligation to indemnify. See *Pacific Indem. Co. v. Linn, 766 F.2d 754, 766 (3d Cir. 1985)*. The insurer has a duty to indemnify "only if it is established that the insured's

Case 3:00-cv-02211-AVC    Document 170-14    Filed 12/06/2004    Page 2 of 8

Page 2
1999 U.S. Dist. LEXIS 810, *

damages are actually within the policy coverage." *Lucker Mfg., A Unit of Amclyde Engineered Products, Inc. v. Home Ins. Co., 23 F.3d 808, 821 (3d Cir. 1994)*. Under Pennsylvania law, there is a duty to defend "whenever allegations against the insured state a claim to which the policy potentially applies even if the allegations are 'groundless, false or fraudulent.'" *American Contract Bridge League v. Nationwide Mut. Fire Ins. Co., 752 F.2d 71, 75 (3d Cir. 1985)* (quoting *Gedeon v. State Farm Mut. Auto. Ins. Co., 410 Pa. 55, 188 A.2d 320, 321-22 (Pa. 1963)*).

In determining whether Allstate has a duty to defend Rymal, our role is a limited one. We are not to try the underlying dispute or make factual determinations about what is involved in that action. Our role is to look solely to the allegations of the complaint in the underlying action and compare them with the policy. [*4] See *Air Prods. & Chemicals, Inc. v. Hartford Accident & Indem. Co., 25 F.3d 177, 179 (3d Cir. 1994); Pacific Indem., 766 F.2d at 760*. Once it is determined that the underlying complaint raises a claim which potentially falls within policy coverage, the insurer continues to have a duty to defend the entire action until it can confine the claims to a recovery outside the policy coverage. See *Pacific Indem., 766 F.2d at 760; American Contract Bridge League, 752 F.2d at 75; Cadwallader v. New Amsterdam Cas. Co., 396 Pa. 582, 152 A.2d 484, 488-89 (Pa. 1959)*. An insurer who denies that it has a duty to defend based upon a policy exclusion has the burden of proving that the exclusion applies. See *Board of Public Educ. of School Dist. of Pittsburgh v. Nat'l Union Fire Ins. Co. of Pittsburgh, 709 A.2d 910, 913 (Pa. Super. 1998)*.

Rymal's homeowners policy provides, "**Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** ... arising from an **occurrence** ... If an **insured person** is sued for these damages, we will provide a defense ... even if the allegations are groundless, false or [*5] fraudulent." The policy defines an "occurrence" as "an accident ...." Excluded from coverage is "**bodily injury** ... intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**." The exclusion applies even if "such **bodily injury** ... is of a different kind or degree than that intended or reasonably expected ...."

The state court complaint clearly sets forth a negligence claim at Count II. In that count it alleges that Rymal engaged in "negligent touching," "negligent pushing," and "other acts or omissions amounting to negligence ...." Allstate argues that it is clear all of Rymal's acts were intentional, not negligent, and as evidence of this, it directs us to statements Mr. McHugh and other witnesses gave to the police about the March 5, 1996 incident, Rymal's arrest report, Bills of Information charging Rymal with criminal offenses in connection with the event, testimony from the preliminary hearing in the criminal case, and depositions in the underlying civil case. It is not our role here to consider statements, evidentiary documents, or testimony in the underlying case. Our analysis is confined [*6] to the allegations in the state court complaint. Count II of that complaint unmistakably alleges negligence by the insured, which falls within the definition of "occurrence" and is not barred by the exclusion for bodily injury intended by the insured. See *Nationwide Mut. Fire Ins. Co. of Columbus v. Pipher, 140 F.3d 222, 227 (3d Cir. 1998)*.

We will grant summary judgment in favor of the defendants on the issue of Allstate's duty to defend. Because the underlying suit is currently pending, at this point a declaration regarding indemnity is premature.

ORDER

AND NOW, this 25th day of January, 1999, it is hereby ORDERED that:

(1) the motion of Allstate Insurance Company for summary judgment declaring that it has no duty to defend John Rymal in the case of Joseph McHugh and Carol McHugh v. John Rymal, March Term, 1997, Civil Action No. 2262, now pending in the Court of Common Pleas of Philadelphia County, is DENIED;

(2) the cross-motion of Joseph McHugh and Carol McHugh for summary judgment declaring that Allstate Insurance Company has a duty to defend John Rymal in the case of Joseph McHugh and Carol McHugh v. John Rymal, March Term, 1997, Civil Action No. 2262, now [*7] pending in the Court of Common Pleas of Philadelphia County, is GRANTED;

(3) judgment is entered in favor of Joseph McHugh, Carol McHugh, and John Rymal and against Allstate Insurance Company declaring that Allstate Insurance Company has a duty to defend John Rymal in the case of Joseph McHugh and Carol McHugh v. John Rymal, March Term, 1997, Civil Action No. 2262, now pending in the Court of Common Pleas of Philadelphia County;

(4) the motion of Allstate Insurance Company for summary judgment on the duty to indemnify is DENIED without prejudice as premature; and

(5) this action is placed in civil suspense pending resolution of the case of Joseph McHugh and Carol McHugh v. John Rymal, March Term, 1997, Civil Action No. 2262, now pending in the Court of Common Pleas of Philadelphia County.

BY THE COURT:

Harvey Bartle, III

Case 3:00-cv-02211-AVC   Document 170-14   Filed 12/06/2004   Page 3 of 8

Page 3
1999 U.S. Dist. LEXIS 810, *

J.

LEXSEE 2003 US DIST LEXIS 15553

ALLSTATE INSURANCE COMPANY, Plaintiff, v. JAIME SANCHEZ AND
LEIDY SANCHEZ, h/w, ROBIN SANCHEZ, HEATHER TARAS AND IVY
LEHMAN HUHN, Defendants.

CIVIL ACTION NO. 02-1228

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

*2003 U.S. Dist. LEXIS 15553*

July 30, 2003, Decided
July 30, 2003, Filed, Entered

**DISPOSITION:** [*1] Plaintiff's motion for summary judgment denied. Judgment entered against plaintiff and in favor of defendants.

**LexisNexis(R) Headnotes**

**COUNSEL:** For ALLSTATE INSURANCE COMPANY, Plaintiff: KATHRYN A. DUX, LEAD ATTORNEY, GERMAN GALLAGHER & MURTAGH, PHILADELPHIA, PA.

For JAIME SANCHEZ, LEIDY SANCHEZ, ROBIN SANCHEZ, Defendants: CARL H. DELACATO, JR., LEAD ATTORNEY, HECKER BROWN SHERRY & JOHNSON LLP, PHILADELPHIA, PA.

For JANE DOE, A MINOR, BY AND THROUGH HER PARENTS AND NATURAL GUARDIAN, JANE DOE II, AND [*2] JANE DOE II, Defendant: STEVEN M. MEZROW, LEAD ATTORNEY, PANSINI & LESSIN, PHILA, PA.

**JUDGES:** RONALD L. BUCKWALTER, J.

**OPINIONBY:** RONALD L. BUCKWALTER

**OPINION:**

MEMORANDUM

BUCKWALTER, J.

Presently before the Court are Plaintiff Allstate Insurance Company's Amended Complaint for Declaratory Judgment, Plaintiff's Motion for Summary Judgment and Supplemental Memorandum of Law in Support of its Motion, Defendants Heather Taras's and Ivy Lehman Huhn's Response to Plaintiff's Motion and Defendants Jaime Sanchez's, Leidy Sanchez's and Robin Sanchez's Response to Plaintiff's Motion. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

I. BACKGROUND

This action arises from Standard Homeowners Policy No. 098419155 ("Policy"), issued by Allstate Insurance Company ("Allstate" or "Plaintiff") to Defendant Jaime Sanchez ("Jaime") for the period of October 18, 1999 to October 18, 2000. Jaime, his wife Leidy Sanchez ("Leidy") and their son Robin Sanchez ("Robin", collectively with Jaime and Leidy, the "insured" or the "Sanchezes") are seeking coverage under the Policy for claims made against them in a lawsuit by Defendants Heather Taras ("Taras") and her mother Ivy Lehman Huhn [*3] ("Huhn," together with Taras and the Sanchezes, "Defendants") filed in the Court of Common Pleas of Philadelphia County ("underlying action"). n1

---

n1 The underlying action was brought under the names Jane Doe and Jane Doe II, because Heather Taras was a minor at the time the action was brought. Taras has since reached the age of the majority, and so she and her mother are both identified in the present action.

In the underlying action, Taras and Huhn allege that, on June 26, 2000, Robin, who was a minor at the time, and three of his adult male friends, pressured Taras into taking drugs, despite the fact that they were aware Taras suffered from depression and associated emotional problems and was on medication for these illnesses. Taras and Huhn contend that, after Robin and the other adult males coerced Taras into taking drugs, they proceeded to rape her and engage in involuntary deviate sexual intercourse, non-consensual sexual acts, indecent assault and indecent exposure without the knowing consent of Taras. [*4] As a result of this incident, Taras and Huhn filed assault and battery, negligence, conspiracy, intentional infliction of emotional distress and defamation of character/slander claims against Robin. Taras and Huhn also filed a negligence claim against Jaime and Leidy, and a negligent infliction of emotional distress claim against Robin, Jaime and Leidy. Taras and Huhn believe that Jaime and Leidy were negligent because they knew or should have known that their son took drugs from them, coerced a minor female to take those drugs and subsequently took advantage of that minor female.

The insured submitted these claims to Allstate seeking a defense and potential indemnification from Allstate pursuant to the Policy. The Policy defines an "insured person" as "you and, if a resident of your household: any relative; and any dependent person in your care." Pl.'s Ex. B at 3 ("Policy at 3"). Under the Policy, "you" refers to the person named on the Policy and that person's resident spouse. Policy at 3. Given this definition of insured person, Robin, Jaime and Leidy are all covered under the Policy.

Allstate submitted a reservation of rights letter to the insured and is defending them against [*5] the claims in the underlying action pursuant to this reservation of rights. Subsequently, Allstate filed the present Amended Complaint for Declaratory Judgment pursuant to *28 U.S.C. § 2201 et seq.* and *Rule 57 of the Federal Rules of Civil Procedure* seeking a declaration that, under the Policy, Allstate is not obligated to defend or indemnify the insured in the underlying action.

Allstate relies on the Policy language in arguing that it is not obligated to defend or indemnify the insured in this case. The "Insuring Agreement" of the Policy provides, in relevant part,

> The terms of this policy impose joint obligations on persons defined as an insured person. This means that the responsibilities, acts and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person.

Policy at 5. The Family Liability section provides that,

> Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to Pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered [*6] by this part of the policy.

Policy at 22.

Allstate believes that Robin's actions were not an occurrence, as defined in the Policy, and therefore, it is not obligated to defend the Sanchezes in the underlying action. The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." Policy at 4. "Bodily injury," as defined in the Policy, means "physical harm to the body, including, sickness or disease, and resulting death." Policy at 3. Allstate contends that Robin's actions were intentional and, as such, coverage is precluded under an exclusionary clause within the Policy which provides that,

> [Allstate does] not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of any insured person. This exclusion applies if:
>
> > (a) such insured person lacks the mental capacity to govern his or her conduct;
> > (b) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; [*7] or
> > (c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether or not such insured person is

actually charged with, or convicted of a crime.

Policy at 22-23.

Allstate is seeking a declaration by this Court that it is not obligated to defend and indemnify the Sanchezes for the claims filed against them in the underlying action, because Robin's actions were intentional, which not only precludes his defense by Allstate, but also precludes a defense for his parents under the joint obligations stated in the Insuring Agreement. However, the Sanchezes, along with Taras and Huhn argue that Jaime, Leidy and Robin are all entitled to a defense and indemnification, if necessary, under the Policy, because Taras and Huhn plead in the alternative, claiming that Robin acted either intentionally or negligently. Given that there are material questions of fact as to what Robin's state of mind was when the alleged incident occurred, and whether his acts were intentional or negligent, this Court finds that Allstate is obligated to defend the Sanchezes in the underlying action.

[*8] **II. STANDARD OF REVIEW**

A motion for summary judgment will be granted where all of the evidence demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*. Since a grant of summary judgment will deny a party its chance in court, all inferences must be drawn in the light most favorable to the party opposing the motion. *U.S. v. Diebold, Inc., 369 U.S. 654, 655, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962)*.

The ultimate question in determining whether a motion for summary judgment should be granted is "whether reasonable minds may differ as to the verdict." *Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 129 (3d Cir. 1998)*. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson, 477 U.S. at 248*. [*9]

**III. DISCUSSION**

"Where a claim is potentially within the scope of an insurance policy, the insurer who refuses to defend at the outset does so at its own peril." *Stidham v. Millvale Sportsmen's Club, 421 Pa. Super. 548, 564, 618 A.2d 945 (1992)*. Whether or not an insurer has a duty to defend is based entirely upon the allegations in the underlying complaint. *United Servs. Auto. Assoc. v. Elitzky, 358 Pa.Super. 362, 368, 517 A.2d 982 (1986)*. An insurer is obligated to defend if there is any claim in the complaint which may come within the scope of the policy. Id. However, it is not a specific cause of action in the complaint which triggers a duty to defend, but rather the factual allegations in the complaint which trigger this duty. *Mut. Benefit Ins. Co. v. Haver, 555 Pa. 534, 538-39, 725 A.2d 743 (1999)*. "If coverage (indemnification) depends upon the existence or nonexistence of undetermined facts outside of the complaint, until the claim is narrowed to one patently outside the policy coverage, the insurer has a duty to defend claims against its insured." *State Farm Fire and Cas. Co. v. Dunlavey, 197 F. Supp.2d 183, 187 (E.D. Pa. 2001)*, [*10] *quoting Stidham, 421 Pa.Super. at 564 (1992)*.

In the instant matter, Allstate has not chosen to avoid defending the Sanchezes, but rather, has chosen to defend under a reservation of rights letter. Allstate has filed this Amended Complaint for Declaratory Judgment in order to determine whether or not it is obligated to defend the Sanchezes given the terms of the Policy. Therefore, it is for this Court to interpret the language of the Policy and determine whether the Sanchezes are entitled to a defense in the underlying action. See *Elitzky, 358 Pa.Super. at 368, citing Erie Ins. Exchange v. Transamerica Ins. Co., 352 Pa.Super. 78, 83, 507 A.2d 389 (1986)*. When interpreting contract language, such as an insurance policy, the court is "to ascertain the intent of the parties as manifested by the language of the written instrument." *Standard Venetian Blind Co. v. American Empire Ins. Co., 503 Pa. 300, 305, 469 A.2d 563 (1983)*. Where the policy language is ambiguous, the court is to construe the policy in favor of the insured and against the insurer. Id. However, where the language is clear and unambiguous, [*11] the court is to give the words their ordinary meaning. Id.

In this case, Allstate makes several arguments for why the language of the Policy indicates that Allstate does not have a duty to defend in the underlying action. First, Allstate contends that coverage under the Policy is limited to occurrences, and Robin's actions do not constitute an occurrence as defined in the Policy. Second, Allstate claims that the Policy excludes coverage for intentional or criminal acts. Allstate believes that the sexual assault by Robin, since he knew that Taras was incapable of granting consent, constitutes such an intentional act for which Allstate is not obligated to defend Robin. Third, Allstate argues that Jaime and Leidy are not entitled to a defense, because, although the claims against them are for negligence, the policy imposes joint obligations on those defined as insured persons. Therefore, where any insured commits an intentional act, the others are not entitled to a defense under the Policy. Fourth, Allstate contends that it is

Case 3:00-cv-02211-AVC    Document 170-14    Filed 12/06/2004    Page 7 of 8

Page 4
2003 U.S. Dist. LEXIS 15553, *

against public policy for Allstate to provide a defense or punitive damages coverage to the Sanchezes given the intentional and criminal nature of Robin's [*12] acts. Finally, Allstate argues that Taras and Huhn do not claim any bodily injury or property damage from the alleged defamation of character/slander by Robin, and only bodily injury and property damage are covered by the Policy.

Taras, Huhn and the Sanchezes do not argue that Robin or his parents would be entitled to coverage if the only claims made against Robin were for intentional acts, as Allstate appears to contend. However, they argue that the Sanchezes are entitled to a defense for all claims because of the negligence claims against Robin. Taras and Huhn argue that Taras does not know what Robin's state of mind was at the time of the alleged sexual assault, because she was too intoxicated to make such a determination. Robin submitted an affidavit in which he claimed that he was not present when Taras took any drugs and that he may have "misinterpreted whether Heather Taras was consenting to the sexual activities that occurred on June 26, 2000." The Defendants contend that the jury could find that Robin believed Taras consented to the sexual contact, but that his conclusion was a mistake. In other words, the jury could find that Robin's actions were negligent rather than intentional, [*13] and the Policy does not preclude coverage for negligent acts.

A plaintiff in an underlying complaint cannot seek to elicit a duty to defend by an insurer for the defendant in the underlying case simply by adding a negligence claim where the facts in no way support such a claim. *Agora Syndicate v. Levin, 977 F. Supp. 713, 715 (E.D. Pa. 1997)*. However, where, as here, Taras alleges that her injuries were either the result of Robin's intentional or negligent conduct, Allstate has a duty to defend Robin, because the Policy provides a duty to defend for negligence actions. See *Britamco Underwriters, Inc. v. Weiner, 431 Pa.Super. 276, 282, 636 A.2d 649 (1994)*. "As long as the complaint comprehends an injury which may be within the scope of the policy, the company must defend the insured until the insurer can confine the claim to a recovery that the policy does not cover." *Elitzky, 358 Pa.Super. at 368*. This means that Allstate has a duty to defend Robin and his parents for all of the claims against them, for as long as the negligence claims against Robin survive.

However, if the negligence claims against Robin are dismissed, neither Robin [*14] nor his parents are entitled to a defense by Allstate for the remainder of the claims. The Policy clearly states that the insured are not covered for harm intended or reasonably expected to result from any intentional or criminal acts of the insured. Policy at 22. The Policy also provides that only accidents are covered. Policy at 4. The claims which would remain against Robin if the negligence claims were dismissed include assault and battery, conspiracy, intentional infliction of emotional distress and defamation of character/slander. Each of these claims, and the facts supporting these claims, indicate that Robin's actions in the alleged sexual assault were intentional, and not accidental, which means they would not be covered by the Policy. Even if the resulting damages were not intended by Robin, the Policy still excludes coverage for such damages, because it provides that bodily injury which is "of a different degree or kind than intended or expected" is excluded from coverage. Policy at 22. This language is clear in excluding from coverage the type of conduct Robin committed in order to evoke these intentional causes of action. Therefore, Robin would not be covered if his negligence [*15] claims were dismissed.

Although the claims against Jaime and Leidy are negligence claims, which would typically be covered by the Policy, Jaime and Leidy also are not entitled to a defense for their negligence claims, if the negligence claims against Robin are dismissed. The Policy states, "the terms of this policy impose joint obligations on persons defined as an insured person. This means the responsibilities, acts and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person." According to this language, Jaime and Leidy are responsible for the intentional acts of Robin, even though they may have only acted negligently in failing to stop him from taking drugs and from allegedly sexually assaulting Taras. The Policy also provides that "[Allstate does] not cover bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of *any insured* person." Policy at 22, emphasis added.

This language containing the words "any insured" is ambiguous and therefore must be interpreted by this Court. See *McAllister v. Millville Mut. Ins. Co., 433 Pa.Super. 330, 640 A.2d 1283 (1994)*. [*16] Fortunately, there are several cases providing guidance on this issue. Where the term "any insured" is used, as opposed to term "the insured," the intentional acts of any party to the policy will preclude coverage by any other insured party under the policy, regardless of the fact that the other party may be innocent or merely negligent. *McAllister, 433 Pa. Super. 330, 640 A.2d 1283; General Accident Ins. Co. of America v. Allen, 708 A.2d 828 (Pa.Super. 1998)*. Since the language of the Policy reads "any insured," the intentional acts of Robin will be attributed to Jaime and Leidy, and they will be denied a defense if the negligence claims against Robin are dismissed.

However, while the negligence claims against Robin survive, it is the declaration of this Court that there are

material questions of fact as to whether Robin's actions were negligent or intentional. Accordingly, Allstate is obligated to defend the Sanchezes on all claims until such time as these factual disputes are resolved, or until the underlying action has been fully litigated.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is denied, [*17] and Plaintiff is ordered to defend the Sanchezes in the underlying action. An appropriate Order follows.

### ORDER

AND NOW, this 30th day of July, 2003, upon consideration of Plaintiff Allstate Insurance Company's Amended Complaint for Declaratory Judgment (Docket No. 6), Plaintiff's Motion for Summary Judgment (Docket No. 15), Plaintiff's Supplemental Memorandum of Law in Support of its Motion (Docket No. 18), Defendants Heather Taras's and Ivy Lehman Huhn's Response to Plaintiff's Motion (Docket No. 20) and Defendants Jaime Sanchez's, Leidy Sanchez's and Robin Sanchez's Response to Plaintiff's Motion (Docket No. 19), it is hereby **ORDERED** that Plaintiff's Motion is **DENIED.** Plaintiff is **ORDERED** to defend Defendants Jaime Sanchez, Leidy Sanchez and Robin Sanchez in the underlying suit filed against them by Defendants Heather Taras and Ivy Lehman Huhn in the Court of Common Pleas of Philadelphia County, Pennsylvania, April Term, 2001, No. 002906. Judgment is entered against Plaintiff Allstate Insurance Company and in favor of Defendants Jaime Sanchez, Leidy Sanchez, Robin Sanchez, Heather Taras and Ivy Lehman Huhn.

This case is **CLOSED.**

BY THE COURT: [*18]

RONALD L. BUCKWALTER, J.